JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DANIEL KEATING-TRAYNOR | AC SQUARE, INC., et al. |

| (b) County of Residence of First Listed Plaintiff <u>San Francisco</u><br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant <u>San Mateo</u><br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>(d) Daniel Berko, Esq.<br>(e) 819 Eddy Street.<br>San Francisco, CA 94109<br>T: 415.771.6174 | Attorneys (If Known)<br>Ronald A. Peters, Esq.<br>Littler Mendelson<br>50 West San Fernando Street, 15th Fl.<br>San Jose, CA 95113<br>T: 408.998.4150 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—<br>    Med. Malpractice<br>☐ 365 Personal Injury —<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>    Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☒ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting<br>    & Disclosure Act<br>☐ 740 Railway Labor Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 875 Customer Challenge<br>    12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br>    Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>    Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus -<br>    Alien Detainee<br>☐ 465 Other Immigration<br>    Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>    Act<br>☐ 900 Appeal of Fee Determination<br>    Under Equal Access<br>    to Justice<br>☐ 950 Constitutionality of<br>    State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1441 and 1446

Brief description of cause:
Wages and hour causes of action.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE Hon. Marilyn Hall Patel   DOCKET NUMBER C 08-02907 MHP

DATE   June 19, 2008

SIGNATURE OF ATTORNEY OF RECORD

| FOR OFFICE USE ONLY | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

American LegalNet, Inc.
www.FormsWorkflow.com

1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN EMMERT, Bar No. 212157
2  LILANTHI RAVISHANKAR, Bar No. 243487
   LITTLER MENDELSON
3  A Professional Corporation
   50 West San Fernando Street
4  15th Floor
   San Jose, CA 95113.2303
5  Telephone:    408.998.4150
   Facsimile:    408.288.5686
6  E-Mail: rpeters@littler.com
        bemmert@littler.com
7        lravishankar@littler.com

8  Attorneys for Defendants
   AC SQUARE, INC. AFSHIN GHANEH,
9  ANDREW BAHMANYAR

*FILED*

*JUN 20 2008*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

*CV 08 3035*

*EDL*

13

   DANIEL KEATING-TRAYNOR on        Case No. CIV 464144 **(CONSOLIDATED BY**
14 behalf of himself and all others similarly   **ORDER OF COURT WITH CIV 473571**
   situated;
15                                 **NOTICE OF FILING REMOVAL**
              Plaintiffs,
16

17        v.

   AC SQUARE INC.; COMCAST INC.;
18 AFSHIN GHANEH; ANDREW
   BAHMANYAR; AND DOES 1-60
19 INCLUSIVE;

20            Defendants.

21

22        TO PLAINTIFF, AND HIS ATTORNEY OF RECORD, ROBERT DAVID BAKER, ESQ.

23        NOTICE IS HEREBY GIVEN that AC SQUARE, INC. AFSHIN GHANEH AND

24 ANDREW BAHMANYAR Defendants in Action No., CIV 473571 consolidated into CIV 464144,

25 Superior Court of the State of California, County of San Mateo, have filed in the United States

26 District Court, Northern District of California, San Francisco Division, a Notice of Removal of Civil

27 Action pursuant to 28 U.S.C. sections 1441 and 1446.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOTICE OF FILING REMOVAL

1    attached as Exhibit A.

2       PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. section 1446, the

3    filing of said Notice of Removal of action in federal court, together with the filing of a copy of said

4    Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with the Clerk

5    of this state court, effects the removal of this action, and the state court may therefore proceed no

6    further unless and until the case is remanded.

7    Dated: June 19, 2008

8

9

10                        RONALD A. PETERS
                          BENJAMIN EMMERT
11                        LILANTHI RAVISHANKAR
                          LITTLER MENDELSON
                          A Professional Corporation
12                        Attorneys for Defendants
                          AC SQUARE INC., AFSHIN GHANEH,
13                        AND ANDREW BAHMANYAR

14

15

16

17

18

19
     Firmwide:85614507.1 047098.1008
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

2.

**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT**

1   RONALD A. PETERS, Bar No. 169895
    BENJAMIN EMMERT, Bar No. 212157
2   LILANTHI RAVISHANKAR, Bar No. 243487
    LITTLER MENDELSON
3   A Professional Corporation
    50 West San Fernando Street
4   15th Floor
    San Jose, CA 95113.2303
5   Telephone:    408.998.4150
    Facsimile:    408.288.5686
6   E-Mail: rpeters@littler.com
            bemmert@littler.com
7           lravishankar@littler.com

8   Attorneys for Defendants
    AC SQUARE, INC. AFSHIN GHANEH,
9   ANDREW BAHMANYAR

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13
    DANIEL KEATING-TRAYNOR on            Case No.  CIV 464144 **(CONSOLIDATED BY**
14  behalf of himself and all others similarly   **ORDER OF COURT WITH CIV 473571**
    situated;
15                                        **NOTICE OF REMOVAL OF**
                Plaintiffs,              **CONSOLIDATED ACTION PURSUANT**
16                                        **TO 28 U.S.C. §1441(B) FEDERAL**
        v.                               **QUESTION**
17
    AC SQUARE INC.; COMCAST INC.;
18  AFSHIN GHANEH; ANDREW
    BAHMANYAR; AND DOES 1-60
19  INCLUSIVE;

