1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:    408.998.4150
5  Facsimile:    408.288.5686
   E-Mail: rpeters@littler.com
6          bemmert@littler.com

7  Attorneys for Defendants
   AC SQUARE, INC. AFSHIN GHANEH,
8  ANDREW BAHMANYAR

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  DANIEL KEATING-TRAYNOR on          Case No.  CV-08-3035-EDL
    behalf of himself and all others similarly
    situated;                          [CALIFORNIA ACTION NO. CIV 464144
14                                     (CONSOLIDATED BY ORDER OF
                Plaintiffs,            COURT WITH CIV 473571]
15
        v.                             DEFENDANT AFSHIN GHANEH'S
16                                     NOTICE OF MOTION AND MOTION TO
                                       DISMISS PLAINTIFF'S FIRST, SECOND,
17  AC SQUARE INC.; COMCAST INC.;      THIRD, FOURTH, AND FIFTH CAUSES
    AFSHIN GHANEH; ANDREW              OF ACTION FROM COMPLAINT, CASE
18  BAHMANYAR; AND DOES 1-60          NUMBER CV-08-3035-EDL;
    INCLUSIVE;                         MEMORANDUM OF POINTS AND
19                                     AUTHORITIES
                Defendants.
20                                     FRCP Rule 12(b)(6)

21                                     Date:      August 19, 2008
                                       Time:      9:30 a.m.
22                                     Courtroom: E, 15th Floor
                                       Judge: Honorable Magistrate Judge
23                                     Elizabeth D. Laporte

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

# TABLE OF CONTENTS

PAGE

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS .....................................................................................2

    A.     AC Square, Inc. ...........................................................................................2

    B.     Procedural History .......................................................................................3

        1.     Plaintiff's First Complaint ................................................................3

        2.     Plaintiff's Second Complaint ............................................................3

        3.     Plaintiff's Third Complaint ..............................................................4

        4.     Plaintiff's Fourth Complaint ............................................................4

    C.     Statement of Allegations ..............................................................................5

III.   STATUTORY AUTHORITY .................................................................................6

IV.    LEGAL ARGUMENT ...........................................................................................7

    A.     PLAINTIFF'S FIRST CAUSE OF ACTION FOR CONSPIRACY TO
        VIOLATE CALIFORNIA BUSINESS AND PROFESSIONS CODE
        SECTION 17200, HIS THIRD CAUSE OF ACTION FOR CONSPIRACY
        TO VIOLATE THE FLSA AND HIS FIFTH CAUSE OF ACTION FOR
        CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE SECTION
        558 FAIL TO STATE FACTS SHOWING A JUSTICIABLE CONSPIRACY ........7

        1.     PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING THE
            FORMATION AND/OR OPERATION OF ANY ALLEGED
            CONSPIRACY .................................................................................8

        2.     PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING ANY
            ALLEGED CONSPIRACY INVOLVED TWO OR MORE PEOPLE
            OR ENTITIES .................................................................................9

            a.     PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING
                MR. BAHMANYAR'S ALLEGED ACTS ARE NOT
                SUBJECT TO THE AGENT IMMUNITY RULE .............................9

            b.     PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING
                 MR. GHANEH'S ALLEGED ACTS ARE NOT SUBJECT TO
                 THE AGENT IMMUNITY RULE ....................................................10

            c.     PLAINTIFF HAS FAILED TO ALLEGE FACTS
                SUFFICIENT TO SHOW COMCAST, INC. DID ANY ACT
                SUFFICIENT TO SUSTAIN HIS CAUSE OF ACTION FOR
                CONSPIRACY .................................................................................11

Notice of Motion and Motion to Dismiss, FRCP Rule
12(b)(6)

TABLE OF CONTENTS
(CONTINUED)

PAGE

B.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS SECOND CAUSE OF ACTION FOR VIOLATION OF THE FLSA ................................................................................................ 11

1.    PLAINTIFF CAUSE OF ACTION FOR VIOLATION OF THE FLSA IS BARRED BY THE STATUTE OF LIMITATIONS ................................. 11

2.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED THE FLSA .................................................. 13

a.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 206 .................. 13

3.    PLAINTIFF HAS NOT ALLEGED FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 207 ......................... 14

C.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS THIRD CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE THE FLSA ................................................................... 14

D.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA LABOR CODE 203 .............................................. 15

1.    Plaintiff's Fourth Cause of Action for Violation of California Labor Code section 203 is Barred by the Statute of Limitations ............................. 15

E.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FIFTH CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE 558 ................................... 17

1.    Plaintiff's Fifth Cause of Action for Conspiracy to Violate California Labor Code section 558 is Barred by the Statute of Limitations .................... 17

V.    CONCLUSION ................................................................................ 17

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*American Title Ins. Co. v Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ...............................7, 12

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503-511 (1994) .................................8

*Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1974 (2007)...........................................................7, 14

*Black v. Bank of America*, 30 Cal. App. 4th 1, 6 (1995) .......................................................................8, 9

*Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 380 (2005)................................16

*Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163, 173 (2000)...........................................16

*General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991) ........................8

*Hays v. Bank of America*, 71 Cal. App. 2d 301 .....................................................................................11

*Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986).........................13

*Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) .....................12, 13

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)...................................................................................................................6

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).........................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003)...................................16

*Litton v. Saudi Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994) ......................................................................11

*Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988) ......................................................................15

*Mamika v. Barca*, 68 Cal. App. 4th 487, 491 (1988) ...........................................................................16

