1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN A. EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA  95113.2303
   Telephone:    408.998.4150
5
   Attorneys for Defendants
6  AC SQUARE, INC., AFSHIN GHANEH,
   ANDREW BAHMANYAR
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 | DANIEL KEATING-TRAYNOR on            | Case No.  CV-08-3035-EDL
   | behalf of himself and all others similarly
12 | situated,                           | **[CALIFORNIA ACTION NO. CIV 464144**
   |                                     | **(CONSOLIDATED BY ORDER OF**
13 |             Plaintiffs,             | **COURT WITH CIV 473571]**
14 |        v.
15 | AC SQUARE, INC.; COMCAST, INC.;     | **DEFENDANT AC SQUARE, INC.'S**
   | AFSHIN GHANEH; ANDREW               | **REQUEST FOR JUDICIAL NOTICE**
16 | BAHMANYAR; and DOES 1 THROUGH       | **FILED IN SUPPORT OF AC SQUARE,**
   | 60, inclusive,                      | **INC.'S NOTICE OF MOTION AND**
17 |                                     | **MOTION TO DISMISS PLAINTIFF'S**
   |             Defendants.             | **FIRST, SECOND, THIRD, FOURTH, AND**
18 |                                     | **FIFTH CAUSES OF ACTION FROM**
   |                                     | **COMPLAINT, CASE NUMBER CV-08-**
19 |                                     | **3035-EDL**
20 |                                     | **Date:    August 19, 2008**
   |                                     | **Time:   9:30 a.m.**
21 |                                     | **Dept:  Courtroom E, 15th Floor**
   |                                     | **Judge:  Honorable Magistrate Judge**
22 |                                     | **Elizabeth D. Laporte**

23        Defendant AC Square, Inc. submits the following Request for Judicial Notice in support of

24 Defendant, AC Square, Inc.'s Motion to Dismiss Plaintiff's first, second, third, fourth and fifth

25 causes of action from the Complaint, Case Number CV-08-3035-EDL, pursuant to Federal Rule of

26 Evidence section 201.

27 ///

28 ///

**REQUEST FOR JUDICIAL NOTICE NO. 1:**

Defendant requests this Court take judicial notice of Plaintiff's Complaint for Damages and Demand for Jury Trial filed in the Superior Court in and for the County of San Mateo, Case Number CIV 456118, on July 07, 2006.  A true and correct copy of this document is attached hereto as Exhibit A.

**REQUEST FOR JUDICIAL NOTICE NO. 2:**

Defendant requests this Court take judicial notice of Request for Dismissal of the first, second, third and fifth causes of action from Plaintiff's Complaint for Damages and Demand for Jury Trial filed in the Superior Court in and for the County of San Mateo, Case Number CIV 456118, on June 25, 2007. A true and correct copy of this document is attached hereto as Exhibit B.

**REQUEST FOR JUDICIAL NOTICE NO. 3:**

Defendant requests this Court take judicial notice of the Order Granting Defendant AC Square's Motion for Summary Adjudication to Plaintiff's Fourth Cause of Action for Wrongful Termination in Violation of Public Policy in Plaintiff's Complaint for Damages and Demand for Jury Trial filed in the Superior Court in and for the County of San Mateo, Case Number CIV 456118 entered on June 28, 2007.   A true and correct copy of this document is attached hereto as Exhibit C.

**REQUEST FOR JUDICIAL NOTICE NO. 4:**

Defendant requests this Court take judicial notice of the Judgment on Plaintiff's Complaint for Damages and Demand for Jury Trial filed in the Superior Court in and for the County of San Mateo, Case Number CIV 456118, on April 25, 2008.  A true and correct copy of this document is attached hereto as Exhibit D.

**REQUEST FOR JUDICIAL NOTICE NO. 5:**

Defendant requests that the Court take judicial notice of Plaintiff's Complaint for Restitution, Damages and Injunctive Relief filed in the Superior Court in and for the County of San Mateo, Case Number CIV 464144 on June 29, 2007.  A true and correct copy of this document is attached hereto as Exhibit E.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

1  **REQUEST FOR JUDICIAL NOTICE NO. 6:**

2       Defendant requests that the Court take judicial notice of Plaintiff's Complaint for Restitution,

3  Damages and Injunctive Relief filed in the Superior Court in and for the County of San Mateo, Case

4  Number CIV 473571 on June 10, 2008.   A true and correct copy of this document is attached hereto

5  as which is attached hereto as <u>Exhibit F</u>.

6

7  **REQUEST FOR JUDICIAL NOTICE NO. 7:**

8       Defendant requests that the Court take judicial notice of the Order Consolidating Related

9  Actions, San Mateo County Superior Court, Case Numbers CIV 464144 and CIV 473571, entered in

10  the Superior Court in and for the County of San Mateo and filed on June 19, 2008.  A true and

11  correct copy of this document is attached hereto as <u>Exhibit G</u>.

12

13  **REQUEST FOR JUDICIAL NOTICE NO. 8:**

14       Defendant requests that the Court take judicial notice of the Notice of Filing Removal, filed

15  by Defendant AC Square, Inc. on June 20, 2008.  A true and correct copy of this document is

16  attached hereto as <u>Exhibit H</u>.

17  **REQUEST FOR JUDICIAL NOTICE NO. 9:**

18       Defendant requests that the Court take judicial notice of Plaintiff's Complaint for Damages

19  for Violation of Fair Labor Standards Act, Case Number CV 08- 2907- MHP, filed with this Court

20  on June 11, 2008. A true and correct copy of this document is attached hereto as <u>Exhibit I</u>.

21  **REQUEST FOR JUDICIAL NOTICE NO. 10:**

22       Defendant requests that the Court take judicial notice of Plaintiff's Administrative Motion to

23  Consider Whether Cases Should Be Related, CIV-08-303-EDL, filed on June 27, 2008.  A true and

24  correct copy of this document is attached hereto as <u>Exhibit J</u>.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

3.

Request for Judicial Notice, FRE, Rule 201
Case No. CV-08-3035-EDL

Dated: July 7, 2008

_____
RONALD A. PETERS
BENJAMIN EMMERT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
AC SQUARE, INC., AFSHIN GHANEH
AND ANDREW BAHMANYAR

Firmwide:85789506.1 047098.1008

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose  CA  95113 2303
408 998 4150

4.

Request for Judicial Notice, FRE, Rule 201
Case No. CV-08-3035-EDL

EXHIBIT A

BRUCE R. BERNSTEIN (SB# 104230)
LAW OFFICES OF BRUCE R. BERNSTEIN
2670 Leavenworth Street
San Francisco, CA 94133
Tel:    (415) 474-1805
Fax:    (415) 474-1806

Attorneys for Plaintiff
DANIEL JOSEPH KEATING-TRAYNOR

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 0 7 2006

Clerk of the Superior Court
By _Jordan Maxwell_
DEPUTY CLERK

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

DANIEL JOSEPH KEATING-TRAYNOR,

      Plaintiff,

      v.

AC SQUARE, INC., a California
corporation, Does 1-20,

      Defendants,

_____/

Case No.:

**CIV 4 5 6 1 1 8**

**COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

## PARTIES

1.    Plaintiff is informed and believes that Defendant AC SQUARE, INC. is and at all times mentioned in this Complaint was a California corporation, with the principal place of business located in Burlingame, San Mateo County, California.

2.    Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 20, and therefore sues these Defendants in such fictitious names. Plaintiff will pray leave of this Court to amend this complaint to allege the true identities when ascertained.

3.    Plaintiff is informed and believes and alleges that each of the defendants herein was at all relevant times the agent, employee, representative, partner, sub-contractor, joint venturer of the remaining defendants and acting within the course and scope of that relationship. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified, and otherwise authorized the acts alleged herein to each of the remaining Defendants.

## STATEMENT OF FACTS

4.     Plaintiff DANIEL KEATING-TRAYNOR, a resident of San Francisco County, began working on or around December 1, 2004 for Defendants pursuant to an oral agreement as a trainee installation technician providing cable television and computer services to Comcast consumers throughout the Bay Area, including San Francisco, San Mateo and Santa Clara Counties. Plaintiff was not paid by AC SQUARE, INC. for two months while in this training period.

5.     Subsequent to his successful completion of the training program and having undertaken and passed an employment skills test, Plaintiff was hired as a permanent full-time employee of AC SQUARE, INC. pursuant to a written employment contract on or around January 30, 2005. Plaintiff was paid on a "piece work" basis, with varying rates for installations, disconnects, upgrades, and other similar services.

