RONALD A. PETERS, Bar No. 169895
BENJAMIN EMMERT, Bar No. 212157
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
Telephone:    408.998.4150
Facsimile:    408.288.5686
E-Mail: rpeters@littler.com
          bemmert@littler.com

Attorneys for Defendants
AC SQUARE, INC. AFSHIN GHANEH,
ANDREW BAHMANYAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated; <br><br> Plaintiffs, <br><br> v. <br><br> AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE; <br><br> Defendants. | Case No.  CV-08-3035-MHP <br><br> **DEFENDANT AFSHIN GHANEH'S EX PARTE APPLICATION FOR ORDER ALLOWING DEFENDANT TO FILE AND HAVE HEARD A MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6) PRIOR TO INITIAL CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BENJAMIN A. EMMERT IN SUPPORT OF EX PARTE APPLICATION; [PROPOSED] ORDER** <br><br> **Local Rule, 7-10; MHP Standing Order, No. 4** <br><br> **Date:  TBD** <br> **Time:  TBD** <br> **Courtroom: 15** <br> **Judge: Honorable Marilyn H. Patel** |

## EX PARTE APPLICATION

**TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:**

Please take notice that defendant Afshin Ghaneh (hereinafter referred to as "Defendant") hereby applies to this Court on an *ex parte* basis for an Order allowing Defendant to

1.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

file a motion to dismiss plaintiff, Daniel Keating-Traynor's (hereinafter referred to as "Plaintiff") first, second, third, fourth and fifth causes of action alleged against Defendant in his Complaint, Case No. CV-08-3035-MHP. This *ex parte* application is made pursuant to the United States District Court for the Northern District of California Local Rule 7-10 and Chief Judge Marilyn H. Patel's Standing Order number 4. This application is based on the fact that Plaintiff has filed a Complaint containing five causes against Defendant: one cause of action for conspiracy to violate California Business and Professions Code section 17200; one cause of action for alleged violations of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "FLSA"); one cause of action for alleged conspiracy to violate the FLSA; one cause of action for failure to pay monies due at termination of employment; and one cause of action for conspiracy to violate California Labor Code section 558.

Defendant believes that this Complaint fails to state facts sufficient to constitute a cause of action against Afshin Ghaneh because: (1) the alleged improper acts took place more than three years prior to Plaintiff filing this Complaint and are therefore barred by the statute of limitations; (2) Plaintiff has failed to allege facts showing he is entitled to any relief under the FLSA; and (3) Plaintiff has failed to allege facts showing a justiciable conspiracy. This application is further based on the fact that counsel for Defendant has previously filed the proposed motion to dismiss before the Honorable Magistrate Judge Elizabeth D. Laporte on July 9, 2008. The hearing date for this motion was vacated on this Court's Order relating this action with Plaintiff's other action, case number CV-08-2907-MHP. Defendant is therefore seeking to refile this motion in accordance with this Court's July 16, 2008 Order and this Court's Standing Order Number 4.

This application is also based on the fact that in the CV-08-2907-MHP action, Defendant informed Plaintiff's counsel of its intention to respond to that Complaint by way of a motion to dismiss and requested Plaintiff's counsel stipulate to an extension of time to respond until after the initial case management conference. Plaintiff's counsel failed and/or refused to agree to such stipulation in that action. Defendant therefore filed an *ex parte* application requesting this Court allow it to file a motion to dismiss. This Court granted the *ex parte* application on July 15,

2.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

1   2008.  The issues raised in the proposed motion to dismiss are substantially similar, if not identical,

2   to the issues raised in the motion to dismiss filed in the related action.  Moreover, unless this

3   application is granted, Defendant is faced with the possibility that it will have to file an answer and

4   incur significant legal fees and costs defending this current action that is most likely barred by the

5   statute of limitations and/or fails to state facts upon which relief can be granted.

6          This application is based on the attached Memorandum of Points and Authorities, the

7   attached Declaration of Benjamin A. Emmert, the complete files and records in this action and any

8   oral argument that may be heard by the Court with regard to this Application.

9                    **MEMORANDUM OF POINTS AND AUTHORITIES**

10  **I.       FACTUAL BACKGROUND**

11         Plaintiff's Complaint filed in this Court, case number CV-08-3035-MHP, is the third

12  of four Complaints Plaintiff has filed for the same alleged wrong and which arises out of the same

13  set of operative facts and the second Complaint Plaintiff has filed against Afshin Ghaneh.  Plaintiff

14  filed his first complaint naming as the sole defendant AC Square, Inc. in the San Mateo County

15  Superior Court on July 7, 2006, action number CIV 456118. (hereinafter referred to as the "Original

16  Complaint").  The Original Complaint alleged AC Square, Inc. failed to pay Plaintiff all

17  compensation, including overtime, that he believed was due and owing.  Plaintiff dismissed the

18  causes of action seeking unpaid wages from the Complaint without prejudice on June 25, 2007.

19         On June 29, 2007 Plaintiff filed a second Complaint in the San Mateo County

20  Superior Court against AC Square, Inc. only, action number 464144.  (hereinafter referred to as the

21  "Second Complaint").  This Complaint again sought recovery of alleged unpaid wages including

22  overtime.

23         For unexplained reasons and even though litigation on the Second Complaint was still

24  proceeding, Plaintiff filed a new complaint in the San Mateo County Superior Court against AC

25  Square, Inc. on June 10, 2008. (hereinafter referred to as the "Third Complaint").  The Third

26  Complaint seeks essentially the same relief as the first two Complaints, but adds a cause of action for

27  alleged violation of the FLSA and names additional parties, including Mr. Ghaneh.  As to Mr.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

3.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

Ghaneh, the Complaint alleges that Mr. Ghaneh is the owner of AC Square, Inc. The San Mateo County Superior Court consolidated the Second and Third Complaints on June 19, 2008. AC Square, Inc. removed consolidated action to this Court on June 20, 2008. The consolidated action number is CV-08-3035-EDL.

For equally unexplained reasons, the day after filing the Third Complaint, Plaintiff filed the instant Complaint (hereinafter referred to as the "Fourth Complaint"). The Fourth Complaint names the same defendants and contains the same allegations concerning the FLSA as the Third Complaint.

The Second, Third and Fourth Complaints fail to allege any facts showing when Plaintiff worked for AC Square, Inc. However, Plaintiff alleged in the Original Complaint he worked for AC Square, Inc. from about "January 30, 2005" to "about May 2, 2005." He further alleges he was terminated by AC Square, Inc. on about May 2, 2005.

On July 9, 2008, Defendant filed the proposed motion to dismiss before the Honorable Magistrate Judge Elizabeth D. Laporte. Pursuant to this Court's July 16, 2008 Order, the hearing date for this motion has been vacated and this Court ordered all prior pending motions be re-noticed. Therefore, pursuant to this Court's Standing Order Number 4, Defendant respectfully requests this Court grant this *ex parte* application and allow Defendant to file the proposed motion to dismiss.

## II.    ARGUMENT

Plaintiff's Third Complaint contains five causes of action against Defendant for: conspiracy to violate California Business and Professions Code section 17200; violation of the FLSA; conspiracy to violate the FLSA; failure to pay monies at termination of employment; and, conspiracy to violate California Labor Code section 558. Among other deficiencies in the Third Complaint, the second, third, fourth and fifth causes of action appear to be barred by the statute of limitations. The statute of limitations for a FLSA violation is two or three years depending on whether an employer's violation is willful. *See* 29 U.S.C. § 255(a). The statute of limitations on a claim for failure to pay money at the termination of employment is three years. See Cal. Labor Code

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

§§ 201, 203 (West 2008); Cal. Code Civ. Proc. § 338 (West 2008). The statute of limitations for an alleged violation of California Labor Code section 558 is one year. *See* Cal. Code Civ. Proc. § 340 (West 2008). Because Plaintiff has expressly admitted that he last worked for AC Square, Inc. on May 2, 2005, the statute of limitations on all of his causes of action expired by at least May 2, 2008. *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) (citing *Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953)).

In addition to the statute of limitations problems, the Third Complaint fails to allege facts showing a justiciable conspiracy. The Third Complaint alleges that AC Square, Inc., by and though its agents Afshin Ghaneh and Andrew Bahmanyar, conspired with Comcast, Inc. to not pay AC Square, Inc.'s employees, including Plaintiff, overtime. However, as the Third Complaint is currently drafted, Afshin Ghaneh and Andrew Bahmanyar cannot conspire with the other defendants pursuant to the agent immunity rule. In addition, Plaintiff's conspiracy claims against AC Square, Inc. and Comcast, Inc. fail because Plaintiff cannot allege either breached any duty owed to Plaintiff. A simple failure to comply with statutory overtime requirements as alleged in the Third Complaint does not support a claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005).

Federal Rule of Civil Procedure, Rule 12(a)(1)(A)(i) requires a defendant file an answer to a complaint within 20 day after being served. Federal Rule of Civil Procedure, Rule 12(b) allows a defendant to serve a motion to dismiss in lieu of an answer. However, in light of Standing Order Number 4, Defendant is unable to file the accompanying motion to dismiss until after the initial case management conference. Thus, Defendant is faced with the real possibility of incurring significant legal fees and costs by having to file an answer and respond to Plaintiff's discovery in an action that fails to state facts sufficient to constitute a cause of action and/or is barred by the statute of limitations.

Based on the foregoing, Defendant respectfully requests this Court grant this *ex parte* application and allow Defendant to file the accompanying motion to dismiss prior to the initial case management conference. A copy of the motion Defendant proposes to file in the event this application is granted is attached hereto as Exhibit B.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

5.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

Dated: July 11, 2008

RONALD A. PETERS
BENJAMIN EMMERT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AC SQUARE INC., AFSHIN GHANEH,
AND ANDREW BAHMANYAR

## III.   DECLARATION OF BENJAMIN A. EMMERT IN SUPPORT OF EX PARTE APPLICATION

I, Benjamin A. Emmert, declare:

1.     That I am an associate in the law firm of Littler Mendelson, a professional corporation, which represents Defendant Afshin Ghaneh with respect to the Plaintiff Daniel Keating-Traynor's Complaint in this matter.  I am duly licensed to practice law in the State of California and I am one of the attorneys responsible for representing Defendant in this action.  I have personal knowledge of the following facts and if called and sworn in as a witness could and would competently testify thereto;

2.     This action is the third of four Complaints Plaintiff has filed seeking alleged unpaid overtime compensation against AC Square, Inc. and the second Complaint Plaintiff has filed against Afshin Ghaneh;

3.     On July 9, 2008 Defendant filed a motion to dismiss the first, second, third, fourth and fifth causes of action from Plaintiff's Third Complaint on behalf of Afshin Ghaneh;

4.     On July 16, 2008 this Court issued an Order relating this action with Plaintiff's Fourth Complaint filed in this Court, case number CV-08-2907-MHP.  This July 16, 2008 Order vacated all pending hearing dates.  Defendant therefore files this *ex parte* application seeking leave to re-file the previously filed and current proposed motion to dismiss;

5.     This Court has previously granted Defendant's request to file a motion to dismiss which raises similar arguments to the current proposed motion in Plaintiff's related action,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

CV-08-2907-MHP.

6.    Prior to requesting permission to file the motion to dismiss in the related action, case number CV-08-2907-MHP, I sent an email to Plaintiff's counsel advising him that Defendant  would respond to that Complaint by motion to dismiss for failure to state a cause of action and requested that he stipulate to extending the deadline for Defendant to respond to the Complaint until after the initial case management conference.  Attached hereto as Exhibit A is a true and correct copy of the email I sent to Plaintiff's counsel containing the request;

7.    Plaintiff's counsel did not agree to continue the deadline for Defendant to respond to the Fourth Complaint;

8.    Attached hereto as Exhibit B is a true and correct copy of Defendant Afshin Ghaneh's Notice of Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action From Complaint, Case Number CV-08-3035-MHP, Request for Judicial Notice in support of the motion and the [Proposed] Order AC Square, Inc. proposes to file if this application is granted.

I hereby declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this Declaration was executed on July 18, 2008, at San Jose, California.

BENJAMIN A. EMMERT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

7.

1

**ORDER**

Having considered Defendant's ex parte application for an order permitting Defendant to file

Defendant Afshin Ghaneh's Notice of Motion and Motion to Dismiss Plaintiff's First and Second

Causes of Action From Complaint, Case Number CV-08-3035-MHP, and finding good cause

therefore, IT IS HEREBY ORDERED that Defendant's request to file the attached motion to dismiss

Plaintiff's Complaint is granted.  Defendant shall file and serve the motion by no later than

_____.   The hearing on this motion is set for _____, 2008 at 2:00 p.m.  Any opposition

to the motion shall be filed and served by _____, 2008.  Any reply to the opposition shall be

filed and served by _____, 2008.


DATED: _____, 2008

                                                    _____
                                                    Honorable Marilyn H. Patel


Firmwide:85923979.1 047098.1008

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408 998 4150

8.



## Emmert, Benjamin A.

**From:** Emmert, Benjamin A.
**Sent:** Thursday, July 03, 2008 2:53 PM
**To:** DANIEL BERKO
**Subject:** RE: Keating-Traynor v. AC Square, Inc. et al, (Case No. CV-08-2907-MHP).

ˉo protect my clients' rights to object to your complaint.

---

**ˉrom:** DANIEL BERKO [mailto:berkolaw@sbcglobal.net]
**ˉent:** Thursday, July 03, 2008 2:28 PM
**ˉo:** Emmert, Benjamin A.
**ˉc:** C. Jato
**ˉubject:** Re: Keating-Traynor v. AC Square, Inc. et al, (Case No. CV-08-2907-MHP).

ˉhy?


----- Original Message -----
**From:** Emmert, Benjamin A.
**To:** DANIEL BERKO
**Sent:** Thursday, July 03, 2008 1:42 PM
**Subject:** RE: Keating-Traynor v. AC Square, Inc. et al, (Case No. CV-08-2907-MHP).

Dear Mr. Berko:

Thank you for considering my proposal.  However, I will need to know your position by Monday.  Thank you for your attention to this matter.

Sincerely,

Benjamin A. Emmert

---

**From:** DANIEL BERKO [mailto:berkolaw@sbcglobal.net]
**Sent:** Thursday, July 03, 2008 1:13 PM
**To:** Emmert, Benjamin A.
**Cc:** C. Jato; Peters, Ronald A.
**Subject:** Re: Keating-Traynor v. AC Square, Inc. et al, (Case No. CV-08-2907-MHP).

THE PLEADINGS

I think we should first discuss in general how we are going to handle the pleadings and then get court approval. Presently, there is a federal complaint and two state court cases having been removed to federal court.I am sure you noted when we filed the Notice of Related Cases that the federal case was assigned to Patel.

The court decides if the cases are related,but I assume you must agree that all 3 cases are "related" as used under the rules. Are you planning on filing anything in that regard?

YOUR PROPOSAL

I will consider your proposal. It might defeat the purpose of the standing order, but in general I would not challenge your right to file a 12(b)(6) motion.

ENFORCEMENT OF STATE COURT SUBPOENAS

I am concerned regarding the document subpoenas and I want to make sure we are clear here. You had no right to continue to use the subpoena power of the court to get documents by subpoena after the trial court stayed all discovery or after the two cases were removed for those two independent reasons. Having your service continue its efforts to obtain the documents after either of those dates would be highly inappropriate and actionable. I request you state who your service contacted after the order staying discovery including requests or demands that the documents be produced. I know that it happened because the company called my office after the stay of discovery was in effect to get documents due under the subpoena.

----- Original Message -----
**From:** Emmert, Benjamin A.
**To:** DANIEL BERKO
**Sent:** Thursday, July 03, 2008 11:00 AM
**Subject:** Keating-Traynor v. AC Square, Inc. et al, (Case No. CV-08-2907-MHP).

Dear Mr. Berko:

Although you have not yet served the federal Complaint, case no. CV-08-2907-MHP on AC Square, Inc., Mr. Afshin Ghaneh, or Mr. Andrew Bahmanyar, we have obtained a copy and note that it has been assigned to the Honorable Judge Marilyn H. Patel. As you know, Judge Patel has a standing order that states, "Motions to dismiss shall not be filed before the initial Case Management Conference except by leave of the court." Once you serve the complaint, AC Square, Inc., Mr. Afshin Ghaneh and Mr. Andrew Bahmanyar will respond my way of a Federal Rule of Civil Procedure, Rule 12(b)(6) motion to dismiss. Given Judge Patel's standing order, we request that you stipulate to extending the time for AC Square, Inc., Mr. Afshin Ghaneh and Mr. Andrew Bahmanyar to respond to the complaint until after the initial case management conference. Please advise whether you will agree to the proposed stipulation. Please do not hesitate to contact my office if you have any questions or if you would like to discuss this matter further.


