| | |
|---|---|
| 1 | RONALD A. PETERS, Bar No. 169895 |
| | BENJAMIN EMMERT, Bar No. 212157 |
| 2 | LITTLER MENDELSON |
| | A Professional Corporation |
| 3 | 50 West San Fernando Street |
| | 15th Floor |
| 4 | San Jose, CA 95113.2303 |
| | Telephone:  408.998.4150 |
| 5 | Facsimile:  408.288.5686 |
| | E-Mail: rpeters@littler.com |
| 6 |         bemmert@littler.com |

Attorneys for Defendants
AC SQUARE, INC. AFSHIN GHANEH,
ANDREW BAHMANYAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE;<br><br>Defendants. | Case No. CV-08-3035-MHP<br><br>**DEFENDANT AC SQUARE, INC.'S EX PARTE APPLICATION FOR ORDER ALLOWING DEFENDANT TO FILE AND HAVE HEARD A MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(B)(6) PRIOR TO INITIAL CASE MANAGEMENT CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BENJAMIN A. EMMERT IN SUPPORT OF EX PARTE APPLICATION;** [~~PROPOSED~~] **ORDER**<br><br>**Local Rule, 7-10; MHP Standing Order, No. 4**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 15<br>Judge: Honorable Marilyn H. Patel |

### EX PARTE APPLICATION

**TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:**

Please take notice that defendant AC Square, Inc. (hereinafter referred to as "Defendant") hereby applies to this Court on an *ex parte* basis for an Order allowing Defendant to

1.

file a motion to dismiss plaintiff, Daniel Keating-Traynor's (hereinafter referred to as "Plaintiff") first, second, third, fourth and fifth causes of action alleged against Defendant in his Complaint, Case No. CV-08-3035-MHP. This *ex parte* application is made pursuant to the United States District Court for the Northern District of California Local Rule 7-10 and Chief Judge Marilyn H. Patel's Standing Order Number 4. This application is based on the fact that Plaintiff has filed a Complaint containing five causes against Defendant: one cause of action for conspiracy to violate California Business and Professions Code section 17200; one cause of action for alleged violations of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "FLSA"); one cause of action for alleged conspiracy to violate the FLSA; one cause of action for failure to pay monies due at termination of employment; and one cause of action for conspiracy to violate California Labor Code section 558.

Defendant believes that this Complaint fails to state facts sufficient to constitute a cause of action against AC Square, Inc. because: (1) the alleged improper acts took place more than three years prior to Plaintiff filing this Complaint and are therefore barred by the statute of limitations; (2) Plaintiff has failed to allege facts showing he is entitled to any relief under the FLSA; and (3) Plaintiff has failed to allege facts showing a justiciable conspiracy. This application is further based on the fact that counsel for Defendant has previously filed the proposed motion to dismiss before the Honorable Magistrate Judge Elizabeth D. Laporte on July 9, 2008. The hearing date for this motion was vacated on this Court's Order relating this action with Plaintiff's other action, case number CV-08-2907-MHP. Defendant is therefore seeking to refile this motion in accordance with this Court's July 16, 2008 Order and this Court's Standing Order Number 4.

This application is also based on the fact that in the CV-08-2907-MHP action, Defendant informed Plaintiff's counsel of its intention to respond to that Complaint by way of a motion to dismiss and requested Plaintiff's counsel stipulate to an extension of time to respond until after the initial case management conference. Plaintiff's counsel failed and/or refused to agree to such stipulation in that action. Defendant therefore filed an *ex parte* application requesting this Court allow it to file a motion to dismiss. This Court granted the *ex parte* application on July 15,

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

2008. The issues raised in the proposed motion to dismiss are substantially similar, if not identical, to the issues raised in the motion to dismiss filed in the related action. Moreover, unless this application is granted, Defendant is faced with the possibility that it will have to file an answer and incur significant legal fees and costs defending this current action that is most likely barred by the statute of limitations and/or fails to state facts upon which relief can be granted.

This application is based on the attached Memorandum of Points and Authorities, the attached Declaration of Benjamin A. Emmert, the complete files and records in this action and any oral argument that may be heard by the Court with regard to this Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND

Plaintiff's Complaint filed in this Court, case number CV-08-3035-MHP, is the third Complaint Plaintiff has filed against AC Square, Inc. for the same alleged wrong and which arises out of the same set of operative facts. Plaintiff filed his first Complaint against AC Square, Inc. in the San Mateo County Superior Court on July 7, 2006, action number CIV 456118 (hereinafter referred to as the "Original Complaint"). The Original Complaint alleged AC Square, Inc. failed to pay Plaintiff all compensation, including overtime, that he believed was due and owing. Plaintiff dismissed the causes of action seeking unpaid wages from the Complaint without prejudice on June 25, 2007.

