1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated; | Case No. CV-08-3035-MHP |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER TO ALLOW COMCAST, INC. TO FILE ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PRIOR TO THE INITIAL CASE MANAGEMENT CONFERENCE** |
| vs. | |
| AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE; | |
| Defendants. | Honorable Marilyn H. Patel |

23    Plaintiff Daniel Keating-Traynor, by and through his attorney, Daniel Berko, and

24  Defendant Comcast, Inc. ("Comcast") by and through its attorneys Morgan, Lewis and Bockius

25  LLP, hereby stipulate as follows:

26                                    <u>**RECITALS**</u>

27         A.    On June 20, 2008, the Court set the Initial Case Management Conference in this

28  action for September 23, 2008.  <u>See</u> Docket No. 2 (Case No. CV-08-3035-MHP).

B.      On July 9, 2008, Defendants AC Square, Ghaneh, and Bahmanyar filed Motions to Dismiss Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action from Complaint, Case Number CV-08-3035-EDL (a consolidated action that was removed to this Court on June 20, 2008). <u>See</u> Docket Nos. 1, 6-14 (Case No. CV-08-3035-MHP).

C.      On July 10, 2008, Plaintiff served Comcast with the Summons and Complaint in this action.

D.      On July 16, 2008, the Court ordered Case No. CV-08-2907 and  Case No. CV-08-3035 related.  <u>See</u> Docket No. 16 (Case No. CV-08-3035-EDL).

E.      On July 17, 2008, Case No. CV-08-3035-EDL was reassigned to the Honorable Judge Marilyn H. Patel.

F.      On July 18, 2008, Defendants AC Square, Ghaneh, and Bahmanyar filed Ex Parte Applications for Orders Allowing Defendants to File and Have Heard Motions to Dismiss Pursuant to FRCP 12(b)(6) Prior to Initial Case Management Conference in Case No. CV-08-3035.  <u>See</u> Docket Nos. 17-19 (Case No. CV-08-3035-MHP).

G.      On July 24, 2008, the Court granted Defendants AC Square, Ghaneh, and Bahmanyar filed Ex Parte Applications for Orders Allowing Defendants to File and Have Heard Motions to Dismiss Pursuant to FRCP 12(b)(6) Prior to Initial Case Management Conference. The Court further set the hearing on the motions for September 8, 2008 and ordered that the motions be filed no later than July 28, 2008, any opposition be filed no later than August 11, 2008, and any reply be filed no later than August 18, 2008.  <u>See</u> Docket No. 20 (Case No. CV-08-3035-MHP).

G.      On July 25, 2008, Defendants AC Square, Ghaneh, and Bahmanyar filed their Motion to Dismiss.  <u>See</u> Docket Nos. 21-23 (Case No. CV-08-3035-MHP).

H.      Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires a defendant to file an answer to a complaint within 20 days after being served, and that Federal Rule of Civil Procedure, Rule 12(b) allows a defendant to serve a motion to dismiss in lieu of an answer.  The parties further agree that absent a Court Order allowing for an exception, Standing Order Number 4 prevents Defendant from filing the accompanying motion to dismiss until after the Initial Case

1  Management Conference on September 23, 2008.

2  **TERMS OF STIPULATION**

3      1.      The parties jointly request that the Court allow Comcast to have its motion to

4  dismiss heard before the Initial Case Management Conference set for September 23, 2008 (Case

5  No. CV-08-3035-MHP).

6      2.      Defendant's motion seeks dismissal of Plaintiff's Complaint, in its entirety,

7  without leave to amend.  Should the Court decide to dispose of Plaintiff's claims against Comcast

8  prior to the Initial Case Management Conference, Comcast could avoid incurring legal fees and

9  costs by not having to file an answer or make initial disclosures.

10     3.      The parties recognize that this Court granted on July 24, 2008 an *ex parte* motion

11 the other defendants brought for this same purpose in this action, and believe it should not be

12 necessary to burden the Court with another such motion.

13     4.      Based on the foregoing and in the interest of judicial economy, the parties agree

14 that Defendant should be allowed to file its motion at the earliest possible stage of this litigation.

15     IT IS SO STIPULATED.

16 Dated: July 30, 2008                          LAW OFFICES OF DANIEL BERKO

17

18                                              By _____/s/ Daniel Berko_____
19                                                  Daniel Berko
                                                   Attorneys for Plaintiff
20                                                  Daniel Keating-Traynor

21
22 Dated: July 30, 2008                          MORGAN, LEWIS & BOCKIUS LLP

23
24                                              By _____/s/ Daryl S. Landy_____
                                                   Daryl S. Landy
25                                                  Attorneys for Defendant
                                                   COMCAST INC.

26

27

28

1    **IT IS SO ORDERED** that:

2        The parties' request to allow Defendant to file the attached Motion to Dismiss Plaintiff's

3    Complaint is granted.  Defendant shall file and serve the motion by  no later than

4    _____, 2008.  The hearing on this motion is set for September, 2008, at 2:00 p.m.

5    Any opposition to the motion shall be filed and served by _____, 2008.  Any

6    reply to the opposition shall be filed and served by _____, 2008.

7

8

     Dated: _____        By: _____
9                                                United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1    MORGAN, LEWIS & BOCKIUS LLP
     DARYL S. LANDY, State Bar No. 136288
2    2 Palo Alto Square
     3000 El Camino Real, Suite 700
3    Palo Alto, CA  94306-2122
     Tel:  650.843.4000
4    Fax:  650.843.4001
     E-mail:  dlandy@MorganLewis.com
5
     MORGAN, LEWIS & BOCKIUS LLP
6    ANN MARIE REDING, SBN 226864
     One Market Street, Spear Street Tower
7    San Francisco, California  94105-1126
     Tel:  415.442.1000
8    Fax:  415.442.1001
     E-mail: areding@MorganLewis.com
9
     Attorneys for Defendant
10   COMCAST INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15   DANIEL KEATING-TRAYNOR on          Case No. CV-08-3035-MHP
16   behalf of himself and all others similarly
     situated,                          **DEFENDANT COMCAST INC.'S NOTICE
17                                       OF MOTION AND MOTION TO DISMISS
                   Plaintiffs,           PLAINTIFF'S COMPLAINT**
18
            vs.                          **FRCP RULE 12(B)(6)**
19
     AC SQUARE INC.; COMCAST INC.;       Date:         September 8, 2008
20   AFSHIN GHANEH; ANDREW               Time:         2:00 p.m.
     BAHMANYAR; and DOES 1-60            Courtroom: 15
21   inclusive,                          Judge:  Honorable Marilyn H. Patel
22                 Defendants.
23

24

25          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

26          PLEASE TAKE NOTICE that on September 8, 2008, at 2:00 p.m., or as soon thereafter as

27   the matter may be heard in Courtroom 15 of the above-entitled Court, located at 450 Golden Gate

28   Avenue, San Francisco, California 94102, Defendant Comcast Inc. (hereinafter "Comcast" or

1   "Defendant") will and hereby moves this Court to dismiss Plaintiff Daniel Keating-Traynor's

2   ("Plaintiff") Complaint against Comcast, pursuant to Federal Rule of Civil Procedure 12(b)(6).

3        Plaintiff's First Claim for Conspiracy to Violate Business and Professions Code Section

4   17200 fails to state a claim upon which relief can be granted because Plaintiff did not, and cannot,

5   state a claim showing the formation and operation of a conspiracy.  Plaintiff's Second Claim for

6   Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and

7   Third Claim for Conspiracy to Violate the FLSA both fail to state a claim upon which relief can

8   be granted because his claims are barred by the maximum three-year statute of limitations.  In

9   addition, Plaintiff's Fourth Claim for Failure to Pay Monies at Termination and Fifth Claim for

10  Conspiracy to Violate Labor Code Section 558 are also time-barred.  Leave to amend would be

11  futile because the allegations in Plaintiff's Complaint conclusively demonstrate that Plaintiff

12  would not be able to state viable claims under these theories.

