1  MORGAN, LEWIS & BOCKIUS LLP
    DARYL S. LANDY, SBN 136288
2  2 Palo Alto Square
    3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
    Tel: 650.843.4000
4  Fax: 650.843.4001
    E-mail: dlandy@MorganLewis.com

5

6  MORGAN, LEWIS & BOCKIUS LLP
    ANN MARIE REDING, SBN 226864
    One Market Street, Spear Street Tower
7  San Francisco, California  94105-1126
    Tel: 415.442.1000
8  Fax: 415.442.1001
    E-mail: areding@MorganLewis.com

9

    Attorneys for Defendant
10  COMCAST INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated;<br><br>               Plaintiffs,<br><br>    vs.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE;<br><br>               Defendants. | Case No. CV-08-3035-MHP<br><br>**DEFENDANT COMCAST INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**FRCP RULE 12(B)(6)**<br><br>Date:      September 15, 2008<br>Time:     2:00 p.m.<br>Courtroom: 15<br>Judge:   Honorable Marilyn H. Patel |

     In accordance with the Federal Rule of Evidence 201, Defendant Comcast Inc.

("Defendant" or "Comcast") respectfully requests that this Court take judicial notice of each of

the exhibits accompanying this Request for Judicial Notice.

     Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "not

subject to reasonable dispute in that [they are] either (1) generally known within the territorial

1  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

2  sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

3  Accordingly, Defendant asks this Court to take judicial notice of the following exhibits, all of

4  which are copies of pleadings and papers filed with the Superior Court of the State of California,

5  County of San Mateo:

6          1.      Attached hereto and incorporated herein by reference as Exhibit A is a true and

7  correct copy of the Complaint in Daniel Joseph Keating-Traynor v. AC Square, Inc., Case No.

8  CIV 456118, filed in the Superior Court of the State of California, County of San Mateo, on July

9  7, 2006.

10         2.      Attached hereto and incorporated herein by reference as Exhibit B is a true and

11  correct copy of the Complaint in Daniel Joseph Keating-Traynor on behalf of himself and all

12  others similarly situated v. AC Square, Inc., Case No. CIV 464114, filed in the Superior Court of

13  the State of California, County of San Mateo, on June 29, 2007.

14         3.      Attached hereto and incorporated herein by reference as Exhibit C is a true and

15  correct copy of the Complaint in Daniel Joseph Keating-Traynor on behalf of himself and all

16  others similarly situated v. AC Square, Inc.; Comcast Inc.; Afshin Ghaneh; Andrew Bahmanyar,

17  Case No. CIV 473571, filed in the Superior Court of the State of California, County of San

18  Mateo, on June 10, 2008.

19         4.      Attached hereto and incorporated herein by reference as Exhibit D is a true and

20  correct copy of the Order Consolidating Related Actions CIV 464144 and CIV 473571, signed by

21  Judge Mittlesteadt of the Superior Court of the State of California, County of San Mateo, on June

22  18, 2008.

                                        MORGAN, LEWIS & BOCKIUS LLP
23                                      DARYL S. LANDY
                                        ANN MARIE REDING
24

25  Dated: August 6, 2008              By ___/s/ Ann Marie Reding_____
                                           Daryl S. Landy
26                                         Ann Marie Reding
                                           Attorneys for Defendant
27                                         COMCAST INC.

28

---

DB2/20782758.2                            2                Case No. CV-08-3035-MHP
                                                           DEFENDANT COMCAST'S
                                                           REQUEST FOR JUDICIAL NOTICE

# EXHIBIT A

1   BRUCE R. BERNSTEIN (SB# 104230)
    LAW OFFICES OF BRUCE R. BERNSTEIN
    2670 Leavenworth Street
2   San Francisco, CA 94133
    Tel:   (415) 474-1805
3   Fax:   (415) 474-1806

4   Attorneys for Plaintiff
    DANIEL JOSEPH KEATING-TRAYNOR
5

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 0 7 2006

Clerk of the Superior Court
BY Jordan Maxwell
DEPUTY CLERK

6

7                   SUPERIOR COURT OF CALIFORNIA

8                      COUNTY OF SAN MATEO

9   DANIEL JOSEPH KEATING-TRAYNOR,        Case No.:

10          Plaintiff,                    **CIV 4 5 6 1 1 8**
                                          **COMPLAINT FOR DAMAGES AND**
11      v.                                **DEMAND FOR JURY TRIAL**

