Daniel Berko - SBN 94912
**LAW OFFICE OF DANIEL BERKO**
**819 Eddy Street**
**San Francisco, CA 94109**
**Telephone: 415-771-6174**
**Facsimile: 415-474-3748**
**E-mail: BerkoLaw@SBCglobal.net**

**Attorneys for Plaintiffs,**
**DANIEL KEATING-TRAYNOR on behalf of himself**
**and all others similarly situated**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated,** ) ) ) | **Case No. 08-CV-03035-MHP** |
| **Plaintiffs,** ) | **AMENDED CONSOLIDATED** |
| **-vs-** ) | **COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF** |
| **AC SQUARE, INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; and DOES 1-60 inclusive,** ) ) ) ) | |
| **Defendants.** ) | **CLASS ACTION** |
| ) | **COLLECTIVE ACTION UNDER 29 U.S.C. 216(b)** |

| | |
|---|---|
| **DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated,** ) ) ) | |
| **Plaintiffs,** ) | |
| **-vs-** ) | |
| **AC SQUARE, INC. and DOES 1-60 inclusive,** ) ) | |
| **Defendants.** ) | |

Plaintiff DANIEL KEATING-TRAYNOR complains of Defendants and each of them as

follows:

1.    Plaintiff is informed and believes and thereupon alleges that Defendants AC

SQUARE, INC., COMCAST INC, AFSHIN GHANEH, ANDREW BAHMANYER and Does 1

- 1 -

through 60 employ cable technicians who install, disconnect, and upgrade cable television and computer services to consumers who use the services and equipment of Comcast, a provider of cable television and computer services to consumers throughout California.

2.   Plaintiff does not know the true names of Defendants DOES 1-60 inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally responsible for the events, happenings, injuries and damages alleged in this complaint. Plaintiff is informed and believes and thereupon alleges that each of the Does 1-60 and all named Defendants encouraged, supported, aided, advised, agreed upon and abetted the violations that are alleged in this complaint.

3.   In this complaint, when reference is made to any act of AC SQUARE, INC. (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of AC authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

4.   In this complaint, when reference is made to any act of COMCAST, INC. (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents, employees or representatives, of COMCAST authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business organization and did so while acting within the course and scope of its employment or agency.

5.   Defendant Comcast conspired with and aided and abetted Defendants AC Square, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60  in taking the actions alleged herein.  Moreover, by shifting responsibility for the installation of Comcast equipment to AC Square with actual and/or constructive knowledge that AC was systematically underpaying its cable technicians including plaintiff and all class members, COMCAST was able to unfairly compete in the marketplace by reducing the true costs of installing and servicing its equipment

through the use of laborers paid less than lawful wages.

6.  Defendant COMCAST, Afshin Ghaneh and Andrew Bahmanyar and Does 1 through 60 aided, abetted, encouraged, supported, advised and benefited from AC Square's violation of California and federal wage and hour laws as alleged herein.  In addition, Afshin Ghaneh has diverted to himself funds that should have been and were available to pay Plaintiff and all AC Square employees a lawful wage.

7.  Plaintiff was employed by defendants as a cable television and computer technician from starting in early November, 2004 until May 26, 2005.  Plaintiff last worked for pay on May 3, 2005 (a week in which plaintiff worked overtime hours under federal and state law) but continued to seek work by placing and receiving telephone calls to AC and its employees, and considered himself still employed by Defendant until at least on or about June 15, 2005 as a result of defendant's failure to provide him with his last paycheck, or to inform him that he was terminated, return his Nextel telephone deposit, and/or return his ladder and toolbelt such that he would be able to perform work for other companies.   Plaintiff received his last paycheck from AC on October 26, 2006.

8.  Plaintiff brings this action on his own behalf, and on behalf of all persons similarly situated.  The class plaintiff represents consists of all persons who were employed by AC as cable television and computer technicians and who install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast.  Plaintiff KEATING-TRAYNOR worked as a technician and his job included the responsibilities to install, upgrade, disconnect and provide similar services to consumers who use the services and equipment of Comcast. Plaintiff was formerly employed by AC Square as a cable television and computer technician for the purpose of installing, upgrading, disconnecting and providing similar services to consumers who use the services and equipment of Comcast

9. There are well-defined common of questions of law and fact affecting the class Plaintiffs represent.  The class members' claims against Defendants involve questions of common and general interest in that each and every class member  (1) worked as an installer of cable television and computer services to consumers who use the services and equipment of

AMENDED CONSOLIDATED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
.

