1  **Daniel Berko - SBN 94912**
   **LAW OFFICE OF DANIEL BERKO**
2  **819 Eddy Street**
   **San Francisco, CA 94109**
3  **Telephone: 415-771-6174**
   **Facsimile: 415-474-3748**
4  **E-mail: BerkoLaw@SBCglobal.net**

6  **Attorneys for Plaintiffs,**
   **DANIEL KEATING-TRAYNOR on behalf of himself**
   **and all others similarly situated**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br> -vs- <br><br> AC SQUARE, INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; and DOES 1-60 inclusive, <br><br> Defendants. | Case No. 3:08-CV-03035 <br><br> **PLAINTIFF DANIEL KEATING-TRAYNOR'S OPPOSITION TO DEFENDANT ANDREW A. BAHMANIAR MOTION TO DISMISS** <br><br> DATE: September 8, 2008 <br> TIME: 2:00 p.m. <br> HONORABLE MARILYN HALL PATEL <br><br> **CLASS ACTION** |

## INTRODUCTION

Plaintiff is a former employee of AC Square who worked as a cable technician. Because he believed he was underpaid and wrongfully fired he filed with the Department of Labor Standards Enforcement. However, he found that department woefully under staffed and inattentive to his claims. He then hired an attorney and filed Case One – San Mateo Superior Court Case No. 456188 on July 6, 2008. AC Square has referred to Plaintiff's claims with such disparaging labels such as "various and sundry" and "small potatoes". In any event,

Plaintiff's attorney dropped the "small potatoes" case and that left Plaintiff without an attorney facing a trial and a summary adjudication motion. Plaintiff lost the summary adjudication motion (all of his evidence was ordered stricken due to a defective verification of his declaration) and was forced to dismiss without prejudice on June 19, 2008- 6 days before the trial date then set - all causes of action for compensation or penalties due without prejudice.

With present counsel, Plaintiff filed Case No. 2 (Case No, 464 144) as a class action under California Law for compensation on behalf of all cable technicians on June 29, 2007. The only named Defendant was AC Square.

With present counsel, Plaintiff filed a new and expanded complaint in state court on June 10, 2008, Case No. 473 571. Notably, new named defendants are added (COMCAST, BAHMANYAR, and GHANEH), and an FLSA claim and conspiracy to violate the FLSA was added.

The next day, June 11, 2008, Plaintiff filed an FLSA claim (two counts one a violation of the FLSA and a conspiracy to violate the FLSA).

On June 18, 2008 the San Mateo Superior Court ordered Case 2 and case 3, the June 2007 and June 2008 state court complaints, consolidated for all purposes. Under California law, the entire actions are deemed merged and one action under those circumstances. Thus, the 2nd and 3rd complaints are regarded as merged, one set of findings is made, and one judgment is rendered. [See *Hamilton v. Asbestos Corp., Ltd.* (2000) 22 C4th 1127, 1147–1148 ]

Plaintiff has tried to obtain agreement of the parties to the filing of an Amended Consolidated Complaint in the Removed Actions and then any and all defendants would move to dismiss any and all claims that they wish and the court would have one hearing on Plaintiff's best attempt to state a claim. (Plaintiff would, as any Plaintiff, still want to be able to seek leave to amend if warranted, but allowing a hearing on the Consolidated Complaint it would avoid the

- 2 -
**PLAINTIFF DANIEL KEATING-TRAYNOR'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
.

piecemeal attacks on the basic claims alleged). Plaintiff has been unable to secure such an agreement.

Plaintiff believes that there is no question that the filing of the Amended Consolidated Federal Complaint makes moot all motions to dismiss the superseded pleading. However, to date, AC Square takes the position that even the filing of an amended complaint in the direct federal action did not moot out the motion to dismiss the complaint in that action. So, in an abundance of caution, Plaintiff will file this opposition to the Motion to Dismiss filed by Comcast, even though he respectfully requests the court take the motion off calendar and have Comcast and all defendants file a motion to dismiss the Amended Consolidated complaint.

**THE CONSPIRACY ALLEGATIONS DEMONSTRATE THAT THE STATUTE OF LIMITATIONS HAS NOT EVEN BEGUN TO RUN AND THUS THE COMPLAINT IS TIMELY**

Defendants claim that the statute of limitations for conspiracy is the same as the statute of Limitations for the underlying cause of action. Plaintiff agrees with defendants.1 The key difference that defendants ignore is that the statute of limitations does not start to run until the last overt act of the conspiracy has occurred. Plaintiff will argue that the conspiracy continues to run until this day and thus the statute of limitations has not even begun. He also notes that he was not paid for his final work week until shortly after October 26, 2006. Thus if a valid conspiracy is pled, there is no question Plaintiff's individual claim under the FLSA is timely.