20              Defendants.

21

22              TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23              PLEASE TAKE NOTICE that Defendants AC SQUARE INC., AFSHIN GHANEH

24  AND ANDREW BAHMANYAR ("Defendants"), hereby jointly remove to this Court the state court

25  actions described below:

26              1.      On or about June 29, 2007, a civil action was commenced in the Superior

27  Court of the State of California in and for the County of San Mateo, entitled *Daniel Keating-Traynor*

28  *on behalf of himself and others similarly situated v. AC Square, Inc. and Does 1-600 inclusive,*

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998 4150

NOTICE OF REMOVAL OF CONSOLIDATED ACTION PURSUANT TO 28 U.S.C. §1441(B)

1    designated as case number CIV 464144, a copy of which is attached hereto as **Exhibit 1**.

2        2.    On or about June 10, 2008, a separate civil action was commenced in the

3    Superior Court of the State of California in and for the County of San Mateo entitled *Daniel*

4    *Keating-Traynor on behalf of himself and all others similarly situated v. AC Square Inc., Comcast*

5    *Inc., Afshin Ghaneh and Andrew Bahmanyar as individuals and Does 1-60 inclusive "Class Action"*

6    and designated as case number CIV 473571. To Defendants' knowledge, this second Complaint

7    filed on June 10, 2008, has not yet been served on any Defendants. A copy of this action is attached

8    hereto as **Exhibit 2**.

9        3.    An order issued from the Superior Court for the County of San Mateo, Dept. 1

10   consolidating both actions under case No. CIV 464144. Judge Carol Mittlesteadt held that the

11   actions must be consolidated because they included substantially the same facts and the same

12   principle parties, and because Plaintiff's attorney had in fact stipulated to the consolidation. Because

13   grounds from removal existed as to the complaint filed on June 10, 2008, (Exhibit 2) which was then

14   consolidated on June 18, 2008. by order of the Superior Court, removal is being filed within thirty

15   days of the earliest service date, as required by 28 U.S.C. § 1446(b). A true and correct copy of

16   Judge Mittlesteadt's order of consolidation is attached hereto as **Exhibit 3**.

17       4.    Plaintiff has also filed presumably identical Fair Labor Standards Act claims in

18   this same Federal court entitled *Daniel Keating-Traynor on behalf of himself and all others similarly*

19   *situated v. AC Square Inc., Comcast Inc., Afshin Ghaneh and Andrew Bahmanyar as individuals*

20   *and Does 1-60 inclusive "Class Action"* and designated as case number C 08-02907 MHP, which

21   although filed, has not yet been served on any party. In the interest of judicial economy and comity

22   such claims should be consolidated and heard together to avoid undue hardship and an unnecessary

23   and extreme expenditure of judicial resources which would necessarily occur if Plaintiff(s) were

24   allowed to simultaneously adjudicate identical FLSA actions in both state and federal court.

25   Attached hereto as **Exhibit 4** is a true and correct copy of the Clerk's Notice of Scheduled Case

26   Management Conference and Case Summary for United States District Court For the Northern

27   District of California San Francisco Division docket showing filing of the above referenced action

28   on June 10, 2008.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

2.

NOTICE OF REMOVAL OF CONSOLIDATED ACTION PURSUANT TO 28 U.S.C. §1441(B)

1      5.  **Jurisdiction**: This action is a civil action of which this Court has original

2  jurisdiction under 28 U.S.C. section 1331, and is one that may be removed to this Court by

3  Defendants pursuant to the provisions of 28 U.S.C. section 1441(b). Specifically, Plaintiff's Second,

4  Third, and Fourth Causes of Action alleging violations of The Fair Labor Standards Act pursuant to

5  FLSA 20 U.S.C. Section 201 *et seq.* so that Plaintiff's Complaint states claims under federal law.

6      6.  Even if the Court does not have original jurisdiction over one or more of

7  Plaintiff's other causes of action asserted in the Complaint, any such cause of action is

8  transactionally related to Plaintiff's Fourth Cause of Action over which this Court does have original

9  jurisdiction.  Thus, any such cause of action is also removable and subject to this Court's

10  supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

11      7.  By the filing of this Notice of Removal, Defendants AC SQUARE INC.,

12  AFSHIN GHANEH and ANDREW BAHMANYAR do not waive, and hereby expressly reserve,

13  their respective rights to assert any substantive or procedural defenses which may apply to the causes

14  of action alleged by Plaintiff in the Complaint.

15      8.  **Intradistrict Assignment**:  Pursuant to 28 U.S.C. § 1441(a) and Northern

16  District Local Rules 3-2(c) and (e), this matter is properly assigned to the San Francisco Division

17  because the actions that allegedly give rise to Defendants' liability all occurred in San Mateo

18  County.

19      (a)  Santa Mateo County is located within the jurisdiction of the United

20  States District Court for the Northern District of California, and therefore, the San Francisco

21  Division of this Court is the proper venue for the removal of the State Court Action.

22      (b)  To Defendants' knowledge there are no Doe defendants. However,

23  assuming the existence of any, they are and would be fictitious defendants and are not parties to this

24  action. Unnamed defendants sued as Does also are not required to join in a removal petition, and

25  their citizenship is disregarded for purposes of removal.  28 U.S.C. § 1441(a); *Fristos v. Reynolds*

26  *Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

27      12.  For all of the foregoing reasons, the State Court Action is removable to this

28  Court under 28 U.S.C. §§ 1331 and 1441(b).

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

3.