*Mitchell v. Lancaster Milk Co.*, 185 F. Supp 66, 70 (D.C. PA 1960) .................................................12

*Montecino v. Spherion Corp.*, 427 F. Supp 2d 965, 967 (C.D. Cal. 2006) .........................................16

*Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987)......................................................................................................7

*Murphy v. Kenneth Cole Production, Inc.*, 40 Cal. 4th 1094, 1108 (2007) .........................................16

*Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002)...................................................................................................................................6

*Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005) ...............................................................8, 9, 10, 11

*Tomlinson v. Indymac Bank, F.S.B.* 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005) ..............................16

*Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953)..................................................12

## STATUTES

29 U.S.C. § 206(a) .................................................................................................................................13

29 U.S.C. § 207(a)(1) .............................................................................................................................14

29 U.S.C. § 255(a) .................................................................................................................................11

29 U.S.C. Section 206 ......................................................................................................................13, 14

29 U.S.C. section 207 .............................................................................................................................14

Cal. Bus. Prof. Code § 17208 (West 2008) ....................................................................................15, 17

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

California Business and Professions Code section 17200 ..................................2, 3, 4, 6, 7, 15, 16

California Code of Civil Procedure section 338(a) ...........................................................16

California Code of Civil Procedure section 340(a) ...........................................................17

California Labor Code section 201 .................................................................................3

California Labor Code section 203 .................................................................2, 15, 16, 17

California Labor Code section 226 .................................................................................3

California Labor Code section 2802 ...............................................................................3

California Labor Code section 510 and 1194 ..................................................................3

California Labor Code section 558 .............................................................2, 4, 6, 7, 17

California Labor Code sections 203 and 558 ..................................................................2

California Labor Code sections 226, 432 and 1198 ........................................................3

California Labor Code sections 510 and 1198 ................................................................3

Fed. R. Civ. Proc. Rule 56(c) ......................................................................................7

## OTHER AUTHORITIES

9 *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, §9:187 (TRG 2008 ................................................................................6, 7

Fair Labor Standards Act, 20 U.S.C. § 201 ...................................................................2

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES BY AND THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Please take notice that on August 19, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom E of the District Court of the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94012, before The Honorable Magistrate Judge Elizabeth D. Laporte, Defendant Afshin Ghaneh will move this court for an order dismissing Plaintiff, Daniel Keating-Traynor's (hereinafter referred to as "Plaintiff") first, second, third, fourth and fifth causes of action against Mr. Ghaneh from the Complaint, case number CV-08-3025-EDL. Mr. Ghaneh's motion to dismiss Plaintiff's first, second, third, fourth and fifth causes of action from the action number CV-08-3035-EDL is brought pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) and on the grounds that each of these causes of action fail to state facts sufficient to sustain these claims. Mr. Ghaneh's motion to dismiss Plaintiff's second, third, fourth and fifth causes of action is made on the additional ground that these causes of action are barred by the applicable statute of limitations.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Request for Judicial Notice, any oral argument that may be heard, and all pleadings and papers on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Afshin Ghaneh brings this motion to dismiss Plaintiff's first, second, third, fourth and fifth causes of action against himself only and not on behalf of any other co-defendant, including Comcast, Inc. To the extent this motion discusses Plaintiff's allegations regarding co-defendant Comcast, Inc. in his conspiracy causes of action, Plaintiff's first, third and fifth causes of action, such discussion is made solely for the purpose of showing Plaintiff's Complaint fails to state facts sufficient to support a conspiracy cause of action against Afshin Ghaneh and for no other purpose. Counsel for Afshin Ghaneh does not represent Comcast, Inc. and no argument in this motion should be inferred as being made by or on behalf of Comcast, Inc.

1.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

Plaintiff's Complaint, action number CV-08-3035-EDL, contains five causes of action against Mr. Ghaneh, each of which fail to state facts sufficient to sustain these claims against Mr. Ghaneh as a matter of law. Specifically, Plaintiff's first cause of action for conspiracy to violate California Business and Professions Code section 17200, his third cause of action for conspiracy to violate the federal Fair Labor Standards Act, 20 U.S.C. § 201 et seq, (hereinafter referred to as the "FLSA") and his fifth cause of action for conspiracy to violate California Labor Code section 558 each fail to state facts showing a justicable conspiracy. Plaintiff's second cause of action for violation of the FLSA fails to state facts showing Mr. Ghaneh did not pay the applicable federal minimum wage and/or that AC Square, Inc. did not pay Plaintiff overtime compensation to which he was entitled. In addition, Plaintiff's second cause of action for violation of the FLSA; his third cause of action for conspiracy to violate the FLSA; his fourth cause of action for violation of California Labor Code section 203 (entitled "Failure to Pay Monies Due at Termination of Employment"); and his fifth cause of action for conspiracy to violate California Labor Code section 558 are all barred by the applicable statute of limitations. Regarding the statute of limitations, Plaintiff admitted in documents he filed with the San Mateo County Superior Court that he last worked for AC Square, Inc., and by alleged association Mr. Ghaneh, on May 2, 2005. In fact, Plaintiff claimed that AC Square, Inc. terminated his employment May 2, 2005 in these documents. Thus, any claim Plaintiff may have had against Mr. Ghaneh for alleged violations of the FLSA and/or California Labor Code sections 203 and 558 began to run as of May 2, 2005 and are now time barred.