6.     However, Plaintiff was not paid at a time and one-half rate for work in excess of 8 hours per day. Plaintiff was also not paid for his travel time from one locale to another, including when he was required to commute beyond 8 hours per day.

7.     Plaintiff was required to use his own vehicle and other personal items of his, including tools, a safety belt, and non-conducive ladder (for climbing utility poles) in order to perform the essential duties of Defendant's business.

8.     Plaintiff was not reimbursed for gas, cellphone bills, parking tickets, or vehicle maintenance and damage (such as when a golf ball broke his truck's windshield).

9.     Additionally, Defendant AC SQUARE, INC. improperly deducted the cost of tools and other items from Plaintiff's wages, including an industry-specific cable crimping tool and a Nextel radio.

10.     Defendant AC SQUARE, INC. also deducted from Plaintiff's wages costs it alleged to have incurred as a result of lost equipment, including modems and cable television boxes (for as much as $360.00 per item), including for such equipment that was negligently and unintentionally mislaid while at a consumer's residence and also for equipment which had in fact been returned to the Inventory Clerk.

11.    Defendant AC SQUARE, INC. also charged back to Plaintiff's wages for jobs that were alleged by the Comcast's Quality Controllers to have not been completed or alleged to have been inadequately performed, such as disconnects that may have been reconnected by the consumer. In all cases, the chargebacks were in the sum of $50.00, a sum far larger than that payable by Defendant to Plaintiff. (For instance, a disconnect for example was paid at a $5.00 piece rate.)

12.    Plaintiff KEATING-TRAYNOR complained about these deductions and chargebacks to his wages and was retaliated against by being given the less remunerative piece work orders, such as disconnects, resulting in even lower income to him.  For example, Plaintiff complained on or about April 30, 2005 regarding a deduction of $360.00 from his wages payable for the period of April 10-23, 2005.

13.    On or about May 2, 2005, Defendant again retaliated against Plaintiff DANIEL KEATING-TRAYNOR by terminating him.  Plaintiff at that time had accrued wages. Said wages have not been forthcoming despite demand therefor, and no accounting has been given.

## FIRST CAUSE OF ACTION
### [Non-Payment of Wages]

14.    Plaintiff incorporates by reference paragraphs 1-13 above, as though fully set forth herein.

15.    Pursuant to Labor Code § 201, at the time Defendant terminated Plaintiff's employment Defendant was obligated to pay Plaintiff wages earned and unpaid. In violation of Labor Code § 201 and despite demand, Defendant failed and continues to refuse to pay Plaintiff. Because Plaintiff was employed on a piece work basis and Defendant has failed and refused to provide the accounting required by law for his last two days of work, Plaintiff is only able to estimate the sum he is owed. Plaintiff estimates this to be $400.00.

16.    In addition, Defendant violated Labor Code minimum wage statutes when it failed to pay him during his training period (between December 1, 2004 and January 30, 2005).  Plaintiff estimates this to be approximately 80 hours during the month of December 2004 and January 2005.

17.    Plus, Defendant improperly charged back expenses from Plaintiff's wages and owes those now

3
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  as wages violating Labor Code § 222.

2  18.    Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff reasonable

3  attorney's fees and costs incurred in this action.

4  19.    Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff interest on

5  all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date

6  the wages were due and payable.

7  20.    The Defendant's failure to pay wages was willful in that Defendant knew that Plaintiff was

8  owed wages, thus entitling Plaintiff to penalties under Labor Code §§ 203, which provides that an

9  employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

10  they were due, whichever period is shorter.

11

12       WHEREFORE, Plaintiff prays for judgment as hereinafter described.

13                          **SECOND CAUSE OF ACTION**
                            **[Failure to Pay Overtime Wages]**
14

15  21.    Plaintiff incorporates by reference paragraphs 1-20 above, as though fully set forth herein.

16  22.    During the period of from January 30, 2005 through May 2, 2005, Plaintiff never was paid

17  any wages for the time he worked in excess of eight hours.

18  23.    Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours

19  set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage

20  order.

21  24.    At all times relevant herein, Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal.

22  Code Reg. § 11090) and Labor Code § 510(a) applied to Plaintiff's employment by Defendant and

23  provide for employees employed for more than 8 hours a day or 40 hours in one week are supposed

24  to be paid at the rate of time and one-half for hours in excess of 40 in one week.

25  25.    Under the provisions of the Wage Order referred to in Paragraph 24, Plaintiff estimates that

26  he should have received time and one-half for piece work in excess of 8 hours per day on as many

27  as two days per week for the period between January 30, 2005 and May 2, 2005. Plaintiff is informed

28

---

4

1   and believes Defendant owes him a sum in an amount of at least $200.00, representing the difference

2   between the amount of wages owed pursuant to the Wage Order and the amount actually paid to

3   Plaintiff. Defendants have failed and refused and continues to fail and refuse to pay Plaintiff the

4   amount owed.

5   26.    Defendant's failure to pay Plaintiff for overtime rates on piece work jobs, as required by the

6   applicable Wage Order, violates the provision of Labor Code § 1198 and is therefore unlawful.

7   27.    Pursuant to Labor Code § 1194(a), Plaintiff requests that the court award Plaintiff reasonable

8   attorney's fees and costs incurred by him in this action.

9   28.    Pursuant to Labor Code § 558(a)(1), Plaintiff requests a civil penalty of $50 for the seven pay

10  periods Plaintiff was underpaid for a total of **$350.00**.

11  29.    The Defendant's failure to pay wages was willful in that Defendant knew the Plaintiff was

12  owed wages, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an

13  employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

14  they were due, whichever period is shorter.

15          WHEREFORE, Plaintiff prays for judgment as hereinafter described.

16                    **THIRD CAUSE OF ACTION**
                      **[Violations of Labor Code § 2802]**
17

18  30.    Plaintiff incorporates by reference paragraphs 1-29 above, as though fully set forth herein.

19  31.    While employed in the customary business of Defendants AC SQUARE, INC. and in the

20  direct consequence of the discharge of his duties, Plaintiff was required to expend his own monies

21  and in addition suffered losses to his own property for which Defendants must indemnify Plaintiff,

22  including but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment,

23  including safety belt and non-conducive ladder in a sum greater than $3,618.23, to be proven at Trial,

24  all necessarily for conducting Defendant's business of cable television/computer installation.

25  Defendant has failed and refused to reimburse Plaintiff for such expenses, despite demand.

26  32.    Pursuant to Labor Code § 2802, Plaintiff is entitled to indemnification for his necessarily

27  incurred expenses, plus interest from the date on which the expense was occurred, plus reasonable

28

1    costs and attorney's fees in recovering said sums.

2         WHEREFORE, Plaintiff prays for judgment as hereinafter described.

3                          **FOURTH CAUSE OF ACTION**
                  **[Wrongful Termination in Violation of Public Policy]**
4
5    33.    Plaintiff incorporates by reference paragraphs 1-32 above, as though fully set forth herein.

6    34.    Defendant retaliated against Plaintiff by terminating him because he demanded wages to which

7    he is entitled from Defendant.

8    35.    Such retaliation and discharge violates public policy of California according to <u>Gould v.</u>

9    <u>Maryland Sound Indust. Inc.</u>, (1996) 31 Cal.App.4th 1137, 1150 and Labor Code § 98.6.  Demandng

10   wages and reporting violations of wage law to management is a fundamental policy of this state. <u>Id.</u>

11   36.    As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, distressed,

12   and aggravated.  Plaintiff claims general damages for such mental distress and aggravation, in an

13   amount to be determined later, and special damages to be ascertained for the cost of treatment to

14   relieve such injuries.

15   37.    Defendant's act of discharge herein was malicious, fraudulent and oppressive, with the

16   wrongful intention of injury Plaintiff, and Defendant acted with an improper and evil motive

17   amounting to malice, and in conscious disregard of Plaintiff's rights; Plaintiff requests punitive

18   damages in a sum to be ascertained.

19   38.    Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred

20   by him in this action.

21
22        WHEREFORE, Plaintiff prays for judgment as hereinafter described.

23                           **FIFTH CAUSE OF ACTION**
              **[Failure to Provide Personnel File, Copies and an Itemized Statement]**
24
25   39.    Plaintiff incorporates by reference paragraphs 1-38 above, as though fully set forth herein.

26   40.    On October 25, 2005, Plaintiff requested to see his employment file and get copies, pursuant

27   to Labor Code §§ 226(b),  432 and 1198.5.

28

---

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    41.    Defendant AC SQUARE, INC. failed and refused to provide Plaintiff access to his file, nor

2    has it responded to this request, violating Labor Code §§ 226(e), 226(f), 226.3, 433 and 1199(c).