**Benjamin A. Emmert Esq.** | Littler Mendelson, PC

**The National Employment & Labor Law Firm®**

_____

50 W. San Fernando St. | *Suite 1500*

San Jose, California 95113

Direct Dial: (408) 795-3496 | Fax: (408) 288-5686

Office: (408) 998-4150 | Assistant: (408) 795-3494

bemmert@littler.com | www.littler.com


- - - -

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is strictly

7/10/2008

EXHIBIT B

1   RONALD A. PETERS, Bar No. 169895
    BENJAMIN EMMERT, Bar No. 212157
2   LITTLER MENDELSON
    A Professional Corporation
3   50 West San Fernando Street
    15th Floor
4   San Jose, CA 95113.2303
    Telephone:    408.998.4150
5   Facsimile:    408.288.5686
    E-Mail: rpeters@littler.com
6           bemmert@littler.com

7   Attorneys for Defendants
    AC SQUARE, INC. AFSHIN GHANEH,
8   ANDREW BAHMANYAR

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  DANIEL KEATING-TRAYNOR on          Case No.  CV-08-3035-MHP
    behalf of himself and all others similarly
    situated;                          **[CALIFORNIA ACTION NO. CIV 464144
14                                      (CONSOLIDATED BY ORDER OF
                                        COURT WITH CIV 473571]**
15          Plaintiffs,

16      v.                             **DEFENDANT AFSHIN GHANEH'S
                                        NOTICE OF MOTION AND MOTION TO
17  AC SQUARE INC.; COMCAST INC.;       DISMISS PLAINTIFF'S FIRST, SECOND,
    AFSHIN GHANEH; ANDREW               THIRD, FOURTH, AND FIFTH CAUSES
18  BAHMANYAR; AND DOES 1-60            OF ACTION FROM COMPLAINT, CASE
    INCLUSIVE;                          NUMBER CV-08-3035-MHP;
19                                      MEMORANDUM OF POINTS AND
            Defendants.                 AUTHORITIES**

20                                     **FRCP Rule 12(b)(6)**

21                                     **Date:
                                        Time:**
22                                     **Courtroom: 15
                                        Judge: Honorable Marilyn H. Patel**
23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:85907969.1 047098.1008

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION .................................................................................................1

II.   STATEMENT OF FACTS ...................................................................................2

      A.    AC Square, Inc. ......................................................................................2

      B.    Procedural History ..................................................................................3

            1.    Plaintiff's First Complaint ...........................................................3

            2.    Plaintiff's Second Complaint.......................................................3

            3.    Plaintiff's Third Complaint .........................................................4

            4.    Plaintiff's Fourth Complaint........................................................4

      C.    Statement of Allegations .........................................................................5

III.  STATUTORY AUTHORITY ..............................................................................6

IV.   LEGAL ARGUMENT .........................................................................................7

      A.    PLAINTIFF'S FIRST CAUSE OF ACTION FOR CONSPIRACY TO
            VIOLATE CALIFORNIA BUSINESS AND PROFESSIONS CODE
            SECTION 17200, HIS THIRD CAUSE OF ACTION FOR CONSPIRACY
            TO VIOLATE THE FLSA AND HIS FIFTH CAUSE OF ACTION FOR
            CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE SECTION
            558 FAIL TO STATE FACTS SHOWING A JUSTICIABLE CONSPIRACY .........7

            1.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING THE
                  FORMATION AND/OR OPERATION OF ANY ALLEGED
                  CONSPIRACY .................................................................................8

            2.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING ANY
                  ALLEGED CONSPIRACY INVOLVED TWO OR MORE PEOPLE
                  OR ENTITIES .................................................................................9

                  a.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING
                        MR. BAHMANYAR'S ALLEGED ACTS ARE NOT
                        SUBJECT TO THE AGENT IMMUNITY RULE .............................9

                  b.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING
                        MR. GHANEH'S ALLEGED ACTS ARE NOT SUBJECT TO
                        THE AGENT IMMUNITY RULE.......................................10

                  c.    PLAINTIFF HAS FAILED TO ALLEGE FACTS
                        SUFFICIENT TO SHOW COMCAST, INC. DID ANY ACT
                        SUFFICIENT TO SUSTAIN HIS CAUSE OF ACTION FOR
                        CONSPIRACY .....................................................................11

TABLE OF CONTENTS
(CONTINUED)

PAGE

B.   PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS SECOND CAUSE OF ACTION FOR VIOLATION OF THE FLSA ................................................................................................11

     1.   PLAINTIFF CAUSE OF ACTION FOR VIOLATION OF THE FLSA IS BARRED BY THE STATUTE OF LIMITATIONS ...............................11

     2.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED THE FLSA................................................13

          a.   PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 206 ....................13

     3.   PLAINTIFF HAS NOT ALLEGED FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 207 .........................................14

C.   PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS THIRD CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE THE FLSA ...............................................................................14

D.   PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA LABOR CODE 203........................................................15

     1.   Plaintiff's Fourth Cause of Action for Violation of California Labor Code section 203 is Barred by the Statute of Limitations ...............................15

E.   PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FIFTH CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE 558 ........................................17

     1.   Plaintiff's Fifth Cause of Action for Conspiracy to Violate California Labor Code section 558 is Barred by the Statute of Limitations....................17

V.   CONCLUSION ...................................................................................17

# TABLE OF AUTHORITIES

PAGE

## CASES

*American Title Ins. Co. v Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ..............7, 12

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503-511 (1994) ...................8

*Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1974 (2007).................................7, 14

*Black v. Bank of America*, 30 Cal. App. 4th 1, 6 (1995) .................................8, 9

*Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 380 (2005)..............16

*Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163, 173 (2000).......................16

*General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991) .......8

*Hays v. Bank of America*, 71 Cal. App. 2d 301 ..........................................11

*Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986)..........13

*Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) .........12, 13

*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007)....................................................................................6

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ..........................7

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003)..................16

*Litton v. Saudi Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994) ...................................11

*Maheu v. CBS, Inc.*, 201 Cal. App. 3rd 662, 673 (1988) ..................................15

*Mamika v. Barca*, 68 Cal. App. 4th 487, 491 (1988) .....................................16

*Mitchell v. Lancaster Milk Co.*, 185 F. Supp 66, 70 (D.C. PA 1960) .....................12

*Montecino v. Spherion Corp.*, 427 F. Supp 2d 965, 967 (C.D. Cal. 2006) ...............16

*Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) ................................................................7

*Murphy v. Kenneth Cole Production, Inc.*, 40 Cal. 4th 1094, 1108 (2007) ..................16

*Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002)......................................................................................6

*Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005) ................................8, 9, 10, 11

*Tomlinson v. Indymac Bank, F.S.B.* 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005) ...........16

*Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953)........................12

## STATUTES

29 U.S.C. § 206(a) .......................................................................13

29 U.S.C. § 207(a)(1) ....................................................................14

29 U.S.C. § 255(a) .......................................................................11

29 U.S.C. Section 206 ................................................................13, 14

29 U.S.C. section 207 ....................................................................14

Cal. Bus. Prof. Code § 17208 (West 2008) .........................................15, 17

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Case No. CV-08-3035-MHP
Firmwide:85907969.1 047098.1008

iii.

Notice of Motion and Motion to Dismiss, FRCP
Rule 12(b)(6)

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

California Business and Professions Code section 17200 ........................................2, 3, 4, 6, 7, 15, 16

California Code of Civil Procedure section 338(a) .................................................................16

California Code of Civil Procedure section 340(a) .................................................................17

California Labor Code section 201 ........................................................................................3

California Labor Code section 203 ......................................................................2, 15, 16, 17

California Labor Code section 226 ........................................................................................3

California Labor Code section 2802 ......................................................................................3

California Labor Code section 510 and 1194 ........................................................................3

California Labor Code section 558 ......................................................................2, 4, 6, 7, 17

California Labor Code sections 203 and 558 .........................................................................2

California Labor Code sections 226, 432 and 1198 ...............................................................3

California Labor Code sections 510 and 1198 .......................................................................3

Fed. R. Civ. Proc. Rule 56(c) ...............................................................................................7

## OTHER AUTHORITIES

9 *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, §9:187 (TRG 2008. ...............................................................................6, 7

Fair Labor Standards Act, 20 U.S.C. § 201 ...........................................................................2

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

Case No. CV-08-3035-MHP
Firmwide:85907969.1 047098.1008

iv.

Notice of Motion and Motion to Dismiss, FRCP
Rule 12(b)(6)

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES BY AND THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Please take notice that on _____, 2008 at _____ a.m., or as soon thereafter as the matter may be heard in Courtroom 15 of the District Court of the Northern District of California located at 450 Golden Gate Avenue, San Francisco, CA 94012, before The Honorable Marilyn H. Patel, Defendant Afshin Ghaneh will move this court for an order dismissing Plaintiff, Daniel Keating-Traynor's (hereinafter referred to as "Plaintiff") first, second, third, fourth and fifth causes of action against Mr. Ghaneh from the Complaint, case number CV-08-3035-MHP. Mr. Ghaneh's motion to dismiss Plaintiff's first, second, third, fourth and fifth causes of action from the action number CV-08-3035-MHP is brought pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6) and on the grounds that each of these causes of action fail to state facts sufficient to sustain these claims. Mr. Ghaneh's motion to dismiss Plaintiff's second, third, fourth and fifth causes of action is made on the additional ground that these causes of action are barred by the applicable statute of limitations.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Request for Judicial Notice, any oral argument that may be heard, and all pleadings and papers on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Afshin Ghaneh brings this motion to dismiss Plaintiff's first, second, third, fourth and fifth causes of action against himself only and not on behalf of any other co-defendant, including Comcast, Inc. To the extent this motion discusses Plaintiff's allegations regarding co-defendant Comcast, Inc. in his conspiracy causes of action, Plaintiff's first, third and fifth causes of action, such discussion is made solely for the purpose of showing Plaintiff's Complaint fails to state facts sufficient to support a conspiracy cause of action against Afshin Ghaneh and for no other purpose. Counsel for Afshin Ghaneh does not represent Comcast, Inc. and no argument in this motion should be inferred as being made by or on behalf of Comcast, Inc.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

Firmwide:85907969.1 047098.1008

1.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1

2    Plaintiff's Complaint, action number CV-08-3035-EDL (reassigned action number

3    CV-08-3035-MHP), contains five causes of action against Mr. Ghaneh, each of which fail to state

4    facts sufficient to sustain these claims against Mr. Ghaneh as a matter of law.    Specifically,

5    Plaintiff's first cause of action for conspiracy to violate California Business and Professions Code

6    section 17200, his third cause of action for conspiracy to violate the federal Fair Labor Standards

7    Act, 20 U.S.C. § 201 et seq, (hereinafter referred to as the "FLSA") and his fifth cause of action for

8    conspiracy to violate California Labor Code section 558 each fail to state facts showing a justicable

9    conspiracy.  Plaintiff's second cause of action for violation of the FLSA fails to state facts showing

10   Mr. Ghaneh did not pay the applicable federal minimum wage and/or that AC Square, Inc. did not

11   pay Plaintiff overtime compensation to which he was entitled. In addition, Plaintiff's second cause of

12   action for violation of the FLSA; his third cause of action for conspiracy to violate the FLSA; his

13   fourth cause of action for violation of California Labor Code section 203 (entitled "Failure to Pay

14   Monies Due at Termination of Employment"); and his fifth cause of action for conspiracy to violate

15   California Labor Code section 558 are all barred by the applicable statute of limitations.  Regarding

16   the statute of limitations, Plaintiff admitted in documents he filed with the San Mateo County

17   Superior Court that he last worked for AC Square, Inc., and by alleged association Mr. Ghaneh, on

18   May 2, 2005.  In fact, Plaintiff claimed that AC Square, Inc. terminated his employment May 2,

19   2005 in these documents.  Thus, any claim Plaintiff may have had against Mr. Ghaneh for alleged

20   violations of the FLSA and/or California Labor Code sections 203 and 558 began to run as of May 2,

21   2005 and are now time barred.

22   **II.    STATEMENT OF FACTS**

23       **A.    AC Square, Inc.**

24       AC Square, Inc. is a  cable  installation  contractor,  doing  work  primarily  for

25   Comcast, Inc.  Defendant provides installation of cable television and computer related services to

26   primarily residential customers of Comcast at various locations in northern California.  AC Square,

27   Inc. was formed in February of 2004.  AC Square, Inc. currently employees between ninety and one

28   hundred and thirty technicians.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

Firmwide:85907969.1 047098.1008                    2.

**B.     Procedural History**

Plaintiff's instant Complaint, action number CV-08-3035-EDL (reassigned action number CV-08-3035-MHP), is the third of four Complaints Plaintiff has filed against AC Square, Inc. and the second he has filed against Mr. Ghaneh for the same alleged wrong.

### 1.     Plaintiff's First Complaint

Plaintiff filed his first Complaint against AC Square, Inc. in the San Mateo County Superior Court on July 7, 2006, action number CIV 456118. (hereinafter referred to as the "Original Complaint") (Request for Judicial Notice, Exh. A). The Original Complaint contained five causes of action for: (1) nonpayment of wages in violation of California Labor Code section 201; (2) failure to pay overtime wages in violation of California Labor Code sections 510 and 1198; (3) violation of California Labor Code section 2802; (4) wrongful termination; and, (5) failure to provide personnel file/failure to provide itemized wage statements in violation of California Labor Code sections 226, 432 and 1198.5. *Id.*  As pertinent to this motion, the Original Complaint alleged AC Square, Inc. failed to pay Plaintiff compensation for all hours that he worked.  Plaintiff dismissed his first, second, third and fifth causes of action without prejudice on June 25, 2007. (Request for Judicial Notice, Exh. B).  Plaintiff's fourth cause of action for wrongful termination was dismissed following a grant of summary adjudication in favor of AC Square, Inc. (Request for Judicial Notice, Exh. C). Judgment was entered on the Original Complaint on June 28, 2007.  (Request for Judicial Notice, Exh. D).

### 2.     Plaintiff's Second Complaint

Plaintiff filed a second Complaint against AC Square, Inc. in the San Mateo County Superior Court on June 29, 2007, action number 464144. (hereinafter referred to as the "Second Complaint") (Request for Judicial Notice, Exh. E).  Plaintiff's Second Complaint contains five causes of action for: (1) violation of California Business and Professions Code section 17200; (2) violation of California Labor Code section 2802; (3) failure to pay overtime wages pursuant to California Labor Code section 510 and 1194; (4)  failure to furnish itemized wage statements pursuant to California Labor Code section 226; and, (5) failure to pay wages due. *Id.* This Complaint, like the Original Complaint, alleges AC Square, Inc. failed to pay Plaintiff compensation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                    3.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1    for all hours worked. The first through fourth causes of action are brought on behalf of Plaintiff and

2    all other similarly situated individuals. *Id.* The fifth cause of action was brought by Plaintiff on his

3    own behalf. *Id.*

4    ### 3.    Plaintiff's Third Complaint

5    On June 10, 2008 Plaintiff filed a new Complaint in the San Mateo County Superior

6    Court, action number 473571, removed action number CV-08-3035-EDL (reassigned action number

7    CV-08-3035-MHP). (hereinafter referred to as the "Third Complaint") (Request for Judicial Notice,

8    Exh. F). Plaintiff's Third Complaint is the subject of the instant motion to dismiss. It, like the

9    Second Complaint, is styled as a class action on behalf of Plaintiff and all other similarly situated

10   individuals. *Id.* The Third Complaint names as defendants AC Square, Inc. and adds as defendants,

11   Comcast, Inc., Afshin Ghaneh, and Andrew Bahmanyar. It contains five causes of action for: (1)

12   conspiracy to violate California Business and Professions Code section 17200; (2) violation of the

13   FLSA; (3) conspiracy to violate the FLSA; (4) failure to pay monies at termination of employment;

14   and, (5) conspiracy to violate California Labor Code section 558. *Id.*    This Complaint, like the

15   Original Complaint and the Second Complaint alleges the same wrongful conduct. The significant

16   differences between the Third Complaint and the Original and Second Complaint is this Complaint

17   alleges different causes of action and names additional defendants. However, the underlying

18   allegations are identical.

19   On June 19, 2008 AC Square, Inc. moved to consolidate Plaintiff's Second and Third

20   Complaints. (Request for Judicial Notice, Exh. G). The San Mateo Superior Court granted AC

21   Square, Inc.'s consolidation request and ordered the Second and Third Complaints consolidated

22   under action number 464144. *Id.* (The Second and Third Complaints will hereinafter be collectively

23   referred to as the "Consolidated Action"). On June 20, 2008 AC Square, Inc. removed the

24   Consolidated Action to this Court. (to Request for Judicial Notice, Exh. H).

25   ### 4.    Plaintiff's Fourth Complaint

26   On June 11, 2008, Plaintiff filed another new Complaint in the Northern District of

27   California, action number CV-08-2907-MHP. (hereinafter referred to as the "Fourth Complaint").

28   The Fourth Complaint, like the Third Complaint names as defendants AC Square, Inc., Comcast,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                              4.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1  Inc. Afshin Ghaneh, and Andrew Bahmanyar. (Request for Judicial Notice, Exh. I). The Fourth

2  Complaint contains two causes of action for: (1) violation of the FLSA; and, (2) conspiracy to

3  violate the FLSA. *Id.* The Fourth Complaint is essentially the same as the Third Complaint, but only

4  alleges causes of action for alleged violations of the FLSA.