On June 29, 2007 Plaintiff filed a second Complaint in the San Mateo County Superior Court against Defendant, action number 464144 (hereinafter referred to as the "Second Complaint"). This Complaint again sought recovery of alleged unpaid wages including overtime.

For unexplained reasons and even though litigation on the Second Complaint was still proceeding, Plaintiff filed this new Complaint in the San Mateo County Superior Court against Defendant on June 10, 2008 (hereinafter referred to as the "Third Complaint"). The Third Complaint seeks essentially the same relief as the first two Complaints, but adds a cause of action for alleged violation of the FLSA and names additional parties. The San Mateo County Superior Court consolidated the Second and Third Complaints on June 19, 2008. Defendant removed the

3.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

consolidated actions to this Court on June 20, 2008. The consolidated action was originally assigned to the Honorable Magistrate Judge Elizabeth D. Laporte as case number CV-08-3035-EDL. On July 16, 2008, this Court issued an Order relating this action with another action filed by Plaintiff, case number CV-08-2907-MHP. Pursuant to this Order, the case number for the consolidated action changed from CV-08-3035-EDL to CV-08-3035-MHP.

For equally unexplained reasons, the day after filing the Third Complaint, Plaintiff filed a fourth Complaint with this Court (hereinafter referred to as the "Fourth Complaint"). The Fourth Complaint names the same defendants and contains two causes of action for: violation of the FLSA; and, conspiracy to violate the FLSA. The FLSA allegations in the Third and Fourth Complaint are essentially identical.

The Second, Third and Fourth Complaints fail to allege any facts showing when Plaintiff worked for AC Square, Inc. However, Plaintiff alleged in the Original Complaint he worked for AC Square, Inc. from about "January 30, 2005" to "about May 2, 2005." He further alleges he was terminated by AC Square, Inc. on about May 2, 2005.

On July 9, 2008, Defendant filed the proposed motion to dismiss before the Honorable Magistrate Judge Elizabeth D. Laporte. Pursuant to this Court's July 16, 2008 Order, the hearing date for this motion has been vacated and this Court ordered all prior pending motions be re-noticed. Therefore, pursuant to this Court's Standing Order Number 4, Defendant respectfully requests this Court grant this *ex parte* application and allow Defendant to file the proposed motion to dismiss.

II.  **ARGUMENT**

Plaintiff's Third Complaint contains five causes of action against Defendant for: conspiracy to violate California Business and Professions Code section 17200; violation of the FLSA; conspiracy to violate the FLSA; failure to pay monies at termination of employment; and, conspiracy to violate California Labor Code section 558. Among other deficiencies in the Third Complaint, the second, third, fourth and fifth causes of action appear to be barred by the statute of limitations. The statute of limitations for a FLSA violation is two or three years depending on

4.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

whether an employer's violation is willful. *See* 29 U.S.C. § 255(a). The statute of limitations on a claim for failure to pay money at the termination of employment is three years. *See* Cal. Labor Code §§ 201, 203 (West 2008); Cal. Code Civ. Proc. § 338 (West 2008). The statute of limitations for an alleged violation of California Labor Code section 558 is one year. *See* Cal. Code Civ. Proc. § 340 (West 2008). Because Plaintiff has expressly admitted that he last worked for Defendant on May 2, 2005, the statute of limitations on all of his causes of action expired by at least May 2, 2008. *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000) (citing *Unexcelled Chem. Corp. v. United States*, 73 S.Ct. 580, 584 (1953)).

In addition to the statute of limitations problems, the Third Complaint fails to allege facts showing a justiciable conspiracy. The Third Complaint alleges that AC Square, Inc., by and though its agents Afshin Ghaneh and Andrew Bahmanyar, conspired with Comcast, Inc. to not pay AC Square, Inc.'s employees, including Plaintiff, overtime. However, as the Third Complaint is currently drafted, Afshin Ghaneh and Andrew Bahmanyar cannot conspire with the other defendants pursuant to the agent immunity rule. In addition, Plaintiff's conspiracy claims against AC Square, Inc. and Comcast, Inc. fail because Plaintiff cannot allege either breached any duty owed to Plaintiff. A simple failure to comply with statutory overtime requirements as alleged in the Third Complaint does not support a claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005).