13       This motion is based on this Notice of Motion and Motion, the Memorandum of Points

14  and Authorities, the Request for Judicial Notice, and the pleadings and papers previously filed

15                          MORGAN, LEWIS & BOCKIUS LLP
                            DARYL S. LANDY
16                          ANN MARIE REDING

17

18  Dated: _____     By _____
19                                          Daryl S. Landy
                                            Attorneys for Defendant
20                                          COMCAST INC.

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20782492.2

2

EXHIBIT B

1   MORGAN, LEWIS & BOCKIUS LLP
    DARYL S. LANDY, SBN 136288
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA  94306-2122
    Tel:  650.843.4000
4   Fax:  650.843.4001
    E-mail:  dlandy@MorganLewis.com
5
    MORGAN, LEWIS & BOCKIUS LLP
6   ANN MARIE REDING, SBN 226864
    One Market Street, Spear Street Tower
7   San Francisco, California  94105-1126
    Tel:  415.442.1000
8   Fax:  415.442.1001
    E-mail: areding@MorganLewis.com
9
    Attorneys for Defendant
10  COMCAST INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15

16  DANIEL KEATING-TRAYNOR on          Case No. CV-08-3035-MHP
    behalf of himself and all others similarly
17  situated;                          **DEFENDANT COMCAST INC.'S
                                        REQUEST FOR JUDICIAL NOTICE IN
18                 Plaintiffs,          SUPPORT OF ITS MOTION TO DISMISS
                                        PLAINTIFF'S COMPLAINT**
19         vs.
                                        **FRCP RULE 12(B)(6)**
20  AC SQUARE INC.; COMCAST INC.;
    AFSHIN GHANEH; ANDREW              Date:       September 8, 2008
21  BAHMANYAR; AND DOES 1-60           Time:       2:00 p.m.
    INCLUSIVE;                         Courtroom: 15
22                                      Judge:      Honorable Marilyn H. Patel
                   Defendants.
23

24          In accordance with the Federal Rule of Evidence 201, Defendant Comcast Inc.

25  ("Defendant" or "Comcast") respectfully requests that this Court take judicial notice of each of

26  the exhibits accompanying this Request for Judicial Notice.

27          Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not

28  subject to reasonable dispute in that [they are] either (1) generally known within the territorial

1    jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

2    sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

3    Accordingly, Defendant asks this Court to take judicial notice of the following exhibits, all of

4    which are copies of pleadings and papers filed with the Superior Court of the State of California,

5    County of San Mateo:

6            1.      Attached hereto and incorporated herein by reference as Exhibit A is a true and

7    correct copy of the Complaint in Daniel Joseph Keating-Traynor v. AC Square, Inc., Case No.

8    CIV 456118, filed in the Superior Court of the State of California, County of San Mateo, on July

9    7, 2006.

10           2.      Attached hereto and incorporated herein by reference as Exhibit B is a true and

11   correct copy of the Complaint in Daniel Joseph Keating-Traynor on behalf of himself and all

12   others similarly situated v. AC Square, Inc., Case No. CIV 464114, filed in the Superior Court of

13   the State of California, County of San Mateo, on June 29, 2007.

14           3.      Attached hereto and incorporated herein by reference as Exhibit C is a true and

15   correct copy of the Complaint in Daniel Joseph Keating-Traynor on behalf of himself and all

16   others similarly situated v. AC Square, Inc.; Comcast Inc.; Afshin Ghaneh; Andrew Bahmanyar,

17   Case No. CIV 473571, filed in the Superior Court of the State of California, County of San

18   Mateo, on June 10, 2008.

19           4.      Attached hereto and incorporated herein by reference as Exhibit D is a true and

20   correct copy of the Order Consolidating Related Actions CIV 464144 and CIV 473571, signed by

21   Judge Mittlesteadt of the Superior Court of the State of California, County of San Mateo, on June

22   18, 2008.

                                       MORGAN, LEWIS & BOCKIUS LLP
                                       DARYL S. LANDY
23                                     ANN MARIE REDING

24

25   Dated: _____       By _____
                                                Daryl S. Landy
26                                              Attorneys for Defendant
                                                COMCAST INC.
27

28

# EXHIBIT A

| | |
|---|---|
| BRUCE R. BERNSTEIN (SB# 104230)<br>LAW OFFICES OF BRUCE R. BERNSTEIN<br>2670 Leavenworth Street<br>San Francisco, CA 94133<br>Tel:    (415) 474-1805<br>Fax:    (415) 474-1806 | **ENDORSED FILED**<br>SAN MATEO COUNTY<br><br>JUL 0 7 2006<br><br>Clerk of the Superior Court<br>By ___Jordan Maxwell<br>DEPUTY CLERK |
| Attorneys for Plaintiff<br>DANIEL JOSEPH KEATING-TRAYNOR | |

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| DANIEL JOSEPH KEATING-TRAYNOR,<br><br>    Plaintiff,<br><br>v.<br><br>AC SQUARE, INC., a California<br>corporation, Does 1-20,<br><br>    Defendants,<br>_____/ | Case No.:    **CIV 456118**<br><br>**COMPLAINT FOR DAMAGES AND<br>DEMAND FOR JURY TRIAL** |

**PARTIES**

1.      Plaintiff is informed and believes that Defendant AC SQUARE, INC. is and at all times mentioned in this Complaint was a California corporation, with the principal place of business located in Burlingame, San Mateo County, California.

2.      Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 20, and therefore sues these Defendants in such fictitious names. Plaintiff will pray leave of this Court to amend this complaint to allege the true identities when ascertained.

3.      Plaintiff is informed and believes and alleges that each of the defendants herein was at all relevant times the agent, employee, representative, partner, sub-contractor, joint venturer of the remaining defendants and acting within the course and scope of that relationship. Plaintiff is further informed and believes that each of the Defendants herein gave consent to, ratified, and otherwise authorized the acts alleged herein to each of the remaining Defendants.

## STATEMENT OF FACTS

4.      Plaintiff DANIEL KEATING-TRAYNOR, a resident of San Francisco County, began working on or around December 1, 2004 for Defendants pursuant to an oral agreement as a trainee installation technician providing cable television and computer services to Comcast consumers throughout the Bay Area, including San Francisco, San Mateo and Santa Clara Counties. Plaintiff was not paid by AC SQUARE, INC. for two months while in this training period.

5.      Subsequent to his successful completion of the training program and having undertaken and passed an employment skills test, Plaintiff was hired as a permanent full-time employee of AC SQUARE, INC. pursuant to a written employment contract on or around January 30, 2005. Plaintiff was paid on a "piece work" basis, with varying rates for installations, disconnects, upgrades, and other similar services.

6.      However, Plaintiff was not paid at a time and one-half rate for work in excess of 8 hours per day. Plaintiff was also not paid for his travel time from one locale to another, including when he was required to commute beyond 8 hours per day.

7.      Plaintiff was required to use his own vehicle and other personal items of his, including tools, a safety belt, and non-conducive ladder (for climbing utility poles) in order to perform the essential duties of Defendant's business.

8.      Plaintiff was not reimbursed for gas, cellphone bills, parking tickets, or vehicle maintenance and damage (such as when a golf ball broke his truck's windshield).

9.      Additionally, Defendant AC SQUARE, INC. improperly deducted the cost of tools and other items from Plaintiff's wages, including an industry-specific cable crimping tool and a Nextel radio.

10.     Defendant AC SQUARE, INC. also deducted from Plaintiff's wages costs it alleged to have incurred as a result of lost equipment, including modems and cable television boxes (for as much as $360.00 per item), including for such equipment that was negligently and unintentionally mislaid while at a consumer's residence and also for equipment which had in fact been returned to the Inventory Clerk.

11.   Defendant AC SQUARE, INC. also charged back to Plaintiff's wages for jobs that were alleged by the Comcast's Quality Controllers to have not been completed or alleged to have been inadequately performed, such as disconnects that may have been reconnected by the consumer. In all cases, the chargebacks were in the sum of $50.00, a sum far larger than that payable by Defendant to Plaintiff.  (For instance, a disconnect for example was paid at a $5.00 piece rate.)