12  AC SQUARE, INC., a California
    corporation, Does 1-20,
13
            Defendants,
14  _____/

15

16                         **PARTIES**

    1.      Plaintiff is informed and believes that Defendant AC SQUARE, INC. is and at all times
17
    mentioned in this Complaint was a California corporation, with the principal place of business located
18
    in Burlingame, San Mateo County, California.
19

20  2.      Plaintiff is ignorant of the true names and capacities of Defendants Does 1 through 20, and

21  therefore sues these Defendants in such fictitious names. Plaintiff will pray leave of this Court to

    amend this complaint to allege the true identities when ascertained.
22

23  3.      Plaintiff is informed and believes and alleges that each of the defendants herein was at all

24  relevant times the agent, employee, representative, partner, sub-contractor, joint venturer of the

    remaining defendants and acting within the course and scope of that relationship. Plaintiff is further
25
    informed and believes that each of the Defendants herein gave consent to, ratified, and otherwise
26
    authorized the acts alleged herein to each of the remaining Defendants.
27

28  _____
                                  1
              COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## STATEMENT OF FACTS

4.    Plaintiff DANIEL KEATING-TRAYNOR, a resident of San Francisco County, began working on or around December 1, 2004 for Defendants pursuant to an oral agreement as a trainee installation technician providing cable television and computer services to Comcast consumers throughout the Bay Area, including San Francisco, San Mateo and Santa Clara Counties. Plaintiff was not paid by AC SQUARE, INC. for two months while in this training period.

5.    Subsequent to his successful completion of the training program and having undertaken and passed an employment skills test, Plaintiff was hired as a permanent full-time employee of AC SQUARE, INC. pursuant to a written employment contract on or around January 30, 2005. Plaintiff was paid on a "piece work" basis, with varying rates for installations, disconnects, upgrades, and other similar services.

6.    However, Plaintiff was not paid at a time and one-half rate for work in excess of 8 hours per day. Plaintiff was also not paid for his travel time from one locale to another, including when he was required to commute beyond 8 hours per day.

7.    Plaintiff was required to use his own vehicle and other personal items of his, including tools, a safety belt, and non-conducive ladder (for climbing utility poles) in order to perform the essential duties of Defendant's business.

8.    Plaintiff was not reimbursed for gas, cellphone bills, parking tickets, or vehicle maintenance and damage (such as when a golf ball broke his truck's windshield).

9.    Additionally, Defendant AC SQUARE, INC. improperly deducted the cost of tools and other items from Plaintiff's wages, including an industry-specific cable crimping tool and a Nextel radio.

10.    Defendant AC SQUARE, INC. also deducted from Plaintiff's wages costs it alleged to have incurred as a result of lost equipment, including modems and cable television boxes (for as much as $360.00 per item), including for such equipment that was negligently and unintentionally mislaid while at a consumer's residence and also for equipment which had in fact been returned to the Inventory Clerk.

11.    Defendant AC SQUARE, INC. also charged back to Plaintiff's wages for jobs that were alleged by the Comcast's Quality Controllers to have not been completed or alleged to have been inadequately performed, such as disconnects that may have been reconnected by the consumer. In all cases, the chargebacks were in the sum of $50.00, a sum far larger than that payable by Defendant to Plaintiff. (For instance, a disconnect for example was paid at a $5.00 piece rate.)

12.    Plaintiff KEATING-TRAYNOR complained about these deductions and chargebacks to his wages and was retaliated against by being given the less remunerative piece work orders, such as disconnects, resulting in even lower income to him.  For example, Plaintiff complained on or about April 30, 2005 regarding a deduction of $360.00 from his wages payable for the period of April 10-23, 2005.

13.    On or about May 2, 2005, Defendant again retaliated against Plaintiff DANIEL KEATING-TRAYNOR by terminating him. Plaintiff at that time had accrued wages. Said wages have not been forthcoming despite demand therefor, and no accounting has been given.

## FIRST CAUSE OF ACTION
### [Non-Payment of Wages]

14.    Plaintiff incorporates by reference paragraphs 1-13 above, as though fully set forth herein.

15.    Pursuant to Labor Code § 201, at the time Defendant terminated Plaintiff's employment Defendant was obligated to pay Plaintiff wages earned and unpaid. In violation of Labor Code § 201 and despite demand, Defendant failed and continues to refuse to pay Plaintiff. Because Plaintiff was employed on a piece work basis and Defendant has failed and refused to provide the accounting required by law for his last two days of work, Plaintiff is only able to estimate the sum he is owed. Plaintiff estimates this to be $400.00.