Comcast, (2)(a) were not paid for overtime regardless of whether he worked more than an 8 hour day, 2(b) more than a forty hour week 2(c) worked the seventh day in a row 2(d) worked over eight hours on the seventh day, (3) were paid on a piece rate basis, (4) did not receive rest breaks or meal breaks as required by California law, (5) were subject to the same company-wide policy, or lack thereof, as regards taking rest breaks and meal breaks (6) were subject to improper deductions from their wages, and (7) were not reimbursed for gas, cell phone bills, parking tickets, and vehicle expenses including, but not limited to, insurance, vehicle repairs or vehicle maintenance or damage to their vehicles which involved work done for and/ or occurred while working for AC. In addition, (8) AC failed to pay each class member wages during all hours that they worked. In addition, (9) AC intentionally failed to pay all wages due when employees left the company which affects a subclass of all former employees who were once cable technicians employed by AC and the others. (10) No class members were paid for split shifts as required by law, even though substantially all class members were entitled to at least one or more split shift premiums due to time off during the work day. (11) AC required employees and all class members to work for no pay under various circumstances such as 11(a) staff meetings, 11(b) picking up work orders and equipment, and 11(c) trips to customer locations where no customer was present so as to allow an employee/class member to perform services for which he came to the customer's location in which case class members were generally paid a "zero rate" (except for irregular payments of a $1.00 fee). In addition, (12) AC failed to provide information required to be on wage stubs under California law to all class members. (13) In addition, AC and all other defendants failed to pay Plaintiff or class members for time spent transporting and safeguarding COMCAST equipment even though if Plaintiff or class members were to lose equipment, they would have the cost of the equipment as determined by AC Square and Comcast, deducted from their wages. (14) AC had all class members, or substantially all, sign a "Damage Responsibility Form" purporting to authorize deductions from their paycheck for negligent or accidental damage to the property of Comcast customers that were caused by the technician. (15) Having class members agree in writing to have deductions from their paycheck for accidentally lost equipment. (16) AC failed to pay class members while

they were on call or engaged to wait.  (17) Every class member has the same allegations supporting a conspiracy claim and individual liability. (18) Every class member relies on the sane facts supporting individual liability. (19) Every class member relies on the same facts in alleging Comcast was a joint employer under California law and an "employer" under federal law.  (20) Class members paychecks were subject to punitive deductions, as determined by Comcast, when the job was determined to be negligently performed or the employee was not equipped to perform the work. (21) AC and the other defendants contends, that as to all class members, they had the right to charge a $15.00 deduction from class members' paychecks if the work orders are not properly filled out and to refuse to have the class member paid anything for that work..  (22) As to all class members, Defendants failed to maintain records of hours worked. Accordingly, the facts supporting the claim for each class member is identical or substantially similar for Plaintiff and each member of the class and the alleged breach and claim of liability is identical or substantially identical for each member of the class.  These questions are such that proof of a state of facts common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

10. Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CAUSE OF ACTION
## (CONSPIRACY TO VIOLATE BUSINESS AND PROFESSIONS CODE §17200) AGAINST ALL DEFDENDANTS

11. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1-10 above.

12. Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

13. AC Square's refusal to pay class members the wages due to them as alleged herein,

- 5 -

which conduct was done in concert and pursuant to agreement with Littler Mendelson, Comcast,

Afshin Ghaneh and Andrew Bahmanyar, employees at Comcast, and others, and Does 1 through

60, and which was aided, abetted, ordered, supported and encouraged by all defendants are each

and all, individually and collectively are unlawful acts prohibited by 17200.  Among the laws

violated and thus making the same conduct unlawful under 17200 are 29 U.S.C.201, 206, 206.5,

207, California Labor Codes 221, 222, 223, 226, 510(a), 512, 558,  1194, 1198, 2802, 2966

Industrial Welfare Commission Wage order 9-2001 (8 Cal.Code Reg. 11090; 8 Cal.Code Reg.

11010 et seq. sec. 8; 8 Cal.Code Reg. 11010 sec 9(C); San Francisco Administrative Code 12R.

14. Each class member is entitled to restitutionary damages which constitute  (1) the

failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time

spent while employed by AC (4) the failure to reimburse for expenses or (5) the failure to pay a

split shift or show up premium when required by law  (6) the willful failure to pay all monies due

at the termination of employment (7) any amount of  illegal deductions including illegal

"chargebacks" from class members (6) all other failures to pay money due under statutes alleged

herein or under the work contract.  Moreover, to the extent that Defendants, and any of them,

received greater profits from their business than they otherwise would have had AC obeyed

California Labor Laws,  Defendants must disgorge all such profits at least to the extent necessary

to pay Plaintiffs the money owed to them.

15. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendants from

continuing to engage in the conduct alleged here.