Defendants argue that no valid conspiracy is alleged relying largely on the corporate shield doctrine.2 The most important response is that the FLSA has a broad definition of employer that, for example, unquestionably includes Mr. Ghaneh. *Chao v. Hotel Oasis, Inc.* (1st Cir. 2007),

---

1 Equitable tolling and relation back are separate issues.

**PLAINTIFF DANIEL KEATING-TRAYNOR'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
.

493 F3d 26, 34.  For purposes of any motion to dismiss, "employer" includes Comcast and Mr. Bahmanyar as well.   "[W]e must be mindful of the directive [of Congress] that [the FLSA} is to be liberally construed to apply to the furthest reaches consistent with Congressional Intent.  *Biggs v. Wilson* (9th Cir. 1993) 1 F.3d 1537Thus the general common law doctrine of the corporate shield must yield to the statutory imperative of the specific FLSA.  Moreover, a vital distinction between this case and those applying the corporate shield to shield off liability for the agent/employee, is that here, because of 29 USC203(d) the individuals and Comcast are legally capable of committing the acts alleged.

Defendant cites California case law for holding that in a "simple overtime claim" the action is founded on a contract claim and no conspiracy to violate a contract exists in California.  But, the California Supreme Court has never retreated from its holding in holding in *Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 785 that "[d]irectors and officers of a corporation are not rendered personally liable for its torts merely because of their official positions, but may become liable if they directly ordered, authorized or participated in the tortious conduct. (*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 595) Personal liability, if otherwise justified, may rest upon a "conspiracy" among the officers and directors to injure third parties through the corporation."    Such persons may be held liable, as conspirators or otherwise, for violation of their own duties towards persons injured by the corporate tort. (See *Wyatt v. Union Mortgage supra,*  And though it does seem to be the law, at least in California, that one cannot be liable for conspiracy to commit a wrongful act unless one was personally bound by the duty violated by the wrongdoing, here the crucial point is that under the FLSA, and under California Labor Code 558 and 2966, every single named defendant is capable of

---

2 Comcast does not actually argue this, but since its co-defendant does, we will address the issue.

- 4 -

**PLAINTIFF DANIEL KEATING-TRAYNOR'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
.

personally violating the FLSA and Labor Code sections.3 Because Mr. Ghaneh and Bahmayer personally participated and ordered and directed the violation of the FLSA and California labor laws and because they are capable of violating the laws cited, they can conspire to violate them as well. See *Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39, 44 where the California Supreme Court stated that "we anticipate that the impact of our holding, barring liability of employees or agents for conspiracy to cause their principal to violate a duty that is binding on the principal alone, will be relatively narrow where the violated duty is other than contractual."

Reynolds v. Bemont (2005) 36 Cal.4th 1075, the case cited by defendants, is decided under California law. Although it is not at all clear that there can't be a conspiracy to violate a contract even in California, whatever the rule in California, it is not authority for the conspiracy rule under the FLSA. Any more than Missouri law which holds that one can have a conspiracy to violate a contract. *Rosen v. Alside, Inc.* (Mo. 1952) 248 S.W. 638. In any event, it is interesting to note that in *Reynolds* the court stated that a "**simple failure** to comply with statutory requirements…does not qualify." (Emp. Added) It is not clear what the court meant by a "simple failure", but in this case we have an alleged knowing, intentional failure to pay overtime, to take unlawful deductions, to charge unlawful expenses, to fail to make full payment at termination of employment, to take unlawful deductions, to fail to give rest and meal breaks, and to fail to pay for many hours pay under California minimum wage law (which requires minimum wage for every hour worked as distinct from the FLSA which allows an employer to average the wages over the work week for minimum (but not overtime) wages. And, under *Reynolds,* "[d]irector status therefore neither immunizes a person from individual liability nor subjects him or her to vicarious liability." *Reynolds* at p. 1090.

---

3 In *Jones v. Gregory* (2006) the Court of Appeal noted that Labor Code section 558 provides for penalties and wages to be paid to the affected employee by "*[a]ny* employer or *other person acting on behalf of an employer,*" a much stronger indication it applies to corporate officers and agents. (See § 558, subd. (a), italics in court opinion.) Similarly, the FLSA claims apply to corporate officers and agents and others if warranted by the facts, as here.