**NOTICE OF REMOVAL OF CONSOLIDATED ACTION PURSUANT TO 28 U.S.C. §1441(B)**

1    WHEREFORE, Defendants now pray that the above action now pending against

2    Defendants in the Superior Court for the State of California, County of San Mateo Case No. CIV

3    464144 Consolidated for all purposes with CIV 473571, be removed therefrom to this Court.

4    Dated: June 19, 2008

5

6
                                        _____
7                                       RONALD A. PETERS
                                        BENJAMIN EMMERT
8                                       LILANTHI RAVISHANKAR
                                        LITTLER MENDELSON
9                                       A Professional Corporation
                                        Attorneys for Defendants
10                                      AC SQUARE INC., AFSHIN GHANEH,
                                        AND ANDREW BAHMANYAR

11

12

13

14

15

16
     Firmwide:85615569.1 047098.1008
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

4.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DANIEL BERKO SBN 94912<br>LAW OFFICE OF DANIEL BERKO<br>819 EDDY STREET<br>SAN FRANCISCO, CA 94109<br>TELEPHONE NO.: 415/771-6174    FAX NO.: 415/474-3748<br>ATTORNEY FOR *(Name):* DANIEL KEATING-TRAYNOR | **RECEIVED**<br><br>JUN 2 9 2007<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: **400 COUNTY CENTER**
MAILING ADDRESS:
CITY AND ZIP CODE: **REDWOOD CITY, CA 94063**
BRANCH NAME: **UNLIMITED CIVIL JURISDICTION**

CASE NAME:
**DANIEL KEATING-TRAYNOR vs AC SQUARE et al.**

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIV 464144<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Other contract (37) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | **Real Property** | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Eminent domain/Inverse | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | condemnation (14) | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | types (41) |
| ☑ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Enforcement of Judgment** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Residential (32) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ RICO (27) |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Writ of mandate (02) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve   in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☒ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 06/28/2007
DANIEL BERKO
_____
(TYPE OR PRINT NAME)                                    ► _____
                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

07/02/2007  09:13   650692641    11 111111 ^N1:                    PAGE  02

1   Daniel Berko - SBN 94912
    LAW OFFICE OF DANIEL BERKO
2   819 Eddy Street
    San Francisco, CA 94109
3   Telephone: 415-771-6174
    Facsimile: 415-474-3748
4   E-mail: BerkoLaw@SBCglobal.net

5

6   Attorneys for Plaintiffs,
    DANIEL KEATING-TRAYNOR on behalf of himself
    and all others similarly situated
7

**FILED**
SAN MATEO COUNTY

JUN 2 9 2007

Clerk of the Superior Court
By GEORGE JACKSON
DEPUTY CLERK

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    IN AND FOR THE COUNTY OF SAN MATEO

11                          UNLIMITED JURISDICTION

12   DANIEL KEATING-TRAYNOR on         )
     behalf of himself and all others similarly  )   Case No.    CIV 464144
13   situated,                         )
                                       )   COMPLAINT FOR RESTITUTION,
14                Plaintiffs,          )   DAMAGES AND INJUNCTIVE
                                       )   RELIEF
15         vs.                         )
                                       )
16   AC SQUARE, DOES 1 THROUGH 600,    )
     inclusive.                        )   CLASS ACTION
17                                     )
                 Defendants.           )
18                                     )

19       Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

20   follows:

21       1.    Plaintiff is informed and believes and thereupon alleges that Defendant AC

22   SQUARE, INC. and Does 1 through 600 install, disconnect, and upgrade cable television and

23   computer services to consumers who use the services and equipment of Comcast, a provider of

24   cable television and computer services to consumers throughout California.

25       2. Plaintiff does not know the true names of Defendants DOES 1 through 600 inclusive,

26   and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on

27   the basis of that information and belief alleges, that each of those defendants was in some

28   manner legally responsible for the events, happenings, injuries and damages alleged in this

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                                    - 1 -

complaint.

3.  In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4.  Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

5.  There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, were not paid for overtime, were paid on a piecemeal basis, did not receive rest breaks and meal breaks as required by California law, had the cost of tolls and other items deducted from their wages, were not reimbursed for gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or occurred while working for AC. In addition, AC failed to pay each class member wages during all hours that they worked. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class. These questions are such that proof of a state of facts

**COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF**

- 2 -

1    common to the class representatives and to members of the class will entitle each member of the

2    class to the relief requested in this complaint.

3    ·  6.    Plaintiff will fairly and adequately represent the interests of the class, because

4    plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

5    ### FIRST CAUSE OF ACTION

6    ### (VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)

7    7.    Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and

8    matters contained in paragraphs 1 through 6 above.

9    8.    Business and Professions Code §17200 et seq. prohibits any business from

10   engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act

11   or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by

12   Business and Professions Code §17500.

13

14   9.  AC'S refusal to pay class members the wages due to them, improper deductions from

15   class members' paychecks, and its refusal to pay overtime due are each separately and

16   collectively unfair and unlawful business practices.