## II.    STATEMENT OF FACTS

### A.    AC Square, Inc.

AC Square, Inc. is a cable installation contractor, doing work primarily for Comcast, Inc. Defendant provides installation of cable television and computer related services to primarily residential customers of Comcast at various locations in northern California. AC Square, Inc. was formed in February of 2004. AC Square, Inc. currently employees between ninety and one hundred and thirty technicians.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 3303
408 998 4150

2.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

**B.    Procedural History**

Plaintiff's instant Complaint, action number CV-08-3035-EDL, is the third of four Complaints Plaintiff has filed against AC Square, Inc. and the second he has filed against Mr. Ghaneh for the same alleged wrong.

**1.    Plaintiff's First Complaint**

Plaintiff filed his first Complaint against AC Square, Inc. in the San Mateo County Superior Court on July 7, 2006, action number CIV 456118. (hereinafter referred to as the "Original Complaint") (Request for Judicial Notice, Exh. A). The Original Complaint contained five causes of action for: (1) nonpayment of wages in violation of California Labor Code section 201; (2) failure to pay overtime wages in violation of California Labor Code sections 510 and 1198; (3) violation of California Labor Code section 2802; (4) wrongful termination; and, (5) failure to provide personnel file/failure to provide itemized wage statements in violation of California Labor Code sections 226, 432 and 1198.5. *Id.* As pertinent to this motion, the Original Complaint alleged AC Square, Inc. failed to pay Plaintiff compensation for all hours that he worked. Plaintiff dismissed his first, second, third and fifth causes of action without prejudice on June 25, 2007. (Request for Judicial Notice, Exh. B). Plaintiff's fourth cause of action for wrongful termination was dismissed following a grant of summary adjudication in favor of AC Square, Inc. (Request for Judicial Notice, Exh. C). Judgment was entered on the Original Complaint on June 28, 2007. (Request for Judicial Notice, Exh. D).

**2.    Plaintiff's Second Complaint**

Plaintiff filed a second Complaint against AC Square, Inc. in the San Mateo County Superior Court on June 29, 2007, action number 464144. (hereinafter referred to as the "Second Complaint") (Request for Judicial Notice, Exh. E). Plaintiff's Second Complaint contains five causes of action for: (1) violation of California Business and Professions Code section 17200; (2) violation of California Labor Code section 2802; (3) failure to pay overtime wages pursuant to California Labor Code section 510 and 1194; (4) failure to furnish itemized wage statements pursuant to California Labor Code section 226; and, (5) failure to pay wages due. *Id.* This Complaint, like the Original Complaint, alleges AC Square, Inc. failed to pay Plaintiff compensation

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

1    for all hours worked. The first through fourth causes of action are brought on behalf of Plaintiff and

2    all other similarly situated individuals. *Id.* The fifth cause of action was brought by Plaintiff on his

3    own behalf. *Id.*

4            **3.    Plaintiff's Third Complaint**

5            On June 10, 2008 Plaintiff filed a new Complaint in the San Mateo County Superior

6    Court, action number 473571, removed action number CV-08-3035-EDL. (hereinafter referred to as

7    the "Third Complaint") (Request for Judicial Notice, Exh. F). Plaintiff's Third Complaint is the

8    subject of the instant motion to dismiss. It, like the Second Complaint, is styled as a class action on

9    behalf of Plaintiff and all other similarly situated individuals. *Id.* The Third Complaint names as

10   defendants AC Square, Inc. and adds as defendants, Comcast, Inc., Afshin Ghaneh, and Andrew

11   Bahmanyar. It contains five causes of action for: (1) conspiracy to violate California Business and

12   Professions Code section 17200; (2) violation of the FLSA; (3) conspiracy to violate the FLSA; (4)

13   failure to pay monies at termination of employment; and, (5) conspiracy to violate California Labor

14   Code section 558. *Id.*    This Complaint, like the Original Complaint and the Second Complaint

15   alleges the same wrongful conduct. The significant differences between the Third Complaint and

16   the Original and Second Complaint is this Complaint alleges different causes of action and names

17   additional defendants. However, the underlying allegations are identical.

18           On June 19, 2008 AC Square, Inc. moved to consolidate Plaintiff's Second and Third

19   Complaints. (Request for Judicial Notice, Exh. G). The San Mateo Superior Court granted AC

20   Square, Inc.'s consolidation request and ordered the Second and Third Complaints consolidated

21   under action number 464144. *Id.* (The Second and Third Complaints will hereinafter be collectively

22   referred to as the "Consolidated Action"). On June 20, 2008 AC Square, Inc. removed the

23   Consolidated Action to this Court. (to Request for Judicial Notice, Exh. H).

24           **4.    Plaintiff's Fourth Complaint**

25           On June 11, 2008, Plaintiff filed another new Complaint in the Northern District of

26   California, action number CV-08-2907-MHP. (hereinafter referred to as the "Fourth Complaint").

27   The Fourth Complaint, like the Third Complaint names as defendants AC Square, Inc., Comcast,

28   Inc. Afshin Ghaneh, and Andrew Bahmanyar. (Request for Judicial Notice, Exh. I). The Fourth

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

4.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

1  Complaint contains two causes of action for: (1) violation of the FLSA; and, (2) conspiracy to

2  violate the FLSA. *Id.*  The Fourth Complaint is essentially the same as the Third Complaint, but only

3  alleges causes of action for alleged violations of the FLSA.