3         WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

4         1.    For general damages in a sum to be ascertained;

5         2.    For special damages, including compensatory damages for past lost wages,
6               overtime pay, reimbursement of all improper deductions and chargebacks
                made, reimbursement for all expenses necessarily incurred by Plaintiff in the
7               discharge of his duties for employer, in a sum to be ascertained;

8         3.    For interest on the lost wages and overtime pay;

9         4.    For penalties in the amount of 30 days pay for Plaintiff, pursuant to Labor
               Code § 203;

10        5..   For additional civil penalties under Labor Code § 558(a)(1) totaling $350.00
11              and Labor Code § 226(e), 226(f) and 226.3 in amounts to be proven at Trial;

12        6.    For attorney's fees in a sum to be ascertained pursuant to Labor Code
                §§ 218.5, 226(e), 1194 and 2802(c);

13        7.    For exemplary or punitive damages;

14        8.    For costs of suit herein incurred; and,

15        9.    For such other further relief as the Court may deem proper.

16

17                            **DEMAND FOR JURY TRIAL**

18        Plaintiff DANIEL JOSEPH KEATING-TRAYNOR hereby demands trial by jury.

19    DATED:    June 28, 2006

20

21                                   LAW OFFICES OF BRUCE R. BERNSTEIN

22

23    BY:

24         BRUCE R. BERNSTEIN
           Attorneys for Plaintiff
25         DANIEL KEATING-TRAYNOR

26

27

28

EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:

— DANIEL JOSEPH KEATING-TRAYNOR
2039 46th Avenue
San Francisco, CA 94116

TELEPHONE NO.: 415-566-4239

CIV-11

FOR COURT USE ONLY

ATTORNEY FOR *(Name)*: in propria persona

Insert name of court and name of judicial district and branch court, if any:

SAN MATEO SUPERIOR COURT

PLAINTIFF/PETITIONER:  DANIEL JOSEPH KEATING-TRAYNOR

DEFENDANT/RESPONDENT:  AC SQUARE, INC.

**REQUEST FOR DISMISSAL**
☐ **Personal Injury, Property Damage, or Wrongful Death**
  ☐ Motor Vehicle    ☐ Other
☐ **Family Law**
☐ **Eminent Domain**
☑ **Other (specify) :** Wage & Hour Violations and Wrongful Term.

CASE NUMBER:

CIV 456118

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice    (2) ☑ Without prejudice
   b. (1) ☐ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name)*:
      (4) ☐ Cross-complaint filed by *(name)*:                     on *(date)*:
      (5) ☐ Entire action of all parties and all causes of action                     on *(date)*:
      (6) ☑ Other *(specify)*:* all causes of action except the fourth cause of action on which judgment pending

Date:  June 21, 2007

DANIEL KEATING-TRAYNOR

*(TYPE OR PRINT NAME OF* ☐ ATTORNEY ☑ PARTY WITHOUT ATTORNEY)

**\*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.**

Attorney or party without attorney for:
☐ Plaintiff/Petitioner
☐ Cross - complainant                     ☐ Defendant/Respondent

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

*(TYPE OR PRINT NAME OF* ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

**\*\* If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).**

*(SIGNATURE)*

Attorney or party without attorney for:
☐ Plaintiff/Petitioner
☐ Cross - complainant                     ☐ Defendant/Respondent

*(To be completed by clerk)*
3. ☐ Dismissal entered as requested on *(date)*:
4. ☐ Dismissal entered on *(date)*:                     as to only *(name)*:
5. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

6. ☐ a. Attorney or party without attorney notified on *(date)*:
      b. Attorney or party without attorney not notified. Filing party failed to provide
         ☐ a copy to conformed ☐ means to return conformed copy
   Date:                     Clerk, by _____, Deputy

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

Page 1 of 1

American LegalNet, Inc.
www.FormsWorkflow.com

**POS-030**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
DANIEL JOSEPH KEATING-TRAYNOR
2039 46th Avenue                                    566-4239
San Francisco, CA 94116

TELEPHONE NO.: 415-566-4239

E-MAIL ADDRESS *(Optional)*:                          FAX NO. *(Optional)*:

ATTORNEY FOR *(Name)*: in propria persona

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME:

PETITIONER/PLAINTIFF: DANIEL JOSEPH KEATING-TRAYNOR

RESPONDENT/DEFENDANT: AC SQUARE

PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL

CASE NUMBER:
CIV 456118

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:
    2039 46TH AVENUE, SAN FRANCISCO, CA 94116

3.  On *(date):* 6/21/07                    I mailed from *(city and state):* San Francisco, CA
    the following **documents** *(specify):*
    REQUEST FOR DISMISSAL WITHOUT PREJUDICE AS TO ALL CAUSES EXCEPT FOURTH
    CAUSE OF ACTION FOR WRONGFUL TERMINATION, as well as faxed to 408-288-5686

    ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
    (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this
        business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is
        placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in
        a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows:
    a. **Name** of person served: Ronald A. Peters
    b. **Address** of person served:

       Littler Mendelson, 50 West San Fernando Street, 14th Floor, San Jose, CA 95113

    ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service
    by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 21, 2007

MAUREEN KEATING                                    ▶
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                  (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com



1   RONALD A. PETERS, Bar No. 169895
    LITTLER MENDELSON
2   A Professional Corporation
    50 West San Fernando Street, 14th Floor
3   San Jose, CA 95113.2413
    Telephone:    408.998.4150
4   Facsimile:    408.288.5686
    rpeters@littler.com
5
    Attorneys for Defendants
6   AC SQUARE, INC.

**FILED**
SAN MATEO COUNTY

JUN 28 2007

Clerk of the Superior Court

by _____
DEPUTY CLERK

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN MATEO

10

11   DANIEL JOSEPH KEATING-
    TRAYNOR,
12
          Plaintiff,
13
       v.
14
    AC SQUARE, INC., A California
15   Corporation, and DOES 1 through 20,
    inclusive,
16
          Defendants.
17

Case No.  CIV 456118

[PROPOSED] ORDER GRANTING THE
MOTION OF DEFENDANT AC SQUARE
INC.'S MOTION FOR SUMMARY
ADJUDICATION TO PLAINTIFF'S
FOURTH CAUSE OF ACTION FOR
WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY

Date:         June 8, 2007
Time:         9:00 A.M.     **BY FAX**
Dept.:        2F/28
Trial Date:   June 25, 2007

18

19       The Motion for Summary Adjudication of AC Square, Inc. ("Defendant") came on regularly

20   for hearing before this Court in Department 2F, the Honorable George A. Miram presiding, on June

21   8, 2007.  Defendant was represented by Ronald A. Peters, Esq.; Plaintiff Daniel Joseph Keating-

22   Traynor, ("Plaintiff") was representing himself in *pro per*.  Plaintiff, while having requested oral

23   argument, did not appear at the hearing.  At the hearing, the Court passed on the matter until the end

24   of the Court's calendar to permit Plaintiff additional time to appear and present oral argument, but

25   Plaintiff still did not appear, and the tentative ruling was therefore adopted.

26       After a full consideration of the evidence, a separate statement of each party, the authorities

27   submitted by counsel and Plaintiff, and after opportunity for oral argument was given, the Court

28   finds that there is no triable issue of material fact in connection with Plaintiff's Fourth Cause of

LITTLER MENDELSON
...

[PROP] ORDER GRANTING DEFENDANT'S MOT. FOR SUM. ADJUD.          Case No. 456118

11030228.tif - 6/18/2007 10:56:49 AM



1  Action for Termination in Violation of Public Policy and that Defendant is therefore entitled to

2  summary adjudication as a matter of law under Code of Civil Procedure section 437c.  The reasons

3  for this determination are as follows:

4        1.    Defendant's general objection to the declarations offered by Plaintiff are

5  SUSTAINED.  Declarations filed in support of and in opposition to summary judgment and *or*

6  adjudication must be based upon personal knowledge of the declarant  under California Code of

7  Civil Procedure 437c(d).  The Plaintiff's and his Mother, Maureen Keating's declarations based

8  upon "the best of my knowledge" are tantamount to information and belief declarations which have

9  been expressly found to be insufficient to satisfy parties' burden on summary judgment *or*

10 adjudication.  See *Lopez v. University Partners* (1997) 54 Cal. App. 4th 1117, 1124.  Given that the *as to the whole of the decl avant*

11 general objections of Defendant to Plaintiff's declarations were sustained the court did not consider

12 particularized objections also filed by Defendant to Plaintiff and Maureen Keating's declarations.