5        On June 27, 2008 Plaintiff filed an administrative motion to have the Consolidated

6  Action and the Fourth Complaint related. (Request for Judicial Notice, Exh. J).

7  **C.    Statement of Allegations**

8        This Motion is directed to the first, second, third, fourth and fifth causes of action in

9  Plaintiff's Third Complaint. Plaintiff's Third Complaint alleges that Mr. Ghaneh "is responsible for

10 the payroll and business practice of AC Square [Inc.]" and "also owns AC Square [Inc.]." (Request

11 for Judicial Notice, Exh. F, ¶ 5, p. 2 16-17).

12       Plaintiff alleges AC Square, Inc. employs cable technicians who install, disconnect,

13 and upgrade cable television and computer services to Comcast consumers. (Request for Judicial

14 Notice, Exh. F, ¶ 1, p. 1:21-24). Plaintiff further alleges he "was **formerly** employed by AC Square,

15 Inc. as a cable television and computer technician and installed, upgraded, disconnected and

16 provided similar services to consumers who use Comcast services and equipment of Comcast."

17 (Request for Judicial Notice, Exh. F, ¶ 8, p. 3:10-12) (emphasis added).

18       While Plaintiff admits he was "formerly employed by AC Square, Inc.", the Third

19 Complaint conveniently omits any allegations showing time period he worked for AC Square, Inc.

20 However, in Plaintiff's prior action, the Original Complaint, Plaintiff expressly admitted that he was

21 employed by AC Square, Inc. from "around January 30, 2005" to "about May 2, 2005." (Request

22 for Judicial Notice, Exh. A, ¶ 5, p. 2:9; ¶ 13, p. 3:11). In that same Complaint, Plaintiff admitted that

23 AC Square, Inc. terminated him on about May 2, 2005. (Request for Judicial Notice, Exh. A, ¶ 13, p.

24 3:11).

25       In addition, the Third Complaint also fails to allege any facts showing Plaintiff's

26 weekly or monthly salary - or hourly wage – while he was employed by AC Square, Inc. It also

27 specifically fails to allege any facts showing the hours he claims to have worked for AC Square, Inc.

28 and/or whether Plaintiff actually worked any hours for the purposes of overtime compensation.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                5.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1    Notwithstanding Plaintiff's failure to allege the time period he worked for AC

2  Square, Inc., his salary, or his hours worked, Plaintiff concludes that he is entitled to bring this action

3  on his own and on behalf of all other similarly situated individuals and concludes that AC Square,

4  Inc. failed to pay him and other employees "wages during all hours that they worked." (Request for

5  Judicial Notice, Exh. F, ¶ 9, p. 3:17-19).   He also claims AC Square, Inc. failed to pay overtime

6  compensation when he and/or other employees worked in excess of eight hours a day, more than

7  forty hours in a week, worked a seventh day in a row and/or worked more than eight hours on the

8  seventh day.  (Request for Judicial Notice, Exh. F. ¶ 9, p. 3:17-19).  Plaintiff's bases his first cause

9  of action for conspiracy to violate California Business and Professions Code section 17200; his

10  second cause of action for violations of the FLSA; his third cause of action for conspiracy to violate

11  the FLSA; his fourth cause of action for failure to pay monies due at termination of employment;

12  and his fifth cause of action for conspiracy to violate California Labor Code section 558 against AC

13  Square, Inc. exclusively on the above referenced allegations and nothing else.  (Request for Judicial

14  Notice, Exh. F).

15  **III.    STATUTORY AUTHORITY**

16    Afshin Ghaneh brings this Motion pursuant to Federal Rule of Civil Procedure, Rule

17  12(b)(6).[1]  A Rule 12(b)(6) motion tests the legal sufficiency of the claims stated in a civil complaint

18  and authorizes the court to dismiss an action on the basis of a dispositive issue of law.  See *Qwest*

19  *Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).

20    In entertaining a Rule 12(b)(6) motion, a court must determine whether the facts

21  alleged by the plaintiff, if assumed to be true, would entitle that plaintiff to a legal remedy.

22  Dismissal of an action under Rule 12(b)(6) is proper "where there is either a 'lack of a cognizable

23  legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" 9

24  *Schwarzer, et. al., California Practice Guide: Federal Civil Procedure Before Trial*, § 9:187 (TRG

25  2007.)   In ruling on such motion, "[g]enerally a court may not consider material beyond the

26  complaint."  *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

27  "However, '[a] court may take judicial notice of 'matters of public record' without converting a

28  _____

[1] Unless otherwise stated, all cited rules refer to the Federal Rules of Civil Procedure.

Firmwide:85907969.1 047098.1008                6.
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408 998 4150
Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

notion to dismiss into a motion for summary judgment,' as long as the facts notices are not 'subject to reasonable dispute.'" *Id.*; See also *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). Judicial admissions of fact are considered matters of which a court may take judicial notice and are binding on the parties and the court. *American Title Ins. Co. v Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

A Rule 12(b)(6) motion to dismiss is appropriate where the plaintiff has stated a claim that omits one or more key elements of a cause of action. 9 *Schwarzer, et. al., California Practice Guide, supra,* § 9:179. ["A motion to dismiss is often very effective where plaintiff has stated the claim in vague, conclusory terms without setting forth one or more key elements."] Such motion is also proper where the plaintiff's action is time-barred. See *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980.)

To avoid dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly* 127 S.Ct. 1955, 1974 (2007). While a plaintiff is not required to plead "detailed factual allegations," a plaintiff nevertheless must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to "nudge [] the [] claims across the line from conceivable to plausible." *Id.* at 1974. Because Plaintiff has failed to allege sufficient facts that provide "the 'grounds' of his 'entitle[ment] to relief" his claims must be dismissed.

## IV.   LEGAL ARGUMENT

### A.   PLAINTIFF'S FIRST CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, HIS THIRD CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE THE FLSA AND HIS FIFTH CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE SECTION 558 FAIL TO STATE FACTS SHOWING A JUSTICIABLE CONSPIRACY

Conspiracy is not an independent cause of action "but a legal doctrine that imposes

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008

7.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1  liability on persons who, although not actually committing a tort themselves, share with the

2  immediate tortfeasor a common plan or design." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7

3  Cal. 4th 503-511 (1994).   To state a claim for conspiracy, "the complaint must allege (1) the

4  formation and operation of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3)

5  the damage resulting from such act or acts." *General American Life Ins. Co. v. Rana*, 769 F. Supp.

6  1121, 1125 (N.D. Cal. 1991).   "To establish the 'wrongful act' element of a civil conspiracy,

7  defendant must satisfy all of the elements of a cause of action for some other tort or wrong." *Id.*

8  "[A] simple failure to comply with statutory overtime requirements...does not qualify" to support a

9  claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005). Moreover, a conspiracy

10  necessarily involves two or more people or entities. *Black v. Bank of America*, 30 Cal. App. 4th 1, 6

11  (1995).   "Agents and employees of a corporation cannot conspire with their corporate principal or

12  employer where they act in their official capacities on behalf of the corporation and not as

13  individuals for their individual advantage." *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005).

14        In this action, Plaintiff has failed to allege facts showing the formation and operation

15  of a conspiracy.   Moreover, Plaintiff's allegations against AC Square, Inc., Comcast, Inc., Mr.

16  Afshin Ghaneh and/or Mr. Andrew Bahmanyar are legally insufficient to show one or more people

17  acted together to conspire against him.

18        1.    **PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING THE**
              **FORMATION AND/OR OPERATION OF ANY ALLEGED**
19             **CONSPIRACY**

20        Plaintiff's Complaint is devoid of any allegations showing the formation and

21  operation of a conspiracy, any wrongful act or acts done in accordance with an alleged conspiracy,

22  and fails to allege any legally compensable damage from any alleged conspiracy.   Plaintiff's

23  allegations that AC Square, Inc.'s failed to "pay class members the wages due to them as alleged

24  herein which conduct was done in concert and pursuant to an agreement with Comcast, Afshin

25  Ghaneh and Andrew Bahmanyar" is insufficient to sustain this claim. (Request for Judicial Notice,

26  Exh. F, ¶ 13, p. 22-24; ¶ 21, p. 8-11).  Plaintiff has not alleged any facts showing the formation and

27  operation of the alleged conspiracy, any improper act done pursuant to the conspiracy, and/or any

28  damage properly redressable through this cause of action. At most Plaintiff has alleged he and other

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                    8.

1  employees did not receive all compensation for all hours they worked. As stated above, an

2  unsupported conclusion that AC Square, Inc. did not pay its employees for all hours they claim to

3  have worked is not sufficient to support a conspiracy claim. *Reynolds v. Bement*, 36 Cal. 4th 1075,

4  1090 (2005). (stating, "[A] simple failure to comply with statutory overtime requirements...does not

5  qualify" to support a claim for conspiracy). Thus, Plaintiff has failed to allege sufficient facts to

6  sustain this claim.

7         **2.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING ANY ALLEGED CONSPIRACY INVOLVED TWO OR MORE PEOPLE OR ENTITIES**

8

9  Plaintiff has also failed to allege facts showing the predicate requirement that two or

10  more people agreed to carry out any alleged conspiracy. Plaintiff's conspiracy allegations against

11  Afshin Ghaneh and Andrew Bahmanyar are not sufficient to sustain this claim because, even if

12  assumed true, Plaintiff's admits they were acting within their capacity as agents of AC Square, Inc.

13  and therefore cannot constitute separate individuals for the purposes of a conspiracy cause of action

14  pursuant to the agent immunity rule. In addition, Plaintiff has failed to allege Comcast, Inc. owed

15  him, or any other class members, any obligation whatsoever and therefore cannot identify any duty

16  Comcast, Inc. would have violated necessary to sustain this claim.

17         **a.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. BAHMANYAR'S ALLEGED ACTS ARE NOT SUBJECT TO THE AGENT IMMUNITY RULE**

18

19  Plaintiff claims that Mr. Bahmanyar's involvement in the alleged conspiracy is based

20  on his alleged non-exclusive responsibility for AC Square, Inc.'s payroll and business practices.

21  (Request for Judicial Notice, Exh. F ¶ 5, p. 17-19; ¶ 13, p. 4:22-27; 5:1; ¶ 21, p. 6:8-11). The

22  Complaint does not contain any allegations that Mr. Bahmanyar acted outside his official capacity in

23  doing any alleged improper act. See *Black v. Bank of America*, 30 Cal. App. 4th 1, 4 (1994). At

24  most, Plaintiff claims that Mr. Bahmanyar failed to pay Plaintiff all wages due owing in his capacity

25  as AC Square, Inc.'s agent. (Request for Judicial Notice, Exh. F ¶ 5, p. 2:17-19; ¶ 13, p. 4:22-27;

26  5:1; ¶ 21, p. 6:8-11).

27  Specifically, Plaintiff claims Mr. Bahmanyar was partially responsible for AC

28  [Square, Inc.'s] payroll and business practices" and AC Square, Inc. "refusal to pay class members

1  the wages due to them ... was done in concert and pursuant to an agreement with" the other

2  defendants. (Request for Judicial Notice, Exh. F ¶ 5, p. 2:17-19; ¶ 13, p. 4:22-27; 5:1; ¶ 21, p. 6:8-

3  11). As Mr. Bahmanyar could not possibly fail to pay Plaintiff or the other class members any

4  wages to which they were entitled but for Mr. Bahmanyar's alleged non-exclusive responsibility for

5  AC Square, Inc.'s payroll and business practices, he necessarily must have been acting in his

6  capacity as AC Square, Inc.'s agent in doing the alleged improper acts. Because "directors and

7  officers of a corporation do not incur personal liability for torts of the corporation merely by reason

8  of their official position" and corporate agents, such as Mr. Bahmanyar, are "not personally liable for

9  the corporate employer's failure to pay its employee's wages" *Reynolds v. Bement*, 36 Cal. 4th 1075,

10  1087, Plaintiff's second cause of action cannot be sustained against Mr. Bahmanyar as a matter of

11  law.

12          **b.     PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING**
                  **MR. GHANEH'S ALLEGED ACTS ARE NOT SUBJECT TO**

13                    **THE AGENT IMMUNITY RULE**

14         As with Mr. Bahmanyar, Plaintiff claims Mr. Ghaneh is partially responsible for AC

15  Square, Inc.'s payroll and business practices (Request for Judicial Notice, Exh. F, ¶ 5, p. 2:16-17).

16  Plaintiff also alleges that Mr. Ghaneh owns one hundred percent of AC Square, Inc. and has final say

17  on any of its policies and practices. (Request for Judicial Notice, Exh. F, ¶ 5, p. 2:16-17). However,

18  these allegations are insufficient to show Mr. Ghaneh's alleged actions are not subject to the agent

19  immunity rule.

20         The Third Complaint fails to allege any facts showing that Mr. Ghaneh acted in any

21  fashion outside his role as a managerial employee, officer and/or director of AC Square, Inc.

22  Moreover, as the alleged conspiracy claims Mr. Ghaneh acted with the other Defendants to not pay

23  Plaintiff all wages owing, such acts could only be done by and through his agency with AC Square,

24  Inc. Plaintiff has not alleged Mr. Ghaneh did any act unrelated to his position with AC Square, Inc.

25  or violated any duty owed by Mr. Ghaneh to Plaintiff. Thus, even if Plaintiff is able to show Mr.

26  Ghaneh had some involvement with AC Square, Inc.'s alleged failure to pay its employees overtime,

27  Plaintiff cannot sustain his conspiracy causes of action against Mr. Ghaneh as a matter of law

28  pursuant to the agent immunity rule. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

Firmwide:85907969.1 047098.1008

                           10.

**c.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SUFFICIENT TO SHOW COMCAST, INC. DID ANY ACT SUFFICIENT TO SUSTAIN HIS CAUSE OF ACTION FOR CONSPIRACY**

Plaintiff has failed to allege any duty owed by Comcast, Inc. to Plaintiff which, if breached, would support his conspiracy cause of action against Comcast, Inc.  Absent such a duty, no conspiracy claim can be made.  See *Litton v. Saudi Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994) (stating, "the doctrine of conspiracy does not impose liability on persons who owe *no duty* to a plaintiff or who are otherwise immune from liability.").  A conspiracy claim cannot be based on a contract cause of action.  *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005).  Because a claim for overtime wages is a contract cause of action, it cannot support a conspiracy claim.  See *Hays v. Bank of America*, 71 Cal. App. 2d 301, 305 (applying the FLSA and stating "federal cases have definitely determined that claims for such overtime wages ... are not ex delicto or founded on tort, but on the contrary that they sound in contract.").

The only causes of action in the Third Complaint are for an alleged failure to pay overtime compensation.  As such, the Third Complaint contains only contract causes of action against the Defendants, including Comcast, Inc. and therefore cannot support a claim for conspiracy.  Moreover, as Plaintiff has failed to allege any facts showing Comcast, Inc. owed any duty to Plaintiff whatsoever, Plaintiff cannot amend the Complaint to state any facts sufficient to sustain any claim against Comcast, Inc.

Plaintiff's failure to allege facts showing the predicate requirement that two or more persons conspired to violate any appropriate tort cause of action precludes him from maintaining his first, third and fifth causes of action as a matter of law and they must be dismissed.

**B.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS SECOND CAUSE OF ACTION FOR VIOLATION OF THE FLSA**

**1.    PLAINTIFF CAUSE OF ACTION FOR VIOLATION OF THE FLSA IS BARRED BY THE STATUTE OF LIMITATIONS**

The statute of limitations for an alleged violation of the FLSA is two years.  *See* 29 U.S.C. § 255(a).  The FLSA's statute of limitations period is extended to three years only if the employer's violation is willful.  *Id.*  "The limitations period for an action under the FLSA begins to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                    11.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1    run at the time the employer breaches his duties under the Act..." *Huss v. City of Huntington Beach*,

2    317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) (citing *Unexcelled Chem. Corp. v. United States*, 73

3    S.Ct. 580, 584 (1953)). "It is well settled that 'A separate cause of action for overtime compensation

4    accrues at each regular payday immediately following the work period during which the services

5    were rendered and for which overtime compensation is claimed.'" *Mitchell v. Lancaster Milk Co.*,

6    185 F. Supp 66, 70 (D.C. PA 1960).

7            Based on the clear and unambiguous limitations period for a plaintiff to bring a FLSA

8    claim, Plaintiff cannot sustain his second cause of action against AC Square, Inc. as any potential

9    FLSA claim is barred by the statute of limitations. Plaintiff admitted he worked for AC Square, Inc.

10   from "about January 30, 2005" to "about May 2, 2005." (Request for Judicial Notice, Exh. A, ¶ 5, p.