Federal Rule of Civil Procedure, Rule 12(a)(1)(A)(i) requires a defendant file an answer to a complaint within 20 day after being served. Federal Rule of Civil Procedure, Rule 12(b) allows a defendant to serve a motion to dismiss in lieu of an answer. However, in light of Standing Order Number 4, Defendant is unable to file the accompanying motion to dismiss until after the initial case management conference. Thus, Defendant is faced with the real possibility of incurring significant legal fees and costs by having to file an answer and respond to Plaintiff's discovery in an action that fails to state facts sufficient to constitute a cause of action and/or is barred by the statute of limitations.

Based on the foregoing, Defendant respectfully requests this Court grant this *ex parte* application and allow Defendant to file the accompanying motion to dismiss prior to the initial case

5.

management conference. A copy of the motion Defendant proposes to file in the event this application is granted is attached hereto as Exhibit B.

Dated: July 17, 2008

                                                RONALD A. PETERS
                                                BENJAMIN EMMERT
                                                LITTLER MENDELSON
                                                A Professional Corporation
                                                Attorneys for Defendants
                                                AC SQUARE INC., AFSHIN GHANEH,
                                                AND ANDREW BAHMANYAR

**III. DECLARATION OF BENJAMIN A. EMMERT IN SUPPORT OF EX PARTE APPLICATION**

I, Benjamin A. Emmert, declare:

1. That I am an associate in the law firm of Littler Mendelson, a professional corporation, which represents Defendant AC Square, Inc. with respect to the Plaintiff Daniel Keating-Traynor's Complaint in this matter. I am duly licensed to practice law in the State of California and I am one of the attorneys responsible for representing Defendant in this action. I have personal knowledge of the following facts and if called and sworn in as a witness could and would competently testify thereto;

2. This action is the third of four Complaints Plaintiff has filed against Defendant;

3. On July 9, 2008 Defendant filed a motion to dismiss the first, second, third, fourth and fifth causes of action from Plaintiff's Third Complaint on behalf of AC Square, Inc.;

4. On July 16, 2008 this Court issued an Order relating this action with Plaintiff's Fourth Complaint filed in this Court, case number CV-08-2907-MHP. This July 16, 2008 Order vacated all pending hearing dates. Defendant therefore files this *ex parte* application seeking leave to re-file the previously filed and current proposed motion to dismiss;

5.   This Court has previously granted Defendant's request to file a motion to dismiss which raises similar arguments to the current proposed motion in Plaintiff's related action, CV-08-2907-MHP.

6.   Prior to requesting permission to file the motion to dismiss in the related action, case number CV-08-2907-MHP, I sent an email to Plaintiff's counsel advising him that Defendant would respond to that Complaint by motion to dismiss for failure to state a cause of action and requested that he stipulate to extending the deadline for Defendant to respond to the Complaint until after the initial case management conference. Attached hereto as Exhibit A is a true and correct copy of the email I sent to Plaintiff's counsel containing the request;

7.   Plaintiff's counsel did not agree to continue the deadline for Defendant to respond to the Fourth Complaint;

8.   Attached hereto as Exhibit B is a true and correct copy of Defendant AC Square, Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action From Complaint, Case Number CV-08-3035-MHP, Request for Judicial Notice in support of the motion and the [Proposed] Order AC Square, Inc. proposes to file if this application is granted.

I hereby declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this Declaration was executed on July 18, 2008, at San Jose, California.

_____
BENJAMIN A. EMMERT

A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

7.

Ex Parte Application for Order Allowing Motion to Dismiss Filed Prior to Initial Case Management Conference
Case No. CV-08-3035-MHP

**ORDER**

Having considered Defendant's ex parte application for an order permitting Defendant to file and Defendants Bahmanyar's and Kharehi's Defendant AC Square, Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action From Complaint, Case Number CV-08-3035-MHP, and finding good cause therefore, IT IS HEREBY ORDERED that Defendant's request to file the attached motion to dismiss Plaintiff's Complaint is granted. Defendant shall file and serve the motion by no later than July 28, 2008. The hearing on this motion is set for Sept. 8, 2008 at 2:00 p.m. Any opposition to the motion shall be filed and served by August 11, 2008. Any reply to the opposition shall be filed and served by August 18, 2008. Only one motion, one opposition and one reply shall be filed for all three defendants. These limits shall be filed for all three defendants.

DATED: 7/22/2008

Honorable Marilyn H. Patel

Firmwide:85838046.1 047098.1008

8.