12.   Plaintiff KEATING-TRAYNOR complained about these deductions and chargebacks to his wages and was retaliated against by being given the less remunerative piece work orders, such as disconnects, resulting in even lower income to him.   For example, Plaintiff complained on or about April 30, 2005 regarding a deduction of $360.00 from his wages payable for the period of April 10-23, 2005.

13.   On or about May 2, 2005, Defendant again retaliated against Plaintiff DANIEL KEATING-TRAYNOR by terminating him.  Plaintiff at that time had accrued wages. Said wages have not been forthcoming despite demand therefor, and no accounting has been given.

### FIRST CAUSE OF ACTION
[Non-Payment of Wages]

14.   Plaintiff incorporates by reference paragraphs 1-13 above, as though fully set forth herein.

15.   Pursuant to Labor Code § 201, at the time Defendant terminated Plaintiff's employment Defendant was obligated to pay Plaintiff wages earned and unpaid. In violation of Labor Code § 201 and despite demand, Defendant failed and continues to refuse to pay Plaintiff. Because Plaintiff was employed on a piece work basis and Defendant has failed and refused to provide the accounting required by law for his last two days of work, Plaintiff is only able to estimate the sum he is owed. Plaintiff estimates this to be $400.00.

16.   In addition, Defendant violated Labor Code minimum wage statutes when it failed to pay him during his training period (between December 1, 2004 and January 30, 2005).  Plaintiff estimates this to be approximately 80 hours during the month of December 2004 and January 2005.

17.   Plus, Defendant improperly charged back expenses from Plaintiff's wages and owes those now

1  as wages violating Labor Code § 222.

2  18.    Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff reasonable
3  attorney's fees and costs incurred in this action.

4  19.    Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff interest on
5  all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date
6  the wages were due and payable.

7  20.    The Defendant's failure to pay wages was willful in that Defendant knew that Plaintiff was
8  owed wages, thus entitling Plaintiff to penalties under Labor Code §§ 203, which provides that an
9  employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time
10 they were due, whichever period is shorter.
11

12      WHEREFORE, Plaintiff prays for judgment as hereinafter described.

13                          **SECOND CAUSE OF ACTION**
                            **[Failure to Pay Overtime Wages]**
14

15 21.    Plaintiff incorporates by reference paragraphs 1-20 above, as though fully set forth herein.

16 22.    During the period of from January 30, 2005 through May 2, 2005, Plaintiff never was paid
17 any wages for the time he worked in excess of eight hours.

18 23.    Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours
19 set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage
20 order.

21 24.    At all times relevant herein, Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal.
22 Code Reg. § 11090) and Labor Code § 510(a) applied to Plaintiff's employment by Defendant and
23 provide for employees employed for more than 8 hours a day or 40 hours in one week are supposed
24 to be paid at the rate of time and one-half for hours in excess of 40 in one week.

25 25.    Under the provisions of the Wage Order referred to in Paragraph 24, Plaintiff estimates that
26 he should have received time and one-half for piece work in excess of 8 hours per day on as many
27 as two days per week for the period between January 30, 2005 and May 2, 2005. Plaintiff is informed

28                                   4
                    COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   and believes Defendant owes him a sum in an amount of at least $200.00, representing the difference

2   between the amount of wages owed pursuant to the Wage Order and the amount actually paid to

3   Plaintiff. Defendants have failed and refused and continues to fail and refuse to pay Plaintiff the

4   amount owed.

5   26.     Defendant's failure to pay Plaintiff for overtime rates on piece work jobs, as required by the

6   applicable Wage Order, violates the provision of Labor Code § 1198 and is therefore unlawful.

7   27.     Pursuant to Labor Code § 1194(a), Plaintiff requests that the court award Plaintiff reasonable

8   attorney's fees and costs incurred by him in this action.

9   28.     Pursuant to Labor Code § 558(a)(1), Plaintiff requests a civil penalty of $50 for the seven pay

10  periods Plaintiff was underpaid for a total of **$350.00**.

11  29.     The Defendant's failure to pay wages was willful in that Defendant knew the Plaintiff was

12  owed wages, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an

13  employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

14  they were due, whichever period is shorter.

15      WHEREFORE, Plaintiff prays for judgment as hereinafter described.

16                      **THIRD CAUSE OF ACTION**
                    **[Violations of Labor Code § 2802]**

17  30.     Plaintiff incorporates by reference paragraphs 1-29 above, as though fully set forth herein.

18  31.     While employed in the customary business of Defendants AC SQUARE, INC. and in the

19  direct consequence of the discharge of his duties, Plaintiff was required to expend his own monies

20  and in addition suffered losses to his own property for which Defendants must indemnify Plaintiff,

21  including but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment,

22  including safety belt and non-conducive ladder in a sum greater than $3,618.23, to be proven at Trial,

23  all necessarily for conducting Defendant's business of cable television/computer installation.

24  Defendant has failed and refused to reimburse Plaintiff for such expenses, despite demand.

25  32.     Pursuant to Labor Code § 2802, Plaintiff is entitled to indemnification for his necessarily

26  incurred expenses, plus interest from the date on which the expense was occurred, plus reasonable

27

28

1    costs and attorney's fees in recovering said sums.

2        WHEREFORE, Plaintiff prays for judgment as hereinafter described.

3                          **FOURTH CAUSE OF ACTION**
                    **[Wrongful Termination in Violation of Public Policy]**

4
5    33.    Plaintiff incorporates by reference paragraphs 1-32 above, as though fully set forth herein.

6    34.    Defendant retaliated against Plaintiff by terminating him because he demanded wages to which

7    he is entitled from Defendant.

8    35.    Such retaliation and discharge violates public policy of California according to Gould v.

9    Maryland Sound Indust. Inc., (1996) 31 Cal.App.4th 1137, 1150 and Labor Code § 98.6. Demandng

10   wages and reporting violations of wage law to management is a fundamental policy of this state. Id.

11   36.    As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, distressed,

12   and aggravated. Plaintiff claims general damages for such mental distress and aggravation, in an

13   amount to be determined later, and special damages to be ascertained for the cost of treatment to

14   relieve such injuries.

15   37.    Defendant's act of discharge herein was malicious, fraudulent and oppressive, with the

16   wrongful intention of injury Plaintiff, and Defendant acted with an improper and evil motive

17   amounting to malice, and in conscious disregard of Plaintiff's rights; Plaintiff requests punitive

18   damages in a sum to be ascertained.

19   38.    Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred

20   by him in this action.

21
22       WHEREFORE, Plaintiff prays for judgment as hereinafter described.

23                          **FIFTH CAUSE OF ACTION**
                 **[Failure to Provide Personnel File, Copies and an Itemized Statement]**

24   39.    Plaintiff incorporates by reference paragraphs 1-38 above, as though fully set forth herein.

25   40.    On October 25, 2005, Plaintiff requested to see his employment file and get copies, pursuant

26   to Labor Code §§ 226(b), 432 and 1198.5.

27
28

1  41.    Defendant AC SQUARE, INC. failed and refused to provide Plaintiff access to his file, nor

2  has it responded to this request, violating Labor Code §§ 226(e), 226(f), 226.3, 433 and 1199(c).

3          WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

4          1.    For general damages in a sum to be ascertained;

5          2.    For special damages, including compensatory damages for past lost wages,
6                overtime pay, reimbursement of all improper deductions and chargebacks
                 made, reimbursement for all expenses necessarily incurred by Plaintiff in the
7                discharge of his duties for employer, in a sum to be ascertained;

8          3.    For interest on the lost wages and overtime pay;

9          4.    For penalties in the amount of 30 days pay for Plaintiff, pursuant to Labor
                 Code § 203;

10         5..   For additional civil penalties under Labor Code § 558(a)(1) totaling $350.00
11               and Labor Code § 226(e), 226(f) and 226.3 in amounts to be proven at Trial;

12         6.    For attorney's fees in a sum to be ascertained pursuant to Labor Code
                 §§ 218.5, 226(e), 1194 and 2802(c);

13         7.    For exemplary or punitive damages;

14         8.    For costs of suit herein incurred; and,

15         9.    For such other further relief as the Court may deem proper.