16.    In addition, Defendant violated Labor Code minimum wage statutes when it failed to pay him during his training period (between December 1, 2004 and January 30, 2005).  Plaintiff estimates this to be approximately 80 hours during the month of December 2004 and January 2005.

17.    Plus, Defendant improperly charged back expenses from Plaintiff's wages and owes those now

1  as wages violating Labor Code § 222.

2  18.    Pursuant to Labor Code § 218.5, Plaintiff requests that the Court award Plaintiff reasonable

3  attorney's fees and costs incurred in this action.

4  19.    Pursuant to Labor Code § 218.6, Plaintiff requests that the Court award Plaintiff interest on

5  all due and unpaid wages, at the legal rate specified by Civil Code § 3289(b), accruing from the date

6  the wages were due and payable.

7  20.    The Defendant's failure to pay wages was willful in that Defendant knew that Plaintiff was

8  owed wages, thus entitling Plaintiff to penalties under Labor Code §§ 203, which provides that an

9  employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

10  they were due, whichever period is shorter.

11

12     WHEREFORE, Plaintiff prays for judgment as hereinafter described.

13  ### SECOND CAUSE OF ACTION
    **[Failure to Pay Overtime Wages]**

14

15  21.    Plaintiff incorporates by reference paragraphs 1-20 above, as though fully set forth herein.

16  22.    During the period of from January 30, 2005 through May 2, 2005, Plaintiff never was paid

17  <u>any</u> wages for the time he worked in excess of eight hours.

18  23.    Labor Code § 1198 provides that it is unlawful to employ persons for longer than the hours

19  set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage

20  order.

21  24.    At all times relevant herein, Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal.

22  Code Reg. § 11090) and Labor Code § 510(a) applied to Plaintiff's employment by Defendant and

23  provide for employees employed for more than 8 hours a day or 40 hours in one week are supposed

24  to be paid at the rate of time and one-half for hours in excess of 40 in one week.

25  25.    Under the provisions of the Wage Order referred to in Paragraph 24, Plaintiff estimates that

26  he should have received time and one-half for piece work in excess of 8 hours per day on as many

27  as two days per week for the period between January 30, 2005 and May 2, 2005. Plaintiff is informed

28

1 and believes Defendant owes him a sum in an amount of at least $200.00, representing the difference

2 between the amount of wages owed pursuant to the Wage Order and the amount actually paid to

3 Plaintiff. Defendants have failed and refused and continues to fail and refuse to pay Plaintiff the

4 amount owed.

5 26.     Defendant's failure to pay Plaintiff for overtime rates on piece work jobs, as required by the

6 applicable Wage Order, violates the provision of Labor Code § 1198 and is therefore unlawful.

7 27.     Pursuant to Labor Code § 1194(a), Plaintiff requests that the court award Plaintiff reasonable

8 attorney's fees and costs incurred by him in this action.

9 28.     Pursuant to Labor Code § 558(a)(1), Plaintiff requests a civil penalty of $50 for the seven pay

10 periods Plaintiff was underpaid for a total of **$350.00**.

11 29.     The Defendant's failure to pay wages was willful in that Defendant knew the Plaintiff was

12 owed wages, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an

13 employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time

14 they were due, whichever period is shorter.

15     WHEREFORE, Plaintiff prays for judgment as hereinafter described.

16 **THIRD CAUSE OF ACTION**
**[Violations of Labor Code § 2802]**

17

18 30.     Plaintiff incorporates by reference paragraphs 1-29 above, as though fully set forth herein.

19 31.     While employed in the customary business of Defendants AC SQUARE, INC. and in the

20 direct consequence of the discharge of his duties, Plaintiff was required to expend his own monies

21 and in addition suffered losses to his own property for which Defendants must indemnify Plaintiff,

22 including but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment,

23 including safety belt and non-conducive ladder in a sum greater than $3,618.23, to be proven at Trial,

24 all necessarily for conducting Defendant's business of cable television/computer installation.