**SECOND CAUSE OF ACTION**

**( VIOLATION OF  BUSINESS AND PROFESSIONS CODE §17200)**

**AGAINST ALL  DEFENDANTS**

16. Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and

matters contained in paragraphs 1-10, 12-15 above.

17. Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

18.  Defendants and each of them violated B&P §17200 et seq by engaging in the unfair and unlawful business acts described more particularly in paragraphs 9 and 13 hereof, including AC Square's refusal to pay class members the wages due to them as alleged herein, which conduct was done in concert and pursuant to agreement with Littler Mendelson, Comcast, Afshin Ghaneh and Andrew Bahmanyar, employees at Comcast, and others, and Does 1 through 60, and which was aided, abetted, ordered, supported and encouraged by all defendants are each and all, individually and collectively are unlawful acts prohibited by 17200.  Among the laws violated and thus making the same conduct unlawful under 17200 are 29 U.S.C.201, 206, 206.5, 207, California Labor Codes 221, 222, 223, 226, 510(a), 512, 558,  1194, 1198, 2802, 2966  Industrial Welfare Commission Wage order 9-2001 (8 Cal.Code Reg. 11090; 8 Cal.Code Reg. 11010 et seq. sec. 8; 8 Cal.Code Reg. 11010 sec 9(C);

19. Each class member is entitled to restitutionary damages which constitute  (1) the failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time spent while employed by AC (4) the failure to reimburse for expenses or (5) the failure to pay a split shift or show up premium when required by law  (6) the willful failure to pay all monies due at the termination of employment (7) any amount of  illegal deductions including illegal "chargebacks" from class members (6) all other failures to pay money due under statutes alleged herein or under the work contract.  Moreover, to the extent that Defendants, and any of them, received greater profits from their business than they otherwise would have had AC obeyed California Labor Laws,  Defendants must disgorge all such profits at least to the extent necessary

to pay Plaintiffs the money owed to them.

### THIRD CAUSE OF ACTION
### (FAILURE TO PAY MONIES DUE AT TERMINATION OF EMPLOYMENT)
### LABOR CODE 201-203
### AGAINST AC SQUARE, COMCAST  AND GHANEH  AND DOES 1 THROUGH 20

20.    Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, inclusive as if set forth at length herein i*n haec verba.*

21.    Defendants and each of then, as to all class members who no longer work for AC, willfully failed to pay all monies due at the termination of the employment relationship either immediately or within 72 hours.

22.    Each class member who is no longer employed by AC Square is entitled to thirty day's wages in addition to all other relief.

### FOURTH  CAUSE OF ACTION
### (CONSPIRACY CONSISTING OF FAILURE TO PAY MONIES DUE AT TERMINATION OF EMPLOYMENT)
### LABOR CODE 201-203
### AGAINST AC SQUARE, COMCAST  AND GHANEH  AND DOES 1 THROUGH 20

23.     Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10, and 21-22,  inclusive as if set forth at length herein i*n haec verba.*

### FIFTH  CAUSE OF ACTION
### (VIOLATION OF LABOR CODE SECTION 558)
### (AGAINST ALL DEFENDANTS)

*24.*     Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10  inclusive as if set forth at length herein i*n haec verba.*

25.    Labor Code section 558 provides that any employer or other person acting on

- 8 -

1
2
3
4
5
6

behalf of the employer, who violates or causes to be violated any provision of chapter of the Labor Code regulating payment of wages or any provision regulating hours and days of work and any order of the Industrial Welfare Commission shall be liable for $50.00 penalty for the first violation of the first pay period as to any employee and  $100.00 for each subsequent violation for each subsequent pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

7        26.    Wages recovered under section 558 are the property of the underpaid employee.

8
9        27.    By engaging in the conduct and omissions alleged herein, Defendants have
10   intentionally violated numerous provisions of IWC wage orders and statutes resulting wages
11   including but not limited to all those referenced in this complaint.

12       28.    Each class member who was employed no later than from June 29, 2006 until the
13   present  is entitled to all penalties due to them pursuant to Labor Code §558.

14       29.    Each class member who was employed no later than from June 29, 2007 is
15   entitled to recover "an amount sufficient to recover his underpaid wages.