- 5 -

**PLAINTIFF DANIEL KEATING-TRAYNOR'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
.

While the Reynolds court did conclude that "corporate agents acting within the scope of their agency are not personally liable for the corporate employer's failure to pay its employees' wages," the court also noted that its holding did not preclude employees ... from recovering penalties and wages due against corporate agents. *Reynolds, supra,* 36 Cal.4th at 1087 and 1089.  Specifically, the court stated that "pursuant to section 558, subdivision (a), any 'person acting on behalf of an employer who violates, or causes to be violated' a statute or wage order relating to working hours is subject to a civil penalty, payable to the affected employee, equal to the amount of any underpaid wages." Id. at 1189. The court further stated that "the Legislature has provided that aggrieved employees may under certain circumstances maintain civil actions to recover such penalties." Id. (*Reynolds* did not involve labor Code 558, because the facts involved predated the passage of that section.)   In his concurring opinion, Justice Moreno stated, "it would make sense for the Legislature to extend the reach of section 1194 to include individuals who are directly responsible for the nonpayment of overtime wages but who hide behind the corporate form.... **Taking a leaf from federal law, the Legislature could similarly authorize section 1194 actions against such individuals.** (Emp. Added.)

In addition, the Consolidated Amended Complaint alleges that Ghaneh misappropriated to himself money belonging to the class and Plaintiff.  *Reynolds* notes that is an example of an exception to its ruling that a corporate officer is not liable for failure to pay overtime wages.

The general rule is that conspiracy liability is sufficiently established by proof showing concerted action or other facts and circumstances from which the natural inference arises that the unlawful, overt acts were committed in furtherance of a common design, intention, or purpose of the alleged conspirators. *Meineke v. Discount Muffler v. Jaynes* 999 F.2d 120 (5th Cir 1993) (stating Texas law). Furthermore, the requisite concurrence and knowledge " ' "may be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged

- 6 -

**PLAINTIFF DANIEL KEATING-TRAYNOR'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
.

conspirators, and other circumstances. (Chicago Title Ins. Co. v. Great Western Financial Corp. (1968) 69 Cal.2d 305, 316, Tacit consent as well as express approval will suffice to hold a person liable as a coconspirator. (Holder v. Home Sav. & Loan Assn. (1968) 267 Cal.App.2d 91, 108. Wyatt, supra, at p. 785.

### DEFENDANTS FAILURE TO PAY OVERTIME TO PLAINTIFF WHEN THEY PAID HIM ON OR AFTER OCTOBER 26, 2006 STARTED THE STATUTE OF LIMITATIONS FOR THAT PAYMENT

When Defendants paid Plaintiff with a check dated October 26, 2006 which did not include payment for overtime even though Plaintiff worked for more than 40 hours during the period covered by that check, the statute of limitations runs from that DATE. "Each paycheck received by plaintiffs constituted a new cause of action for the alleged violation of the FLSA [and] plaintiffs are entitled to recover for any violations which occurred in the two years preceding [the date of their claim.]" *Mitchell v. Lancaster Milk Co.* 185 F.Supp. 66, 70 (M.D. Pa. 1960) cited with approval in *Biggs v. Wilson* 1 F3d 1537 (Ninth Cir. 1993). Thus, even putting aside the conspiracy claim, relation back and equitable tolling, the complaint is clearly timely as to the October 26, 2006 failure to pay overtime wages.

### EQUITABLE TOLLING APPLIES TO TOLL THE STATUTE OF LIMITATIONS FOR PLAINTIFFS' CLAIMS

Defendants have been aware of Plaintiff's claims for overtime since June 29, 2007 when the complaint in this action was filed in state court. This allows the court to apply the doctrine of equitable tolling to toll the statute fo limitations for his claim as of that date. For the same reason, the complaint filed in this action clearly put defendants on notice of the overtime claims

- 7 -
**PLAINTIFF DANIEL KEATING-TRAYNOR'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**
.

asserted by Defendants.

**CONCLUSION**

The court should take the motion to dismiss off calendar because of the filing of the Amended Consolidated complaint. The Amended Consolidated Complaint (and the original complaint as well) is timely because a conspiracy is alleged, because the last payment alleged to violate the law was with a check dated October 26, 2006 and received after that date, because the complains relate back to June 29, 2007, at least, and because of the doctrine of equitable tolling.

Dated: August 11, 2008

                                      _____
DANIEL BERKO Attorney for Plaintiff, DANIEL KEATING-TRAYNOR, on behalf of himself and all others similarly situated