17   10. Each class member is entitled to restitution of all money in which they have an

18   ownership interest which constitutes either (1) the failure to pay wages due or (2) the failure to

19   pay overtime due or (3) the failure to pay for time spent while employed by AC.

20

21   11. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendant from

22   continuing to engage in the conduct alleged here.

23   ### SECOND CAUSE OF ACTION

24   ### (VIOLATION OF LABOR CODE 2802)

25   12. Plaintiff incorporates by reference all of the allegations, averments and matters

26   contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.

27

28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 3 -

13. While employed in the customary business of AC and in the direct consequence of their duties, class members were required to expend his or her own monies in direct consequence of the discharge of his or her duties, and in addition suffered losses to his or her own property for which Defendants must indemnify class members, including, but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment, including safety belts and other equipment.

## THIRD CAUSE OF ACTION
## (FAILURE TO PAY OVERTIME WAGES)

14. Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba.*

15. AC fails ands refuses to pay class members overtime for time worked in excess of eight hours per day or forty hours per week.

16. Labor Code 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

17. At all times relevant herein, the Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal. Code Reg. 11090) and Labor Code 510(a) applied to the employment of class members by Defendant. Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate on 1.5 times the normal hourly rate for hours in excess of 8 per day or 40 per week, and or double time under certain conditions.

18. Pursuant to Labor Code 1194(a), Plaintiffs are entitled to reasonable attorney's fees and costs.

19. Pursuant to Labor Code 558(a)(1), each class member is entitled to a civil penalty of

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 4 -

$50 for the initial work period that each class member was underpaid and $100 for each

successive period   pay period that he or she was not paid overtime wages as required by law.

## FOURTH CAUSE OF ACTION

### (FAILURE TO FURNISH INFORMATIONREQUIRED BY LABOR CODE 226)

20. Plaintiff incorporates by reference all of the allegations, averments and matters

contained in paragraph 1 through 6 inclusive as if set forth at length herein in *haec verba*.

21. Defendant has willfully refused to semimonthly or at the time of each payment of

wages, furnish each of his or her employees, either as a detachable part of the check, draft, or

voucher paying the employee's wages, or separately when wages are paid by personal check or

cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

if the employee is paid on a piece-rate basis, and (4) all deductions, provided that all deductions

made on written orders of the employee may be aggregated and shown as one

22. Each class member is entitled to a) is entitled to recover the greater of all actual

damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding

an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

reasonable attorney's fees.

## FIFTH CAUSE OF ACTION

### (ON BEHALF OF DANNY KEATING-TRAYNOR INDIVIDUALLY)

### (FAILURE TO PAY WAGES DUE)

23. Plaintiff incorporates herein all of the allegations, averments and matters contained in

paragraphs 1- 3 above as if set forth at length *in have verba*.

24. Plaintiff worked as a trainee for approximately 80 hours for which he was not paid. He

is entitled to at least minimum wage plus any overtime for those hours.

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 5 -

1

2    **WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

3    **ON ALL CAUSES OF ACTION:**

4

5    1.  General damages according to proof

6    2. Special damages according to proof;

7    3. Interest on all sums awarded;

8    4. Costs of suit;

9    5. Such other, and/or further relief as is just and proper.

10   Dated: June 28, 2007

11

12

13                                          DANIEL BERKO
                                            Attorney for Plaintiff DANNY TRAYNOR-
14                                          KEATING on behalf of themselves
                                            and all those similarly situated
15

16

17

18

19

20

21

22

23

24

25

26

27

28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

                                      - 6 -

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> AC SQUARE, INC.; COMCAST, INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; and DOES 1-60 inclusive <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated | FOR COURT USE ONLY <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **FILED** <br> **SAN MATEO COUNTY** <br><br> JUN 1 0 2008 <br><br> Clerk of the Superior Court <br> By _____ <br> DEPUTY CLERK |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> SAN MATEO SUPERIOR COURT <br> 400 COUNTY CENTER <br> REDWOOD CITY, CA 94063 | CASE NUMBER: <br> *(Número)* <br> **CIV 473571** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: **JUN 1 0 2008  JOHN C. FITTON**       Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004] | **SUMMONS** <br> Code of Civil Procedure §§ 412.20, 465 <br> American LegalNet, Inc. www.USCourtForms.com |

1  **Daniel Berko - SBN 94912**
   **LAW OFFICE OF DANIEL BERKO**
2  **819 Eddy Street**
   **San Francisco, CA 94109**
3  **Telephone: 415-771-6174**
   **Facsimile: 415-474-3748**
4  **E-mail: BerkoLaw@SBCglobal.net**

5
   **Attorneys for Plaintiffs,**
6  **DANIEL KEATING-TRAYNOR on behalf of himself**
   **and all others similarly situated**
7

**FILED**
**SAN MATEO COUNTY**

**JUN 1 0 2008**

**Clerk of the Superior Court**
By _____
**DEPUTY CLERK**

*D/3/b*

8
                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
                       **IN AND FOR THE COUNTY OF SAN MATEO**
10
                                **UNLIMITED JURISDICTION**
11