4         On June 27, 2008 Plaintiff filed an administrative motion to have the Consolidated

5  Action and the Fourth Complaint related.  (Request for Judicial Notice, Exh. J).

6  **C.    Statement of Allegations**

7         This Motion is directed to the first, second, third, fourth and fifth causes of action in

8  Plaintiff's Third Complaint.  Plaintiff's Third Complaint alleges that Mr. Ghaneh "is responsible for

9  the payroll and business practice of AC Square [Inc.]" and "also owns AC Square [Inc.]." (Request

10 for Judicial Notice, Exh. F, ¶ 5, p. 2 16-17).

11        Plaintiff alleges AC Square, Inc. employs cable technicians who install, disconnect,

12 and upgrade cable television and computer services to Comcast consumers.  (Request for Judicial

13 Notice, Exh. F, ¶ 1, p. 1:21-24).  Plaintiff further alleges he "was **formerly** employed by AC Square,

14 Inc. as a cable television and computer technician and installed, upgraded, disconnected and

15 provided similar services to consumers who use Comcast services and equipment of Comcast."

16 (Request for Judicial Notice, Exh. F, ¶ 8, p. 3:10-12) (emphasis added).

17        While Plaintiff admits he was "formerly employed by AC Square, Inc.", the Third

18 Complaint conveniently omits any allegations showing time period he worked for AC Square, Inc.

19 However, in Plaintiff's prior action, the Original Complaint, Plaintiff expressly admitted that he was

20 employed by AC Square, Inc. from "around January 30, 2005" to "about May 2, 2005." (Request

21 for Judicial Notice, Exh. A, ¶ 5, p. 2:9; ¶ 13, p. 3:11).  In that same Complaint, Plaintiff admitted that

22 AC Square, Inc. terminated him on about May 2, 2005. (Request for Judicial Notice, Exh. A, ¶ 13, p.

23 3:11).

24        In addition, the Third Complaint also fails to allege any facts showing Plaintiff's

25 weekly or monthly salary - or hourly wage – while he was employed by AC Square, Inc.  It also

26 specifically fails to allege any facts showing the hours he claims to have worked for AC Square, Inc.

27 and/or whether Plaintiff actually worked any hours for the purposes of overtime compensation.

28        Notwithstanding Plaintiff's failure to allege the time period he worked for AC

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

1   Square, Inc., his salary, or his hours worked, Plaintiff concludes that he is entitled to bring this action

2   on his own and on behalf of all other similarly situated individuals and concludes that AC Square,

3   Inc. failed to pay him and other employees "wages during all hours that they worked." (Request for

4   Judicial Notice, Exh. F, ¶ 9, p. 3:17-19).  He also claims AC Square, Inc. failed to pay overtime

5   compensation when he and/or other employees worked in excess of eight hours a day, more than

6   forty hours in a week, worked a seventh day in a row and/or worked more than eight hours on the

7   seventh day.  (Request for Judicial Notice, Exh. F. ¶ 9, p. 3:17-19).  Plaintiff's bases his first cause

8   of action for conspiracy to violate California Business and Professions Code section 17200; his

9   second cause of action for violations of the FLSA; his third cause of action for conspiracy to violate

10  the FLSA; his fourth cause of action for failure to pay monies due at termination of employment;

11  and his fifth cause of action for conspiracy to violate California Labor Code section 558 against AC

12  Square, Inc. exclusively on the above referenced allegations and nothing else.  (Request for Judicial

13  Notice, Exh. F).

14  **III.    STATUTORY AUTHORITY**

15          Afshin Ghaneh brings this Motion pursuant to Federal Rule of Civil Procedure, Rule

16  12(b)(6).[1]  A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in a civil complaint

17  and authorizes the court to dismiss an action on the basis of a dispositive issue of law.  See *Qwest*

18  *Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

19          In entertaining a Rule 12(b)(6) motion, a court must determine whether the facts

20  alleged by the plaintiff, if assumed to be true, would entitle that plaintiff to a legal remedy.

21  Dismissal of an action under Rule 12(b)(6) is proper "where there is either a 'lack of a cognizable

22  legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  9

23  *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, § 9:187 (TRG

24  2007.)    In ruling on such motion, "[g]enerally a court may not consider material beyond the

25  complaint."  *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

26  "However, '[a] court may take judicial notice of 'matters of public record' without converting a

27  notion to dismiss into a motion for summary judgment,' as long as the facts notices are not 'subject

28  _____
[1] Unless otherwise stated, all cited rules refer to the Federal Rules of Civil Procedure.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

to reasonable dispute.'" *Id.*; See also *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). Judicial admissions of fact are considered matters of which a court may take judicial notice and are binding on the parties and the court. *American Title Ins. Co. v Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

A Rule 12(b)(6) motion to dismiss is appropriate where the plaintiff has stated a claim that omits one or more key elements of a cause of action. 9 *Schwarzer, et. al., California Practice Guide, supra,* § 9:179. ["A motion to dismiss is often very effective where plaintiff has stated the claim in vague, conclusory terms without setting forth one or more key elements."] Such motion is also proper where the plaintiff's action is time-barred. See *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980.)

To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1974 (2007). While a plaintiff is not required to plead "detailed factual allegations," a plaintiff nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to "nudge [] the [] claims across the line from conceivable to plausible." *Id.* at 1974. Because Plaintiff has failed to allege sufficient facts that provide "the 'grounds' of his 'entitle[ment] to relief" his claims must be dismissed.