13        2.    Defendant has demonstrated that there was no adverse employment action,

14 and there is no proximate cause between Plaintiff's alleged discharge and his complaints regarding

15 his paycheck.  Defendant has also demonstrated that it had a legitimate, non-retaliatory reason for

16 allegedly discharging Plaintiff.  Defendant has met its burden, and Plaintiff failed to demonstrate the

17 existence of a trial issue of material fact.  (Defendant's Undisputed Material Facts 1-40).

18     **IT IS ORDERED THAT:**

19        1.    Defendant's General Objections to Plaintiff's and Maureen Keating's

20 Declarations in support of Plaintiff's Opposition to Motion for Summary Adjudication are hereby

21 ~~granted.~~ *sustained,*

22        2.    The motion for summary adjudication as to each issue of Plaintiff's Fourth

23 Cause of Action for Wrongful Termination In Violation Of Public Policy is hereby granted.

24  **SO ORDERED:**

25

26  DATED: ___JUN 2 2 2007___

27                              *George A. Miram*
                     THE HONORABLE GEORGE A. MIRAM
28                          Judge of the Superior Court

2.

LITTLER MENDELSON
A Professional Corporation
10 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

EXHIBIT D

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Ronald A. Peters SBN: 169895
Lilanthi P. Ravishankar SBN 243487
Littler Mendelson
50 W. San Fernando St., 15ᵗʰ Fl., San Jose, CA 95113
TELEPHONE NO.    408.998.4150    FAX NO. *(Optional)* 408.288.5686
E-MAIL ADDRESS *(Optional)*:    rpeters@littler.com
ATTORNEY FOR *(Name)*    AC SQUARE, INC.

ENDORSED FILED
SAN MATEO COUNTY

APR 2 5 2008

Clerk of the Superior Court
By    M. Javillonar
—————————————
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Mateo**
STREET ADDRESS:    400 County Center, Second Floor
MAILING ADDRESS:
CITY AND ZIP CODE:    Redwood City, CA 94063
BRANCH NAME:    Unlimited Jurisdiction

PLAINTIFF: DANIEL JOSEPH KEATING TRAYNOR

DEFENDANT: AC SQUARE, INC.

| JUDGMENT | | | CASE NUMBER: |
|---|---|---|---|
| ☐ By Clerk | ☐ By Default | ☐ After Court Trial | CIV 456118 |
| ☒ By Court | ☐ On Stipulation | ☐ Defendant Did Not Appear at Trial | **BY FAX** |

## JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time)*:

      before *(name of judicial officer)*:
   b. Appearances by:
      ☐ Plaintiff *(name each)*:                          ☐ Plaintiff's attorney *(name each)*:
         (1)                                                  (1)
         (2)                                                  (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each)*:                          ☐ Defendant's attorney *(name each)*:
         (1)                                                  (1)
         (2)                                                  (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was requested.

---

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

**JUDGMENT**

Page 1 of 2
Code of Civil Procedure, §§ 585, 664.6

American LegalNet, Inc
www.FormsWorkflow.com

| PLAINTIFF: DANIEL JOSEPH KEATING TRAYNOR | CASE NUMBER: CIV 456118 |
|---|---|
| DEFENDANT: AC SQUARE, INC. | |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**  ☒  THE COURT  ☐  THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. ☐ for plaintiff (name each):      c. ☐ for cross-complainant (name each):

and against defendant (names):      and against cross-defendant (name each):

☐ Continued on Attachment 5a.      ☐ Continued on Attachment 5c.

b. ☒ for defendant (name each): AC Square, Inc.      d. ☐ for cross-defendant (name each):

6. **Amount.**

a. ☐ Defendant named in item 5a above must pay plaintiff on the complaint:

c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) ☐ | Damages | $ |
|---|---|---|
| (2) ☐ | Prejudgment interest at the annual rate of   % | $ |
| (3) ☐ | Attorney fees | $ |
| (4) ☐ | Costs | $ |
| (5) ☐ | Other (specify): | $ |
| (6) | TOTAL | $      0.00 |

| (1) ☐ | Damages | $ |
|---|---|---|
| (2) ☐ | Prejudgment interest at the annual rate of   % | $ |
| (3) ☐ | Attorney fees | $ |
| (4) ☐ | Costs | $ |
| (5) ☐ | Other (specify): | $ |
| (6) | TOTAL | $      0.00 |

b. ☒ Plaintiff to receive nothing from defendant named in item 5b.
     ☒ Defendant named in item 5b to recover costs $ 17,332.07
         ☐ and attorney fees $

d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
     ☐ Cross-defendant named in item 5d to recover costs $
         ☐ and attorney fees $

7. ☐ Other (specify):

Date: APR 2 2 2008

☐ _____
           **MARK R. FORCUM**
             JUDICIAL OFFICER

Date:

☐ Clerk, by _____ , Deputy

---

(SEAL)

**CLERK'S CERTIFICATE** (Optional)

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by _____ , Deputy

JUD-100 [New January 1, 2002]

**JUDGMENT**

American LegalNet, Inc
www.FormsWorkflow.com

**PROOF OF SERVICE BY MAIL**

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando St., 15th Floor, San Jose, CA   I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 16, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**JUDGMENT; NOTICE OF ENTRY OF ORDER; ORDER GRANTING JUDGMENT IN FAVOR OF DEFENDANT AC SQUARE, INC. AND MEMORANDUM OF COSTS**

in a sealed envelope, postage fully paid, addressed as follows:

Daniel Joseph Keating-Traynor
2039 46th Avenue
San Francisco, CA 94116

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 16, 2008, at San Jose, California.

Pauline R. Lopez

Firmwide:84928368.1 047098.1007

9:00
5
CIV 456118      DANIEL KEATING-TRAYNOR VS AC SQUARE

DANIEL JOSEPH KEATING-TRAYNOR          PRO/PER
AC SQUARE, INC.                        RONALD A. PETERS

MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES
BY AC SQUARE, INC. AGAINST DANIEL JOSEPH KEATING-TRAYNOR.

- Defendants' general objection to the declarations
  offered by plaintiff are SUSTAINED. Declarations filed
  in support of and in opposition to summary judgment
  and adjudication must be based upon personal knowledge
  of the declarant under CCP 437c(d). The plaintiff's
  and his mother's declarations based upon "the best of
  my knowledge" are tantamount to Information and belief
  declarations which have been expressly found to be
  insufficient to satisfy parties' burden on summary
  judgment. See Lopez v. University Partners (1997) 54
  Cal App 4th 1117, 1124. Given the fact that the
  objections are sustained as to the whole of the
  declarations, particularized objections shall not be
  considered.

- The Motion for Summary Adjudication as to the Fourth
  Cause of Action is GRANTED. Defendant has
  demonstrated that there was no adverse employment
  action, and there is no proximate cause between
  Plaintiff's alleged discharge and his complaints
  regarding his paycheck. Defendant has also
  demonstrated that it had a legitimate, non-retaliatory
  reason for allegedly discharging Plaintiff. Defendant
  has met its burden, and Plaintiff has failed to
  demonstrate the existence of a triable issue of
  material fact. (Defendant's UMF 1-40)

- If the tentative ruling is uncontested, it shall
  become the order of the court, pursuant to Rule
  3.1308(a)(1), adopted by Local Rule 3.10. Moving
  party shall prepare and submit to the court an order
  pursuant to the procedures contained in CRC 3.1312.

MOTION TO COMPEL PLAINTIFFS RESPONSES TO DEFENDANTS
DISCOVERY FILED BY AC SQUARE, INC.

- The Motion to compel Plaintiff's Responses to
  Discovery is GRANTED. Plaintiff is ordered to provide
  verified responses to the Demand for Inspection and

Special Interrogatories within ten days of the hearing date.

- Pursuant to CCP 2030.290(b) and CCP 2031.300(c) monetary sanctions are ordered payable by defendant to plaintiff within 15 days in the amount of $340, consisting of 2.5 hours x $120 per hour, plus $40 filing fee.

- If the tentative ruling is uncontested, it shall become the order of the court, pursuant to Rule 3.1308(a)(1), adopted by Local Rule 3.10, effective immediately, and no formal order pursuant to rule 3.1312 or any other notice is required, as the tentative ruling affords sufficient notice to the parties.