11   2:9; ¶ 13, p. 3:11). This allegation in his Original Complaint constitutes a judicial admission of

12   which this Court may take judicial notice and which is binding on Plaintiff. *American Title Ins. Co.*

13   *v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (stating "under federal law, stipulations and

14   admissions in the pleadings are generally binding on the parties and the Court."). As pertinent to

15   this motion, the *American Title Ins. Co.* Court stated:

16           "[U]nder federal law, stipulations and admissions in the pleading are generally
             binding on the parties and the Court. Not only are such admissions and
17           stipulations binding before the trial court, but they are binding on appeal as
             well." (citations omitted). "Judicial admissions are formal admissions in the
18           pleadings which have the effect of withdrawing a fact from issue and
             dispensing wholly with the need for proof of the fact." (citation omitted).
19           Factual assertions in the pleadings...,unless amended, are considered judicial
             admissions conclusively binding on the party who made them....A statement
20           in a complaint, answer or pretrial order is a judicial admission, as is a failure
             in an answer to deny an allegation. *Id.*
21
22           Plaintiff's admission in his Original Complaint that he last worked for AC Square,

23   Inc. on May 2, 2005 is an unequivocal statement of fact that has never been amended, withdrawn or

24   otherwise modified. As this admission was made by Plaintiff, it establishes the last date Plaintiff

25   worked for AC Square, Inc. for the purposes of this motion and the date Plaintiff's causes of action,

26   including his cause of action for the alleged violation of the FLSA, began to run.

27           Plaintiff's FLSA claims began to run when AC Square, Inc. allegedly breached its

28   "duties under the [FLSA]..." *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408 998.4150

Firmwide:85907969.1 047098.1008                12.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

Cal. 2000). Thus, it does not matter whether Plaintiff claims AC Square, Inc. negligently or intentionally violated the Act because Plaintiff did not file his Third Complaint, until June 10, 2008, more than thirteen months after the statute of limitations ran on a non-willful violation and more than a month after the statute ran on an alleged willful violation. Thus, Plaintiff's second cause of action for violation of the FLSA must be dismissed.

### 2.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED THE FLSA

Even if Plaintiff's FLSA cause of action is not barred by the statute of limitations, Plaintiff has failed to allege sufficient facts to sustain this claim. At most, Plaintiff has alleged AC Square, Inc. "failed to pay each class member wages during all hours that they worked" and he and/or other employees were "not paid for overtime when he worked more than an 8 hour day...more than a forty hour week...the seventh day in a row...[or] over eight hours on the seventh day." (Request for Judicial Notice, Exh. F ¶ 9, p. 3:17-19).

Assuming Plaintiff's allegations refer to 29 U.S.C. sections 206 and/or 207, these conclusiory allegations are insufficient to state a cause of action for a violation of the FLSA. .

### a.    PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 206

29 U.S.C. Section 206 states, in pertinent part, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of good for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates...". 29 U.S.C. § 206(a). "[T]o establish a violation of the minimum wage requirements of the FLSA, a plaintiff... must demonstrate that he[/she] was engaged in compensable activity within the meaning of the statute and that the wages received for that activity, if any, were below the statutory minimum wage." *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 355 (8th Cir. 1986). There is no violation of the FLSA's minimum-wage provisions "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." *Id.* at 357.

Plaintiff's conclusion that Mr. Ghaneh, by and through his agency with AC Square,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008

13.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1  Inc. "fail[ed] to pay overtime to class members even though it is clear that class members are entitled

2  to overtime for each workweek that they work over 40 hours in a week." is insufficient to sustain

3  this claim. (Request for Judicial Notice, Exh. F ¶ 17, p. 5:18-20).   Plaintiff has failed to allege any

4  activity that he or the putative class members were engaged in that would be compensable for the

5  purposes of the FLSA, what hours he or the putative class members allegedly worked, the amount of

6  compensation they actually received, or any other facts that would permit an inference that he or the

7  putative class members were actually paid less than the minimum wage as required by the FLSA.

8  Plaintiff's conclusion that he and the other putative class members were not paid for all hours

9  worked without pleading any factual support is not sufficient to support a cause of action for

10  violation of 29 U.S.C Section 206.   Thus, Plaintiff's second cause of action for violation of the

11  FLSA must be dismissed.

### 3.     PLAINTIFF HAS NOT ALLEGED FACTS SHOWING MR. GHANEH VIOLATED 29 U.S.C. SECTION 207

12

13

14          29 U.S.C. section 207 states, in pertinent part, that "no employer shall employ any of

15  his employees ... for a workweek longer than forty hours unless such employee receives

16  compensation for his employment in excess of the hours above specified at a rate not less than one

17  and one-half the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  As stated above,

18  Plaintiff fails to allege that he or any other putative class member worked forty or more hours at any

19  given time.  At most, Plaintiff alleges he and the putative class members "were not paid overtime"

20  without alleging any entitlement to overtime compensation. (Request for Judicial Notice, Exh. F, ¶

21  5, p. 2:20). This conclusory pleading is insufficient according to *Bell Atlantic Corp. v. Twombly* 127

22  S.Ct. 1955 (2007) as it is nothing more than "labels and conclusions" rather than allegations of fact

23  providing "the 'grounds' of his 'entitle[ment] to relief." *Id.* at 1964-65, 1974. Thus, Plaintiff cannot

24  sustain his second cause of action for an alleged violation of the FLSA against AC Square, Inc. as a

25  matter of law.

### C.     PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS THIRD CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE THE FLSA

26

27          Plaintiff's third cause of action for "Conspiracy to Violate the Fair Labor Standards

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                14.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1  Act" is also time barred because the statute of limitations is either two or three years. *Maheu v. CBS,*

2  *Inc.*, 201 Cal. App. 3rd 662, 673 (1988) (stating, "In an action based on civil conspiracy, the

3  applicable statute of limitations is determined by the nature of the action in which the conspiracy is

4  alleged."). Thus, Plaintiff's third cause of action is barred by the statute of limitations prescribed by

5  the FLSA for the same reasons Plaintiff's FLSA cause of action is barred. *See supra* Part IV.B.1.

6     **D.    PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO**
       **SUSTAIN HIS FOURTH CAUSE OF ACTION FOR VIOLATION OF**
7      **CALIFORNIA LABOR CODE 203**

8          While not specifically alleged in the Third Complaint, Plaintiff's fourth cause of

9  action for failure to pay wages at termination of employment appears to be based on California

10  Labor Code section 203. This statute states, in pertinent part:

11          If an employer willfully fails to pay, without abatement or reduction, in
            accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
12          employee who is discharged or who quits, the wages of the employee shall
            continue as a penalty from the due date thereof at the same rate until paid or
13          until an action therefor is commenced; but the wages shall not continue for
            more than 30 days....
14
            Suit may be filed for these penalties at any time before the expiration of the
15          statute of limitations on an action for the wages from which the penalties
            arise.
16
            Cal. Lab. Code § 203 (West 2008).
17
18     **1.    Plaintiff's Fourth Cause of Action for Violation of California Labor Code**
              **section 203 is Barred by the Statute of Limitations**

19          Any claim Plaintiff may have had for penalties under California Labor Code section

20  203 is also barred by the statute of limitations. Plaintiff admitted he last worked for AC Square, Inc.

21  on "about May 2, 2005." (Request for Judicial Notice, Exh. A, ¶ 13, p. 3:11). Thus, any claim for

22  penalties under section 203 must have been filed by no later than May 2, 2008. As Plaintiff did not

23  file his complaint until June 10, 2008, he cannot sustain his cause of action for penalties under

24  section 203 as a matter of law.

25          Plaintiff may argue that he is entitled to apply the four year statute of limitations from

26  his cause of action for conspiracy to violate California Business and Professions Code section 17200

27  to his claim for penalties under California Labor Code section 203. *See* Cal. Bus. Prof. Code § 17208

28  (West 2008). However, such an argument is without merit. First, as shown above, Plaintiff cannot

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                    15.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1    sustain his first cause of action against AC Square, Inc. as a matter of law. Second, Remedies for

2    alleged violations of California Business and Professions Code section 17200 et seq. are specifically

3    limited to restitutionary and injunctive relief. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.

4    4th 1134, 1144 (2003).  Plaintiff cannot recover damages, such as penalties provided by California

5    Labor Code section 203 under a cause of action for violation of California Business and Professions

6    Code section 17200 et seq. *Cortez v. Purolator Air Filtration Products*, 23 Cal. 4th 163, 173 (2000).

7         The remedy provided by California Labor Code section 203 expressly states that it is

8    a penalty and not restitutionary in nature or effect. This plain meaning has been confirmed by courts

9    that have considered the issue.  *Murphy v. Kenneth Cole Production, Inc.*, 40 Cal. 4th 1094, 1108

10   (2007) (stating the remedy provided by California Labor Code section 203 is a penalty); *Caliber*

11   *Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 380 (2005) (referring to the "statutory

12   penalty provided by [California Labor Code] section 203."); *Mamika v. Barca*, 68 Cal. App. 4th 487,

13   491 (1988) (stating "[California Labor Code] Section 203 mandates an additional penalty if an

14   employer willfully fails to comply with section 202.  In such a case, "... the wages of the employee

15   shall continue as a penalty from the due date thereof at the same rate until paid or until an action

16   therefor is commenced; but the wages shall not continue for more than 30 days.").

17        Applying the above, the Federal Courts consistently hold a plaintiff is not permitted

18   to seek penalties under California Labor Code section 203 through a cause of action for an alleged

19   violation of California Business and Professions Code section 17200 et seq. *Montecino v. Spherion*

20   *Corp.*, 427 F. Supp 2d 965, 967 (C.D. Cal. 2006) (holding a claim for penalties under California

21   Labor Code section 203 is not recoverable in a cause of action for a violation of California Business

22   and Professions Code section 17200 and stating "The Court finds that § 203 payments are clearly a

23   penalty, and thus cannot be claimed pursuant to the UCL"); *Tomlinson v. Indymac Bank, F.S.B.* 359

24   F. Supp. 2d 891, 895 (C.D. Cal. 2005) (stating "The Court agrees with [defendant] that the remedy

25   contained in Section 203 is a penalty.... This type of payment clearly is not restitutionary, and thus

26   cannot be recovered under the UCL.").  Because the remedy under California Labor Code section

27   203 is a penalty and not restitutionary, it is governed by the three year statute of limitations in

28   California Code of Civil Procedure section 338(a) and not the four year statute of limitations in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

Firmwide:85907969.1 047098.1008                                16.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

California Business and Professions Code section 17208.

Therefore, Plaintiff cannot sustain his fourth cause of action for violation of California Labor Code section 203 as his Complaint was filed more than three years after the AC Square, Inc.'s alleged improper acts and is time barred.

### E.  PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO SUSTAIN HIS FIFTH CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CALIFORNIA LABOR CODE 558

California Labor Code section 558 states, in pertinent part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows....

Cal. Labor Code § 558 (West 2008).

#### 1.  Plaintiff's Fifth Cause of Action for Conspiracy to Violate California Labor Code section 558 is Barred by the Statute of Limitations

California Code of Civil Procedure section 340(a) prescribes a one-year statute of limitations on actions by an individual to recover a statutory penalty, such as that provided for by California Labor Code section 558. *See* Cal. Code Civ. Proc. § 340(a) (West 2008) (stating, "Within one year: (a) An action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation.").

Because California Labor Code section 558 provides for a civil penalty in the event an employer or other person acting on behalf of an employer violates a section of the chapter, any claim for penalties must be brought within one year of the alleged violation. As Plaintiff last worked for AC Square, Inc. more than one year prior to the filing of the Third Complaint, his fifth cause of action cannot be sustained as a matter of law.

### V.  CONCLUSION

For the above stated reasons, AC Square, Inc. respectfully requests this Court grant the this Motion and enter an order as follows:

1.  Plaintiff's first cause of action for "Conspiracy to Violate Business and Professions Code § 17200" is dismissed as it fails to state facts sufficient to constitute

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:85907969.1 047098.1008                    17.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1    a cause of action against Afshin Ghaneh;

2        2.    Plaintiff's second cause of action for "Violation of Fair Labor Standard Act"

3    is dismissed as it fails to state facts sufficient to constitute a cause of action against

4    defendant Afshin Ghaneh;

5        3.    Plaintiff's third cause of action for "Conspiracy to Violate the Fair Labor

6    Standard Act" is dismissed as it fails to state facts sufficient to constitute a cause of

7    action against defendant Afshin Ghaneh;

8        4.    Plaintiff's fourth cause of action for "Failure to Pay Monies Due at

9    Termination of Employment" is dismissed as it fails to state facts sufficient to

10    constitute a cause of action against defendant Afshin Ghaneh;

11        5.    Plaintiff's fifth cause of action for "Conspiracy to Violate [California] Labor

12    Code Section 558" is dismissed as it fails to state facts sufficient to constitute a cause

13    of action against defendant Afshin Ghaneh;

14
15    Dated: _____, 2008

16
17                                    RONALD A. PETERS
                                      BENJAMIN EMMERT
18                                    LITTLER MENDELSON
                                      A Professional Corporation
19                                    Attorneys for Defendants
                                      AC SQUARE INC., AFSHIN GHANEH,
20                                    AND ANDREW BAHMANYAR

21
22
23
24
25
26
27
28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408.998.4150

Firmwide:85907969.1 047098.1008                18.

Notice of Motion and Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-3035-MHP

1   RONALD A. PETERS, Bar No. 169895
     BENJAMIN A. EMMERT, Bar No. 212157
2   LITTLER MENDELSON
     A Professional Corporation
3   50 West San Fernando Street
     15th Floor
4   San Jose, CA 95113.2303
     Telephone:    408.998.4150
5
     Attorneys for Defendants
6   AC SQUARE, INC., AFSHIN GHANEH,
     ANDREW BAHMANYAR
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11  DANIEL KEATING-TRAYNOR on     Case No.  CV-08-3035-MHP
     behalf of himself and all others similarly
12  situated,                    **[CALIFORNIA ACTION NO. CIV 464144**
                             **CONSOLIDATED BY ORDER OF**
13           Plaintiff,            **COURT WITH CIV 473571]**

14        v.

15  AC SQUARE,INC.; COMCAST INC.;   **[PROPOSED] ORDER GRANTING**
     AFSHIN GHANEH; ANDREW         **DEFENDANT AFSHIN GHANEH'S**
16  BAHMANYAR; and DOES 1 THROUGH  **MOTION TO DISMISS**
     60, inclusive,
17                       **Date:**
           Defendant.           **Time:**
18                            **Dept:   Courtroom 15**
                             **Judge: Honorable Marilyn H. Patel**
19

20        Defendant Afshin Ghaneh's Motion to Dismiss Plaintiff's first, second, third, fourth and fifth

21  causes of action from Plaintiff's Complaint, action number CV-08-3025-MHP came on regularly for

22  hearing before this Court on _____, 2008.  Ronald A. Peters, Esq. appeared as attorney for

23  defendant, Afshin Ghaneh.  Daniel Berko appeared as attorney for plaintiff, Daniel Keating-Traynor.

24  After considering the moving papers, the papers submitted in opposition to the motion, the papers

25  submitted in reply to the opposition, arguments of counsel and all other matters presented to the

26  Court, IT IS HEREBY ORDERED THAT, the motion is GRANTED.  Plaintiff's first cause of

27  action for "Conspiracy to Violate Business and Professions Code § 17200" is dismissed as it fails to

28  state facts sufficient to constitute a cause of action against Afshin Ghaneh; Plaintiff's second cause

1  of action for "Violation of Fair Labor Standard Act" is dismissed as it fails to state facts sufficient to

2  constitute a cause of action against defendant Afshin Ghaneh; Plaintiff's third cause of action for

3  "Conspiracy to Violate the Fair Labor Standard Act" is dismissed as it fails to state facts sufficient to

4  constitute a cause of action against defendant Afshin Ghaneh; Plaintiff's fourth cause of action for

5  "Failure to Pay Monies Due at Termination of Employment" is dismissed as it fails to state facts

6  sufficient to constitute a cause of action against defendant Afshin Ghaneh; Plaintiff's fifth cause of

7  action for "Conspiracy to Violate [California] Labor Code Section 558" is dismissed as it fails to

8  state facts sufficient to constitute a cause of action against defendant Afshin Ghaneh.

9  Dated: _____

10                                                    _____

                                                     Honorable Magistrate Judge Elizabeth D. Laporte

11

12  Firmwide:85908943.1 047098.1008

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

**EXHIBIT B**

1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN A. EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:    408.998.4150
5
   Attorneys for Defendants
6  AC SQUARE, INC., AFSHIN GHANEH,
   ANDREW BAHMANYAR
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 DANIEL KEATING-TRAYNOR on            Case No.  CV-08-3035-MHP
   behalf of himself and all others similarly
12 situated,                            **[CALIFORNIA ACTION NO. CIV 464144
                                        CONSOLIDATED BY ORDER OF
13              Plaintiff,              COURT WITH CIV 473571]**

14         v.
                                        **DEFENDANT AFSHIN GHANEH'S
15 AC SQUARE, INC.; COMCAST INC.;       REQUEST FOR JUDICIAL NOTICE
   AFSHIN GHANEH; ANDREW                FILED IN SUPPORT OF AFSHIN
16 BAHMANYAR; and DOES 1 THROUGH        GHANEH'S NOTICE OF MOTION AND
   60, inclusive,                       MOTION TO DISMISS PLAINTIFF'S
17                                       FIRST, SECOND, THIRD, FOURTH, AND
                Defendant.              FIFTH CAUSES OF ACTION FROM
18                                       COMPLAINT, CASE NUMBER CV-08-
                                        3035-MHP**
19
                                        **Date:**
20                                       **Time:**
                                        **Dept:  Courtroom 15**
21                                       **Judge: Honorable Marilyn H. Patel**

22

23        Defendant Afshin Ghaneh submits the following Request for Judicial Notice in support of

24 Defendant, Afshin Ghaneh's Motion to Dismiss Plaintiff's first, second, third, fourth and fifth causes

25 of action from the Complaint, Case Number CV-08-3035-MHP, pursuant to Federal Rule of

26 Evidence section 201.

27 **REQUEST FOR JUDICIAL NOTICE NO. 1:**

28        Defendant requests this Court take judicial notice of Plaintiff's Complaint for

1  Damages and Demand for Jury Trial filed in the Superior Court in and for the County of San Mateo,

2  Case Number CIV 456118, on July 07, 2006.  A true and correct copy of this document is attached

3  hereto as Exhibit A.