16
                           **DEMAND FOR JURY TRIAL**
17

18         Plaintiff DANIEL JOSEPH KEATING-TRAYNOR hereby demands trial by jury.

19  DATED:    June 28, 2006
20

21                              LAW OFFICES OF BRUCE R. BERNSTEIN

22

23                      BY:    _____

24                              BRUCE R. BERNSTEIN
                                Attorneys for Plaintiff
25                              DANIEL KEATING-TRAYNOR

26

27

28                                          7
                        COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

EXHIBIT B

07/02/2007  09:13    650692641~                      11 111111 ^N1:                          PAGE  02

1   Daniel Berko - SBN 94912
    LAW OFFICE OF DANIEL BERKO
2   819 Eddy Street
    San Francisco, CA 94109
3   Telephone: 415-771-6174
    Facsimile: 415-474-3748
4   E-mail: BerkoLaw@SBCglobal.net

5
    Attorneys for Plaintiffs,
6   DANIEL KEATING-TRAYNOR on behalf of himself
    and all others similarly situated
7

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                   IN AND FOR THE COUNTY OF SAN MATEO
10
                          UNLIMITED JURISDICTION
11

12  DANIEL KEATING-TRAYNOR on          )
    behalf of himself and all others similarly  )   Case No.   CIV 464144
13  situated,                          )
                                       )   COMPLAINT FOR RESTITUTION,
14              Plaintiff,             )   DAMAGES AND INJUNCTIVE
                                       )   RELIEF
15      vs.                            )
                                       )
16  AC SQUARE, DOES 1 THROUGH 600,     )
    inclusive.                         )   CLASS ACTION
17                                     )
                Defendants.            )
18  _____)

19      Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

20  follows:

21          1.      Plaintiff is informed and believes and thereupon alleges that Defendant AC

22  SQUARE, INC. and Does 1 through 600 install, disconnect, and upgrade cable television and

23  computer services to consumers who use the services and equipment of Comcast, a provider of

24  cable television and computer services to consumers throughout California.

25          2. Plaintiff does not know the true names of Defendants DOES 1 through 600 inclusive,

26  and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on

27  the basis of that information and belief alleges, that each of those defendants was in some·

28  manner legally responsible for the events, happenings, injuries and damages alleged in this

    COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                                    - 1 -

FILED
SAN MATEO COUNTY
JUN 2 9 2007
Clerk of the Superior Court
By GEORGE JACKSON
DEPUTY CLERK

07/02/2007  09:13    650692641.                    11  111111  ^N1:                    PAGE  03

complaint.

3. In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

5. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, were not paid for overtime, were paid on a piecemeal basis, did not receive rest breaks and meal breaks as required by California law, had the cost of tolls and other items deducted from their wages, were not reimbursed for gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or occurred while working for AC. In addition, AC failed to pay each class member wages during all hours that they worked. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class. These questions are such that proof of a state of facts

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 2 -

1    common to the class representatives and to members of the class will entitle each member of the
     class to the relief requested in this complaint.
2
        · 6.      Plaintiff will fairly and adequately represent the interests of the class, because
3
     plaintiff is a member of the class and plaintiff's claims are typical of those in the class.
4

5                          **FIRST CAUSE OF ACTION**

6              **(VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)**

7       7.    Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and

8    matters contained in paragraphs 1 through 6 above.

9       8.    Business and Professions Code §17200 et seq. prohibits any business from

10   engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act

11   or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by

12   Business and Professions Code §17500.
13

14      9.   AC'S refusal to pay class members the wages due to them, improper deductions from

15   class members' paychecks, and its refusal to pay overtime due are each separately and

16   collectively unfair and unlawful business practices.

17      10. Each class member is entitled to restitution of all money in which they have an

18   ownership interest which constitutes either (1) the failure to pay wages due or (2) the failure to
19
     pay overtime due or (3) the failure to pay for time spent while employed by AC.
20

21      11. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendant from

22   continuing to engage in the conduct alleged here.

23                         **SECOND CAUSE OF ACTION**

24               **(VIOLATION OF LABOR CODE 2802)**

25      12. Plaintiff incorporates by reference all of the allegations, averments and matters

26   contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.
27

28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                                  - 3 -

13.  While employed in the customary business of AC and in the direct consequence of their duties, class members were required to expend his or her own monies in direct consequence of the discharge of his or her duties, and in addition suffered losses to his or her own property for which Defendants must indemnify class members, including, but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment, including safety belts and other equipment.

### THIRD CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME WAGES)

14.  Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein in *haec verba*.

15.  AC fails ands refuses to pay class members overtime for time worked in excess of eight hours per day or forty hours per week.

16.  Labor Code 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

17.  At all times relevant herein, the Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal. Code Reg. 11090) and Labor Code 510(a) applied to the employment of class members by Defendant.  Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate on 1.5 times the normal hourly rate for hours in excess of 8 per day or 40 per week, and or double time under certain conditions.

18.  Pursuant to Labor Code 1194(a), Plaintiffs are entitled to reasonable attorney's fees and costs.

19. Pursuant to Labor Code 558(a)(1), each class member is entitled to a civil penalty of

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 4 -

$50 for the initial work period that each class member was underpaid and $100 for each

1   successive period   pay period that be or she was not paid overtime wages as required by law.

2                            **FOURTH CAUSE OF ACTION**

3        **(FAILURE TO FURNISH INFORMATIONREQUIRED BY LABOR CODE 226)**

4        20. Plaintiff incorporates by reference all of the allegations, averments and matters

5   contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.

6
        21. Defendant has willfully refused to semimonthly or at the time of each payment of
7
    wages, furnish each of his or her employees, either as a detachable part of the check, draft, or
8
9   voucher paying the employee's wages, or separately when wages are paid by personal check or

10  cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

11  worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

12
    if the employee is paid on a piece-rate basis, and (4) all deductions, provided that all deductions
13
    made on written orders of the employee may be aggregated and shown as one
14
15      22.  Each class member is entitled to a) is entitled to recover the greater of all actual

16  damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

17  hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding

18
    an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and
19
    reasonable attorney's fees.
20
21                            **FIFTH CAUSE OF ACTION**

22            **(ON BEHALF OF DANNY KEATING-TRAYNOR INDIVIDUALLY)**
                            **(FAILURE TO PAY WAGES DUE)**
23
        23. Plaintiff incorporates herein all of the allegations, averments and matters contained in
24
25  paragraphs 1- 3 above as if set forth at length *in have verba*.

26      24. Plaintiff worked as a trainee for approximately 80 hours for which he was not paid.  He

27  is entitled to at least minimum wage plus any overtime for those hours.

28  COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                                    - 5 -

1

2  **WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

3  **ON ALL CAUSES OF ACTION:**

4
5  1. General damages according to proof

6  2. Special damages according to proof;

7  3. Interest on all sums awarded;

8  4. Costs of suit;

9  5. Such other, and/or further relief as is just and proper.