25 Defendant has failed and refused to reimburse Plaintiff for such expenses, despite demand.

26 32.     Pursuant to Labor Code § 2802, Plaintiff is entitled to indemnification for his necessarily

27 incurred expenses, plus interest from the date on which the expense was occurred, plus reasonable

28

1    costs and attorney's fees in recovering said sums.

2        WHEREFORE, Plaintiff prays for judgment as hereinafter described.

3    ## FOURTH CAUSE OF ACTION
4    ### [Wrongful Termination in Violation of Public Policy]

5    33.    Plaintiff incorporates by reference paragraphs 1-32 above, as though fully set forth herein.

6    34.    Defendant retaliated against Plaintiff by terminating him because he demanded wages to which
7    he is entitled from Defendant.

8    35.    Such retaliation and discharge violates public policy of California according to Gould v.
9    Maryland Sound Indust. Inc., (1996) 31 Cal.App.4th 1137, 1150 and Labor Code § 98.6. Demandng
10   wages and reporting violations of wage law to management is a fundamental policy of this state. Id.

11   36.    As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, distressed,
12   and aggravated.  Plaintiff claims general damages for such mental distress and aggravation, in an
13   amount to be determined later, and special damages to be ascertained for the cost of treatment to
14   relieve such injuries.

15   37.    Defendant's act of discharge herein was malicious, fraudulent and oppressive, with the
16   wrongful intention of injury Plaintiff, and Defendant acted with an improper and evil motive
17   amounting to malice, and in conscious disregard of Plaintiff's rights; Plaintiff requests punitive
18   damages in a sum to be ascertained.

19   38.    Plaintiff requests that the court award Plaintiff reasonable attorney's fees and costs incurred
20   by him in this action.

21

22       WHEREFORE, Plaintiff prays for judgment as hereinafter described.

23   ## FIFTH CAUSE OF ACTION
24   ### [Failure to Provide Personnel File, Copies and an Itemized Statement]

25   39.    Plaintiff incorporates by reference paragraphs 1-38 above, as though fully set forth herein.

26   40.    On October 25, 2005, Plaintiff requested to see his employment file and get copies, pursuant
27   to Labor Code §§ 226(b),  432 and 1198.5.

28

41.    Defendant AC SQUARE, INC. failed and refused to provide Plaintiff access to his file, nor has it responded to this request, violating Labor Code §§ 226(e), 226(f), 226.3, 433 and 1199(c).

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For general damages in a sum to be ascertained;

2.    For special damages, including compensatory damages for past lost wages, overtime pay, reimbursement of all improper deductions and chargebacks made, reimbursement for all expenses necessarily incurred by Plaintiff in the discharge of his duties for employer, in a sum to be ascertained;

3.    For interest on the lost wages and overtime pay;

4.    For penalties in the amount of 30 days pay for Plaintiff, pursuant to Labor Code § 203;

5.    For additional civil penalties under Labor Code § 558(a)(1) totaling $350.00 and Labor Code § 226(e), 226(f) and 226.3 in amounts to be proven at Trial;

6.    For attorney's fees in a sum to be ascertained pursuant to Labor Code §§ 218.5, 226(e), 1194 and 2802(c);

7.    For exemplary or punitive damages;

8.    For costs of suit herein incurred; and,

9.    For such other further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff DANIEL JOSEPH KEATING-TRAYNOR hereby demands trial by jury.

DATED:    June 28, 2006

LAW OFFICES OF BRUCE R. BERNSTEIN

BY:  _____
BRUCE R. BERNSTEIN
Attorneys for Plaintiff
DANIEL KEATING-TRAYNOR

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT B

07/02/2007  09:13   6506926411                11 111111 ^N1:                          PAGE  02

1   Daniel Berko - SBN 94912
    LAW OFFICE OF DANIEL BERKO
2   819 Eddy Street
    San Francisco, CA 94109
3   Telephone: 415-771-6174
    Facsimile: 415-474-3748
4   E-mail: BerkoLaw@SBCglobal.net

5

6   Attorneys for Plaintiffs,
    DANIEL KEATING-TRAYNOR on behalf of himself
7   and all others similarly situated

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 IN AND FOR THE COUNTY OF SAN MATEO

11                      UNLIMITED JURISDICTION

12  DANIEL KEATING-TRAYNOR on           )
    behalf of himself and all others similarly  )   Case No.   CIV 464144
13  situated,                           )
                                        )   COMPLAINT FOR RESTITUTION,
14              Plaintiffs,             )   DAMAGES AND INJUNCTIVE
                                        )   RELIEF
15      vs.                             )
                                        )
16  AC SQUARE, DOES 1 THROUGH 600,      )   CLASS ACTION
    inclusive.                          )
17                                      )
                Defendants.             )
18  _____)

19      Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

20  follows:

21      1.      Plaintiff is informed and believes and thereupon alleges that Defendant AC

22  SQUARE, INC. and Does 1 through 600 install, disconnect, and upgrade cable television and

23  computer services to consumers who use the services and equipment of Comcast, a provider of

24  cable television and computer services to consumers throughout California.