16
17                          **SIXTH CAUSE OF ACTION**
18              **(CONSPIRACY TO VIOLATE LABOR CODE SECTION 558)**
                              **(AGAINST ALL DEFENDANTS)**

19       *30.*    Plaintiff incorporates herein all of the allegations, averments and matters
20   contained in paragraphs 1-10 and 25-29  inclusive as if set forth at length herein i*n haec verba.*

21
22                        **SEVENTH CAUSE OF ACTION**
23
24              **(AGAINST AC SQUARE AND COMCAST)**

                        **VIOLATION OF LABOR CODE 1194**

25       *31.*    Plaintiff incorporates herein all of the allegations, averments and matters
26   contained in paragraphs 1-10  inclusive as if set forth at length herein i*n haec verba.*

27       32.    Labor Code 1194 provides that any employee who receives less than minimum
28

wage is entitled to recover in a civil action the unpaid balance of the full amount of the minimum wage or overtime in addition to interest on said amounts and attorney's fees.

33.    Defendants and each of them violated Labor Code Section 1194 by failing to pay minimum wage under California law to plaintiff and class members.

34.    Plaintiff and class members are entitled to ___?

## EIGHTH CAUSE OF ACTION

### (AGAINST ALL DEFENDANTS)

### CONSPIRACY TO VIOLATE LABOR CODE 1194

*35.*    Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10 and 32-34 inclusive as if set forth at length herein i*n haec verba.*

## NINTH CAUSE OF ACTION.

### VIOLATION OF SAN FRANCISCO ADMINISTRATIVE CODE 12R

### SAN FRANCISCO MINIMUM WAGE ORDINANCE

### (AGAINST ALL DEFENDANTS

*36.*    Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10 inclusive as if set forth at length herein i*n haec verba.*

37.    San Francisco Administrative Code Section 12R provides that the San Francisco living wage be paid as a minimum wage to all employees who are employed in San Francisco City and County to perform more than two hours work.

38.    Defendants and each of them failed to pay plaintiff and the class members wages in accordance with the San Francisco minimum wage ordinance.

39.    Plaintiff and the class members are entitled to unpaid wages and penalties for the willful violation.

AMENDED CONSOLIDATED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
.

**TENTH CAUSE OF ACTION.**

**CONSPIRACY TO VIOLATE SAN FRANCISCO ADMINISTRATIVE CODE 12R**

**SAN FRANCISCO MINIMUM WAGE ORDINANCE**

**(AGAINST ALL DEFENDANTS**

*40.*     Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10 and 37-39 inclusive as if set forth at length herein i*n haec verba.*

41.     Plaintiff and the class members are entitled to unpaid wages and ??

**ELEVENTH CAUSE OF ACTION.**

**(VIOLATION OF FAIR LABOR STANDARD ACT)**
**(AGAINST ALL DEFENDANTS**

*42.*      Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10 inclusive as if set forth at length herein i*n haec verba.*

43.     .AC Square, Comcast, Afshin Ghaneh, Andrew Bahmanyar and Does 1 through 60 failed and still fail to pay overtime to class members even though it is clear that class members are entitled to overtime for each workweek that they work over 40 hours in a week. Plaintiff is informed and believes and thereupon alleges that all, or virtually all, class members worked one or more workweeks where they worked over forty hours in the week but were not pay overtime.

44.     AC Square, Comcast, Afshin Ghaneh and Andrew Bahmanyar's failure to pay overtime due to class members was a willful violation of the Fair Labor Standards Act (FLSA), because it would be impossible for Defendants not to be aware that the class members were not exempt from overtime requirements and yet they failed to pay overtime and continue to fail to

- 11 -

pay overtime through the present time.

45.    Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are entitled to damages consisting of the overtime wages they should have been paid and liquidated damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable attorney's fees incurred in enforcing the rights.

## TWELFTH CAUSE OF ACTION
### (CONSPIRACY TO VIOLATE THE FAIR LABOR STANDARD ACT)
### (AGAINST ALL DEFENDANTS)

46.    Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-10,  and  43-45 inclusive as if set forth at length herein i*n haec verba.*

*47.*    All defendants are employers pursuant to 29 USC 203(d) and liable for damages caused by a violation of the FLSA.

## REQUEST FOR INJUNCTIVE RELIEF

49.    Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-47 inclusive as if set forth at length herein i*n haec verba.*

50.    Plaintiff, on behalf of class members who are current employees of Defendants requests this Court issue an injunction prohibiting defendants and each of them from failing to pay overtime, from paying artificial piece rates, from paying wages below the applicable minimum wage requirements.

**WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof;

- 12 -

2. Special damages according to proof;

3. Interest on all sums awarded;

4. Costs of suit;

5. Injunctive Relief

6.  Such other, and/or further relief as is just and proper.

7.  Punitive Damages according to proof.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and class members hereby demands trial by jury on each and every cause of action.

Dated: August 11, 2008

_____

DANIEL BERKO, Attorney for Plaintiff
DANNY KEATING-TRAYNOR, on behalf of himself
and all those similarly situated

AMENDED CONSOLIDATED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF
.