12  **DANIEL KEATING-TRAYNOR on**          )    Case No.
    **behalf of himself and all others similarly**  )
13  **situated,**                          )    **CV 4 7 3 5 7 1**
                          **Plaintiffs,**  )    **COMPLAINT FOR RESTITUTION,**
14  **-vs-**                               )    **DAMAGES AND INJUNCTIVE**
                                           )    **RELIEF**
15  **AC SQUARE, INC.; COMCAST INC.;**     )
    **AFSHIN GHANEH; ANDREW**              )
16  **BAHMANYAR; and DOES 1-60**           )    **CLASS ACTION**
    **inclusive,**                         )
17              **Defendants.**            )
                                           )
18

19       Plaintiff DANIEL KEATING-TRAYNOR complains of Defendants and each of them as

20  follows:

21       1.    Plaintiff is informed and believes and thereupon alleges that Defendants AC

22  SQUARE, INC., COMCAST INC, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1

23  through 60 employ cable technicians who install, disconnect, and upgrade cable television and

24  computer services to consumers who use the services and equipment of Comcast, a provider of

25  cable television and computer services to consumers throughout California.

26       2.  Plaintiff does not know the true names of Defendants DOES 1-60 inclusive, and

27  therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis

28  of that information and belief alleges, that each of those defendants was in some manner legally

                                          - 1 -

responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiff

1  is informed and believes and thereupon alleges that each of the Does 1-60 and all named

2  Defendants encouraged, supported, aided, advised, agreed upon and abetted the violations that

3  are alleged in this complaint.

4  3. In this complaint, when reference is made to any act of AC SQUARE, INC.

5  (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents,

6  employees or representatives, of AC authorized, ratified, approved such acts, or negligently

7  failed and omitted to supervise its employees and agents while engaged in the management,

8  direction, operation or control of the affairs of the business organization and did so while acting

9  within the course and scope of its employment or agency.

10  4. In this complaint, when reference is made to any act of COMCAST, INC.

11  (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents,

12  employees or representatives, of COMCAST authorized, ratified, approved such acts, or

13  negligently failed and omitted to supervise its employees and agents while engaged in the

14  management, direction, operation or control of the affairs of the business organization and did so

15  while acting within the course and scope of its employment or agency.

16  5. Defendant AFSHIN GHANEH is responsible for the payroll and business practices of

17  AC Square that are alleged herein. Afshin Ghaneh also owns AC Square. Defendant ANDREW

18  BAHMANYAR is also responsible for the payroll and business practices of AC Square that are

19  alleged herein.

20  6. Defendant Comcast conspired with and aided and abetted Defendants AC Square,

21  Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60 in taking the actions alleged

22  herein. moreover, by shifting responsibility for the installation of Comcast equipment to AC

23  Square and knowingly allowing AC to systematically underpay its cable technicians including

24  plaintiff and all class members, COMCAST was able to unfairly compete in the market place by

25  reducing the true costs of installing and servicing its equipment through the use of laborers paid

26  less than lawful wages.

27  7. Defendant COMCAST, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60

28  - 2 -

aided, abetted, encouraged, supported, advised and benefited from AC Square's violation of California and federal wage and hour laws as alleged herein. In addition, Afshin Ghaneh has diverted to himself funds that should have been and were available to pay Plaintiff and all AC Square employees a lawful wage.

8. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC Square as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

9. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member (1) worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, (2)(a) were not paid for overtime either when he worked more than an 8 hour day, 2(b) or more than a forty hour week 2(c) worked the seventh day in a row 2(d) worked over eight hours on the seventh day, (3) were paid on a piecemeal basis, (4) did not receive rest breaks or meal breaks as required by California law, (5) were subject to improper deductions from their wages, and (6) were not reimbursed for gas, cell phone bills, parking tickets, and vehicle expenses including, but not limited to, insurance, vehicle repairs or vehicle maintenance or damage to their vehicles which involved work done for and/ or occurred while working for AC. In addition, (7) AC failed to pay each class member wages during all hours that they worked. In addition, (8) AC intentionally failed to pay all wages due when employees left the company. (9) Class members were not paid for split shifts as required by law. (10) AC required employees and all class members do work for no pay under various circumstances such as 10(a) staff meetings, 10(b)

- 3 -

picking up work orders and equipment, and 10(c) trips to customer locations where no customer was present so as to allow an employee/class member to perform services for which he came to the customer's location (except for payment of a $1.00 fee). In addition, (11) AC failed to provide information required to be on wage stubs under California law to all class members. (12) In addition, AC and all other defendants failed to pay Plaintiffs for time spent transporting COMCAST Equipment. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class. These questions are such that proof of a state of facts common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CAUSE OF ACTION

### (CONSPIRACY TO VIOLATE BUSINESS AND PROFESSIONS CODE §17200)

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1-10 above.

12. Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

13. AC Square's refusal to pay class members the wages due to them as alleged herein, which conduct was done in concert and pursuant to agreement with Comcast, Afshin Ghaneh and Andrew Bahmanyar, employees at Comcast, others, and Does 1 through 60, and which was aided, abetted, ordered, supported and encouraged by all defendants, and its improper deductions from class members' paychecks, are each separately and collectively unfair and unlawful

- 4 -

1  business practices.