## IV.    LEGAL ARGUMENT

### A.    PLAINTIFF'S FIRST CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, HIS THIRD CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE THE FLSA AND HIS FIFTH CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE SECTION 558 FAIL TO STATE FACTS SHOWING A JUSTICIABLE CONSPIRACY

Conspiracy is not an independent cause of action "but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

7.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

immediate tortfeasor a common plan or design." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503-511 (1994). To state a claim for conspiracy, "the complaint must allege (1) the formation and operation of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts." *General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991). "To establish the 'wrongful act' element of a civil conspiracy, defendant must satisfy all of the elements of a cause of action for some other tort or wrong." *Id.* "[A] simple failure to comply with statutory overtime requirements...does not qualify" to support a claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005). Moreover, a conspiracy necessarily involves two or more people or entities. *Black v. Bank of America*, 30 Cal. App. 4th 1, 6 (1995). "Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005).

In this action, Plaintiff has failed to allege facts showing the formation and operation of a conspiracy. Moreover, Plaintiff's allegations against AC Square, Inc., Comcast, Inc., Mr. Afshin Ghaneh and/or Mr. Andrew Bahmanyar are legally insufficient to show one or more people acted together to conspire against him.

**1.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING THE FORMATION AND/OR OPERATION OF ANY ALLEGED CONSPIRACY**

Plaintiff's Complaint is devoid of any allegations showing the formation and operation of a conspiracy, any wrongful act or acts done in accordance with an alleged conspiracy, and fails to allege any legally compensable damage from any alleged conspiracy. Plaintiff's allegations that AC Square, Inc.'s failed to "pay class members the wages due to them as alleged herein which conduct was done in concert and pursuant to an agreement with Comcast, Afshin Ghaneh and Andrew Bahmanyar" is insufficient to sustain this claim. (Request for Judicial Notice, Exh. F, ¶ 13, p. 22-24; ¶ 21, p. 8-11). Plaintiff has not alleged any facts showing the formation and operation of the alleged conspiracy, any improper act done pursuant to the conspiracy, and/or any damage properly redressable through this cause of action. At most Plaintiff has alleged he and other employees did not receive all compensation for all hours they worked. As stated above, an

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

1  unsupported conclusion that AC Square, Inc. did not pay its employees for all hours they claim to

2  have worked is not sufficient to support a conspiracy claim.  *Reynolds v. Bement*, 36 Cal. 4th 1075,

3  1090 (2005).  (stating, "[A] simple failure to comply with statutory overtime requirements...does not

4  qualify" to support a claim for conspiracy).  Thus, Plaintiff has failed to allege sufficient facts to

5  sustain this claim.

6  **2.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING ANY**
**ALLEGED CONSPIRACY INVOLVED TWO OR MORE PEOPLE OR**
7  **ENTITIES**

8  Plaintiff has also failed to allege facts showing the predicate requirement that two or

9  more people agreed to carry out any alleged conspiracy.  Plaintiff's conspiracy allegations against

10  Afshin Ghaneh and Andrew Bahmanyar are not sufficient to sustain this claim because, even if

11  assumed true, Plaintiff's admits they were acting within their capacity as agents of AC Square, Inc.

12  and therefore cannot constitute separate individuals for the purposes of a conspiracy cause of action

13  pursuant to the agent immunity rule.  In addition, Plaintiff has failed to allege Comcast, Inc. owed

14  him, or any other class members, any obligation whatsoever and therefore cannot identify any duty

15  Comcast, Inc. would have violated necessary to sustain this claim.

16  **a.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING**
**MR. BAHMANYAR'S ALLEGED ACTS ARE NOT SUBJECT**
17  **TO THE AGENT IMMUNITY RULE**

18  Plaintiff claims that Mr. Bahmanyar's involvement in the alleged conspiracy is based

19  on his alleged non-exclusive responsibility for AC Square, Inc.'s payroll and business practices.

20  (Request for Judicial Notice, Exh. F ¶ 5, p. 17-19; ¶ 13, p. 4:22-27; 5:1; ¶ 21, p. 6:8-11).   The

21  Complaint does not contain any allegations that Mr. Bahmanyar acted outside his official capacity in

22  doing any alleged improper act.  See *Black v. Bank of America*, 30 Cal. App. 4th 1, 4 (1994).  At

23  most, Plaintiff claims that Mr. Bahmanyar failed to pay Plaintiff all wages due owing in his capacity

24  as AC Square, Inc.'s agent. (Request for Judicial Notice, Exh. F ¶ 5, p. 2:17-19; ¶ 13, p. 4:22-27;

25  5:1; ¶ 21, p. 6:8-11).

26  Specifically, Plaintiff claims Mr. Bahmanyar was partially responsible for AC

27  [Square, Inc.'s] payroll and business practices" and AC Square, Inc. "refusal  to pay class members

28  the wages due to them ... was done in concert and pursuant to an agreement with" the other

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

1    defendants. (Request for Judicial Notice, Exh. F ¶ 5, p. 2:17-19; ¶ 13, p. 4:22-27; 5:1; ¶ 21, p. 6:8-

2    11).  As Mr. Bahmanyar could not possibly fail to pay Plaintiff or the other class members any

3    wages to which they were entitled but for Mr. Bahmanyar's alleged non-exclusive responsibility for

4    AC Square, Inc.'s payroll and business practices, he necessarily must have been acting in his

5    capacity as AC Square, Inc.'s agent in doing the alleged improper acts.  Because "directors and

6    officers of a corporation do not incur personal liability for torts of the corporation merely by reason

7    of their official position" and corporate agents, such as Mr. Bahmanyar, are "not personally liable for

8    the corporate employer's failure to pay its employee's wages" *Reynolds v. Bement*, 36 Cal. 4[th] 1075,

9    1087, Plaintiff's second cause of action cannot be sustained against Mr. Bahmanyar as a matter of

10    law.