EXHIBIT E

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DANIEL BERKO SBN 94912<br>LAW OFFICE OF DANIEL BERKO<br>819 EDDY STREET<br>SAN FRANCISCO, CA 94109<br>TELEPHONE NO.: 415/771-6174     FAX NO.: 415/474-3748<br>ATTORNEY FOR *(Name):* DANIEL KEATING-TRAYNOR | **RECEIVED**<br><br>JUN 29 2007<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME: UNLIMITED CIVIL JURISDICTION

CASE NAME:
DANIEL KEATING-TRAYNOR vs AC SQUARE et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIV 464144<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☑ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is    ☐ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 06/28/2007
DANIEL BERKO
_____
(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Page 1 of 2



07/02/2007   09:13   6506926641⎵                    11  111111 `N1:                    PAGE   02

1 | Daniel Berko - SBN 94912
LAW OFFICE OF DANIEL BERKO
2 | 819 Eddy Street
San Francisco, CA 94109
3 | Telephone: 415-771-6174
Facsimile: 415-474-3748
4 | E-mail: BerkoLaw@SBCglobal.net

5

6 | Attorneys for Plaintiffs,
DANIEL KEATING-TRAYNOR on behalf of himself
7 | and all others similarly situated

**FILED**
SAN MATEO COUNTY

JUN 2 9 2007

Clerk of the Superior Court
By **GEORGE JACKSON**
DEPUTY CLERK

8

9 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 |              IN AND FOR THE COUNTY OF SAN MATEO

11 |                       UNLIMITED JURISDICTION

12 | DANIEL KEATING-TRAYNOR on
behalf of himself and all others similarly
13 | situated,                                   Case No.   Civ 4 6 4 1 4 4

14 |              Plaintiffs,                      COMPLAINT FOR RESTITUTION,
DAMAGES AND INJUNCTIVE
15 |       vs.                                    RELIEF

16 | AC SQUARE, DOES 1 THROUGH 600,
inclusive,                                    CLASS ACTION

17 |              Defendants.

18

19 |       Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

20 | follows:

21 |       1.      Plaintiff is informed and believes and thereupon alleges that Defendant AC

22 | SQUARE, INC. and Does 1 through 600 install, disconnect, and upgrade cable television and

23 | computer services to consumers who use the services and equipment of Comcast, a provider of

24 | cable television and computer services to consumers throughout California.

25 |       2. Plaintiff does not know the true names of Defendants DOES 1 through 600 inclusive,

26 | and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on

27 | the basis of that information and belief alleges, that each of those defendants was in some

28 | manner legally responsible for the events, happenings, injuries and damages alleged in this

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
- 1 -

complaint.

3. In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

5. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, were not paid for overtime, were paid on a piecemeal basis, did not receive rest breaks and meal breaks as required by California law, had the cost of tolls and other items deducted from their wages, were not reimbursed for gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or occurred while working for AC. In addition, AC failed to pay each class member wages during all hours that they worked. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class. These questions are such that proof of a state of facts

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 2 -

1   common to the class representatives and to members of the class will entitle each member of the

2   class to the relief requested in this complaint.

3       6.    Plaintiff will fairly and adequately represent the interests of the class, because

4   plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

5                              **FIRST CAUSE OF ACTION**

6                (VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)

7       7.    Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and

8   matters contained in paragraphs 1 through 6 above.

9       8.    Business and Professions Code §17200 et seq. prohibits any business from

10  engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act

11  or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by

12  Business and Professions Code §17500.

13

14      9.    AC'S refusal to pay class members the wages due to them, improper deductions from

15  class members' paychecks, and its refusal to pay overtime due are each separately and

16  collectively unfair and unlawful business practices.

17      10. Each class member is entitled to restitution of all money in which they have an

18  ownership interest which constitutes either (1) the failure to pay wages due or (2) the failure to

19  pay overtime due or (3) the failure to pay for time spent while employed by AC.

20

21      11. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendant from

22  continuing to engage in the conduct alleged here.

23                            **SECOND CAUSE OF ACTION**

24                       (VIOLATION OF LABOR CODE 2802)

25      12. Plaintiff incorporates by reference all of the allegations, averments and matters

26  contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.

27

28  COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

                                    - 3 -

13.  While employed in the customary business of AC and in the direct consequence of their duties, class members were required to expend his or her own monies in direct consequence of the discharge of his or her duties, and in addition suffered losses to his or her own property for which Defendants must indemnify class members, including, but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment, including safety belts and other equipment.

### THIRD CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME WAGES)

14.  Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.

15.  AC fails ands refuses to pay class members overtime for time worked in excess of eight hours per day or forty hours per week.

16.  Labor Code 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

17.  At all times relevant herein, the Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal. Code Reg. 11090) and Labor Code 510(a) applied to the employment of class members by Defendant.  Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate on 1.5 times the normal hourly rate for hours in excess of 8 per day or 40 per week, and or double time under certain conditions.

18.  Pursuant to Labor Code 1194(a), Plaintiffs are entitled to reasonable attorney's fees and costs.

19. Pursuant to Labor Code 558(a)(1), each class member is entitled to a civil penalty of

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
- 4 -

$50 for the initial work period that each class member was underpaid and $100 for each

1  successive period  pay period that he or she was not paid overtime wages as required by law.

2                           **FOURTH CAUSE OF ACTION**

3  **(FAILURE TO FURNISH INFORMATIONREQUIRED BY LABOR CODE 226)**

4      20. Plaintiff incorporates by reference all of the allegations, averments and matters

5  contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba.*

6      21. Defendant has willfully refused to semimonthly or at the time of each payment of

7

8  wages, furnish each of his or her employees, either as a detachable part of the check, draft, or

9  voucher paying the employee's wages, or separately when wages are paid by personal check or

10  cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

11  worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

12  if the employee is paid on a piece-rate basis, and (4) all deductions, provided that all deductions

13  made on written orders of the employee may be aggregated and shown as one

14      22. Each class member is entitled to a) is entitled to recover the greater of all actual

15  damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

16

17  hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding

18  an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

19  reasonable attorney's fees.

20                           **FIFTH CAUSE OF ACTION**

21  **(ON BEHALF OF DANNY KEATING-TRAYNOR INDIVIDUALLY)**

22                         **(FAILURE TO PAY WAGES DUE)**

23      23. Plaintiff incorporates herein all of the allegations, averments and matters contained in

24  paragraphs 1- 3 above as if set forth at length *in have verba.*

25      24. Plaintiff worked as a trainee for approximately 80 hours for which he was not paid.  He

26

27  is entitled to at least minimum wage plus any overtime for those hours.

28  COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

                                   - 5 -

**WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof

2. Special damages according to proof;

3. Interest on all sums awarded;

4. Costs of suit;

5. Such other, and/or further relief as is just and proper.

Dated: June 28, 2007

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-KEATING on behalf of themselves
and all those similarly situated

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

1

2    **WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

3    **ON ALL CAUSES OF ACTION:**

4
     1.  General damages according to proof
5
     2. Special damages according to proof;
6
     3. Interest on all sums awarded;
7
     4. Costs of suit;
8
9    5. Such other, and/or further relief as is just and proper.

10   Dated: June 28, 2007

11

12
                         DANIEL BERKO
13                       Attorney for Plaintiff DANNY TRAYNOR-
                         KEATING on behalf of themselves
14                       and all those similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT F**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AC SQUARE, INC.; COMCAST, INC.; AFSHIN GHANEH; ANDREW
BAHMANYAR; and DOES 1-60 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANIEL KEATING-TRAYNOR on behalf of himself and all others
similarly situated

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

# FILED
## SAN MATEO COUNTY
### JUN 1 0 2008
Clerk of the Superior Court
By
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN MATEO SUPERIOR COURT
400 COUNTY CENTER
REDWOOD CITY, CA 94063

**CASE NUMBER:**
*(Numero)*
CIV 473571

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: JUN 1 0 2008  JOHN C. FITTON    Clerk, by _____ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1 | Daniel Berko - SBN 94912
LAW OFFICE OF DANIEL BERKO
2 | 819 Eddy Street
San Francisco, CA 94109
3 | Telephone: 415-771-6174
Facsimile: 415-474-3748
4 | E-mail: BerkoLaw@SBCglobal.net

5

6 | Attorneys for Plaintiffs,
DANIEL KEATING-TRAYNOR on behalf of himself
and all others similarly situated

7

8

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court
By _____
DEPUTY CLERK

D/3/b

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SAN MATEO

### UNLIMITED JURISDICTION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated, | Case No. **CV 4 7 3 5 7 1** |
| Plaintiffs, | COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF |
| -vs- | |
| AC SQUARE, INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; and DOES 1-60 inclusive, | **CLASS ACTION** |
| Defendants. | |

Plaintiff DANIEL KEATING-TRAYNOR complains of Defendants and each of them as follows:

1.    Plaintiff is informed and believes and thereupon alleges that Defendants AC SQUARE, INC., COMCAST INC, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through 60 employ cable technicians who install, disconnect, and upgrade cable television and computer services to consumers who use the services and equipment of Comcast, a provider of cable television and computer services to consumers throughout California.