4  **REQUEST FOR JUDICIAL NOTICE NO. 2:**

5              Defendant requests this Court take judicial notice of Request for Dismissal of the

6  first, second, third and fifth causes of action from Plaintiff's Complaint for Damages and Demand

7  for Jury Trial filed in the Superior Court in and for the County of San Mateo, Case Number CIV

8  456118, on June 25, 2007. A true and correct copy of this document is attached hereto as Exhibit B.

9  **REQUEST FOR JUDICIAL NOTICE NO. 3:**

10      Defendant requests this Court take judicial notice of the Order Granting Defendant AC

11  Square's Motion for Summary Adjudication to Plaintiff's Fourth Cause of Action for Wrongful

12  Termination in Violation of Public Policy in Plaintiff's Complaint for Damages and Demand for

13  Jury Trial filed in the Superior Court in and for the County of San Mateo, Case Number CIV 456118

14  entered on June 28, 2007.   A true and correct copy of this document is attached hereto as Exhibit C.

15  **REQUEST FOR JUDICIAL NOTICE NO. 4:**

16      Defendant requests this Court take judicial notice of the Judgment on Plaintiff's Complaint

17  for Damages and Demand for Jury Trial filed in the Superior Court in and for the County of San

18  Mateo, Case Number CIV 456118, on April 25, 2008.  A true and correct copy of this document is

19  attached hereto as Exhibit D.

20  **REQUEST FOR JUDICIAL NOTICE NO. 5:**

21      Defendant requests that the Court take judicial notice of Plaintiff's Complaint for Restitution,

22  Damages and Injunctive Relief filed in the Superior Court in and for the County of San Mateo, Case

23  Number CIV 464144 on June 29, 2007.  A true and correct copy of this document is attached hereto

24  as Exhibit E.

25  **REQUEST FOR JUDICIAL NOTICE NO. 6:**

26      Defendant requests that the Court take judicial notice of Plaintiff's Complaint for Restitution,

27  Damages and Injunctive Relief filed in the Superior Court in and for the County of San Mateo, Case

28  Number CIV 473571 on June 10, 2008.   A true and correct copy of this document is attached hereto

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113-7303
408 998 4150

FIRMWIDE:85908443.1 047098.1008                    2.

Request for Judicial Notice, FRE, Rule 201
Case No. CV-08-3035-MHP

1    as which is attached hereto as <u>Exhibit F</u>.

2    **REQUEST FOR JUDICIAL NOTICE NO. 7:**

3          Defendant requests that the Court take judicial notice of the Order Consolidating Related

4    Actions San Mateo Superior Court Case Numbers CIV 464144 and CIV 473571, entered in the

5    Superior Court in and for the County of San Mateo and filed on June 19, 2008.  A true and correct

6    copy of this document is attached hereto as <u>Exhibit G</u>.

7    **REQUEST FOR JUDICIAL NOTICE NO. 8:**

8          Defendant requests that the Court take judicial notice of the Notice of Filing Removal, filed

9    by Defendant AC Square, Inc. on June 20, 2008.  A true and correct copy of this document is

10   attached hereto as <u>Exhibit H</u>.

11   **REQUEST FOR JUDICIAL NOTICE NO. 9:**

12         Defendant requests that the Court take judicial notice of Plaintiff's Complaint for Damages

13   for Violation of Fair Labor Standards Act, Case Number CV 08- 2907- MHP, filed with this Court

14   on June 11, 2008. A true and correct copy of this document is attached hereto as <u>Exhibit I</u>.

15   **REQUEST FOR JUDICIAL NOTICE NO. 10:**

16         Defendant requests that the Court take judicial notice of Plaintiff's Administrative Motion to

17   Consider Whether Cases Should Be Related, CIV-08-303-EDL, filed on June 27, 2008.  A true and

18   correct copy of this document is attached hereto as <u>Exhibit J</u>.

19   Dated: _____, 2008

20

21

22                           RONALD A. PETERS

23                           BENJAMIN EMMERT
                             LITTLER MENDELSON

24                           A Professional Corporation
                             Attorneys for Defendant

25                           AC SQUARE, INC., AFSHIN GHANEH,
                             ANDREW BAHMANYAR

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose  CA  95113 2303
408.998.4150

FIRMWIDE:85908443.1 047098.1008                3.

Request for Judicial Notice, FRE, Rule 201
Case No. CV-08-3035-MHP

EXHIBIT A

1    BRUCE R. BERNSTEIN (SB# 104230)
     LAW OFFICES OF BRUCE R. BERNSTEIN
2    2670 Leavenworth Street
     San Francisco, CA 94133
3    Tel:    (415) 474-1805
     Fax:    (415) 474-1806

4    Attorneys for Plaintiff
     DANIEL JOSEPH KEATING-TRAYNOR
5

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 0 7 2006

Clerk of the Superior Court
By Jordan Maxwell
DEPUTY CLERK

6

7                    SUPERIOR COURT OF CALIFORNIA

8                       COUNTY OF SAN MATEO

9    DANIEL JOSEPH KEATING-TRAYNOR,          Case No.:

10          Plaintiff,                       CIV 4 5 6 1 1 8
                                             **COMPLAINT FOR DAMAGES AND**
11          v.                               **DEMAND FOR JURY TRIAL**

12   AC SQUARE, INC., a California
     corporation, Does 1-20,
13
            Defendants,
14   _____/

15

16                              **PARTIES**

16   1.      Plaintiff is informed and believes that Defendant AC SQUARE, INC. is and at all times

17   mentioned in this Complaint was a California corporation, with the principal place of business located

18   in Burlingame, San Mateo County, California.

19
     2.      Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 20, and
20
     therefore sues these Defendants in such fictitious names. Plaintiff will pray leave of this Court to
21
     amend this complaint to allege the true identities when ascertained.
22

23   3.      Plaintiff is informed and believes and alleges that each of the defendants herein was at all

24   relevant times the agent, employee, representative, partner, sub-contractor, joint venturer of the

25   remaining defendants and acting within the course and scope of that relationship. Plaintiff is further

26   informed and believes that each of the Defendants herein gave consent to, ratified, and otherwise

27   authorized the acts alleged herein to each of the remaining Defendants.

28
                                    1
                  COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## STATEMENT OF FACTS

4.     Plaintiff DANIEL KEATING-TRAYNOR, a resident of San Francisco County, began working on or around December 1, 2004 for Defendants pursuant to an oral agreement as a trainee installation technician providing cable television and computer services to Comcast  consumers throughout the Bay Area, including San Francisco, San Mateo and Santa Clara Counties. Plaintiff was not paid by AC SQUARE, INC. for two months while in this training period.

5.     Subsequent to his successful completion of the training program and having undertaken and passed an employment skills test, Plaintiff was hired as a permanent full-time employee of AC SQUARE, INC. pursuant to a written employment contract on or around January 30, 2005. Plaintiff was paid on a "piece work" basis, with varying rates for installations, disconnects, upgrades, and other similar services.

6.     However, Plaintiff was not paid at a time and one-half rate for work in excess of 8 hours per day. Plaintiff was also not paid for his travel time from one locale to another, including when he was required to commute beyond 8 hours per day.

7.     Plaintiff was required to use his own vehicle and other personal items of his, including tools, a safety belt, and non-conducive ladder (for climbing utility poles) in order to perform the essential duties of Defendant's business.

8.     Plaintiff was not reimbursed for gas, cellphone bills, parking tickets, or vehicle maintenance and damage (such as when a golf ball broke his truck's windshield).

9.     Additionally, Defendant AC SQUARE, INC. improperly <u>deducted</u> the cost of tools and other items from Plaintiff's wages, including an industry-specific cable crimping tool and a Nextel radio.

10.     Defendant AC SQUARE, INC. also deducted from Plaintiff's wages costs it alleged to have incurred as a result of lost equipment, including modems and cable television boxes (for as much as $360.00 per item), including for such equipment that was negligently and unintentionally mislaid while at a consumer's residence and also for equipment which had in fact been returned to the Inventory Clerk.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

11.    Defendant AC SQUARE, INC. also charged back to Plaintiff's wages for jobs that were alleged by the Comcast's Quality Controllers to have not been completed or alleged to have been inadequately performed, such as disconnects that may have been reconnected by the consumer. In all cases, the chargebacks were in the sum of $50.00, a sum far larger than that payable by Defendant to Plaintiff. (For instance, a disconnect for example was paid at a $5.00 piece rate.)

12.    Plaintiff KEATING-TRAYNOR complained about these deductions and chargebacks to his wages and was retaliated against by being given the less remunerative piece work orders, such as disconnects, resulting in even lower income to him.  For example, Plaintiff complained on or about April 30, 2005 regarding a deduction of $360.00 from his wages payable for the period of April 10-23, 2005.

13.    On or about May 2, 2005, Defendant again retaliated against Plaintiff DANIEL KEATING-TRAYNOR by terminating him. Plaintiff at that time had accrued wages. Said wages have not been forthcoming despite demand therefor, and no accounting has been given.

### FIRST CAUSE OF ACTION
### [Non-Payment of Wages]

14.    Plaintiff incorporates by reference paragraphs 1-13 above, as though fully set forth herein.

15.    Pursuant to Labor Code § 201, at the time Defendant terminated Plaintiff's employment Defendant was obligated to pay Plaintiff wages earned and unpaid. In violation of Labor Code § 201 and despite demand, Defendant failed and continues to refuse to pay Plaintiff. Because Plaintiff was employed on a piece work basis and Defendant has failed and refused to provide the accounting required by law for his last two days of work, Plaintiff is only able to estimate the sum he is owed. Plaintiff estimates this to be $400.00.

16.    In addition, Defendant violated Labor Code minimum wage statutes when it failed to pay him during his training period (between December 1, 2004 and January 30, 2005).  Plaintiff estimates this to be approximately 80 hours during the month of December 2004 and January 2005.

17.    Plus, Defendant improperly charged back expenses from Plaintiff's wages and owes those now

1    as wages violating Labor Code § 222.

2    18.    Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff reasonable

3    attorney's fees and costs incurred in this action.

4
5    19.    Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff interest on

     all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date
6
     the wages were due and payable.
7
8    20.    The Defendant's failure to pay wages was willful in that Defendant knew that Plaintiff was

9    owed wages, thus entitling Plaintiff to penalties under Labor Code §§ 203, which provides that an

10   employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

11   they were due, whichever period is shorter.

12       WHEREFORE, Plaintiff prays for judgment as hereinafter described.

13                              **SECOND CAUSE OF ACTION**
                               **[Failure to Pay Overtime Wages]**
14
15   21.    Plaintiff incorporates by reference paragraphs 1-20 above, as though fully set forth herein.

16   22.    During the period of from January 30, 2005 through May 2, 2005, Plaintiff never was paid

17   any wages for the time he worked in excess of eight hours.

18   23.    Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours

19   set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage

20   order.

21   24.    At all times relevant herein, Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal.

22   Code Reg. § 11090) and Labor Code § 510(a) applied to Plaintiff's employment by Defendant and

23   provide for employees employed for more than 8 hours a day or 40 hours in one week are supposed

24   to be paid at the rate of time and one-half for hours in excess of 40 in one week.

25   25.    Under the provisions of the Wage Order referred to in Paragraph 24, Plaintiff estimates that

26   he should have received time and one-half for piece work in excess of 8 hours per day on as many

27   as two days per week for the period between January 30, 2005 and May 2, 2005. Plaintiff is informed

28

1    and believes Defendant owes him a sum in an amount of at least $200.00, representing the difference

2    between the amount of wages owed pursuant to the Wage Order and the amount actually paid to

3    Plaintiff. Defendants have failed and refused and continues to fail and refuse to pay Plaintiff the

4    amount owed.

5    26.    Defendant's failure to pay Plaintiff for overtime rates on piece work jobs, as required by the

6    applicable Wage Order, violates the provision of Labor Code § 1198 and is therefore unlawful.

7    27.    Pursuant to Labor Code § 1194(a), Plaintiff requests that the court award Plaintiff reasonable

8    attorney's fees and costs incurred by him in this action.

9    28.    Pursuant to Labor Code § 558(a)(1), Plaintiff requests a civil penalty of $50 for the seven pay

10    periods Plaintiff was underpaid for a total of **$350.00**.

11    29.    The Defendant's failure to pay wages was willful in that Defendant knew the Plaintiff was

12    owed wages, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an

13    employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

14    they were due, whichever period is shorter.

15    WHEREFORE, Plaintiff prays for judgment as hereinafter described.

16    ### THIRD CAUSE OF ACTION
**[Violations of Labor Code § 2802]**

17    30.    Plaintiff incorporates by reference paragraphs 1-29 above, as though fully set forth herein.

18
19    31.    While employed in the customary business of Defendants AC SQUARE, INC. and in the

direct consequence of the discharge of his duties, Plaintiff was required to expend his own monies

20
and in addition suffered losses to his own property for which Defendants must indemnify Plaintiff,

21
including but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment,

22
including safety belt and non-conducive ladder in a sum greater than $3,618.23, to be proven at Trial,

23
all necessarily for conducting Defendant's business of cable television/computer installation.

24
Defendant has failed and refused to reimburse Plaintiff for such expenses, despite demand.

25
26    32.    Pursuant to Labor Code § 2802, Plaintiff is entitled to indemnification for his necessarily

27    incurred expenses, plus interest from the date on which the expense was occurred, plus reasonable

28

1    costs and attorney's fees in recovering said sums.

2        WHEREFORE, Plaintiff prays for judgment as hereinafter described.

3                        **FOURTH CAUSE OF ACTION**
                 **[Wrongful Termination in Violation of Public Policy]**

4
5    33.    Plaintiff incorporates by reference paragraphs 1-32 above, as though fully set forth herein.

6    34.    Defendant retaliated against Plaintiff by terminating him because he demanded wages to which

7    he is entitled from Defendant.

8    35.    Such retaliation and discharge violates public policy of California according to <u>Gould v.</u>

9    <u>Maryland Sound Indust. Inc.</u>, (1996) 31 Cal. App. 4th 1137, 1150 and Labor Code § 98.6. Demandng

10   wages and reporting violations of wage law to management is a fundamental policy of this state. <u>Id.</u>

11   36.    As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, distressed,

12   and aggravated. Plaintiff claims general damages for such mental distress and aggravation, in an

13   amount to be determined later, and special damages to be ascertained for the cost of treatment to

14   relieve such injuries.

15   37.    Defendant's act of discharge herein was malicious, fraudulent and oppressive, with the

16   wrongful intention of injury Plaintiff, and Defendant acted with an improper and evil motive

17   amounting to malice, and in conscious disregard of Plaintiff's rights; Plaintiff requests punitive

18   damages in a sum to be ascertained.

19   38.    Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred

20   by him in this action.

21
22       WHEREFORE, Plaintiff prays for judgment as hereinafter described.

23                        **FIFTH CAUSE OF ACTION**
              **[Failure to Provide Personnel File, Copies and an Itemized Statement]**

24   39.    Plaintiff incorporates by reference paragraphs 1-38 above, as though fully set forth herein.

25
26   40.    On October 25, 2005, Plaintiff requested to see his employment file and get copies, pursuant

27   to Labor Code §§ 226(b), 432 and 1198.5.

28

41.    Defendant AC SQUARE, INC. failed and refused to provide Plaintiff access to his file, nor has it responded to this request, violating Labor Code §§ 226(e), 226(f), 226.3, 433 and 1199(c).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For general damages in a sum to be ascertained;

2.    For special damages, including compensatory damages for past lost wages, overtime pay, reimbursement of all improper deductions and chargebacks made, reimbursement for all expenses necessarily incurred by Plaintiff in the discharge of his duties for employer, in a sum to be ascertained;

3.    For interest on the lost wages and overtime pay;

4.    For penalties in the amount of 30 days pay for Plaintiff, pursuant to Labor Code § 203;

5..    For additional civil penalties under Labor Code § 558(a)(1) totaling $350.00 and Labor Code § 226(e), 226(f) and 226.3 in amounts to be proven at Trial;

6.    For attorney's fees in a sum to be ascertained pursuant to Labor Code §§ 218.5, 226(e), 1194 and 2802(c);

7.    For exemplary or punitive damages;

8.    For costs of suit herein incurred; and,

9.    For such other further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff DANIEL JOSEPH KEATING-TRAYNOR hereby demands trial by jury.