10  Dated: June 28, 2007

11

12

13  DANIEL BERKO
   Attorney for Plaintiff DANNY TRAYNOR-
14  KEATING on behalf of themselves
   and all those similarly situated

15

16

17

18

19

20

21

22

23

24

25

26

27

28  COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 6 -

# EXHIBIT C

1    Daniel Berko - SBN 94912
     **LAW OFFICE OF DANIEL BERKO**
2    819 Eddy Street
     San Francisco, CA 94109
3    Telephone: 415-771-6174
     Facsimile: 415-474-3748
4    E-mail: BerkoLaw@SBCglobal.net

5

     Attorneys for Plaintiffs,
6    **DANIEL KEATING-TRAYNOR on behalf of himself**
     **and all others similarly situated**

**FILED**
SAN MATEO COUNTY

JUN 1 0 2008

Clerk of the Superior Court
By _____
         DEPUTY CLERK

D/B/b

7

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

               **IN AND FOR THE COUNTY OF SAN MATEO**
10
                   **UNLIMITED JURISDICTION**
11

12    **DANIEL KEATING-TRAYNOR on**        )    Case No.
     **behalf of himself and all others similarly**    )    **CIV 4 7 3 5 7 1**
13    **situated,**                            )    **COMPLAINT FOR RESTITUTION,**
               **Plaintiffs,**    )    **DAMAGES AND INJUNCTIVE**
14    -vs-·                                  )    **RELIEF**
                                     )
15    **AC SQUARE, INC.; COMCAST INC.;**    )
     **AFSHIN GHANEH; ANDREW**            )
16    **BAHMANYAR; and DOES 1-60**       )    **CLASS ACTION**
     **inclusive,**                                  )
17                **Defendants.**    )
                                   )
18

19        Plaintiff DANIEL KEATING-TRAYNOR complains of Defendants and each of them as

20    follows:

21          1.      Plaintiff is informed and believes and thereupon alleges that Defendants AC

22    SQUARE, INC., COMCAST INC, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1

23    through 60 employ cable technicians who install, disconnect, and upgrade cable television and

24    computer services to consumers who use the services and equipment of Comcast, a provider of

25    cable television and computer services to consumers throughout California.

26        2. Plaintiff does not know the true names of Defendants DOES 1-60 inclusive, and

27    therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis

28    of that information and belief alleges, that each of those defendants was in some manner legally

                               - 1 -

responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiff

is informed and believes and thereupon alleges that each of the Does 1-60 and all named

Defendants encouraged, supported, aided, advised, agreed upon and abetted the violations that

are alleged in this complaint.

3. In this complaint, when reference is made to any act of AC SQUARE, INC.

(hereafter "AC") such allegations shall mean that the owners, officers, directors, agents,

employees or representatives, of AC authorized, ratified, approved such acts, or negligently

failed and omitted to supervise its employees and agents while engaged in the management,

direction, operation or control of the affairs of the business organization and did so while acting

within the course and scope of its employment or agency.

4. In this complaint, when reference is made to any act of COMCAST, INC.

(hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents,

employees or representatives, of COMCAST authorized, ratified, approved such acts, or

negligently failed and omitted to supervise its employees and agents while engaged in the

management, direction, operation or control of the affairs of the business organization and did so

while acting within the course and scope of its employment or agency.

5. Defendant AFSHIN GHANEH is responsible for the payroll and business practices of

AC Square that are alleged herein. Afshin Ghaneh also owns AC Square. Defendant ANDREW

BAHMANYAR is also responsible for the payroll and business practices of AC Square that are

alleged herein.

6. Defendant Comcast conspired with and aided and abetted Defendants AC Square,

Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60 in taking the actions alleged

herein. moreover, by shifting responsibility for the installation of Comcast equipment to AC

Square and knowingly allowing AC to systematically underpay its cable technicians including

plaintiff and all class members, COMCAST was able to unfairly compete in the market place by

reducing the true costs of installing and servicing its equipment through the use of laborers paid

less than lawful wages.

7. Defendant COMCAST, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60

- 2 -

aided, abetted, encouraged, supported, advised and benefited from AC Square's violation of California and federal wage and hour laws as alleged herein. In addition, Afshin Ghaneh has diverted to himself funds that should have been and were available to pay Plaintiff and all AC Square employees a lawful wage.

8. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff · KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC Square as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

9. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member  (1) worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, (2)(a) were not paid for overtime either when he worked more than an 8 hour day, 2(b) or more than a forty hour week 2(c) worked the seventh day in a row 2(d) worked over eight hours on the seventh day, (3) were paid on a piecemeal basis, (4) did not receive rest breaks or meal breaks as required by California law, (5) were subject to improper deductions from their wages, and (6) were not reimbursed for gas, cell phone bills, parking tickets,  and vehicle expenses including, but not limited to, insurance, vehicle repairs or vehicle maintenance or damage to their vehicles which involved work done for and/ or occurred while working for  AC. In addition, (7) AC failed to pay each class member wages during all hours that they worked. In addition, (8) AC intentionally failed to pay all wages due when employees left the company. (9) Class members were not paid for split shifts as required by law. (10) AC required employees and all class members do work for no pay under various circumstances such as 10(a) staff meetings, 10(b)

- 3 -

1  picking up work orders and equipment, and 10(c) trips to customer locations where no customer
2  was present so as to allow an employee/class member to perform services for which he came to
3  the customer's location (except for payment of a $1.00 fee). In addition, (11) AC failed to
4  provide information required to be on wage stubs under California law to all class members. (12)
5  In addition, AC and all other defendants failed to pay Plaintiffs for time spent transporting
6  COMCAST Equipment. Accordingly, the facts supporting the claim for each class member is
7  identical or substantially similar for Plaintiff and each member of the class and the alleged breach
8  and claim of liability is identical or substantially identical for each member of the class. These
9  questions are such that proof of a state of facts common to the class representatives and to
10  members of the class will entitle each member of the class to the relief requested in this
    complaint.
11
       10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff
12
    is a member of the class and plaintiff's claims are typical of those in the class.
13
14                                  **FIRST CAUSE OF ACTION**
                   **(CONSPIRACY TO VIOLATE BUSINESS AND PROFESSIONS CODE §17200)**
15
16     11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and
17  matters contained in paragraphs 1-10 above.

18     12. Business and Professions Code §17200 et seq. prohibits any business from engaging in
19  unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice
20  and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business
21  and Professions Code §17500.
22
23     13. AC Square's refusal to pay class members the wages due to them as alleged herein,
24  which conduct was done in concert and pursuant to agreement with Comcast, Afshin Ghaneh and
25  Andrew Bahmanyar, employees at Comcast, others, and Does 1 through 60, and which was
26  aided, abetted, ordered, supported and encouraged by all defendants, and its improper deductions
27  from class members' paychecks, are each separately and collectively unfair and unlawful
28                                            - 4 -

1  business practices.

2      14. Each class member is entitled to restitutionary damages which constitutes (1) the
3
4  failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time
5  spent while employed by AC or (4) the failure to reimburse for expenses or (5) the failure to pay
6  a split shift or show up premium when required by law and (6) all other failures to pay money
7  due. Moreover, to the extent that Defendants, and any of them, received greater profits from their
8  business than they otherwise would have had AC obeyed California Labor Laws, Defendants
9
10 must disgorge all such profits to the extent necessary to pay Plaintiffs the money owed to them.
11     15. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendants from
12 continuing to engage in the conduct alleged here.

13                     **SECOND CAUSE OF ACTION**
14                  **(VIOLATION OF FAIR LABOR STANDARD ACT)**
15                       **(AGAINST ALL DEFENDANTS)**
16     16. Plaintiff incorporates herein all of the allegations, averments and matters contained in
17 paragraphs 1-10 and 12-15, inclusive as if set forth at length herein in *haec verba.*
18     17. AC Square, Comcast, Afshin Ghaneh, Andrew Bahmanyar and Does 1 through 60 fail to
19 pay overtime to class members even though it is clear that class members are entitled to overtime
20 for each workweek that they work over 40 hours in a week.
21
22     18. AC Square, Comcast, Afshin Ghaneh and Andrew Bahmanyar's failure to pay overtime
23 due to class members was a willful violation of the Fair Labor Standards Act (FLSA), because it
24 would be impossible for Defendants not to be aware that the class members were not exempt
25 from overtime requirements and yet they failed to pay overtime and continue to fail to pay
26 overtime through the present time.
27
28     19. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are
                                    - 5 -

entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

## THIRD CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

20. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12 -15 and 17-19, inclusive as if set forth at length herein *in haec verba.*

21. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA.

## FOURTH CAUSE OF ACTION
### (FAILURE TO PAY MONIES DUE AT TERMINATION OF EMPLOYMENT)

22. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19 and 21, inclusive as if set forth at length herein *in haec verba.*

23. Defendant AC Square, as to all class members who no longer work for it, willfully failed to pay all monies due at the termination of the employment relationship either immediately or within 72 hours.