25      2. Plaintiff does not know the true names of Defendants DOES 1 through 600 inclusive,

26  and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on

27  the basis of that information and belief alleges, that each of those defendants was in some

28  manner legally responsible for the events, happenings, injuries and damages alleged in this

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                                    - 1 -

FILED
SAN MATEO COUNTY
JUN 29 2007
Clerk of the Superior Court
By GEORGE JACKSON
DEPUTY CLERK

complaint.

3.  In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4.  Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated.  The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast.  Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

5.  There are well-defined common of questions of law and fact affecting the class Plaintiffs represent.  The class members' claims against Defendants involve questions of common and general interest in that each and every class member worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, were not paid for overtime, were paid on a piecemeal basis, did not receive rest breaks and meal breaks as required by California law, had the cost of tolls and other items deducted from their wages, were not reimbursed for gas, cellphone bills, parking tickets or vehicle maintenance or damage all of which involved or occurred while working for AC. In addition, AC failed to pay each class member wages during all hours that they worked. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class.  These questions are such that proof of a state of facts

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 2 -

1    common to the class representatives and to members of the class will entitle each member of the
2    class to the relief requested in this complaint.
3        6.        Plaintiff will fairly and adequately represent the interests of the class, because
4    plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CAUSE OF ACTION

## (VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)

5
6
7        7.    Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and
8    matters contained in paragraphs 1 through 6 above.
9        8.    Business and Professions Code §17200 et seq. prohibits any business from
10   engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act
11   or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by
12   Business and Professions Code §17500.
13
14       9.    AC'S refusal to pay class members the wages due to them, improper deductions from
15   class members' paychecks, and its refusal to pay overtime due are each separately and
16   collectively unfair and unlawful business practices.
17       10. Each class member is entitled to restitution of all money in which they have an
18   ownership interest which constitutes either (1) the failure to pay wages due or (2) the failure to
19
20   pay overtime due or (3) the failure to pay for time spent while employed by AC.
21       11. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendant from
22   continuing to engage in the conduct alleged here.
23
## SECOND CAUSE OF ACTION
24
## (VIOLATION OF LABOR CODE 2802)
25       12. Plaintiff incorporates by reference all of the allegations, averments and matters
26   contained in paragraph 1 through 6 inclusive as if set forth at length herein in *haec verba.*
27
28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

07/02/2007  11:28    65065_    )    11 111111 ^N1:    PAGE  01

13. While employed in the customary business of AC and in the direct consequence of their duties, class members were required to expend his or her own monies in direct consequence of the discharge of his or her duties, and in addition suffered losses to his or her own property for which Defendants must indemnify class members, including, but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment, including safety belts and other equipment.

### THIRD CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME WAGES)

14. Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein in *haec verba*.

15. AC fails ands refuses to pay class members overtime for time worked in excess of eight hours per day or forty hours per week.

16. Labor Code 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

17. At all times relevant herein, the Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal. Code Reg. 11090) and Labor Code 510(a) applied to the employment of class members by Defendant. Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate on 1.5 times the normal hourly rate for hours in excess of 8 per day or 40 per week, and or double time under certain conditions.

18. Pursuant to Labor Code 1194(a), Plaintiffs are entitled to reasonable attorney's fees and costs.

19. Pursuant to Labor Code 558(a)(1), each class member is entitled to a civil penalty of

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 4 -

$50 for the initial work period that each class member was underpaid and $100 for each

1    successive period   pay period that he or she was not paid overtime wages as required by law.

2                          **FOURTH CAUSE OF ACTION**

3        **(FAILURE TO FURNISH INFORMATIONREQUIRED BY LABOR CODE 226)**

4        20. Plaintiff incorporates by reference all of the allegations, averments and matters

5    contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba*.