2   14. Each class member is entitled to restitutionary damages which constitutes (1) the
3
4  failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time
5  spent while employed by AC or (4) the failure to reimburse for expenses or (5) the failure to pay
6  a split shift or show up premium when required by law and (6) all other failures to pay money
7  due. Moreover, to the extent that Defendants, and any of them, received greater profits from their
8  business than they otherwise would have had AC obeyed California Labor Laws, Defendants
9
10  must disgorge all such profits to the extent necessary to pay Plaintiffs the money owed to them.
11  15. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendants from
12  continuing to engage in the conduct alleged here.

13                        **SECOND CAUSE OF ACTION**
14               **(VIOLATION OF FAIR LABOR STANDARD ACT)**
15                      **(AGAINST ALL DEFENDANTS)**

16  16. Plaintiff incorporates herein all of the allegations, averments and matters contained in
17  paragraphs 1-10 and 12-15, inclusive as if set forth at length herein in *haec verba.*

18  17. AC Square, Comcast, Afshin Ghaneh, Andrew Bahmanyar and Does 1 through 60 fail to
19  pay overtime to class members even though it is clear that class members are entitled to overtime
20  for each workweek that they work over 40 hours in a week.
21
22  18. AC Square, Comcast, Afshin Ghaneh and Andrew Bahmanyar's failure to pay overtime
23  due to class members was a willful violation of the Fair Labor Standards Act (FLSA), because it
24  would be impossible for Defendants not to be aware that the class members were not exempt
25  from overtime requirements and yet they failed to pay overtime and continue to fail to pay
26  overtime through the present time.
27
28  19. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are
                                    - 5 -
COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

entitled to damages consisting of the overtime wages they should have been paid and liquidated

damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable

attorney's fees incurred in enforcing the rights.

## THIRD CAUSE OF ACTION

### (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)

### (AGAINST ALL DEFENDANTS)

20. Plaintiff incorporates herein all of the allegations, averments and matters contained in

paragraphs 1-10, 12 -15 and 17-19, inclusive as if set forth at length herein *in haec verba.*

21. Defendants and each of them combined together in a tacit and express agreement to

knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime

pay as provided by the FLSA.

## FOURTH CAUSE OF ACTION

### (FAILURE TO PAY MONIES DUE AT TERMINATION OF EMPLOYMENT)

22. Plaintiff incorporates herein all of the allegations, averments and matters contained in

paragraphs 1-10, 12-15, 17-19 and 21, inclusive as if set forth at length herein *in haec verba.*

23. Defendant AC Square, as to all class members who no longer work for it, willfully

failed to pay all monies due at the termination of the employment relationship either immediately

or within 72 hours.

24. Each class member who is no longer employed by AC Square is entitled to thirty day's

wages in addition to all other relief.

## FIFTH CAUSE OF ACTION

### (CONSPIRACY TO VIOLATE LABOR CODE SECTION 558)

### (AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates herein all of the allegations, averments and matters contained in

paragraphs 1-10, 12-15, 17-19, 21, 23-24 inclusive as if set forth at length herein *in haec verba.*

26. Labor Code section 558 provides that any employer or other person acting on behalf of

- 6 -

the employer, who violates or causes to be violated any provision of chapter of the Labor Code

regulating payment of wages or any provision regulating hours and days of work and any order of

the Industrial Welfare Commission shall be liable for $50.00 penalty for the first violation of the

first pay period as to any employee and $100.00 for each subsequent violation for each

subsequent pay period for which the employee was underpaid in addition to an amount sufficient

to recover underpaid wages. Wages recovered under section 558 are the property of the

underpaid employee.

27. By engaging in the conduct and omissions alleged herein, Defendants have intentionally

violated numerous provisions of IWC wage orders and statutes resulting wages including but not

limited to all those referenced in this complaint.

28. Each class member and each employee is entitled to all wages due to them pursuant to

Labor Code §558.

29. Because the violations of the wage orders and Labor Code provisions relating to payment

of wages was intentional, and Defendants knowingly took advantage of its employees and caused

them substantial economic harm, Plaintiffs are entitled to punitive damages against all

Defendants.

**WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof;

2. Special damages according to proof;

3. Interest on all sums awarded;

4. Costs of suit;

5. Such other, and/or further relief as is just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

- 7 -

6. Punitive Damages according to proof.

1    Dated: June 9, 2008

2

3    DANIEL BERKO, Attorney for Plaintiff
     DANNY KEATING-TRAYNOR, on behalf of themselves
     and all those similarly situated
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          - 8 -
     COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

AFFIDAVIT OF PERSONAL DELIVERY

_Keating thaynor_

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court
BY _____ DEPUTY CLERK

vs

_Ac Square_

CASE # **CIV 4 7 3 5 7 1**

### DOCUMENTS

Endorsed filed copies of the Complaint, Summons, Notice of Case Management
Conference and ADR Packet information.

I declare under penalty of perjury that I delivered back to the customer, a true copy of the
foregoing documents. Executed on the above filed date at the Hall of Justice & Records
in Redwood City, CA 94063.