               **b.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH'S ALLEGED ACTS ARE NOT SUBJECT TO THE AGENT IMMUNITY RULE**

13          As with Mr. Bahmanyar, Plaintiff claims Mr. Ghaneh is partially responsible for AC

14    Square, Inc.'s payroll and business practices (Request for Judicial Notice, Exh. F, ¶ 5, p. 2:16-17).

15    Plaintiff also alleges that Mr. Ghaneh owns one hundred percent of AC Square, Inc. and has final say

16    on any of its policies and practices.  (Request for Judicial Notice, Exh. F, ¶ 5, p. 2:16-17).  However,

17    these allegations are insufficient to show Mr. Ghaneh's alleged actions are not subject to the agent

18    immunity rule.

19          The Third Complaint fails to allege any facts showing that Mr. Ghaneh acted in any

20    fashion outside his role as a managerial employee, officer and/or director of AC Square, Inc.

21    Moreover, as the alleged conspiracy claims Mr. Ghaneh acted with the other Defendants to not pay

22    Plaintiff all wages owing, such acts could only be done by and through his agency with AC Square,

23    Inc.  Plaintiff has not alleged Mr. Ghaneh did any act unrelated to his position with AC Square, Inc.

24    or violated any duty owed by Mr. Ghaneh to Plaintiff.  Thus, even if Plaintiff is able to show Mr.

25    Ghaneh had some involvement with AC Square, Inc.'s alleged failure to pay its employees overtime,

26    Plaintiff cannot sustain his conspiracy causes of action against Mr. Ghaneh as a matter of law

27    pursuant to the agent immunity rule.  *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087.

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

1        **c.**    **PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT**
2                **TO SHOW COMCAST, INC. DID ANY ACT SUFFICIENT TO**
              **SUSTAIN HIS CAUSE OF ACTION FOR CONSPIRACY**

3        Plaintiff has failed to allege any duty owed by Comcast, Inc. to Plaintiff which, if

4  breached, would support his conspiracy cause of action against Comcast, Inc. Absent such a duty,

5  no conspiracy claim can be made. See *Litton v. Saudi Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994)

6  (stating, "the doctrine of conspiracy does not impose liability on persons who owe *no duty* to a

7  plaintiff or who are otherwise immune from liability."). A conspiracy claim cannot be based on a

8  contract cause of action. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005). Because a claim for

9  overtime wages is a contract cause of action, it cannot support a conspiracy claim. See *Hays v. Bank*

10  *of America*, 71 Cal. App. 2d 301, 305 (applying the FLSA and stating "federal cases have definitely

11  determined that claims for such overtime wages ... are not ex delicto or founded on tort, but on the

12  contrary that they sound in contract.").

13        The only causes of action in the Third Complaint are for an alleged failure to pay

14  overtime compensation. As such, the Third Complaint contains only contract causes of action

15  against the Defendants, including Comcast, Inc. and therefore cannot support a claim for conspiracy.

16  Moreover, as Plaintiff has failed to allege any facts showing Comcast, Inc. owed any duty to

17  Plaintiff whatsoever, Plaintiff cannot amend the Complaint to state any facts sufficient to sustain any

18  claim against Comcast, Inc.

19        Plaintiff's failure to allege facts showing the predicate requirement that two or more

20  persons conspired to violate any appropriate tort cause of action precludes him from maintaining his

21  first, third and fifth causes of action as a matter of law and they must be dismissed.

22     **B.**    **PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO**
         **SUSTAIN HIS SECOND CAUSE OF ACTION FOR VIOLATION OF THE**
23           **FLSA**

24       **1.**    **PLAINTIFF CAUSE OF ACTION FOR VIOLATION OF THE FLSA IS**
            **BARRED BY THE STATUTE OF LIMITATIONS**

25        The statute of limitations for an alleged violation of the FLSA is two years. *See* 29

26  U.S.C. § 255(a). The FLSA's statute of limitations period is extended to three years only if the

27  employer's violation is willful. *Id.* "The limitations period for an action under the FLSA begins to

28                                       11.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

run at the time the employer breaches his duties under the Act..." *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) (citing *Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953)). "It is well settled that 'A separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which overtime compensation is claimed.'" *Mitchell v. Lancaster Milk Co.*, 185 F. Supp 66, 70 (D.C. PA 1960).

Based on the clear and unambiguous limitations period for a plaintiff to bring a FLSA claim, Plaintiff cannot sustain his second cause of action against AC Square, Inc. as any potential FLSA claim is barred by the statute of limitations. Plaintiff admitted he worked for AC Square, Inc. from "about January 30, 2005" to "about May 2, 2005." (Request for Judicial Notice, Exh. A, ¶ 5, p. 2:9; ¶ 13, p. 3:11). This allegation in his Original Complaint constitutes a judicial admission of which this Court may take judicial notice and which is binding on Plaintiff. *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (stating "under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court."). As pertinent to this motion, the *American Title Ins. Co.* Court stated:

> "[U]nder federal law, stipulations and admissions in the pleading are generally binding on the parties and the Court. Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." (citations omitted). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." (citation omitted). Factual assertions in the pleadings...,unless amended, are considered judicial admissions conclusively binding on the party who made them....A statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny an allegation. *Id.*

Plaintiff's admission in his Original Complaint that he last worked for AC Square, Inc. on May 2, 2005 is an unequivocal statement of fact that has never been amended, withdrawn or otherwise modified. As this admission was made by Plaintiff, it establishes the last date Plaintiff worked for AC Square, Inc. for the purposes of this motion and the date Plaintiff's causes of action, including his cause of action for the alleged violation of the FLSA, began to run.