2.    Plaintiff does not know the true names of Defendants DOES 1-60 inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally

- 1 -

**COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF**

responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiff is informed and believes and thereupon alleges that each of the Does 1-60 and all named Defendants encouraged, supported, aided, advised, agreed upon and abetted the violations that are alleged in this complaint.

3. In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4. In this complaint, when reference is made to any act of COMCAST, INC. (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of COMCAST authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

5. Defendant AFSHIN GHANEH is responsible for the payroll and business practices of AC Square that are alleged herein. Afshin Ghaneh also owns AC Square. Defendant ANDREW BAHMANYAR is also responsible for the payroll and business practices of AC Square that are alleged herein.

6. Defendant Comcast conspired with and aided and abetted Defendants AC Square, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60 in taking the actions alleged herein. moreover, by shifting responsibility for the installation of Comcast equipment to AC Square and knowingly allowing AC to systematically underpay its cable technicians including plaintiff and all class members, COMCAST was able to unfairly compete in the market place by reducing the true costs of installing and servicing its equipment through the use of laborers paid less than lawful wages.

7. Defendant COMCAST, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60

- 2 -

aided, abetted, encouraged, supported, advised and benefited from AC Square's violation of California and federal wage and hour laws as alleged herein. In addition, Afshin Ghaneh has diverted to himself funds that should have been and were available to pay Plaintiff and all AC Square employees a lawful wage.

8. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC Square as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

9. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member (1) worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, (2)(a) were not paid for overtime either when he worked more than an 8 hour day, 2(b) or more than a forty hour week 2(c) worked the seventh day in a row 2(d) worked over eight hours on the seventh day, (3) were paid on a piecemeal basis, (4) did not receive rest breaks or meal breaks as required by California law, (5) were subject to improper deductions from their wages, and (6) were not reimbursed for gas, cell phone bills, parking tickets, and vehicle expenses including, but not limited to, insurance, vehicle repairs or vehicle maintenance or damage to their vehicles which involved work done for and/ or occurred while working for AC. In addition, (7) AC failed to pay each class member wages during all hours that they worked. In addition, (8) AC intentionally failed to pay all wages due when employees left the company. (9) Class members were not paid for split shifts as required by law. (10) AC required employees and all class members do work for no pay under various circumstances such as 10(a) staff meetings, 10(b)

- 3 -

picking up work orders and equipment, and 10(c) trips to customer locations where no customer was present so as to allow an employee/class member to perform services for which he came to the customer's location (except for payment of a $1.00 fee). In addition, (11) AC failed to provide information required to be on wage stubs under California law to all class members. (12) In addition, AC and all other defendants failed to pay Plaintiffs for time spent transporting COMCAST Equipment. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class.  These questions are such that proof of a state of facts common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE BUSINESS AND PROFESSIONS CODE §17200)

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1-10 above.

12. Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

13. AC Square's refusal to pay class members the wages due to them as alleged herein, which conduct was done in concert and pursuant to agreement with Comcast, Afshin Ghaneh and Andrew Bahmanyar, employees at Comcast, others, and Does 1 through 60, and which was aided, abetted, ordered, supported and encouraged by all defendants, and its improper deductions from class members' paychecks, are each separately and collectively unfair and unlawful

- 4 -

business practices.

14. Each class member is entitled to restitutionary damages which constitutes (1) the failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time spent while employed by AC or (4) the failure to reimburse for expenses or (5) the failure to pay a split shift or show up premium when required by law and (6) all other failures to pay money due. Moreover, to the extent that Defendants, and any of them, received greater profits from their business than they otherwise would have had AC obeyed California Labor Laws, Defendants must disgorge all such profits to the extent necessary to pay Plaintiffs the money owed to them.

15. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendants from continuing to engage in the conduct alleged here.

## SECOND CAUSE OF ACTION
### (VIOLATION OF FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

16. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10 and 12-15, inclusive as if set forth at length herein in *haec verba.*

17. AC Square, Comcast, Afshin Ghaneh, Andrew Bahmanyar and Does 1 through 60 fail to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week.

18. AC Square, Comcast, Afshin Ghaneh and Andrew Bahmanyar's failure to pay overtime due to class members was a willful violation of the Fair Labor Standards Act (FLSA), because it would be impossible for Defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to pay overtime through the present time.

19. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are

- 5 -

entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

### THIRD CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

20. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12 -15 and 17-19, inclusive as if set forth at length herein *in haec verba*.

21. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA.

### FOURTH CAUSE OF ACTION
### (FAILURE TO PAY MONIES DUE AT TERMINATION OF EMPLOYMENT)

22. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19 and 21, inclusive as if set forth at length herein *in haec verba*.

23. Defendant AC Square, as to all class members who no longer work for it, willfully failed to pay all monies due at the termination of the employment relationship either immediately or within 72 hours.

24. Each class member who is no longer employed by AC Square is entitled to thirty day's wages in addition to all other relief.

### FIFTH CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE LABOR CODE SECTION 558)
### (AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19, 21, 23-24 inclusive as if set forth at length herein *in haec verba*.

26. Labor Code section 558 provides that any employer or other person acting on behalf of

- 6 -

the employer, who violates or causes to be violated any provision of chapter of the Labor Code regulating payment of wages or any provision regulating hours and days of work and any order of the Industrial Welfare Commission shall be liable for $50.00 penalty for the first violation of the first pay period as to any employee and $100.00 for each subsequent violation for each subsequent pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered under section 558 are the property of the underpaid employee.

27. By engaging in the conduct and omissions alleged herein, Defendants have intentionally violated numerous provisions of IWC wage orders and statutes resulting wages including but not limited to all those referenced in this complaint.

28. Each class member and each employee is entitled to all wages due to them pursuant to Labor Code §558.

29. Because the violations of the wage orders and Labor Code provisions relating to payment of wages was intentional, and Defendants knowingly took advantage of its employees and caused them substantial economic harm, Plaintiffs are entitled to punitive damages against all Defendants.

**WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof;

2. Special damages according to proof;

3. Interest on all sums awarded;

4. Costs of suit;

5. Such other, and/or further relief as is just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

- 7 -

6. Punitive Damages according to proof.

Dated: June 9, 2008

DANIEL BERKO, Attorney for Plaintiff
DANNY KEATING-TRAYNOR, on behalf of themselves
and all those similarly situated

- 8 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

AFFIDAVIT OF PERSONAL DELIVERY

*Kearing Thaynor*

VS

*A.C. Square*

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court

BY _____
DEPUTY CLERK

CASE # **CIV 4 7 3 5 7 1**

**DOCUMENTS**

Endorsed filed copies of the Complaint, Summons, Notice of Case Management
Conference and ADR Packet information.

I declare under penalty of perjury that I delivered back to the customer, a true copy of the
foregoing documents. Executed on the above filed date at the Hall of Justice & Records
in Redwood City, CA 94063.

By :    G. JACKSON
        Deputy Court Clerk



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA  94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| DANIEL KEATING-TRAYNOR<br>Plaintiff(s)<br>vs.<br>AC SQUARE, INC.<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No.: CIV 473571 | Date: **08/12/08**<br><br>Time:  **9:00 AM**<br><br>Dept. **21** |

| Title:   DANIEL KEATING-TRAYNOR VS AC SQUARE INC |

You are hereby given notice of your Complex Case Status Conference. The date, time and department have been written above. At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.    In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
      **a.**  Serve copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
      **b.**  **Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> **2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.    An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6). The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.    Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5. must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought. Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

separately represented parties, (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

\* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 06/10/08

John C. Fitton,
Court Executive Officer/Clerk


By: GEORGE JACKSON
Deputy Clerk


Copies mailed to:

DANIEL BERKO
819 EDDY STREET
SAN FRANCISCO CA 94109

Form: CCSC

## NOTICE OF CASE MANAGEMENT CONFERENCE

*Meating-Meying*

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court

By _____
DEPUTY CLERK

vs.

*Ac Square*

Case No. **CIV 473571**

Date: _____OCT 2 4 2008_____

Time: 9:00 a.m.