DATED:    June 28, 2006

LAW OFFICES OF BRUCE R. BERNSTEIN

BY: _____
BRUCE R. BERNSTEIN
Attorneys for Plaintiff
DANIEL KEATING-TRAYNOR

**EXHIBIT B**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| DANIEL JOSEPH KEATING-TRAYNOR<br>2039 46th Avenue<br>San Francisco, CA 94116 | 415-566-4239 | |

ATTORNEY FOR *(Name):*  in propria persona

Insert name of court and name of judicial district and branch court, if any:

SAN MATEO SUPERIOR COURT

PLAINTIFF/PETITIONER:  DANIEL JOSEPH KEATING-TRAYNOR

DEFENDANT/ RESPONDENT:  AC SQUARE, INC.

**REQUEST FOR DISMISSAL**

- [ ] **Personal Injury, Property Damage, or Wrongful Death**
  - [ ] Motor Vehicle     [ ] Other
- [ ] **Family Law**
- [ ] **Eminent Domain**
- [✓] **Other (specify):**  Wage & Hour Violations and Wrongful Term.

CASE NUMBER:

CIV 456118

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ ] With prejudice    (2) [✓] Without prejudice
   b. (1) [ ] Complaint      (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name):*
      (4) [ ] Cross-complaint filed by *(name):*                                    on *(date):*
      (5) [ ] Entire action of all parties and all causes of action          on *(date):*
      (6) [✓] Other (specify):*  all causes of action except the fourth cause of action on which judgment pending

Date:  June 21, 2007

DANIEL KEATING-TRAYNOR

(TYPE OR PRINT NAME OF  [ ] ATTORNEY  [✓] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

*(SIGNATURE)*

Attorney or party without attorney for:
- [ ] Plaintiff/Petitioner
- [ ] Cross - complainant     [ ] Defendant/Respondent

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF  [ ] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

*(SIGNATURE)*

Attorney or party without attorney for:
- [ ] Plaintiff/Petitioner
- [ ] Cross - complainant     [ ] Defendant/Respondent

*(To be completed by clerk)*
3. [ ] Dismissal entered as requested on *(date):*
4. [ ] Dismissal entered on *(date):*                    as to only *(name):*
5. [ ] Dismissal **not entered** as requested for the following reasons *(specify):*

6. [ ] a. Attorney or party without attorney notified on *(date):*
       b. Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to conformed     [ ] means to return conformed copy
   Date:                            Clerk, by _____, Deputy

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.,
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

Page 1 of 1

American LegalNet, Inc.
www.FormsWorkflow.com

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

**POS-030**

DANIEL JOSEPH KEATING-TRAYNOR
2039 46th Avenue                                        566-4239
San Francisco, CA 94116

TELEPHONE NO.: 415-566-4239
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name): in propria persona

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME:

PETITIONER/PLAINTIFF: DANIEL JOSEPH KEATING-TRAYNOR

RESPONDENT/DEFENDANT: AC SQUARE

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER: |
|---|---|
| | CIV 456118 |

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   2039 46TH AVENUE, SAN FRANCISCO, CA 94116

3. On (date): 6/21/07          I mailed from (city and state): San Francisco, CA
   the following **documents** (specify):
   REQUEST FOR DISMISSAL WITHOUT PREJUDICE AS TO ALL CAUSES EXCEPT FOURTH
   CAUSE OF ACTION FOR WRONGFUL TERMINATION, as well as faxed to 408-288-5686

   ☐ The documents are listed in the Attachment to Proof of Service by First-Class Mail—Civil (Documents Served) (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and (check one):
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Ronald A. Peters
   b. **Address** of person served:
      Littler Mendelson, 50 West San Fernando Street, 14th Floor, San Jose, CA 95113

   ☐ The name and address of each person to whom I mailed the documents is listed in the Attachment to Proof of Service by First-Class Mail—Civil (Persons Served) (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 21, 2007

MAUREEN KEATING                              ► _M. K_____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)        (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com



06/29/2007   09:34

1   RONALD A. PETERS, Bar No. 169895
    LITTLER MENDELSON
2   A Professional Corporation
    50 West San Fernando Street, 14th Floor
3   San Jose, CA  95113.2413
    Telephone:     408.998.4150
4   Facsimile:      408.288.5686
    rpeters@littler.com
5
    Attorneys for Defendants
6   AC SQUARE, INC.

**FILED**
SAN MATEO COUNTY
JUN 28 2007
Clerk of the Superior Court
by
DEPUTY CLERK

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN MATEO

10

11  DANIEL JOSEPH KEATING-               Case No.  CIV 456118
    TRAYNOR,
12                                       [PROPOSED] ORDER GRANTING THE
             Plaintiff,                  MOTION OF DEFENDANT AC SQUARE
13                                       INC.'S MOTION FOR SUMMARY
         v.                              ADJUDICATION TO PLAINTIFF'S
14                                       FOURTH CAUSE OF ACTION FOR
    AC SQUARE, INC., A California        WRONGFUL TERMINATION IN
15  Corporation, and DOES 1 through 20,  VIOLATION OF PUBLIC POLICY
    inclusive,
16                                       Date:          June 8, 2007
             Defendants.                 Time:          9:00 A.M.     **BY FAX**
17                                       Dept.:         2F/28
                                         Trial Date:    June 25, 2007
18

19          The Motion for Summary Adjudication of AC Square, Inc. ("Defendant") came on regularly

20  for hearing before this Court in Department 2F, the Honorable George A. Miram presiding, on June

21  8, 2007.  Defendant was represented by Ronald A. Peters, Esq.; Plaintiff Daniel Joseph Keating-

22  Traynor, ("Plaintiff") was representing himself in *pro per*.  Plaintiff, while having requested oral

23  argument, did not appear at the hearing.  At the hearing, the Court passed on the matter until the end

24  of the Court's calendar to permit Plaintiff additional time to appear and present oral argument, but

25  Plaintiff still did not appear, and the tentative ruling was therefore adopted.

26          After a full consideration of the evidence, a separate statement of each party, the authorities

27  submitted by counsel and Plaintiff, and after opportunity for oral argument was given, the Court

28  finds that there is no triable issue of material fact in connection with Plaintiff's Fourth Cause of

LITTLER MENDELSON

[PROP] ORDER GRANTING DEFENDANT'S MOT. FOR SUM. ADJUD.          Case No. 456118



1    Action for Termination in Violation of Public Policy and that Defendant is therefore entitled to

2    summary adjudication as a matter of law under Code of Civil Procedure section 437c. The reasons

3    for this determination are as follows:

4         1.    Defendant's general objection to the declarations offered by Plaintiff are

5    SUSTAINED. Declarations filed in support of and in opposition to summary judgment and or

6    adjudication must be based upon personal knowledge of the declarant under California Code of

7    Civil Procedure 437c(d). The Plaintiff's and his Mother, Maureen Keating's declarations based

8    upon "the best of my knowledge" are tantamount to information and belief declarations which have

9    been expressly found to be insufficient to satisfy parties' burden on summary judgment or

10   adjudication. See *Lopez v. University Partners* (1997) 54 Cal. App. 4th 1117, 1124. Given that the

11   general objections of Defendant to Plaintiff's declarations were sustained as to the whole of the declarant the court did not consider

12   particularized objections [also filed by Defendant to Plaintiff and Maureen Keating's declarations].

13         2.    Defendant has demonstrated that there was no adverse employment action,

14   and there is no proximate cause between Plaintiff's alleged discharge and his complaints regarding

15   his paycheck. Defendant has also demonstrated that it had a legitimate, non-retaliatory reason for

16   allegedly discharging Plaintiff. Defendant has met its burden, and Plaintiff failed to demonstrate the

17   existence of a trial issue of material fact. (Defendant's Undisputed Material Facts 1-40).

18    **IT IS ORDERED THAT:**

19         1.    Defendant's General Objections to Plaintiff's and Maureen Keating's

20   Declarations in support of Plaintiff's Opposition to Motion for Summary Adjudication are hereby

21   ~~granted~~ sustained,

22         2.    The motion for summary adjudication as to each issue of Plaintiff's Fourth

23   Cause of Action for Wrongful Termination In Violation Of Public Policy is hereby granted.

24    **SO ORDERED:**

25

26   DATED:    JUN 2 2 2007

27                       THE HONORABLE GEORGE A. MIRAM

                                   Judge of the Superior Court

28

LITTLER MENDELSON
A Professional Corporation
10 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

2.

[PROP] ORDER GRANTING DEFENDANT'S MOT. FOR SUM. ADJUD.        Case No. 456118

SFRDOCS:20466885.1_035980.1002



EXHIBIT D

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ronald A. Peters SBN: 169895<br>Lilanthi P. Ravishankar SBN 243487<br>Littler Mendelson<br>50 W. San Fernando St., 15th Fl., San Jose, CA 95113<br>TELEPHONE NO.   408.998.4150   FAX NO. *(Optional)* 408.288.5686<br>E-MAIL ADDRESS *(Optional)*:  rpeters@littler.com<br>ATTORNEY FOR *(Name)*:  AC SQUARE, INC. | **ENDORSED FILED**<br>SAN MATEO COUNTY<br><br>APR 2 5 2008<br><br>Clerk of the Superior Court<br>By    M. Javillonar<br>DEPUTY CLERK |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo |
|---|
| STREET ADDRESS:  400 County Center, Second Floor<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Redwood City, CA 94063<br>BRANCH NAME:  Unlimited Jurisdiction |

| PLAINTIFF: DANIEL JOSEPH KEATING TRAYNOR |
|---|
| DEFENDANT: AC SQUARE, INC. |

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☐ By Clerk    ☐ By Default    ☐ After Court Trial<br>☒ By Court    ☐ On Stipulation   ☐ Defendant Did Not<br> Appear at Trial | CIV 456118<br><br>**BY FAX** |

## JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*

      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*                          ☐ Plaintiff's attorney *(name each):*
         (1)                                                    (1)
         (2)                                                    (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant *(name each):*                          ☐ Defendant's attorney *(name each):*
         (1)                                                    (1)
         (2)                                                    (2)
      ☐ Continued on Attachment 3b.

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☐ was not ☐ was requested.

| PLAINTIFF: DANIEL JOSEPH KEATING TRAYNOR | CASE NUMBER: |
|---|---|
| DEFENDANT: AC SQUARE, INC. | CIV 456118 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**   ☒   THE COURT      ☐   THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

  a. ☐ for plaintiff *(name each):*           c. ☐ for cross-complainant *(name each):*

     and against defendant *(names):*        and against cross-defendant *(name each):*

      ☐ Continued on Attachment 5a.      ☐ Continued on Attachment 5c.

  b. ☒ for defendant *(name each):* AC Square, Inc.    d. ☐ for cross-defendant *(name each):*

6. **Amount.**

  a. ☐ Defendant named in item 5a above must    c. ☐ Cross-defendant named in item 5c above must pay
      pay plaintiff on the complaint:          cross-complainant on the cross-complaint:

| (1) ☐ Damages | $ | | (1) ☐ Damages | $ |
|---|---|---|---|---|
| (2) ☐ Prejudgment interest at the annual rate of     % | $ | | (2) ☐ Prejudgment interest at the annual rate of     % | $ |
| (3) ☐ Attorney fees | $ | | (3) ☐ Attorney fees | $ |
| (4) ☐ Costs | $ | | (4) ☐ Costs | $ |
| (5) ☐ Other (specify): | $ | | (5) ☐ Other (specify): | $ |
| (6)    TOTAL | $     0.00 | | (6)    TOTAL | $     0.00 |

  b. ☒ Plaintiff to receive nothing from defendant    d. ☐ Cross-complainant to receive nothing from
      named in item 5b.            cross-defendant named in item 5d.

     ☒ Defendant named in item 5b to recover    ☐ Cross-defendant named in item 5d to recover
       costs $ 17,332.07           costs $
        ☐ and attorney fees $         ☐ and attorney fees $

7. ☐ Other *(specify):*

Date:  **APR 2 2 2008**      ☐   <u>MARK R. FORCUM</u>
                                       JUDICIAL OFFICER

Date:                   ☐  Clerk, by _____ , Deputy

**CLERK'S CERTIFICATE** *(Optional)*

(SEAL)

I certify that this is a true copy of the original judgment on file in the court.

Date:

               Clerk, by _____ , Deputy

JUD-100 [New January 1, 2002]           **JUDGMENT**

American LegalNet, Inc
www.FormsWorkflow.com

<u>**PROOF OF SERVICE BY MAIL**</u>

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando St., 15th Floor, San Jose, CA  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 16, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**JUDGMENT; NOTICE OF ENTRY OF ORDER; ORDER GRANTING JUDGMENT IN FAVOR OF DEFENDANT AC SQUARE, INC. AND MEMORANDUM OF COSTS**

in a sealed envelope, postage fully paid, addressed as follows:

Daniel Joseph Keating-Traynor
2039 46th Avenue
San Francisco, CA 94116

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 16, 2008, at San Jose, California.

Pauline R. Lopez

Firmwide:84928368.1 047098.1007

9:00
5
CIV 456118    DANIEL KEATING-TRAYNOR VS AC SQUARE

DANIEL JOSEPH KEATING-TRAYNOR       PRO/PER
AC SQUARE, INC.                     RONALD A. PETERS

MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES
BY AC SQUARE, INC. AGAINST DANIEL JOSEPH KEATING-TRAYNOR.

- Defendants' general objection to the declarations
  offered by plaintiff are SUSTAINED. Declarations filed
  in support of and in opposition to summary judgment
  and adjudication must be based upon personal knowledge
  of the declarant under CCP 437c(d). The plaintiff's
  and his mother's declarations based upon "the best of
  my knowledge" are tantamount to Information and belief
  declarations which have been expressly found to be
  insufficient to satisfy parties' burden on summary
  judgment. See Lopez v. University Partners (1997) 54
  Cal App 4th 1117, 1124. Given the fact that the
  objections are sustained as to the whole of the
  declarations, particularized objections shall not be
  considered.
- The Motion for Summary Adjudication as to the Fourth
  Cause of Action is GRANTED. Defendant has
  demonstrated that there was no adverse employment
  action, and there is no proximate cause between
  Plaintiff's alleged discharge and his complaints
  regarding his paycheck. Defendant has also
  demonstrated that it had a legitimate, non-retaliatory
  reason for allegedly discharging Plaintiff. Defendant
  has met its burden, and Plaintiff has failed to
  demonstrate the existence of a triable issue of
  material fact. (Defendant's UMF 1-40)
- If the tentative ruling is uncontested, it shall
  become the order of the court, pursuant to Rule
  3.1308(a)(1), adopted by Local Rule 3.10. Moving
  party shall prepare and submit to the court an order
  pursuant to the procedures contained in CRC 3.1312.

MOTION TO COMPEL PLAINTIFFS RESPONSES TO DEFENDANTS
DISCOVERY FILED BY AC SQUARE, INC.

- The Motion to compel Plaintiff's Responses to
  Discovery is GRANTED. Plaintiff is ordered to provide
  verified responses to the Demand for Inspection and

Special Interrogatories within ten days of the hearing
date.

- Pursuant to CCP 2030.290(b) and CCP 2031.300(c)
monetary sanctions are ordered payable by defendant to
plaintiff within 15 days in the amount of $340,
consisting of 2.5 hours x $120 per hour, plus $40
filing fee.

- If the tentative ruling is uncontested, it shall
become the order of the court, pursuant to Rule
3.1308(a)(1), adopted by Local Rule 3.10, effective
immediately, and no formal order pursuant to rule
3.1312 or any other notice is required, as the
tentative ruling affords sufficient notice to the
parties.

EXHIBIT E

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| DANIEL BERKO SBN 94912<br>LAW OFFICE OF DANIEL BERKO<br>819 EDDY STREET<br>SAN FRANCISCO, CA 94109<br>TELEPHONE NO.: 415/771-6174    FAX NO.: 415/474-3748<br>ATTORNEY FOR *(Name)*: DANIEL KEATING-TRAYNOR | **RECEIVED**<br><br>JUN 2 9 2007<br><br>CLERK OF THE SUPERIOR COURT<br>SAN MATEO COUNTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME: UNLIMITED CIVIL JURISDICTION

CASE NAME:
DANIEL KEATING-TRAYNOR vs AC SQUARE et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | CIV464144<br><br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>*(Cal. Rules of Court, rules 3.400–3.403)* |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>[✓] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | **Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [✓] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 5
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 06/28/2007

DANIEL BERKO
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov



1  Daniel Berko - SBN 94912
   LAW OFFICE OF DANIEL BERKO
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: 415-771-6174
   Facsimile: 415-474-3748
4  E-mail: BerkoLaw@SBCglobal.net

5
   Attorneys for Plaintiffs,
6  DANIEL KEATING-TRAYNOR on behalf of himself
   and all others similarly situated
7

8

FILED
SAN MATEO COUNTY
JUN 2 9 2007
Clerk of the Superior Court
By GEORGE JACKSON
DEPUTY CLERK

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SAN MATEO

11                      UNLIMITED JURISDICTION

12  DANIEL KEATING-TRAYNOR on        )
    behalf of himself and all others similarly  )
13  situated,                         )    Case No.  Civ 464144
                                      )
14            Plaintiffs,             )    COMPLAINT FOR RESTITUTION,
                                      )    DAMAGES AND INJUNCTIVE
15        vs.                         )    RELIEF
                                      )
16  AC SQUARE, DOES 1 THROUGH 600,    )
    inclusive.                        )    CLASS ACTION
17                                    )
              Defendants.             )
18  _____ )

19        Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

20  follows:

21        1.      Plaintiff is informed and believes and thereupon alleges that Defendant AC

22  SQUARE, INC. and Does 1 through 600 install, disconnect, and upgrade cable television and

23  computer services to consumers who use the services and equipment of Comcast, a provider of

24  cable television and computer services to consumers throughout California.