24. Each class member who is no longer employed by AC Square is entitled to thirty day's wages in addition to all other relief.

## FIFTH CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE LABOR CODE SECTION 558)
### (AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19, 21, 23-24 inclusive as if set forth at length herein *in haec verba.*

26. Labor Code section 558 provides that any employer or other person acting on behalf of

- 6 -

the employer, who violates or causes to be violated any provision of chapter of the Labor Code

1  regulating payment of wages or any provision regulating hours and days of work and any order of

2  the Industrial Welfare Commission shall be liable for $50.00 penalty for the first violation of the

3
4  first pay period as to any employee and $100.00 for each subsequent violation for each

5  subsequent pay period for which the employee was underpaid in addition to an amount sufficient

6  to recover underpaid wages. Wages recovered under section 558 are the property of the

7  underpaid employee.

8  27. By engaging in the conduct and omissions alleged herein, Defendants have intentionally

9  violated numerous provisions of IWC wage orders and statutes resulting wages including but not
10
11  limited to all those referenced in this complaint.

12  28. Each class member and each employee is entitled to all wages due to them pursuant to

13  Labor Code §558.

14  29. Because the violations of the wage orders and Labor Code provisions relating to payment

15  of wages was intentional, and Defendants knowingly took advantage of its employees and caused
16
17  them substantial economic harm, Plaintiffs are entitled to punitive damages against all

18  Defendants.

19  WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOW:

20  ON ALL CAUSES OF ACTION:

21  1. General damages according to proof;

22  2. Special damages according to proof;

23  3. Interest on all sums awarded;

24  4. Costs of suit;

25  5. Such other, and/or further relief as is just and proper.
26
27  ON THE FIFTH CAUSE OF ACTION:

28
- 7 -
COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

6. Punitive Damages according to proof.

Dated: June 9, 2008

DANIEL BERKO, Attorney for Plaintiff
DANNY KEATING-TRAYNOR, on behalf of themselves
and all those similarly situated

- 8 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT D

1 | RONALD A. PETERS, Bar No. 169895
2 | BENJAMIN A. EMMERT, Bar No. 212157
LITTLER MENDELSON
A Professional Corporation
3 | 50 West San Fernando Street
15th Floor
4 | San Jose, CA 95113.2303
Telephone:    408.998.4150
5 | Facsimile:    408.288.5686
E-Mail:    rpeters@littler.com
6

Attorneys for Defendant
7 | AC SQUARE, INC.

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 1 9 2008

Clerk of the Superior Court
By _____ Siolo S. Sala _____
DEPUTY CLERK

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF SAN MATEO

10

11 | DANIEL KEATING-TRAYNOR, on
behalf of himself and all others similarly
situated,

Case No. CIV 464144
CLM

12 | **[PROPOSED] ORDER CONSOLIDATING
RELATED ACTIONS CIV 464144 AND CIV
473571**

Plaintiffs,
13

14 | v.

Date:        June 18, 2008
Time:        4:00 p.m.
Dept.:       1
Honorable Carol L. Mittlesteadt

AC SQUARE, DOES 1 THROUGH 600,
15 | inclusive,

16 | Defendants.

17 | DANIEL KEATING-TRAYNOR, on
behalf of himself and all others similarly
18 | situated,

Case No. CIV 473571

19 | Plaintiffs,

20 | v.

21 | AC SQUARE, INC.; COMCAST INC.;
AFSHIN GHANEH; ANDREW
22 | BAHMANYAR; and DOES 1 THROUGH
60, inclusive,

23

Defendants.
24

25 | FOR GOOD CAUSE SHOWN the action entitled *Daniel Keating-Traynor, on behalf*

26 | *of himself and all other similarly situated, Plaintiffs vs. AC Square, Inc.; Comcast, Inc.; Afshin*

27 | *Ghaneh; Andrew Bahmanyar; and Does 1 through 60 inclusive, Defendants,* San Mateo County

28 | Superior Court number CIV 473571, filed June 10, 2008 is hereby consolidated for all purposes with

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
16th Floor
San Jose, CA 95113 2303
408 998 1150

Case No. CIV 464144

ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571

1  the action entitled *Daniel Keating-Traynor, on behalf of himself and all other similarly situated,*

2  *Plaintiffs, vs. AC Square, Inc., Does 1 through 600 inclusive, Defendants,* San Mateo County

3  Superior Court number CIV 464144, filed June 29, 2007. All documents shall be filed under the

4  case number of the case filed first, case number CIV 464144.

5

6  Dated:        JUN 1 8 2008                          CAROL MITTLESTEADT

7                                                JUDGE OF THE SUPERIOR COURT

8

9

10
   Firmwide:85604138.1 047098.1008
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

**ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571**

EXHIBIT C

1  DARYL S. LANDY, State Bar No. 136288
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
4  Fax:  650.843.4001
   E-mail:  dlandy@MorganLewis.com
5
   ANN MARIE REDING, SBN 226864
6  MORGAN, LEWIS & BOCKIUS LLP
   One Market Street, Spear Street Tower
7  San Francisco, California  94105-1126
   Tel:  415.442.1000
8  Fax:  415.442.1001
   E-mail: areding@MorganLewis.com
9
   Attorneys for Defendant
10 COMCAST INC.

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15

16 DANIEL KEATING-TRAYNOR on          Case No. CV-08-3035-MHP
   behalf of himself and all others similarly
   situated,                          **DEFENDANT COMCAST INC.'S**
17                                     **MEMORANDUM OF POINTS AND**
                   Plaintiffs,         **AUTHORITIES IN SUPPORT OF ITS**
18                                     **MOTION TO DISMISS PLAINTIFF'S**
              vs.                      **COMPLAINT**
19
   AC SQUARE INC.; COMCAST INC.;      **FRCP RULE 12(B)(6)**
20 AFSHIN GHANEH; ANDREW
   BAHMANYAR; and DOES 1-60           Date:        September 8, 2008
21 inclusive,                         Time:        2:00 p.m.
                                      Courtroom: 15
22                 Defendants.        Judge:    Honorable Marilyn H. Patel

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20781368.2

Case No. CV-08-3035-MHP
COMCAST'S MPA ISO ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND PROCEDURAL BACKGROUND**

This action consists of the consolidation of Plaintiff Daniel Keating-Traynor's ("Plaintiff") lawsuit filed on June 29, 2007 in San Mateo County Superior Court (No. CIV 464144), which does *not* name defendant Comcast Inc. ("Defendant" or "Comcast") and Plaintiff's lawsuit filed on June 10, 2008 in the same court (No. CIV 473571) against Comcast, defendant AC Square, Inc., and two individual defendants.[1]  On June 18, 2008, these cases were consolidated (under case No. CIV 464144).  (Request for Judicial Notice filed herewith, Ex. D, Order Consolidating Related Actions.)  Subsequently AC Square and the individual defendants removed them to the Northern District on June 20, 2008.  Plaintiff's June 10, 2008 Complaint alleges the following claims against Comcast:  (1) Conspiracy to Violate Business and Professions Code Section 17200; (2) Violation of the Fair Labor Standards Act, 29 U.S.C. section 201, et seq. ("FLSA"); (3) Conspiracy to Violate the FLSA; (4) Failure to Pay Monies at Termination; and (5) Conspiracy to Violate Labor Code Section 558.

Plaintiff alleges that he was employed as a technician for AC Square, a company which employs technicians that install, disconnect, and upgrade cable television, computer and other electronic services to consumers who use Comcast's services and equipment.  (Request for Judicial Notice, Ex. C, June 10, 2008 Complaint (No. 473571), ¶8.)  Plaintiff further alleges that Comcast "conspired with and aided and abetted" AC Square and the individual defendants in the actions alleged in his Complaint.  (*Id.* at ¶6.)   In addition, Plaintiff has alleged in yet another action he filed that his employment was terminated on May 2, 2005.  (Request for Judicial Notice, Ex. A, July 7, 2006 Complaint (No. CIV 456118), ¶13.)