6
     21. Defendant has willfully refused to semimonthly or at the time of each payment of
7
     wages, furnish each of his or her employees, either as a detachable part of the check, draft, or
8
9    voucher paying the employee's wages, or separately when wages are paid by personal check or

10   cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

11   worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate

12   if the employee is paid on a piece-rate basis, and (4) all deductions, provided that all deductions

13   made on written orders of the employee may be aggregated and shown as one

14
     22.  Each class member is entitled to a) is entitled to recover the greater of all actual
15
16   damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

17   hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding

18   an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

19   reasonable attorney's fees.

20                          **FIFTH CAUSE OF ACTION**

21        **(ON BEHALF OF DANNY KEATING-TRAYNOR INDIVIDUALLY)**

22                     **(FAILURE TO PAY WAGES DUE)**

23   23. Plaintiff incorporates herein all of the allegations, averments and matters contained in

24   paragraphs 1- 3 above as if set forth at length *in have verba*.

25   24. Plaintiff worked as a trainee for approximately 80 hours for which he was not paid.  He

26
27   is entitled to at least minimum wage plus any overtime for those hours.

28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
                                  - 5 -

97/02/2007  09:13  650692641                    11 111111 ^N1:                PAGE  05

1
2
3    **WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**
4    **ON ALL CAUSES OF ACTION:**
5    1.  General damages according to proof
6    2. Special damages according to proof;
7    3. Interest on all sums awarded;
8    4. Costs of suit;
9    5.  Such other, and/or further relief as is just and proper.
10   Dated: June 28, 2007
11
12
13                    DANIEL BERKO
                     Attorney for Plaintiff DANNY TRAYNOR-
14                   KEATING on behalf of themselves
                     and all those similarly situated
15
16
17
18
19
20
21
22
23
24
25
26
27
28   COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

                              - 6 -

# EXHIBIT C

1 | Daniel Berko - SBN 94912
LAW OFFICE OF DANIEL BERKO
2 | 819 Eddy Street
San Francisco, CA 94109
3 | Telephone: 415-771-6174
Facsimile: 415-474-3748
4 | E-mail: BerkoLaw@SBCglobal.net

**FILED**
SAN MATEO COUNTY

JUN 10 2008

Clerk of the Superior Court
By
DEPUTY CLERK

D/S/b

5

6 | Attorneys for Plaintiffs,
DANIEL KEATING-TRAYNOR on behalf of himself
7 | and all others similarly situated

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

10

UNLIMITED JURISDICTION

11

12 | DANIEL KEATING-TRAYNOR on          )
behalf of himself and all others similarly )   Case No. **CV 473571**
13 | situated,                               )
                            Plaintiffs,    )   COMPLAINT FOR RESTITUTION,
14 | -vs-                                    )   DAMAGES AND INJUNCTIVE
                                            )   RELIEF
15 | AC SQUARE, INC.; COMCAST INC.;          )
AFSHIN GHANEH; ANDREW                       )
16 | BAHMANYAR; and DOES 1-60                )   CLASS ACTION
inclusive,                                  )
17 |                         Defendants.     )

18

19 |        Plaintiff DANIEL KEATING-TRAYNOR complains of Defendants and each of them as

20 | follows:

21 |        1.        Plaintiff is informed and believes and thereupon alleges that Defendants AC

22 | SQUARE, INC., COMCAST INC, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1

23 | through 60 employ cable technicians who install, disconnect, and upgrade cable television and

24 | computer services to consumers who use the services and equipment of Comcast, a provider of

25 | cable television and computer services to consumers throughout California.

26 |        2.  Plaintiff does not know the true names of Defendants DOES 1-60 inclusive, and

27 | therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on the basis

28 | of that information and belief alleges, that each of those defendants was in some manner legally

- 1 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiff is informed and believes and thereupon alleges that each of the Does 1-60 and all named Defendants encouraged, supported, aided, advised, agreed upon and abetted the violations that are alleged in this complaint.

3. In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4. In this complaint, when reference is made to any act of COMCAST, INC. (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of COMCAST authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

5. Defendant AFSHIN GHANEH is responsible for the payroll and business practices of AC Square that are alleged herein. Afshin Ghaneh also owns AC Square. Defendant ANDREW BAHMANYAR is also responsible for the payroll and business practices of AC Square that are alleged herein.