By :   G. JACKSON
       Deputy Court Clerk



**Superior Court of California**
**County of San Mateo**
**Civil Department** .
**400 County Center**
**Redwood City, CA 94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| DANIEL KEATING-TRAYNOR<br>Plaintiff(s) | **Notice of Complex Case Status Conference** | |
|---|---|---|
| vs.<br>AC SQUARE, INC.<br>Defendant(s) | Case No.: CIV 473571 | Date: **08/12/08**<br>Time: **9:00 AM**<br>**Dept. 21** |
| Title:  DANIEL KEATING-TRAYNOR VS AC SQUARE INC | | |

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.   In accordance with applicable **San Mateo County Local Rule 2.30,** you are hereby ordered to:
     a. Serve copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
     b. **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> **2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.   An action is provisionally a complex case if it involves one or more of the following types of claims: (1) . antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.   Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5. must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

separately represented parties; (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

\* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 06/10/08                                        John C. Fitton,
                                                      Court Executive Officer/Clerk

                                                      By: GEORGE JACKSON
                                                      Deputy Clerk

Copies mailed to:

        DANIEL BERKO
        819 EDDY STREET
        SAN FRANCISCO CA 94109

Form: CCSC

# NOTICE OF CASE MANAGEMENT CONFERENCE

*Meating-inquiry*

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court
by _____ DEPUTY CLERK

vs.

*A< Square*

Case No. **CIV 4 7 3 5 7 1**

Date: _____ OCT 2 4 2008

Time: 9:00 a.m.

Dept. 3 – on Tuesday & Thursday
Dept. 28 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File **and serve** a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet **and confer**, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a **completed** stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

 # Complaints/Parties 

**Home**              **Complaints/Parties**    **Actions**
**Pending Hearings**  **Images**                Case Report

## Case CIV473571 - DANIEL KEATING-TRAYNOR VS AC SQUARE INC

| **Complaint Number:** 1 | | | | |
|---|---|---|---|---|
| **Complaint Type:** COMPLAINT | | | | |
| **Filing Date:** 06/10/2008 | | | | |
| **Complaint Status:** ACTIVE | | | | |
| Party Number | Party Type | Party Name | Attorney | Party Status |
| 1 | PLAINTIFF | DANIEL KEATING-TRAYNOR | BERKO, DANIEL | First Paper Fee Paid |
| 2 | DEFENDANT | AC SQUARE, INC. | Unrepresented | Serve Required (WaitS) |
| 3 | DEFENDANT | COMCAST INC. | Unrepresented | Serve Required (WaitS) |
| 4 | DEFENDANT | AFSHIN GHANEH | Unrepresented | Serve Required (WaitS) |
| 5 | DEFENDANT | ANDREW BAHMANYAR | Unrepresented | Serve Required (WaitS) |



# Actions



**Home**                **Complaints/Parties**    **Actions**
**Pending Hearings**    **Images**                Case Report

## Case CIV473571 - DANIEL KEATING-TRAYNOR VS AC SQUARE INC

[ Move To This Date ]

| Viewed | Date | Action Text | Disposition | Image |
|--------|------|-------------|-------------|-------|
| N | 10/24/2008 9:00 AM DEPT. 28 | CASE MANAGEMENT CONFERENCE | | 🖻 |
| N | 08/12/2008 9:00 AM DEPT. PJLM | COMPLEX CASE STATUS CONFERENCE | | 🖻 |
| | 06/10/2008 | COMPLEX LITIGATION FEE OF $550.00 RECEIVED FROM DANIEL KEATING-TRAYNOR (PLAINTIFF). | - | |
| N | 06/10/2008 | CIVIL CASE COVERSHEET RECEIVED | - | 🖻 |
| N | 06/10/2008 | AFFIDAVIT OF PERSONAL DELIVERY BY G JACKSON FILED | - | 🖻 |
| N | 06/10/2008 | 30 DAY SUMMONS, ISSUED AND FILED. | - | 🖻 |
| N | 06/10/2008 | (S) COMPLAINT FILED | - | 🖻 |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DANIEL BERKO    SBN 94912<br>LAW OFFICE OF DANIEL BERKO<br>819 EDDY STREET<br>SAN FRANCISCO, CA 94109<br>TELEPHONE NO.: 415/771-6174    FAX NO. 415/474-3748<br>ATTORNEY FOR *(Name):* DANIEL KEATING-TRAYNOR | FOR COURT USE ONLY<br><br>**RECEIVED**<br><br>JUN 1 0 2008<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS 400 COUNTY CENTER
MAILING ADDRESS
CITY AND ZIP CODE REDWOOD CITY, CA 94063
BRANCH NAME UNLIMITED CIVIL JURISDICTION

CASE NAME:
DANIEL KEATING-TRAYNOR -vs- AC SQUARE et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CN 473571**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☑ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/10/2008

DANIEL BERKO
_____
(TYPE OR PRINT NAME)                                    ▶ _____
                                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN A. EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:    408.998.4150
5  Facsimile:    408.288.5686
   E-Mail:    rpeters@littler.com
6
   Attorneys for Defendant
7  AC SQUARE, INC.