Plaintiff's FLSA claims began to run when AC Square, Inc. allegedly breached its "duties under the [FLSA]..." *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D.

12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

Cal. 2000).   Thus, it does not matter whether Plaintiff claims AC Square, Inc. negligently or intentionally violated the Act because Plaintiff did not file his Third Complaint, until June 10, 2008, more than thirteen months after the statute of limitations ran on a non-willful violation and more than a month after the statute ran on an alleged willful violation.   Thus, Plaintiff's second cause of action for violation of the FLSA must be dismissed.

### 2.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED THE FLSA

Even if Plaintiff's FLSA cause of action is not barred by the statute of limitations, Plaintiff has failed to allege sufficient facts to sustain this claim.   At most, Plaintiff has alleged AC Square, Inc. "failed to pay each class member wages during all hours that they worked" and he and/or other employees were "not paid for overtime when he worked more than an 8 hour day...more than a forty hour week...the seventh day in a row...[or] over eight hours on the seventh day." (Request for Judicial Notice, Exh. F ¶ 9, p. 3:17-19).

Assuming Plaintiff's allegations refer to 29 U.S.C. sections 206 and/or 207, these conclusiory allegations are insufficient to state a cause of action for a violation of the FLSA. .

### a.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 206

29 U.S.C. Section 206 states, in pertinent part, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates...".   29 U.S.C. § 206(a).   "[T]o establish a violation of the minimum wage requirements of the FLSA, a plaintiff... must demonstrate that he[/she] was engaged in compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986).   There is no violation of the FLSA's minimum-wage provisions "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *Id.* at 357.

Plaintiff's conclusion that Mr. Ghaneh, by and through his agency with AC Square,

13.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-EDL

Inc. "fail[ed] to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week." is insufficient to sustain this claim. (Request for Judicial Notice, Exh. F ¶ 17, p. 5:18-20).   Plaintiff has failed to allege any activity that he or the putative class members were engaged in that would be compensable for the purposes of the FLSA, what hours he or the putative class members allegedly worked, the amount of compensation they actually received, or any other facts that would permit an inference that he or the putative class members were actually paid less than the minimum wage as required by the FLSA. Plaintiff's conclusion that he and the other putative class members were not paid for all hours worked without pleading any factual support is not sufficient to support a cause of action for violation of 29 U.S.C Section 206.   Thus, Plaintiff's second cause of action for violation of the FLSA must be dismissed.

### 3.    PLAINTIFF HAS NOT ALLEGED FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 207

29 U.S.C. section 207 states, in pertinent part, that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  As stated above, Plaintiff fails to allege that he or any other putative class member worked forty or more hours at any given time.  At most, Plaintiff alleges he and the putative class members "were not paid overtime" without alleging any entitlement to overtime compensation. (Request for Judicial Notice, Exh. F, ¶ 5, p. 2:20). This conclusory pleading is insufficient according to *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955 (2007) as it is nothing more than "labels and conclusions" rather than allegations of fact providing "the 'grounds' of his 'entitle[ment] to relief." *Id.* at 1964-65, 1974. Thus, Plaintiff cannot sustain his second cause of action for an alleged violation of the FLSA against AC Square, Inc. as a matter of law.

### C.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS THIRD CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE THE FLSA

Plaintiff's third cause of action for "Conspiracy to Violate the Fair Labor Standards

14.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408 998 4150

1    Act" is also time barred because the statute of limitations is either two or three years. *Maheu v. CBS,*

2    *Inc.*, 201 Cal. App. 3rd 662, 673 (1988) (stating, "In an action based on civil conspiracy, the

3    applicable statute of limitations is determined by the nature of the action in which the conspiracy is

4    alleged."). Thus, Plaintiff's third cause of action is barred by the statute of limitations prescribed by

5    the FLSA for the same reasons Plaintiff's FLSA cause of action is barred. *See supra* Part IV.B.1.

**D.     PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA LABOR CODE 203**

8            While not specifically alleged in the Third Complaint, Plaintiff's fourth cause of

9    action for failure to pay wages at termination of employment appears to be based on California

10   Labor Code section 203. This statute states, in pertinent part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days....

> Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

> Cal. Lab. Code § 203 (West 2008).

**1.     Plaintiff's Fourth Cause of Action for Violation of California Labor Code section 203 is Barred by the Statute of Limitations**

19           Any claim Plaintiff may have had for penalties under California Labor Code section

20   203 is also barred by the statute of limitations. Plaintiff admitted he last worked for AC Square, Inc.

21   on "about May 2, 2005." (Request for Judicial Notice, Exh. A, ¶ 13, p. 3:11). Thus, any claim for

22   penalties under section 203 must have been filed by no later than May 2, 2008. As Plaintiff did not

23   file his complaint until June 10, 2008, he cannot sustain his cause of action for penalties under

24   section 203 as a matter of law.

25           Plaintiff may argue that he is entitled to apply the four year statute of limitations from

26   his cause of action for conspiracy to violate California Business and Professions Code section 17200

27   to his claim for penalties under California Labor Code section 203. *See* Cal. Bus. Prof. Code § 17208

28   (West 2008). However, such an argument is without merit. First, as shown above, Plaintiff cannot

15.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

1    sustain his first cause of action against AC Square, Inc. as a matter of law. Second, Remedies for

2    alleged violations of California Business and Professions Code section 17200 et seq. are specifically

3    limited to restitutionary and injunctive relief. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.