Dept. 3 – on Tuesday & Thursday
Dept. 28 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a. Serve all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 201.7).
   b. Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c. File and serve a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.
4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.
5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.
6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.
7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a. Referring parties to voluntary ADR and setting an ADR completion date;
   b. Dismissing or severing claims or parties;
   c. Setting a trial date.
8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CIV473571 Complaints - Open Access Civil                                                     Page 1 of 1



# Complaints/Parties

| Home | Complaints/Parties | Actions |
| --- | --- | --- |
| Pending Hearings | Images | Case Report |

## Case CIV473571 - DANIEL KEATING-TRAYNOR VS AC SQUARE INC

Complaint Number: 1
Complaint Type:     COMPLAINT
Filing Date:        06/10/2008
Complaint Status:   ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
| --- | --- | --- | --- | --- |
| 1 | PLAINTIFF | DANIEL KEATING-TRAYNOR | BERKO, DANIEL | First Paper Fee Paid |
| 2 | DEFENDANT | AC SQUARE, INC. | Unrepresented | Serve Required (WaitS) |
| 3 | DEFENDANT | COMCAST INC. | Unrepresented | Serve Required (WaitS) |
| 4 | DEFENDANT | AFSHIN GHANEH | Unrepresented | Serve Required (WaitS) |
| 5 | DEFENDANT | ANDREW BAHMANYAR | Unrepresented | Serve Required (WaitS) |

 # Actions 

| Home | Complaints/Parties | Actions |
|------|--------------------|---------|
| Pending Hearings | Images | Case Report |

## Case CIV473571 - DANIEL KEATING-TRAYNOR VS AC SQUARE INC

[ Move To This Date ]

| Viewed | Date | Action Text | Disposition | Image |
|--------|------|-------------|-------------|-------|
| N | 10/24/2008 9:00 AM DEPT. 28 | CASE MANAGEMENT CONFERENCE | | ▣ |
| N | 08/12/2008 9:00 AM DEPT. PJLM | COMPLEX CASE STATUS CONFERENCE | | ▣ |
| | 06/10/2008 | COMPLEX LITIGATION FEE OF $550.00 RECEIVED FROM DANIEL KEATING-TRAYNOR (PLAINTIFF). | - | |
| N | 06/10/2008 | CIVIL CASE COVERSHEET RECEIVED | - | ▣ |
| N | 06/10/2008 | AFFIDAVIT OF PERSONAL DELIVERY BY G JACKSON FILED | - | ▣ |
| N | 06/10/2008 | 30 DAY SUMMONS, ISSUED AND FILED. | - | ▣ |
| N | 06/10/2008 | (S) COMPLAINT FILED | - | ▣ |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DANIEL BERKO   SBN 94912<br>LAW OFFICE OF DANIEL BERKO<br>819 EDDY STREET<br>SAN FRANCISCO, CA 94109<br>TELEPHONE NO.: 415/771-6174   FAX NO. 415/474-3748<br>ATTORNEY FOR *(Name):* DANIEL KEATING-TRAYNOR | **RECEIVED**<br><br>JUN 1 0 2008<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME: UNLIMITED CIVIL JURISDICTION

CASE NAME:
DANIEL KEATING-TRAYNOR -vs- AC SQUARE et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **CV 473571**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is   [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 5
5. This case [✓] is   [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 06/10/2008

DANIEL BERKO
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT G

1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN A. EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:    408.998.4150
5  Facsimile:    408.288.5686
   E-Mail:       rpeters@littler.com
6
   Attorneys for Defendant
7  AC SQUARE, INC.

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 1 9 2008

Clerk of the Superior Court
By     Siolo S. Sala
       DEPUTY CLERK

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SAN MATEO

11  DANIEL KEATING-TRAYNOR, on         Case No.  CIV 464144
    behalf of himself and all others similarly         CLM
12  situated,
                                        [PROPOSED] ORDER CONSOLIDATING
13              Plaintiffs,             RELATED ACTIONS CIV 464144 AND CIV
                                        473571
14        v.
                                        Date:      June 18, 2008
15  AC SQUARE, DOES 1 THROUGH 600,      Time:      4:00 p.m.
    inclusive,                          Dept.:     1
16                                      Honorable Carol L. Mittlesteadt
                Defendants.
17  ─────────────────────────────
    DANIEL KEATING-TRAYNOR, on         Case No. CIV 473571
18  behalf of himself and all others similarly
    situated,
19
                Plaintiffs,
20
          v.
21
    AC SQUARE, INC.; COMCAST INC.;
22  AFSHIN GHANEH; ANDREW
    BAHMANYAR; and  DOES 1 THROUGH
23  60, inclusive,

24              Defendants.

25        FOR GOOD CAUSE SHOWN the action entitled *Daniel Keating-Traynor, on behalf*

26  *of himself and all other similarly situated, Plaintiffs vs. AC Square, Inc.; Comcast, Inc.; Afshin*

27  *Ghaneh; Andrew Bahmanyar; and Does 1 through 60 inclusive, Defendants,* San Mateo County

28  Superior Court number CIV 473571, filed June 10, 2008 is hereby consolidated for all purposes with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CIV 464144

1  the action entitled *Daniel Keating-Traynor, on behalf of himself and all other similarly situated,*

2  *Plaintiffs, vs. AC Square, Inc., Does 1 through 600 inclusive, Defendants,* San Mateo County

3  Superior Court number CIV 464144, filed June 29, 2007.  All documents shall be filed under the

4  case number of the case filed first, case number CIV 464144.

5

6  Dated:  **JUN 1 8 2008**                    **CAROL MITTLESTEADT**

7                                      JUDGE OF THE SUPERIOR COURT

8

9

10

11  Firmwide:85604138.1 047098.1008

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

2.                                      Case No. CIV 464144

ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571

EXHIBIT H

1 | RONALD A. PETERS, Bar No. 169895
2 | BENJAMIN EMMERT, Bar No. 212157
LILANTHI RAVISHANKAR, Bar No. 243487
3 | LITTLER MENDELSON
A Professional Corporation
4 | 50 West San Fernando Street
15th Floor
5 | San Jose, CA 95113.2303
Telephone:    408.998.4150
6 | Facsimile:    408.288.5686
E-Mail: rpeters@littler.com
7 |        bemmert@littler.com
       lravishankar@littler.com
8
Attorneys for Defendants
9 | AC SQUARE, INC. AFSHIN GHANEH,
ANDREW BAHMANYAR
10

ORIGINAL FILED

JUN 2 0 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

CV 08    3035

14 | DANIEL KEATING-TRAYNOR on
behalf of himself and all others similarly
situated;

Case No.  CIV 464144 **(CONSOLIDATED BY
ORDER OF COURT WITH CIV 473571**

15 |        Plaintiffs,

**NOTICE OF FILING REMOVAL**

16
17 |        v.

18 | AC SQUARE INC.; COMCAST INC.;
AFSHIN GHANEH; ANDREW
19 | BAHMANYAR; AND DOES 1-60
INCLUSIVE;

20 |        Defendants.

21

22 | TO PLAINTIFF, AND HIS ATTORNEY OF RECORD, ROBERT DAVID BAKER, ESQ.

23 | NOTICE IS HEREBY GIVEN that AC SQUARE, INC. AFSHIN GHANEH AND

24 | ANDREW BAHMANYAR Defendants in Action No., CIV 473571 consolidated into CIV 464144,

25 | Superior Court of the State of California, County of San Mateo, have filed in the United States

26 | District Court, Northern District of California, San Francisco Division, a Notice of Removal of Civil

27 | Action pursuant to 28 U.S.C. sections 1441 and 1446.

28

LITTLER MENDELSON
A Professional Corporation
West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

1  attached as Exhibit A.

2        PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. section 1446, the

3  filing of said Notice of Removal of action in federal court, together with the filing of a copy of said

4  Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with the Clerk

5  of this state court, effects the removal of this action, and the state court may therefore proceed no

6  further unless and until the case is remanded.