25        2. Plaintiff does not know the true names of Defendants DOES 1 through 600 inclusive,

26  and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on

27  the basis of that information and belief alleges, that each of those defendants was in some

28  manner legally responsible for the events, happenings, injuries and damages alleged in this

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                          - 1 -

complaint.

3. In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

5. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, were not paid for overtime, were paid on a piecemeal basis, did not receive rest breaks and meal breaks as required by California law, had the cost of tolls and other items deducted from their wages, were not reimbursed for gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or occurred while working for AC. In addition, AC failed to pay each class member wages during all hours that they worked. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class. These questions are such that proof of a state of facts

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 2 -

common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

6.   Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CAUSE OF ACTION
### (VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)

7.   Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 6 above.

8.   Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

9.   AC'S refusal to pay class members the wages due to them, improper deductions from class members' paychecks, and its refusal to pay overtime due are each separately and collectively unfair and unlawful business practices.

10. Each class member is entitled to restitution of all money in which they have an ownership interest which constitutes either (1) the failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time spent while employed by AC.

11. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendant from continuing to engage in the conduct alleged here.

## SECOND CAUSE OF ACTION
### (VIOLATION OF LABOR CODE 2802)

12. Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 3 -

13. While employed in the customary business of AC and in the direct consequence of their duties, class members were required to expend his or her own monies in direct consequence of the discharge of his or her duties, and in addition suffered losses to his or her own property for which Defendants must indemnify class members, including, but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment, including safety belts and other equipment.

### THIRD CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME WAGES)

14. Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba.*

15. AC fails and refuses to pay class members overtime for time worked in excess of eight hours per day or forty hours per week.

16. Labor Code 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

17. At all times relevant herein, the Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal. Code Reg. 11090) and Labor Code 510(a) applied to the employment of class members by Defendant. Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate on 1.5 times the normal hourly rate for hours in excess of 8 per day or 40 per week, and or double time under certain conditions.

18. Pursuant to Labor Code 1194(a), Plaintiffs are entitled to reasonable attorney's fees and costs.

19. Pursuant to Labor Code 558(a)(1), each class member is entitled to a civil penalty of

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 4 -

$50 for the initial work period that each class member was underpaid and $100 for each

1   successive period   pay period that he or she was not paid overtime wages as required by law.

2                           **FOURTH CAUSE OF ACTION**

3        **(FAILURE TO FURNISH INFORMATIONREQUIRED BY LABOR CODE 226)**

4       20. Plaintiff incorporates by reference all of the allegations, averments and matters

5   contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.

6       21. Defendant has willfully refused to semimonthly or at the time of each payment of

7
    wages, furnish each of his or her employees, either as a detachable part of the check, draft, or

8
    voucher paying the employee's wages, or separately when wages are paid by personal check or

9
10  cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

11  worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

12  if the employee is paid on a piece-rate basis, and (4) all deductions, provided that all deductions

13  made on written orders of the employee may be aggregated and shown as one

14
        22.  Each class member is entitled to a) is entitled to recover the greater of all actual

15
16  damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

17  hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding

18  an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

19  reasonable attorney's fees.

20                           **FIFTH CAUSE OF ACTION**

21        **(ON BEHALF OF DANNY KEATING-TRAYNOR INDIVIDUALLY)**

22                       **(FAILURE TO PAY WAGES DUE)**

23      23. Plaintiff incorporates herein all of the allegations, averments and matters contained in

24  paragraphs 1- 3 above as if set forth at length *in have verba*.

25      24. Plaintiff worked as a trainee for approximately 80 hours for which he was not paid.  He

26  is entitled to at least minimum wage plus any overtime for those hours.

27
28  COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                                - 5 -

1

2   **WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

3   **ON ALL CAUSES OF ACTION:**

4

5   1.  General damages according to proof

6   2. Special damages according to proof;

7   3. Interest on all sums awarded;

8   4. Costs of suit;

9
    5. Such other, and/or further relief as is just and proper.
10
    Dated: June 28, 2007
11

12
                                        DANIEL BERKO
13                                      Attorney for Plaintiff DANNY TRAYNOR-
                                        KEATING on behalf of themselves
14                                      and all those similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

                                    - 6 -

07/02/2007  09:13    650692641              11 111111 ^N1:                    PAGE  05

1

2
**WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

3
**ON ALL CAUSES OF ACTION:**

4

5
1.  General damages according to proof

6
2. Special damages according to proof;

7
3. Interest on all sums awarded;

8
4. Costs of suit;

9
5. Such other, and/or further relief as is just and proper.

10
Dated: June 28, 2007

11

12
DANIEL BERKO

13
Attorney for Plaintiff DANNY TRAYNOR-

14
KEATING on behalf of themselves
and all those similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28
COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 6 -

**EXHIBIT F**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
AC SQUARE, INC.; COMCAST, INC.; AFSHIN GHANEH; ANDREW
BAHMANYAR; and DOES 1-60 inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANIEL KEATING-TRAYNOR on behalf of himself and all others
similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court

By
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN MATEO SUPERIOR COURT
400 COUNTY CENTER
REDWOOD CITY, CA 94063

CASE NUMBER
*(Número)* **CIV 473571**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: JUN 1 0 2008    JOHN C. FITTON
*(Fecha)*                                    Clerk, by _____, Deputy
                                             *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1 | Daniel Berko - SBN 94912
LAW OFFICE OF DANIEL BERKO
2 | 819 Eddy Street
San Francisco, CA 94109
3 | Telephone: 415-771-6174
Facsimile: 415-474-3748
4 | E-mail: BerkoLaw@SBCglobal.net

5

6 | Attorneys for Plaintiffs,
DANIEL KEATING-TRAYNOR on behalf of himself
and all others similarly situated

7

8

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court
By
DEPUTY CLERK

*D/3/b*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

## UNLIMITED JURISDICTION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated, | Case No. **CV 4 7 3 5 7 1** |
| Plaintiffs, | COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF |
| -vs- | |
| AC SQUARE, INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; and DOES 1-60 inclusive, | CLASS ACTION |
| Defendants. | |

Plaintiff DANIEL KEATING-TRAYNOR complains of Defendants and each of them as follows:

1.    Plaintiff is informed and believes and thereupon alleges that Defendants AC SQUARE, INC., COMCAST INC, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through 60 employ cable technicians who install, disconnect, and upgrade cable television and computer services to consumers who use the services and equipment of Comcast, a provider of cable television and computer services to consumers throughout California.

2.  Plaintiff does not know the true names of Defendants DOES 1-60 inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally

- 1 -

responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiff is informed and believes and thereupon alleges that each of the Does 1-60 and all named Defendants encouraged, supported, aided, advised, agreed upon and abetted the violations that are alleged in this complaint.

3. In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4. In this complaint, when reference is made to any act of COMCAST, INC. (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of COMCAST authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

5. Defendant AFSHIN GHANEH is responsible for the payroll and business practices of AC Square that are alleged herein. Afshin Ghaneh also owns AC Square. Defendant ANDREW BAHMANYAR is also responsible for the payroll and business practices of AC Square that are alleged herein.

6. Defendant Comcast conspired with and aided and abetted Defendants AC Square, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60 in taking the actions alleged herein. moreover, by shifting responsibility for the installation of Comcast equipment to AC Square and knowingly allowing AC to systematically underpay its cable technicians including plaintiff and all class members, COMCAST was able to unfairly compete in the market place by reducing the true costs of installing and servicing its equipment through the use of laborers paid less than lawful wages.

7. Defendant COMCAST, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60

- 2 -

aided, abetted, encouraged, supported, advised and benefited from AC Square's violation of California and federal wage and hour laws as alleged herein. In addition, Afshin Ghaneh has diverted to himself funds that should have been and were available to pay Plaintiff and all AC Square employees a lawful wage.

8. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC Square as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

9. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member (1) worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, (2)(a) were not paid for overtime either when he worked more than an 8 hour day, 2(b) or more than a forty hour week 2(c) worked the seventh day in a row 2(d) worked over eight hours on the seventh day, (3) were paid on a piecemeal basis, (4) did not receive rest breaks or meal breaks as required by California law, (5) were subject to improper deductions from their wages, and (6) were not reimbursed for gas, cell phone bills, parking tickets, and vehicle expenses including, but not limited to, insurance, vehicle repairs or vehicle maintenance or damage to their vehicles which involved work done for and/ or occurred while working for AC. In addition, (7) AC failed to pay each class member wages during all hours that they worked. In addition, (8) AC intentionally failed to pay all wages due when employees left the company. (9) Class members were not paid for split shifts as required by law. (10) AC required employees and all class members do work for no pay under various circumstances such as 10(a) staff meetings, 10(b)

- 3 -

picking up work orders and equipment, and 10(c) trips to customer locations where no customer was present so as to allow an employee/class member to perform services for which he came to the customer's location (except for payment of a $1.00 fee). In addition, (11) AC failed to provide information required to be on wage stubs under California law to all class members. (12) In addition, AC and all other defendants failed to pay Plaintiffs for time spent transporting COMCAST Equipment. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class. These questions are such that proof of a state of facts common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE BUSINESS AND PROFESSIONS CODE §17200)

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1-10 above.

12. Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

13. AC Square's refusal to pay class members the wages due to them as alleged herein, which conduct was done in concert and pursuant to agreement with Comcast, Afshin Ghaneh and Andrew Bahmanyar, employees at Comcast, others, and Does 1 through 60, and which was aided, abetted, ordered, supported and encouraged by all defendants, and its improper deductions from class members' paychecks, are each separately and collectively unfair and unlawful

- 4 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

1   business practices.

2   14. Each class member is entitled to restitutionary damages which constitutes  (1) the

3

4   failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time

5   spent while employed by AC or (4) the failure to reimburse for expenses or (5) the failure to pay

6   a split shift or show up premium when required by law and (6) all other failures to pay money

7   due. Moreover, to the extent that Defendants, and any of them, received greater profits from their

8   business than they otherwise would have had AC obeyed California Labor Laws,  Defendants

9   must disgorge all such profits to the extent necessary to pay Plaintiffs the money owed to them.

10

11   15. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendants from

12   continuing to engage in the conduct alleged here.

13                    **SECOND CAUSE OF ACTION**

14           **(VIOLATION OF FAIR LABOR STANDARD ACT)**

15                 **(AGAINST ALL DEFENDANTS)**

16   16. Plaintiff incorporates herein all of the allegations, averments and matters contained in

17   paragraphs 1-10 and 12-15, inclusive as if set forth at length herein *in haec verba.*

18   17.  AC Square, Comcast, Afshin Ghaneh, Andrew Bahmanyar and Does 1 through 60 fail to

19
     pay overtime to class members even though it is clear that class members are entitled to overtime
20
     for each workweek that they work over 40 hours in a week.
21

22   18. AC Square, Comcast, Afshin Ghaneh and Andrew Bahmanyar's failure to pay overtime

23   due to class members was a willful violation of the Fair Labor Standards Act (FLSA), because it

24   would be impossible for Defendants not to be aware that the class members were not exempt

25   from overtime requirements and yet they failed to pay overtime and continue to fail to pay

26
     overtime through the present time.
27

28   19. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are

                                    - 5 -

entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

### THIRD CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

20. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12 -15 and 17-19, inclusive as if set forth at length herein *in haec verba*.

21. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA.

### FOURTH CAUSE OF ACTION
### (FAILURE TO PAY MONIES DUE AT TERMINATION OF EMPLOYMENT)

22. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19 and 21, inclusive as if set forth at length herein *in haec verba*.

23. Defendant AC Square, as to all class members who no longer work for it, willfully failed to pay all monies due at the termination of the employment relationship either immediately or within 72 hours.

24. Each class member who is no longer employed by AC Square is entitled to thirty day's wages in addition to all other relief.

### FIFTH CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE LABOR CODE SECTION 558)
### (AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19, 21, 23-24 inclusive as if set forth at length herein *in haec verba*.

26. Labor Code section 558 provides that any employer or other person acting on behalf of

- 6 -

the employer, who violates or causes to be violated any provision of chapter of the Labor Code regulating payment of wages or any provision regulating hours and days of work and any order of the Industrial Welfare Commission shall be liable for $50.00 penalty for the first violation of the first pay period as to any employee and $100.00 for each subsequent violation for each subsequent pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered under section 558 are the property of the underpaid employee.

27. By engaging in the conduct and omissions alleged herein, Defendants have intentionally violated numerous provisions of IWC wage orders and statutes resulting wages including but not limited to all those referenced in this complaint.

28. Each class member and each employee is entitled to all wages due to them pursuant to Labor Code §558.

29. Because the violations of the wage orders and Labor Code provisions relating to payment of wages was intentional, and Defendants knowingly took advantage of its employees and caused them substantial economic harm, Plaintiffs are entitled to punitive damages against all Defendants.

**WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof;

2. Special damages according to proof;

3. Interest on all sums awarded;

4. Costs of suit;

5. Such other, and/or further relief as is just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

- 7 -

6. Punitive Damages according to proof.

1  Dated: June 9, 2008



2

3              DANIEL BERKO, Attorney for Plaintiff
               DANNY KEATING-TRAYNOR, on behalf of themselves
4              and all those similarly situated

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

AFFIDAVIT OF PERSONAL DELIVERY

*Keating Thaynot*

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court

BY _____
DEPUTY CLERK

vs

*A.C. Square*

CASE # **CIV 4 7 3 5 7 1**

## DOCUMENTS

Endorsed filed copies of the Complaint, Summons, Notice of Case Management
Conference and ADR Packet information.

I declare under penalty of perjury that I delivered back to the customer, a true copy of the
foregoing documents.  Executed on the above filed date at the Hall of Justice & Records
in Redwood City, CA  94063.

By :    G. JACKSON
        Deputy Court Clerk



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA  94063-1655**
**(650)363-4599**
**www.sanmateocourt.org**

| DANIEL KEATING-TRAYNOR<br>Plaintiff(s)<br>vs.<br>AC SQUARE, INC.<br>Defendant(s) | **Notice of Complex Case Status Conference**<br><br>Case No.: CIV 473571         Date: **08/12/08**<br><br>Time:  **9:00 AM**<br><br>Dept. **21** |
|---|---|

| Title:   DANIEL KEATING-TRAYNOR VS AC SQUARE INC |
|---|

You are hereby given notice of your Complex Case Status Conference.  The date, time and department have been written above.  At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules of Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.   In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
    **a.**  Serve copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
    **b.  Give reasonable notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a).  Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

> **2.   If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned.  The Order To Show Cause hearing will be at the same time as the Complex Case Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.   An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).  The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunity to decide whether the action meets the definition in CRC 3.400(a).

4.   Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or a counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (c)), designating an action as a complex case in Items 1, 2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court.  The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.  Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of

Form: CCSC

separately represented parties, (2) complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org

* Telephonic appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference.


## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 06/10/08

John C. Fitton,
Court Executive Officer/Clerk


By: <u>GEORGE JACKSON</u>
Deputy Clerk


Copies mailed to:

        DANIEL BERKO
        819 EDDY STREET
        SAN FRANCISCO CA 94109


Form: CCSC

## NOTICE OF CASE MANAGEMENT CONFERENCE

*Heating-Mayn'v*

**FILED**
**SAN MATEO COUNTY**

JUN 1 0 2008

Clerk of the Superior Court
By _____
DEPUTY CLERK

vs.

*A< Square*

Case No. **CIV 473571**

Date: ___OCT 2 4 2008___

Time: 9:00 a.m.

Dept. 3 – on Tuesday & Thursday
Dept. 28 – on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of Court and Local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

    a.  Serve all named defendants and file proofs of service on those defendants with the court within **60 days** of filing the complaint (CRC 201.7).

    b.  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

    c.  File and serve a completed Case Management Statement at least **15 days** before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

    d.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than **30 days** before the date set for the Case Management Conference.

2. **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order To Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3. Continuances of case management conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation To ADR and Proposed Order (see attached form.). If plaintiff files a Stipulation To ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) **10 days** prior to the first scheduled case management conference, the case management conference will be continued for 90 days to allow parties time to complete their ADR session. The court will notify parties of their new case management conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off the Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

    a.  Referring parties to voluntary ADR and setting an ADR completion date;

    b.  Dismissing or severing claims or parties;

    c.  Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court website at www.sanmateocourt.org.