As Comcast was not named in the June 29, 2007 action, it only seeks to dismiss the claims against it alleged in Plaintiff's June 10, 2008 Complaint.  Specifically, Comcast seeks to dismiss Plaintiff's First Claim for Conspiracy to Violate Business and Professions Code section 17200

---

[1] For the Court's convenience, copies of the above-referenced Complaints filed in the Superior Court of California, County of San Mateo, are attached as Exhibit B (No. CIV 464144) and Exhibit C (No. CIV 473571) to the Request for Judicial Notice filed herewith.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20781368.2

1

Case No. CV-08-3035-MHP
COMCAST'S MPA ISO ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   because Plaintiff did not, and cannot, state a claim for conspiracy against Comcast.  Comcast

2   further seeks to dismiss Plaintiff's Second and Third Claims for Violation of the FLSA and

3   Conspiracy to Violate the FLSA, respectively, because they are barred by the FLSA's maximum

4   three-year statute of limitations.  Finally, Comcast seeks to dismiss Plaintiff's Fourth Cause of

5   Action for Failure to Pay Monies Due at Termination of Employment, and his Fifth Claim for

6   Conspiracy to Violate Labor Code Section 558, because they are also time-barred.  Accordingly,

7   because all five claims against Comcast fail to state a claim upon which relief can be granted,

8   Plaintiff's case against Comcast must be dismissed in its entirety without leave to amend.

9   **II.     THE STANDARD FOR GRANTING A MOTION TO DISMISS**

10          Part or all of a complaint must be dismissed if it "fail[s] to state a claim upon which relief

11  can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal is proper where the complaint's allegations,

12  even if taken as true, would not entitle the plaintiff to recover as a matter of law.  *Jacobs v. Block*,

13  250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th

14  Cir. 1988).  Here, as discussed below, Plaintiff's claims should be dismissed because they are

15  defective on the face of the Complaint.  Plaintiff's class action allegations for these claims should

16  also be dismissed, because he has no standing to bring these claims on behalf of a class.  *General*

17  *Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons without claims

18  themselves cannot represent a class who may have claims).

19  **III.    PLAINTIFF'S FIRST CLAIM FAILS TO STATE A CLAIM FOR CONSPIRACY**
20          **TO VIOLATE BUSINESS AND PROFESSIONS CODE SECTION 17200**

21          Plaintiff's First Claim alleges conspiracy to violate Business and Professions Code section

22  17200.  (Request for Judicial Notice, Ex. C., June 10, 2008 Complaint (No. CIV 473571) ¶¶11-

23  15.)  To state a claim for conspiracy, a plaintiff must allege: "(1) the formation and operation of a

24  conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from

25  such act or acts."  *General American Life Ins. Co. v. Roma*, 769 F. Supp. 1121, 1125 (N.D. Cal.

26  1991).  "To establish the 'wrongful act' element of a civil conspiracy, defendant must satisfy all

27  of the elements of a cause of action for some other tort or wrong."  *Id.*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20781368.2                              2

Case No. CV-08-3035-MHP
COMCAST'S MPA ISO ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1    Importantly, "a simple failure to comply with statutory overtime requirements . . . does

2    not qualify" to support a claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090

3    (2005). This is because a conspiracy claim cannot be based on a contract cause of action. *Id.*

4    Since a claim for overtime wages is a form of contract claim, it cannot support a conspiracy

5    claim. *Hays v. Bank of America*, 71 Cal.App.2d 301, 305 (applying the FLSA and stating

6    "federal cases have definitely determined that claims for such overtime wages…are not ex delicto

7    or founded on tort, but on the contrary and they sound in contract.") Accordingly, because

8    Plaintiff's Complaint contains only contract-based claims against Comcast for alleged failure to

9    pay overtime, he cannot state a claim for conspiracy to violate Section 17200.

10    Moreover, Plaintiff has failed to state a claim showing the requisite formation and

11    operation of a conspiracy. Plaintiff has not alleged and cannot allege Comcast owes him any duty

12    which, if breached, would support his conspiracy claim. Absent such a duty, no conspiracy claim

13    can be alleged. *Litton v. Saudi Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994) ("the doctrine of

14    conspiracy does not impose liability on persons who owe *no duty* to a plaintiff or who are

15    otherwise immune from liability"). Therefore, Plaintiff's First Claim should be dismissed

16    without leave to amend.

17
18    **IV.    PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF THE FLSA IS TIME-BARRED**

19    In his Second Claim, Plaintiff purports to state a claim for violation of the FLSA.

20    (Request for Judicial Notice, Ex. C., June 10, 2008 Complaint (No. CIV 473571), ¶¶ 16-19.)

21    Under the FLSA, an action to recover unpaid overtime compensation is barred unless commenced

22    within two years after the cause of action accrues, except where the violation of the Act was

23    "willful," in which case the action may be commenced within three years. 29 U.S.C. § 255.

24    Under the FLSA, a cause of action for unpaid wages accrues each payday on which the wages

25    due to an employee were not paid. *Bazemore v. Friday*, 478 U.S. 385, 395-96 (1986); *Biggs v.

26    Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993).

27    In his original Complaint filed against defendant AC Square, Inc., Plaintiff alleged that his

28    employment terminated on May 2, 2005. (Request for Judicial Notice, Ex. A, July 7, 2006

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20781368.2                3                Case No. CV-08-3035-MHP
                                              COMCAST'S MPA ISO ITS MOTION TO
                                              DISMISS PLAINTIFF'S COMPLAINT

1    Complaint (No. CIV 456118, ¶13.)[2]  Plaintiff did not file the instant lawsuit against Comcast until

2    June 10, 2008, over three years after his termination.  Accordingly, Plaintiff did not, and cannot,

3    plead facts sufficient to state a claim for violation of FLSA because his claim is barred by the

4    both the two-year and three-year statutes of limitations.  Therefore, Plaintiff's Second Claim for

5    violation of the FLSA should be dismissed.

6
7    **V.    PLAINTIFF'S THIRD CLAIM FOR CONSPIRACY TO VIOLATE THE FLSA IS ALSO TIME-BARRED**

8           In his Third Claim, Plaintiff purports to state a claim for conspiracy to violate the FLSA.

9    (Request for Judicial Notice, Ex. C., June 10, 2008 Complaint (No. CIV 473571), ¶¶20-21.)  The

10   applicable statute of limitations for a civil conspiracy claim is the statute of limitations for the

11   underlying claim.  *See Harrell v. 20th Century Ins. Co*., 934 F.2d 203, 208 (9th Cir. 1991) (where

12   fraud claim barred by applicable three-year statute of limitation, civil conspiracy claim based on

13   fraud did not constitute actionable claim); *Risk v. Kingdom of Norway*, 707 F. Supp. 1159, 1170,

14   n. 13 (N.D. Cal. 1989)(noting that liability is based on underlying tort committed in furtherance

15   of conspiracy and applicable statute of limitations is that of underlying tort); *Maheu v. CBS, Inc.,*

16   201 Cal. App. 3d 662, 673 (1988) (in "an action based on civil conspiracy, the applicable statute

17   of limitations is determined by the nature of the action in which the conspiracy is alleged").