6. Defendant Comcast conspired with and aided and abetted Defendants AC Square, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60 in taking the actions alleged herein. moreover, by shifting responsibility for the installation of Comcast equipment to AC Square and knowingly allowing AC to systematically underpay its cable technicians including plaintiff and all class members, COMCAST was able to unfairly compete in the market place by reducing the true costs of installing and servicing its equipment through the use of laborers paid less than lawful wages.

7. Defendant COMCAST, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60

- 2 -

aided, abetted, encouraged, supported, advised and benefited from AC Square's violation of California and federal wage and hour laws as alleged herein. In addition, Afshin Ghaneh has diverted to himself funds that should have been and were available to pay Plaintiff and all AC Square employees a lawful wage.

8. Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated. The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff KEATING worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC Square as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

9. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent. The class members' claims against Defendants involve questions of common and general interest in that each and every class member (1) worked as an installer of cable television and computer services to consumers who use the services and equipment of Comcast, (2)(a) were not paid for overtime either when he worked more than an 8 hour day, 2(b) or more than a forty hour week 2(c) worked the seventh day in a row 2(d) worked over eight hours on the seventh day, (3) were paid on a piecemeal basis, (4) did not receive rest breaks or meal breaks as required by California law, (5) were subject to improper deductions from their wages, and (6) were not reimbursed for gas, cell phone bills, parking tickets, and vehicle expenses including, but not limited to, insurance, vehicle repairs or vehicle maintenance or damage to their vehicles which involved work done for and/ or occurred while working for AC. In addition, (7) AC failed to pay each class member wages during all hours that they worked. In addition, (8) AC intentionally failed to pay all wages due when employees left the company. (9) Class members were not paid for split shifts as required by law. (10) AC required employees and all class members do work for no pay under various circumstances such as 10(a) staff meetings, 10(b)

- 3 -

picking up work orders and equipment, and 10(c) trips to customer locations where no customer was present so as to allow an employee/class member to perform services for which he came to the customer's location (except for payment of a $1.00 fee). In addition, (11) AC failed to provide information required to be on wage stubs under California law to all class members. (12) In addition, AC and all other defendants failed to pay Plaintiffs for time spent transporting COMCAST Equipment. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class.  These questions are such that proof of a state of facts common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

### FIRST CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE BUSINESS AND PROFESSIONS CODE §17200)

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1-10 above.

12. Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

13. AC Square's refusal to pay class members the wages due to them as alleged herein, which conduct was done in concert and pursuant to agreement with Comcast, Afshin Ghaneh and Andrew Bahmanyar, employees at Comcast, others, and Does 1 through 60, and which was aided, abetted, ordered, supported and encouraged by all defendants, and its improper deductions from class members' paychecks, are each separately and collectively unfair and unlawful

- 4 -

business practices.

14. Each class member is entitled to restitutionary damages which constitutes (1) the failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time spent while employed by AC or (4) the failure to reimburse for expenses or (5) the failure to pay a split shift or show up premium when required by law and (6) all other failures to pay money due. Moreover, to the extent that Defendants, and any of them, received greater profits from their business than they otherwise would have had AC obeyed California Labor Laws, Defendants must disgorge all such profits to the extent necessary to pay Plaintiffs the money owed to them.

15. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendants from continuing to engage in the conduct alleged here.

## SECOND CAUSE OF ACTION
### (VIOLATION OF FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

16. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10 and 12-15, inclusive as if set forth at length herein in *haec verba.*

17. AC Square, Comcast, Afshin Ghaneh, Andrew Bahmanyar and Does 1 through 60 fail to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week.

18. AC Square, Comcast, Afshin Ghaneh and Andrew Bahmanyar's failure to pay overtime due to class members was a willful violation of the Fair Labor Standards Act (FLSA), because it would be impossible for Defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to pay overtime through the present time.

19. Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are

- 5 -

entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

### THIRD CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

20. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12 -15 and 17-19, inclusive as if set forth at length herein *in haec verba.*

21. Defendants and each of them combined together in a tacit and express agreement to knowingly and intentionally deprive Plaintiff and all class members of their rights to overtime pay as provided by the FLSA.

### FOURTH CAUSE OF ACTION
### (FAILURE TO PAY MONIES DUE AT TERMINATION OF EMPLOYMENT)

22. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19 and 21, inclusive as if set forth at length herein *in haec verba.*

23. Defendant AC Square, as to all class members who no longer work for it, willfully failed to pay all monies due at the termination of the employment relationship either immediately or within 72 hours.