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN 1 9 2008

Clerk of the Superior Court
By____Siolo S. Sala____
DEPUTY CLERK

8
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                        COUNTY OF SAN MATEO
10

11  DANIEL KEATING-TRAYNOR, on          Case No. CIV 464144
    behalf of himself and all others similarly
    situated,                          **[PROPOSED] ORDER CONSOLIDATING
12                                      RELATED ACTIONS CIV 464144 AND CIV
              Plaintiffs,               473571**
13
          v.                            Date:        June 18, 2008
14                                      Time:        4:00 p.m.
    AC SQUARE, DOES 1 THROUGH 600,      Dept.:       1
15  inclusive,                          Honorable Carol L. Mittlesteadt

16            Defendants.

17  DANIEL KEATING-TRAYNOR, on          Case No. CIV 473571
    behalf of himself and all others similarly
18  situated,

19            Plaintiffs,

20        v.

21  AC SQUARE, INC.; COMCAST INC.;
    AFSHIN GHANEH; ANDREW
22  BAHMANYAR; and DOES 1 THROUGH
    60, inclusive,
23
              Defendants.
24

25        FOR GOOD CAUSE SHOWN the action entitled *Daniel Keating-Traynor, on behalf*

26  *of himself and all other similarly situated, Plaintiffs vs. AC Square, Inc.; Comcast, Inc.; Afshin*

27  *Ghaneh; Andrew Bahmanyar; and Does 1 through 60 inclusive, Defendants,* San Mateo County

28  Superior Court number CIV 473571, filed June 10, 2008 is hereby consolidated for all purposes with

                                                                    Case No. CIV 464144

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

**ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571**

1   the action entitled *Daniel Keating-Traynor, on behalf of himself and all other similarly situated,*

2   *Plaintiffs, vs. AC Square, Inc., Does 1 through 600 inclusive, Defendants,* San Mateo County

3   Superior Court number CIV 464144, filed June 29, 2007. All documents shall be filed under the

4   case number of the case filed first, case number CIV 464144.

5

6   Dated:     **JUN 1 8 2008**                  **CAROL MITTLESTEADT**

7                               JUDGE OF THE SUPERIOR COURT

8

9

10

Firmwide:85604138.1 047098.1008

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

2.             Case No. CIV 464144

**ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL KEATING-TRAYNOR,                    No. C 08-02907 MHP

        Plaintiff(s),              **CLERK'S NOTICE**
                                           **(Scheduling Case Management Conference**
v.                                         **in Reassigned Case)**

AC SQUARE et al,

        Defendant(s).
_____/

    This case, having been reassigned to the Honorable Marilyn Hall Patel and all pending hearing dates thus vacated, is hereby scheduled for a case management conference on **Monday, September 15, 2008, at 4:00 p.m.** A Joint Case Management Statement is due ten days prior to the conference. Plaintiff is responsible for forwarding a copy of the form for the Joint Case Management Statement on all defendants, and shall also serve a copy of this notice on all defendants.

Richard W. Wieking
Clerk, U.S. District Court

Dated: June 13, 2008

Anthony Bowser, Deputy Clerk to the
Honorable Marilyn Hall Patel
(415) 522-3140

United States District Court
For the Northern District of California

**3:08-cv-02907-MHP** Keating-Traynor v. AC Square et al
Marilyn H. Patel, presiding
Date filed: 06/11/2008
Date of last filing: 06/13/2008

# Case Summary

| | |
|---|---|
| Office: San Francisco | Filed: 06/11/2008 |
| Jury Demand: Plaintiff | Demand: |
| Nature of Suit: 710 | Cause: 29:201 Fair Labor Standards Act |
| Jurisdiction: Federal Question | Disposition: |
| County: San Mateo | Terminated: |
| Origin: 1 | Reopened: |
| Lead Case: | None |
| Related Case: | None    Other Court Case: None |

Def Custody Status:
Flags: ADRMOP, E-Filing

Plaintiff: Daniel Keating-Traynor **represented by** Daniel Berko **Phone:**415-771-6174 x212
**Fax:**   415-474-3748
**Email:** berkolaw@sbcglobal.net

Defendant: AC Square
Defendant: Comcast Inc.
Defendant: Afshin Ghaneh
Defendant: Andrew Bahmanyar

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/19/2008 11:30:32 | | | |
| PACER Login: | lm0071 | Client Code: | 047098.1008 |
| Description: | Case Summary | Search Criteria: | 3:08-cv-02907-MHP |
| Billable Pages: | 1 | Cost: | 0.08 |

**PROOF OF SERVICE BY MAIL**

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 19, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF FILING REMOVAL**

**NOTICE TO PLAINTIFF OF REMOVAL OF CONSOLIDATED CIVIL ACTIONS TO FEDERAL COURT**

**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)**

**NOTICE OF REMOVAL OF CONSOLIDATED ACTION PURSUANT TO 28 U.S.C. §1441(B) FEDERAL QUESTION**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| **Daniel Berko, Esq.**<br>**819 Eddy Street.**<br>**San Francisco, CA 94109** | **Comcast**<br>**Attn: Rosemarie Pierce**<br>**Agent of Service**<br>**1500 Market Street**<br>**Philadelphia, PA 19102** |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 19, 2008, at San Jose, California.

_____
Pauline R. Lopez

Firmwide:85618568.1 047098.1008

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

PROOF OF SERVICE