4    4th 1134, 1144 (2003).  Plaintiff cannot recover damages, such as penalties provided by California

5    Labor Code section 203 under a cause of action for violation of California Business and Professions

6    Code section 17200 et seq. *Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163, 173 (2000).

7            The remedy provided by California Labor Code section 203 expressly states that it is

8    a penalty and not restitutionary in nature or effect. This plain meaning has been confirmed by courts

9    that have considered the issue.  *Murphy v. Kenneth Cole Production, Inc.*, 40 Cal. 4th 1094, 1108

10   (2007) (stating the remedy provided by California Labor Code section 203 is a penalty); *Caliber*

11   *Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 380 (2005) (referring to the "statutory

12   penalty provided by [California Labor Code] section 203."); *Mamika v. Barca*, 68 Cal. App. 4th 487,

13   491 (1988) (stating "[California Labor Code] Section 203 mandates an additional penalty if an

14   employer willfully fails to comply with section 202.  In such a case, "... the wages of the employee

15   shall continue as a penalty from the due date thereof at the same rate until paid or until an action

16   therefor is commenced; but the wages shall not continue for more than 30 days.").

17           Applying the above, the Federal Courts consistently hold a plaintiff is not permitted

18   to seek penalties under California Labor Code section 203 through a cause of action for an alleged

19   violation of California Business and Professions Code section 17200 et seq. *Montecino v. Spherion*

20   *Corp.*, 427 F. Supp 2d 965, 967 (C.D. Cal. 2006) (holding a claim for penalties under California

21   Labor Code section 203 is not recoverable in a cause of action for a violation of California Business

22   and Professions Code section 17200 and stating "The Court finds that § 203 payments are clearly a

23   penalty, and thus cannot be claimed pursuant to the UCL"); *Tomlinson v. Indymac Bank, F.S.B.* 359

24   F. Supp. 2d 891, 895 (C.D. Cal. 2005) (stating "The Court agrees with [defendant] that the remedy

25   contained in Section 203 is a penalty.... This type of payment clearly is not restitutionary, and thus

26   cannot be recovered under the UCL.").  Because the remedy under California Labor Code section

27   203 is a penalty and not restitutionary, it is governed by the three year statute of limitations in

28   California Code of Civil Procedure section 338(a) and not the four year statute of limitations in

16.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

1    California Business and Professions Code section 17208.

2    Therefore, Plaintiff cannot sustain his fourth cause of action for violation of

3    California Labor Code section 203 as his Complaint was filed more than three years after the AC

4    Square, Inc.'s alleged improper acts and is time barred.

**E.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FIFTH CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE 558**

7    California Labor Code section 558 states, in pertinent part:

8    (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows....

10   Cal. Labor Code § 558 (West 2008).

**1.    Plaintiff's Fifth Cause of Action for Conspiracy to Violate California Labor Code section 558 is Barred by the Statute of Limitations**

13   California Code of Civil Procedure section 340(a) prescribes a one-year statute of

14   limitations on actions by an individual to recover a statutory penalty, such as that provided for by

15   California Labor Code section 558. *See* Cal. Code Civ. Proc. § 340(a) (West 2008) (stating, "Within

16   one year: (a) An action upon a statute for a penalty or forfeiture, if the action is given to an

17   individual, or to an individual and the state, except if the statute imposing it prescribes a different

18   limitation.").

19   Because California Labor Code section 558 provides for a civil penalty in the event

20   an employer or other person acting on behalf of an employer violates a section of the chapter, any

21   claim for penalties must be brought within one year of the alleged violation. As Plaintiff last worked

22   for AC Square, Inc. more than one year prior to the filing of the Third Complaint, his fifth cause of

23   action cannot be sustained as a matter of law.

**V.    CONCLUSION**

25   For the above stated reasons, AC Square, Inc. respectfully requests this Court grant

26   the this Motion and enter an order as follows:

27   1.    Plaintiff's first cause of action for "Conspiracy to Violate Business and

28   Professions Code § 17200" is dismissed as it fails to state facts sufficient to constitute

17.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

1    a cause of action against Afshin Ghaneh;

2        2.    Plaintiff's second cause of action for "Violation of Fair Labor Standard Act"

3    is dismissed as it fails to state facts sufficient to constitute a cause of action against

4    defendant Afshin Ghaneh;

5        3.    Plaintiff's third cause of action for "Conspiracy to Violate the Fair Labor

6    Standard Act" is dismissed as it fails to state facts sufficient to constitute a cause of

7    action against defendant Afshin Ghaneh;

8        4.    Plaintiff's fourth cause of action for "Failure to Pay Monies Due at

9    Termination of Employment" is dismissed as it fails to state facts sufficient to

10    constitute a cause of action against defendant Afshin Ghaneh;

11        5.    Plaintiff's fifth cause of action for "Conspiracy to Violate [California] Labor

12    Code Section 558" is dismissed as it fails to state facts sufficient to constitute a cause

13    of action against defendant Afshin Ghaneh;

14

15    Dated: July 9, 2008

16

17    _____
      RONALD A. PETERS
18    BENJAMIN EMMERT
      LITTLER MENDELSON
19    A Professional Corporation
      Attorneys for Defendants
20    AC SQUARE INC., AFSHIN GHANEH,
      AND ANDREW BAHMANYAR

21

22

23

24

25

26
      Firmwide:85784556.1 047098.1008
27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

18.