7  Dated: June 19, 2008

8

9

10  RONALD A. PETERS
    BENJAMIN EMMERT

11  LILANTHI RAVISHANKAR
    LITTLER MENDELSON

12  A Professional Corporation
    Attorneys for Defendants

13  AC SQUARE INC., AFSHIN GHANEH,
    AND ANDREW BAHMANYAR

14

15

16

17

18

19

20  Firmwide:85614507.1 047098.1008

21

22

23

24

25

26

27

28

2.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

EXHIBIT I

1  Daniel Berko - SBN 94912
   LAW OFFICE OF DANIEL BERKO
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: 415-771-6174
   Facsimile: 415-474-3748
4  E-mail: BerkoLaw@SBCglobal.net

FILED

08 JUN 11 PH 12: 50

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

5

6  Attorneys for Plaintiffs,
   DANIEL KEATING-TRAYNOR on behalf of himself
7  and all others similarly situated

8

9              UNITED STATES DISTRICT COURT

10      FOR THE NORTHERN DISTRICT OF CALIFORNIA                    MHI

11                                          )   CV 08        2907
    DANIEL KEATING-TRAYNOR on               )   CASE NO.
12  behalf of himself and all others similarly )
    situated,                               )   COMPLAINT FOR DAMAGES FOR
13                      Plaintiff,          )   VIOLATION OF FAIR LABOR
            vs.                             )   STANDARDS ACT
14                                          )
    AC SQUARE, COMCAST INC.;                )
15  AFSHIN GHANEH; ANDREW                   )   CLASS ACTION 29 USC 216(b)
    BAHMANYAR; and      DOES 1              )
16  THROUGH 60, inclusive,                  )   PLAINTIFF DEMANDS A JURY TRIAL
                                            )   ON ALL ISSUES
17                      Defendants.         )
                                            )
18  _____)

19

20      Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

21  follows:

22      1.  This court has jurisdiction over this case because it is an action brought pursuant to

23  the *Fair Labor Standards Act*, 29 USC §§ 201– 219. Plaintiff and the class members each have

24  a right to bring an action under the FLSA pursuant to 29USC216(b).

25

26      ~~2.  Plaintiff is informed and believes and thereupon alleges that Defendants AC SQUARE,~~

27  INC., COMCAST, INC. AFSHIN GHANEH, ANDREW BAHMANYAR and Docs 1 through

28  60 employ technicians who install, disconnect, and upgrade cable television, computer and other

                                    - 1 -
        COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

setting corporate policy, have operation control of AC's payroll and business practices, including but not limited to failing to pay overtime compensation even though it is clearly and unquestionably due to class members.

5. Plaintiff does not know the true names of Defendants DOES 1 through 60 inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally responsible for the events, happenings, injuries and damages alleged in this complaint.

6. In this complaint, when reference is made to any act of AC SQUARE, INC., (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

7. In this complaint, when reference is made to any act of COMCAST INC. (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of COMCAST authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency

8. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were directly employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide

- 3 -

similar services to consumers who use the services and equipment of Comcast. Plaintiff

1   KEATING worked as a technician and his job included the responsibilities to install, upgrade,

2   disconnect and provide similar services to consumers who use the services and equipment of

3   Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician

4   for the purpose of installing, upgrading, disconnecting and providing similar services to

5   consumers who use the services and equipment of Comcast

6

7        9.   There are well-defined common of questions of law and fact affecting the class

8   Plaintiffs represent. The class members' claims against Defendants involve questions of common

9   and general interest in that each and every class member worked as an installer of cable

10  television, computer and electronic services to consumers who use the services and equipment of

11  Comcast, were not paid for overtime, were paid on a piecemeal basis,  were not reimbursed for

12  gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or

13  occurred while working for  AC. In addition, AC failed to pay each class member wages during

14  all hours that they worked. Accordingly, the facts supporting the claim for each class member is

15  identical or substantially similar for Plaintiff and each member of the class and the alleged breach

16  and claim of liability is identical or substantially identical for each member of the class.  These

17  questions are such that proof of a state of facts common to the class representatives and to

18  members of the class will entitle each member of the class to the relief requested in this

19  complaint.

20

21        10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff

22  is a member of the class and plaintiff's claims are typical of those in the class.

23

24                           **FIRST CLAIM FOR RELIEF**

25                      **(VIOLATION OF FAIR LABOR STANDARD ACT)**

26                           **(AGAINST ALL DEFENDANTS)**

27

28                                  - 4 -

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 10 above.

12. AC, COMCAST, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through 60 fail to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week.

13. AC'S, COMCAST'S, AFSHIN GHANEH'S and ANDREW BAHMANYAR'S failure to pay overtime due to class members was a willful violation of the FLSA because it would be impossible for defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to pay overtime through the present time.

14. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

## SECOND CLAIM FOR RELIEF
### (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

15. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 14 above.

16. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA

**WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

- 5 -

1. General damages according to proof in an amount that is yet to be ascertained;

2. Special damages according to proof in an amount that is yet to be ascertained;

3. Interest on all sums awarded including prejudgment interest;

4. Costs of suit;

5. A reasonable attorney's fee;

6. Such other, and/or further relief as is just and proper.

Dated: June 9, 2008

_Daniel Berko_

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and each member of the class demands a jury trial on all issues.

Dated: June 9, 2008

_Daniel Berko_

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

- 6 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT J**

JUN 2 7 2008

1   **Daniel Berko - SBN 94912**
    **LAW OFFICE OF DANIEL BERKO**
2   **819 Eddy Street**
    **San Francisco, CA 94109**
3   **Telephone: 415-771-6174**
    **Facsimile: 415-474-3748**
4   **E-mail: BerkoLaw@SBCglobal.net**

5

6   **Attorneys for Plaintiffs,**
    **DANIEL KEATING-TRAYNOR on behalf of himself**
    **and all others similarly situated**

7

8               **UNITED STATES DISTRICT COURT**

9        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11                   )  **CASE NO: CV-08-3035-EDL**
    **DANIEL KEATING-TRAYNOR on**  )
12  **behalf of himself and all others similarly**  )  **ADMINISTRATIVE MOTION TO**
    **situated,**                )  **CONSIDER WHETHER CASES**
13           **Plaintiff,**   )  **SHOULD BE RELATED**
      **vs.**                  )
14                    )
    **AC SQUARE, COMCAST INC.;**  )
15  **AFSHIN GHANEH; ANDREW**     )
    **BAHMANYAR; and    DOES 1**  )
16  **THROUGH 60, inclusive,**     )
                     )
17           **Defendants.**   )
                     )
18

19

20  TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

21  Plaintiff hereby gives notice, as required in Civil Local Rule 3-12(b), of the following case

22  related to this action:

23     1.  UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF

24        CALIFORNIA; DANIEL KEATING-TRAYNOR vs AC SQUARE et al; with case

25        number **CV-08-02907-MHP** filed on Federal Court on June 11, 2008

26  These cases are related because they discuss the same claims of unlawful, unfair and fraudulent

27  business practices against the same Defendants.

28

                                - 1 -

        **COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF**

The same Plaintiff DANNY KEATING-TRAYNOR, was in both cases, an employee for Defendant AC SQUARE.

Counsel opines that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Date: June 25, 2008

Daniel Berko,
**Attorney for Plaintiff Daniel Keating-Traynor in behalf of himself and all other similarly situated.**

- 2 -

<u>DANIEL KEATING-TRAYNOR vs AC SQUARE CV-08-03035-EDL</u>
<u>District Court for the Northern District of California</u>

## PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 819 Eddy Street, San Francisco, CA 94109. On **Jun 25, 2008** I served a true copy of the following document(s):

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

☐ By transmitting **via facsimile** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ By causing to be **personally delivered** the documents listed above by a messenger service, at the addresses set forth below on this date.

☐ By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for **overnight delivery** on next business day, addressed as set forth below.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in **United States mail** at San Francisco, California, addressed as set forth below.

| Ronal A. Peters<br>Littler Mendelson<br>50 West San Fernando St. 15th Floor<br>San Jose, CA 94113-2303 | COMCAST, INC.<br>An. Andrew C. Topping<br>1701 John F. Kennedy Blvd.<br>15th Floor (Legal Department)<br>Philadelpia, PA 19103 |
|---|---|
|  |  |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **Jun 25, 2008** at San Francisco, California.

Carlos Jato

PROOF OF SERVICE

DANIEL KEATING-TRAYNOR vs AC SQUARE et al C08-02907-MHP
District Court for the Northern District of California

# PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 819 Eddy Street, San Francisco, CA 94109. On **Jun 25, 2008** I served a true copy of the following document(s):

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**

☐ By transmitting **via facsimile** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ By causing to be **personally delivered** the documents listed above by a messenger service, at the addresses set forth below on this date.

☐ By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for **overnight delivery** on next business day, addressed as set forth below.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in **United States mail** at San Francisco, California, addressed as set forth below.

| Ronal A. Peters<br>Littler Mendelson<br>50 West San Fernando St. 15th Floor<br>San Jose, CA 94113-2303 | COMCAST, INC.<br>ATT. Andrew C. Topping<br>1701 John F. Kennedy Blvd.<br>15th Floor (Legal Department)<br>Philadelpia, PA 19103 |
| --- | --- |
|  |  |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **Jun 25, 2008** at San Francisco, California.

_____

Carlos Jato

PROOF OF SERVICE