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least 5 business days prior to the scheduled conference (see attached CourtCall information).

CIV473571 Complaints - Open Access Civil                                    Page 1 of 1

 # Complaints/Parties 

| Home | Complaints/Parties | Actions |
|------|-------------------|---------|
| Pending Hearings | Images | Case Report |

## Case CIV473571 - DANIEL KEATING-TRAYNOR VS AC SQUARE INC

**Complaint Number:** 1
**Complaint Type:** COMPLAINT
**Filing Date:** 06/10/2008
**Complaint Status:** ACTIVE

| Party Number | Party Type | Party Name | Attorney | Party Status |
|---|---|---|---|---|
| 1 | PLAINTIFF | DANIEL KEATING-TRAYNOR | BERKO, DANIEL | First Paper Fee Paid |
| 2 | DEFENDANT | AC SQUARE, INC. | Unrepresented | Serve Required (WaitS) |
| 3 | DEFENDANT | COMCAST INC. | Unrepresented | Serve Required (WaitS) |
| 4 | DEFENDANT | AFSHIN GHANEH | Unrepresented | Serve Required (WaitS) |
| 5 | DEFENDANT | ANDREW BAHMANYAR | Unrepresented | Serve Required (WaitS) |

 # Actions 

**Home**                    **Complaints/Parties**      **Actions**
**Pending Hearings**        **Images**                  Case Report

## Case CIV473571 - DANIEL KEATING-TRAYNOR VS AC SQUARE INC

[ Move To This Date ]

| Viewed | Date | Action Text | Disposition | Image |
|---|---|---|---|---|
| N | 10/24/2008 9:00 AM DEPT. 28 | CASE MANAGEMENT CONFERENCE | | |
| N | 08/12/2008 9:00 AM DEPT. PJLM | COMPLEX CASE STATUS CONFERENCE | | |
| | 06/10/2008 | COMPLEX LITIGATION FEE OF $550.00 RECEIVED FROM DANIEL KEATING-TRAYNOR (PLAINTIFF). | - | |
| N | 06/10/2008 | CIVIL CASE COVERSHEET RECEIVED | - | |
| N | 06/10/2008 | AFFIDAVIT OF PERSONAL DELIVERY BY G JACKSON FILED | - | |
| N | 06/10/2008 | 30 DAY SUMMONS, ISSUED AND FILED. | - | |
| N | 06/10/2008 | (S) COMPLAINT FILED | - | |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

DANIEL BERKO                                    SBN 94912
LAW OFFICE OF DANIEL BERKO
819 EDDY STREET
SAN FRANCISCO, CA 94109
TELEPHONE NO.: 415/771-6174    FAX NO. 415/474-3748
ATTORNEY FOR (Name): DANIEL KEATING-TRAYNOR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY, CA 94063
BRANCH NAME: UNLIMITED CIVIL JURISDICTION

**FOR COURT USE ONLY**

RECEIVED

JUN 1 0 2008

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

CASE NAME:
DANIEL KEATING-TRAYNOR -vs- AC SQUARE et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CV 473571<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
✓ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✓ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary    b. ✓ nonmonetary; declaratory or injunctive relief    c. ✓ punitive
4. Number of causes of action (specify): 5
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 06/10/2008

DANIEL BERKO
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



EXHIBIT G

1  RONALD A. PETERS, Bar No. 169895
2  BENJAMIN A. EMMERT, Bar No. 212157
   LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:    408.998.4150
5  Facsimile:    408.288.5686
   E-Mail:    rpeters@littler.com
6
7  Attorneys for Defendant
   AC SQUARE, INC.

8

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 1 9 2008

Clerk of the Superior Court
By    Siolo S. Sala
        DEPUTY CLERK

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF SAN MATEO

11  DANIEL KEATING-TRAYNOR, on            Case No.  CIV 464144
    behalf of himself and all others similarly      CLM
12  situated,
                                          [PROPOSED] ORDER CONSOLIDATING
13            Plaintiffs,                 RELATED ACTIONS CIV 464144 AND CIV
                                          473571
14       v.
                                          Date:      June 18, 2008
15  AC SQUARE, DOES 1 THROUGH 600,        Time:      4:00 p.m.
    inclusive,                            Dept.:     1
16                                        Honorable Carol L. Mittlesteadt
              Defendants.
17  DANIEL KEATING-TRAYNOR, on            Case No. CIV 473571
    behalf of himself and all others similarly
18  situated,

19            Plaintiffs,

20       v.

21  AC SQUARE, INC.; COMCAST INC.;
    AFSHIN GHANEH; ANDREW
22  BAHMANYAR; and  DOES 1 THROUGH
    60, inclusive,
23
              Defendants.
24

25            FOR GOOD CAUSE SHOWN the action entitled *Daniel Keating-Traynor, on behalf*

26  *of himself and all other similarly situated, Plaintiffs vs. AC Square, Inc.; Comcast, Inc.; Afshin*

27  *Ghaneh; Andrew Bahmanyar; and Does 1 through 60 inclusive, Defendants,* San Mateo County

28  Superior Court number CIV 473571, filed June 10, 2008 is hereby consolidated for all purposes with

Case No. CIV 464144

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

1   the action entitled *Daniel Keating-Traynor, on behalf of himself and all other similarly situated,*

2   *Plaintiffs, vs. AC Square, Inc., Does 1 through 600 inclusive, Defendants,* San Mateo County

3   Superior Court number CIV 464144, filed June 29, 2007.  All documents shall be filed under the

4   case number of the case filed first, case number CIV 464144.

5

6   Dated:    **JUN 1 8 2008**                    **CAROL MITTLESTEADT**

7                                         JUDGE OF THE SUPERIOR COURT

8

9

10

11   Firmwide:85604138.1 047098.1008

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose. CA 95113 2303
408 998 4150

2.                                    Case No. CIV 464144

**ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571**


EXHIBIT H

1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN EMMERT, Bar No. 212157
2  LILANTHI RAVISHANKAR, Bar No. 243487
   LITTLER MENDELSON
3  A Professional Corporation
   50 West San Fernando Street
4  15th Floor
   San Jose, CA 95113.2303
5  Telephone:   408.998.4150
   Facsimile:   408.288.5686
6  E-Mail: rpeters@littler.com
           bemmert@littler.com
7          lravishankar@littler.com

8  Attorneys for Defendants
   AC SQUARE, INC. AFSHIN GHANEH,
9  ANDREW BAHMANYAR

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13  DANIEL KEATING-TRAYNOR on         Case No.  CIV 464144 **(CONSOLIDATED BY**
14  behalf of himself and all others similarly   **ORDER OF COURT WITH CIV 473571**
    situated;
15                                            **NOTICE OF FILING REMOVAL**
              Plaintiffs,
16
        v.
17
    AC SQUARE INC.; COMCAST INC.;
18  AFSHIN GHANEH; ANDREW
    BAHMANYAR; AND DOES 1-60
19  INCLUSIVE;
20            Defendants.
21

22        TO PLAINTIFF, AND HIS ATTORNEY OF RECORD, ROBERT DAVID BAKER, ESQ.

23        NOTICE IS HEREBY GIVEN that AC SQUARE, INC. AFSHIN GHANEH AND

24  ANDREW BAHMANYAR Defendants in Action No., CIV 473571 consolidated into CIV 464144,

25  Superior Court of the State of California, County of San Mateo, have filed in the United States

26  District Court, Northern District of California, San Francisco Division, a Notice of Removal of Civil

27  Action pursuant to 28 U.S.C. sections 1441 and 1446.

28

LITTLER MENDELSON
A Professional Corporation
West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

1   attached as Exhibit A.

2           PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. section 1446, the

3   filing of said Notice of Removal of action in federal court, together with the filing of a copy of said

4   Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with the Clerk

5   of this state court, effects the removal of this action, and the state court may therefore proceed no

6   further unless and until the case is remanded.

7   Dated: June 19, 2008

8

9

10                                           RONALD A. PETERS
                                             BENJAMIN EMMERT
11                                           LILANTHI RAVISHANKAR
                                             LITTLER MENDELSON
12                                           A Professional Corporation
                                             Attorneys for Defendants
13                                           AC SQUARE INC., AFSHIN GHANEH,
                                             AND ANDREW BAHMANYAR

14

15

16

17

18

19
    Firmwide:85614507.1 047098.1008
20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

**NOTICE TO STATE COURT AND ADVERSE PARTY OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT**

**EXHIBIT I**

1  Daniel Berko - SBN 94912
   LAW OFFICE OF DANIEL BERKO
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: 415-771-6174
   Facsimile: 415-474-3748
4  E-mail: BerkoLaw@SBCglobal.net

5

6  Attorneys for Plaintiffs,
   DANIEL KEATING-TRAYNOR on behalf of himself
7  and all others similarly situated

FILED

08 JUN 11 PM 12: 50

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8

9              UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

                                         MHI

11                                  CV 08        2 9 07
                              CASE NO:
   DANIEL KEATING-TRAYNOR on
12 behalf of himself and all others similarly    COMPLAINT FOR DAMAGES FOR
   situated,                                     VIOLATION OF FAIR LABOR
13              Plaintiff,                        STANDARDS ACT
        vs.
14 _____
   AC SQUARE, COMCAST INC.;
15 AFSHIN GHANEH; ANDREW                          CLASS ACTION 29 USC 216(b)
   BAHMANYAR; and       DOES 1
16 THROUGH 60, inclusive,                         PLAINTIFF DEMANDS A JURY TRIAL
                                                  ON ALL ISSUES
17              Defendants.

18 _____

19

20      Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

21 follows:

22      1.  This court has jurisdiction over this case because it is an action brought pursuant to

23 the *Fair Labor Standards Act*, 29 USC §§ 201– 219. Plaintiff and the class members each have

24 a right to bring an action under the FLSA pursuant to 29USC216(b).

25

26      2.  Plaintiff is informed and believes and thereupon alleges that Defendants AC SQUARE,

27 INC., COMCAST, INC. AFSHIN GHANEH, ANDREW BAHMANYAR and Docs 1 through

28 60 employ technicians who install, disconnect, and upgrade cable television, computer and other

                                        - 1 -
          COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

setting corporate policy, have operation control of AC's payroll and business practices, including but not limited to failing to pay overtime compensation even though it is clearly and unquestionably due to class members.

5. Plaintiff does not know the true names of Defendants DOES 1 through 60 inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally responsible for the events, happenings, injuries and damages alleged in this complaint.

6. In this complaint, when reference is made to any act of AC SQUARE, INC., (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

7. In this complaint, when reference is made to any act of COMCAST INC. (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of COMCAST authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency

8. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were directly employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

similar services to consumers who use the services and equipment of Comcast. Plaintiff

1   KEATING worked as a technician and his job included the responsibilities to install, upgrade,

2   disconnect and provide similar services to consumers who use the services and equipment of

3   Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician

4   for the purpose of installing, upgrading, disconnecting and providing similar services to

5   consumers who use the services and equipment of Comcast

6

7       9.   There are well-defined common of questions of law and fact affecting the class

8   Plaintiffs represent.  The class members' claims against Defendants involve questions of common

9   and general interest in that each and every class member worked as an installer of cable

10  television, computer and electronic services to consumers who use the services and equipment of

11  Comcast, were not paid for overtime, were paid on a piecemeal basis,  were not reimbursed for

12

13  gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or

14  occurred while working for  AC. In addition, AC failed to pay each class member wages during

15  all hours that they worked. Accordingly, the facts supporting the claim for each class member is

16  identical or substantially similar for Plaintiff and each member of the class and the alleged breach

17  and claim of liability is identical or substantially identical for each member of the class.  These

18  questions are such that proof of a state of facts common to the class representatives and to

19

20  members of the class will entitle each member of the class to the relief requested in this

21  complaint.

22      10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff

23  is a member of the class and plaintiff's claims are typical of those in the class.

24

25                    **FIRST CLAIM FOR RELIEF**

26           (VIOLATION OF FAIR LABOR STANDARD ACT)

27                  (AGAINST ALL DEFENDANTS)

28                              - 4 -

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 10 above.

12. AC, COMCAST, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1 through 60 fail to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week.

13. AC'S, COMCAST'S, AFSHIN GHANEH'S and ANDREW BAHMANYAR'S failure to pay overtime due to class members was a willful violation of the FLSA because it would be impossible for defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to pay overtime through the present time.

14. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

## SECOND CLAIM FOR RELIEF
## (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
## (AGAINST ALL DEFENDANTS)

15. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 14 above.

16. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA

**WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

- 5 -

1. General damages according to proof in an amount that is yet to be ascertained;

2. Special damages according to proof in an amount that is yet to be ascertained;

3. Interest on all sums awarded including prejudgment interest;

4. Costs of suit;

5. A reasonable attorney's fee;

6. Such other, and/or further relief as is just and proper.

Dated: June 9, 2008

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and each member of the class demands a jury trial on all issues.

Dated: June 9, 2008

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of themselves
and all those similarly situated

- 6 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT J**

JUN 2 7 2008

1   **Daniel Berko - SBN 94912**
    **LAW OFFICE OF DANIEL BERKO**
2   **819 Eddy Street**
    **San Francisco, CA 94109**
3   **Telephone: 415-771-6174**
    **Facsimile: 415-474-3748**
4   **E-mail: BerkoLaw@SBCglobal.net**

5

6   **Attorneys for Plaintiffs,**
    **DANIEL KEATING-TRAYNOR on behalf of himself**
    **and all others similarly situated**
7

8                     **UNITED STATES DISTRICT COURT**
9
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11                                      )   **CASE NO: CV-08-3035-EDL**
    **DANIEL KEATING-TRAYNOR on**        )
12  **behalf of himself and all others similarly**  )   **ADMINISTRATIVE MOTION TO**
    **situated,**                        )   **CONSIDER WHETHER CASES**
13                  **Plaintiff,**       )   **SHOULD BE RELATED**
        **vs.**                          )   _____
14                                       )
    **AC SQUARE, COMCAST INC.;**         )
15  **AFSHIN GHANEH; ANDREW**            )
    **BAHMANYAR; and    DOES 1**         )
16  **THROUGH 60, inclusive,**           )
                                         )
17              **Defendants.**          )
                                         )
18  _____     )

19

20  TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

21  Plaintiff hereby gives notice, as required in Civil Local Rule 3-12(b), of the following case

22  related to this action:

23      1.  UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF

24          CALIFORNIA; DANIEL KEATING-TRAYNOR vs AC SQUARE et al; with case

25          number **CV-08-02907-MHP** filed on Federal Court on June 11, 2008

26  These cases are related because they discuss the same claims of unlawful, unfair and fraudulent

27  business practices against the same Defendants.

28
                                        - 1 -
             COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

The same Plaintiff DANNY KEATING-TRAYNOR, was in both cases, an employee for Defendant AC SQUARE.

Counsel opines that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Date: June 25, 2008

Daniel Berko,
Attorney for Plaintiff Daniel Keating-Traynor in behalf of himself and all other similarly situated.

- 2 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

DANIEL KEATING-TRAYNOR vs AC SQUARE CV-08-03035-EDL
District Court for the Northern District of California

# PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 819 Eddy Street, San Francisco, CA 94109. On **Jun 25, 2008** I served a true copy of the following document(s):

## ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

☐ By transmitting **via facsimile** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ By causing to be **personally delivered** the documents listed above by a messenger service, at the addresses set forth below on this date.

☐ By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for **overnight delivery** on next business day, addressed as set forth below.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in **United States mail** at San Francisco, California, addressed as set forth below.

| | |
|---|---|
| **Ronal A. Peters**<br>**Littler Mendelson**<br>**50 West San Fernando St. 15th Floor**<br>**San Jose, CA 94113-2303** | **COMCAST, INC.**<br>**An. Andrew C. Topping**<br>**1701 John F. Kennedy Blvd.**<br>**15th Floor (Legal Department)**<br>**Philadelpia, PA 19103** |
| | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **Jun 25, 2008** at San Francisco, California.

Carlos Jato

PROOF OF SERVICE

<u>DANIEL KEATING-TRAYNOR vs AC SQUARE et al C08-02907-MHP</u>
**District Court for the Northern District of California**

# PROOF OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is 819 Eddy Street, San Francisco, CA 94109. On **Jun 25, 2008** I served a true copy of the following document(s):

## ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

☐ By transmitting **via facsimile** the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ By causing to be **personally delivered** the documents listed above by a messenger service, at the addresses set forth below on this date.

☐ By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for **overnight delivery** on next business day, addressed as set forth below.

☒ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in **United States mail** at San Francisco, California, addressed as set forth below.

| **Ronal A. Peters**<br>**Littler Mendelson**<br>**50 West San Fernando St. 15th Floor**<br>**San Jose, CA 94113-2303** | **COMCAST, INC.**<br>**ATT. Andrew C. Topping**<br>**1701 John F. Kennedy Blvd.**<br>**15th Floor (Legal Department)**<br>**Philadelpia, PA 19103** |
|---|---|
| | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **Jun 25, 2008** at San Francisco, California.

_____

Carlos Jato

PROOF OF SERVICE