18   Accordingly, the statute of limitations for Plaintiff's Third Claim for Conspiracy to Violate the

19   FLSA is the same as the maximum three-year statute of limitations for his Second Claim for

20   Violation of the FLSA.  Therefore, like the Second Claim for violation of the FLSA above,

21   Plaintiff's Third Claim is time-barred and must be dismissed.

22
23   **VI.    PLAINTIFF'S FOURTH CLAIM FOR FAILURE TO PAY MONIES AT TERMINATION IS TIME-BARRED**

24          Plaintiff's Fourth Claim alleges "failure to pay monies at termination."  (Request for

25   Judicial Notice, Ex. C., June 10, 2008 Complaint (No. CIV 473571), ¶¶22-24.)  Presumably,

26   Plaintiff is alleging a violation of California Labor Code section 201, which provides that an

27
28

---

[2] Admissions in the pleadings are generally binding on the parties and the Court  *See American Title Ins. Co. v. Lacelaw Corp*., 861 F.2d 224, 226 (9th Cir. 1988).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20781368.2                4                Case No. CV-08-3035-MHP
COMCAST'S MPA ISO ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   employee's wages are due immediately upon termination of employment.  Lab. Code § 201.  The

2   statute of limitations for an action for payment of wages due under Labor Code section 201 is

3   three years.  Cal. Code Civ. Proc. § 338(a); *Montecino v. Spherion Corp*., 427 F. Supp. 2d 965,

4   967 (C.D. Cal. 2006); *Medrano v. D'Arrigo Bros. Co*., 125 F. Supp. 2d 1163, 1170 (N.D. Cal.

5   2000).  Accordingly, because Plaintiff did not file his lawsuit against Comcast until June 10,

6   2008, over three years after his May 2, 2005 termination, this claim also is untimely.  Plaintiff did

7   not, and cannot, plead facts sufficient to state a claim for failure to pay monies at termination, and

8   his Fourth Claim should be dismissed.

9
10  **VII.    PLAINTIFF'S FIFTH CLAIM FOR CONSPIRACY TO VIOLATE CALIFORNIA
         LABOR CODE SECTION 558 IS ALSO TIME-BARRED**

11          Plaintiff's Fifth Claim alleges conspiracy to violate California Labor Code section 558.

12  (Request for Judicial Notice, Ex. C., June 10, 2008 Complaint (No. CIV 473571), ¶¶25-26.)

13  Section 558 specifically provides for civil penalties: "Any employer or other person acting on

14  behalf of an employer who violates, or causes to be violated, a section of this chapter or any

15  provision regulating hours and days of work…shall be subject to civil penalty as follows…"  Cal.

16  Lab. Code § 558.  Statutory penalties are subject to a one-year statute of limitations.  Cal. Code

17  Civ. Proc. § 340(a).  Accordingly, any claim for penalties under section 558 must be brought

18  within one year of the alleged violation.  As stated above, Plaintiff was terminated on May 2,

19  2005, over three years before the filing of this action against Comcast.  As a result, Plaintiff's

20  Fifth Claim should be dismissed as barred by the applicable one-year statute of limitations.

21
22  **VIII.   ANY CLASS ALLEGATIONS BASED UPON PLAINTIFF'S CLAIMS SHOULD
         ALSO BE DISMISSED**

23          Because Plaintiff cannot individually bring against Comcast his First Claim for

24  Conspiracy to Violate Business and Professions Code Section 17200, his Second Claim for

25  Violation of the FLSA, his Third Claim for Conspiracy to Violate the FLSA, his Fourth Claim for

26  Failure to Pay Monies at Termination, and his Fifth Claim for Conspiracy to Violate Labor Code

27  Section 558, as addressed above, he cannot represent a class of individuals who may have such

28  claims.  *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/20781368.2                                     5

Case No. CV-08-3035-MHP
COMCAST'S MPA ISO ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

1   without claims themselves cannot represent a class who may have claims); *O'Shea v. Littleton*,

2   414 U.S. 488, 494 (1974) (same).  Thus, the Court should dismiss not only Plaintiff's individual

3   claims, but also dismiss these claims brought against Comcast on behalf of the putative class.

4   **IX.**    **CONCLUSION**

5          For all of the foregoing reasons, this Court should dismiss Plaintiff's Complaint in its

6   entirety, without leave to amend.

7                                                          MORGAN, LEWIS & BOCKIUS LLP

8

9   Dated: _____    By _____

10                                                               Daryl S. Landy
                                                                 Attorneys for Defendant
11                                                               COMCAST INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D

1  MORGAN, LEWIS & BOCKIUS LLP
   DARYL S. LANDY, State Bar No. 136288
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel:  650.843.4000
4  Fax:  650.843.4001
   E-mail:  dlandy@MorganLewis.com
5
   MORGAN, LEWIS & BOCKIUS LLP
6  ANN MARIE REDING, SBN 226864
   One Market Street, Spear Street Tower
7  San Francisco, California  94105-1126
   Tel:  415.442.1000
8  Fax:  415.442.1001
   E-mail: areding@MorganLewis.com
9
   Attorneys for Defendant
10 COMCAST INC.

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15
   DANIEL KEATING-TRAYNOR on          Case No. CV-08-3035-MHP
16 behalf of himself and all others similarly
   situated,                          **[PROPOSED] ORDER GRANTING
17                                     DEFENDANT COMCAST INC.'S MOTION
                    Plaintiffs,        TO DISMISS PLAINTIFF'S COMPLAINT**
18
            vs.                        Date:       September 8, 2008
19                                     Time:       2:00 p.m.
   AC SQUARE INC.; COMCAST INC.;       Courtroom: 15
20 AFSHIN GHANEH; ANDREW               Judge:      Honorable Marilyn H. Patel
   BAHMANYAR; and DOES 1-60
21 inclusive,

22                  Defendants.

23

24

25      WHEREFORE, on September 8, 2008, the Motion to Dismiss Plaintiff Daniel Keating-

26 Traynor's ("Plaintiff") Complaint filed by Defendant Comcast Inc. ("Defendant") came on for

27 regularly scheduled hearing in Courtroom Fifteen, the Honorable Judge Marilyn H. Patel

28 presiding.  Daryl Landy of Morgan, Lewis & Bockius LLP appeared for Defendant and Daniel

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   PALO ALTO

1   Berko appeared for Plaintiff.  Upon consideration of the pleadings, papers, and arguments of

2   counsel, and with good cause shown, it is hereby **ORDERED AND ADJUDGED THAT**:

3       Defendant's Motion is **GRANTED**.

4       Plaintiff's First Claim is dismissed, without leave to amend, because Plaintiff did not, and

5   cannot, state a claim showing the formation and operation of a conspiracy to which Comcast was

6   a party.  Absent any duty owed by Comcast, no conspiracy claim can be made.  *Litton v. Saudi*

7   *Arabia Ltd.*, 7 Cal. 4th 503, 520 (1994).

8       Plaintiff's Second Claim for Violation of the Fair Labor Standards Act, 29 U.S.C. section

9   201, *et seq.* ("FLSA") is dismissed, without leave to amend, because it is time-barred by the

10  FLSA's maximum three-year statute of limitations.  29 U.S.C. § 255.

11      Plaintiff's Third Claim is also dismissed, without leave to amend, because it is time-barred

12  by the maximum three-year statute of limitations.  *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203,

13  208 (9th Cir. 1991) (holding applicable statute of limitations for a civil conspiracy claim is statute

14  of limitations for underlying claim); *Risk v. Kingdom of Norway*, 707 F. Supp. 1159, 1170, n. 13

15  (N.D. Cal. 1989) (same).

16      In addition, Plaintiff's Fourth Claim is dismissed, without leave to amend, because it is

17  time-barred by the three-year statute of limitations for an action for payment of wages due under

18  California Labor Code section 201.  Cal. Code Civ. Proc. § 338(a); *Montecino v. Spherion Corp.*,

19  427 F. Supp. 2d 965, 967 (C.D. Cal. 2006); *Medrano v. D'Arrigo Bros. Co.*, 125 F. Supp. 2d

20  1163, 1170 (N.D. Cal. 2000.

21      Plaintiff's Fifth Claim is dismissed, without leave to amend, because it is time-barred by

22  the applicable a one-year statute of limitations for penalties.  Cal. Code Civ. Proc. §340(a).

23      Accordingly, Plaintiff's Complaint against Comcast is dismissed, in its entirety, without

24  leave to amend.

25      **IT IS SO ORDERED.**

26  Dated: _____      By: _____
                                          United States District Court Judge
27
    DB2/20782568.2
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

Case No. CV-08-3035-MHP
[PROPOSED]ORDER GRANTING
COMCAST'S MOTION TO DISMISS