24. Each class member who is no longer employed by AC Square is entitled to thirty day's wages in addition to all other relief.

### FIFTH CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE LABOR CODE SECTION 558)
### (AGAINST ALL DEFENDANTS)

25. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, 12-15, 17-19, 21, 23-24 inclusive as if set forth at length herein *in haec verba.*

26. Labor Code section 558 provides that any employer or other person acting on behalf of

- 6 -

the employer, who violates or causes to be violated any provision of chapter of the Labor Code regulating payment of wages or any provision regulating hours and days of work and any order of the Industrial Welfare Commission shall be liable for $50.00 penalty for the first violation of the first pay period as to any employee and $100.00 for each subsequent violation for each subsequent pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered under section 558 are the property of the underpaid employee.

27. By engaging in the conduct and omissions alleged herein, Defendants have intentionally violated numerous provisions of IWC wage orders and statutes resulting wages including but not limited to all those referenced in this complaint.

28. Each class member and each employee is entitled to all wages due to them pursuant to Labor Code §558.

29. Because the violations of the wage orders and Labor Code provisions relating to payment of wages was intentional, and Defendants knowingly took advantage of its employees and caused them substantial economic harm, Plaintiffs are entitled to punitive damages against all Defendants.

**WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof;

2. Special damages according to proof;

3. Interest on all sums awarded;

4. Costs of suit;

5. Such other, and/or further relief as is just and proper.

**ON THE FIFTH CAUSE OF ACTION:**

- 7 -

6. Punitive Damages according to proof.

Dated: June 9, 2008



      DANIEL BERKO, Attorney for Plaintiff
      DANNY KEATING-TRAYNOR, on behalf of themselves
      and all those similarly situated

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 8 -

COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

# EXHIBIT D

1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN A. EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:   408.998.4150
5  Facsimile:   408.288.5686
   E-Mail:   rpeters@littler.com
6
   Attorneys for Defendant
7  AC SQUARE, INC.

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 1 9 2008

Clerk of the Superior Court
By   Siolo S. Sala
   DEPUTY CLERK

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SAN MATEO

11  DANIEL KEATING-TRAYNOR, on          Case No. CIV 464144
    behalf of himself and all others similarly
12  situated,                           CIV
                                        [PROPOSED] ORDER CONSOLIDATING
13                                      RELATED ACTIONS CIV 464144 AND CIV
                Plaintiffs,             473571
14
        v.
15                                      Date:      June 18, 2008
    AC SQUARE, DOES 1 THROUGH 600,      Time:      4:00 p.m.
16  inclusive,                          Dept.:     1
                                        Honorable Carol L. Mittlesteadt
17              Defendants.

18  DANIEL KEATING-TRAYNOR, on          Case No. CIV 473571
    behalf of himself and all others similarly
19  situated,

20              Plaintiffs,

21      v.

22  AC SQUARE, INC.; COMCAST INC.;
    AFSHIN GHANEH; ANDREW
23  BAHMANYAR; and DOES 1 THROUGH
    60, inclusive,
24
                Defendants.
25

26          FOR GOOD CAUSE SHOWN the action entitled *Daniel Keating-Traynor, on behalf*

27  *of himself and all other similarly situated, Plaintiffs vs. AC Square, Inc.; Comcast, Inc.; Afshin*

28  *Ghaneh; Andrew Bahmanyar; and Does 1 through 60 inclusive, Defendants,* San Mateo County

    Superior Court number CIV 473571, filed June 10, 2008 is hereby consolidated for all purposes with

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

Case No. CIV 464144

ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571

1    the action entitled *Daniel Keating-Traynor, on behalf of himself and all other similarly situated,*

2    *Plaintiffs, vs. AC Square, Inc., Does 1 through 600 inclusive, Defendants,* San Mateo County

3    Superior Court number CIV 464144, filed June 29, 2007.  All documents shall be filed under the

4    case number of the case filed first, case number CIV 464144.

5

6    Dated:_____**JUN 1 8 2008**_____              _____**CAROL MITTLESTEADT**_____

7                                                    JUDGE OF THE SUPERIOR COURT

8

9

10   Firmwide:85604138.1 047098.1008

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113 2303
408 998 4150

2.                                  Case No. CIV 464144

ORDER CONSOLIDATING RELATED ACTIONS NO. CIV 464144 AND CIV 473571