1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN A. EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA 95113.2303
   Telephone:    408.998.4150
5
   Attorneys for Defendants
6  AC SQUARE, INC., AFSHIN GHANEH,
   ANDREW BAHMANYAR
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11  DANIEL KEATING-TRAYNOR on              Case No.  CV-08-3035-MHP
    behalf of himself and all others similarly
12  situated,                              **[CALIFORNIA ACTION NO. CIV 464144
                                           (CONSOLIDATED BY ORDER OF
13              Plaintiff,                 COURT WITH CIV 473571]**

14       v.

15  AC SQUARE, INC.; COMCAST INC.;         **JOINT SUPPLEMENTAL REQUEST FOR
    AFSHIN GHANEH; ANDREW                  JUDICIAL NOTICE FILED IN SUPPORT
16  BAHMANYAR; and DOES 1 THROUGH          OF NOTICE OF MOTION AND MOTION
    60, inclusive,                         TO DISMISS PLAINTIFF'S FIRST,
17                                         SECOND, THIRD, FOURTH, AND FIFTH
              Defendant.                   CAUSES OF ACTION FROM
18                                         COMPLAINT, CASE NUMBER CV-08-
                                           3035-MHP**
19
                                           **Date:    September 15, 2008
20                                         Time:    2:00 p.m.
                                           Dept:    Courtroom 15
21                                         Judge: Honorable Marilyn H. Patel**

22          Defendants AC Square, Inc., Afshin Ghaneh and Andrew Bahmanyar (hereafter

23  collectively referred to as "Defendants") submit the following Request for Judicial Notice in support

24  of Defendants' Motion to Dismiss Plaintiff's first, second, third, fourth and fifth causes of action

25  from the Complaint, Case Number CV-08-3035-MHP, pursuant to Federal Rule of Evidence section

26  201.

27  **REQUEST FOR JUDICIAL NOTICE NO. 1:**

28          Defendant requests this Court take judicial notice of Defendant AC Square, Inc.'s

1   Notice of Demurrer to Plaintiffs' Fourth Amended Complaint and Notice of Motino to Strike

2   Portions of Said Complaint filed in the Superior Court in and for the County of San Mateo, Case

3   Number CIV 464144, on July 30, 2007. A true and correct copy of this document is attached hereto

4   as Exhibit A.

5   **REQUEST FOR JUDICIAL NOTICE NO. 2:**

6           Defendant requests this Court take judicial notice of Plaintiff's First Amended

7   Complaint for Restitution, Damages and Injunctive Relief filed in the Superior Court in and for the

8   County of San Mateo, Case Number CIV 464144, on August 31, 2007. A true and correct copy of

9   this document is attached hereto as Exhibit B.

10  **REQUEST FOR JUDICIAL NOTICE NO. 3:**

11          Defendant requests this Court take judicial notice of the Answer of Defendant AC

12  Square to Plaintiff's Unverified First Amended Complaint filed in the Superior Court in and for the

13  County of San Mateo, Case Number CIV 464144 on December 5, 2007.   A true and correct copy of

14  this document is attached hereto as Exhibit C.

15  Dated: August 18, 2008

16

17                                          RONALD A. PETERS
                                            BENJAMIN EMMERT
18                                          LITTLER MENDELSON
                                            A Professional Corporation
19                                          Attorneys for Defendants
                                            AC SQUARE, INC., AFSHIN GHANEH,
20                                          ANDREW BAHMANYAR

21

22  Firmwide:86261404.1 047098.1008

23

24

25

26

27

28                                          2.

TTLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
15th Floor
an Jose, CA 95113 2303
408 998 4150

EXHIBIT A

ENDORSED FILED
SAN MATEO COUNTY

JUL 3 0 2007

Clerk of the Superior Court
By ___M. MARCIANO___
DEPUTY CLERK

1 | RONALD A. PETERS, Bar No. 169895
LITTLER MENDELSON
2 | A Professional Corporation
50 West San Fernando Street
3 | 14th Floor
San Jose, CA 95113.2303
4 | Telephone:   408.998.4150
Facsimile:   408.288.5686
5 | E-Mail:   rpeters@littler.com

6 | Attorneys for Defendant
AC SQUARE, INC.

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN MATEO

10 | DANIEL KEATING-TRAYNOR, on
behalf of himself and all others similarly
11 | situated,

12 | Plaintiff,

13 | v.

14 | AC SQUARE, DOES 1 THROUGH 600,
inclusive,

15

16 | Defendant.

17

18

Case No.  CIV 464144

**DEFENDANT AC SQUARE INC.'S
NOTICE OF DEMURRER TO
PLAINTIFFS' FOURTH AMENDED
COMPLAINT AND NOTICE OF MOTION
TO STRIKE PORTIONS OF SAID
COMPLAINT**

DATE:         Wednesday, September 5, 2007
TIME:         9:00 a.m.
DEPT.:        Law and Motion
TRIAL DATE:  N/A
JUDGE:

BY FAX

19

20 | TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

21 |       PLEASE TAKE NOTICE that Defendant AC Square, Inc.'s Demurrer to Plaintiffs'

22 | Fourth Cause of Action and its Motion to Strike Portions of said Complaint ("Demurrer and Motion

23 | to Strike"), has been set for hearing on September 5, 2007, in the Law and Motion Department of the

24 | Superior Court for the State of California, County of San Mateo, located at 400 County Center

25 | Redwood City, California, in the Law and Motion Department.

26 |       Defendant's Demurrer and Motion to Strike will be based upon this Notice of

27 | Demurrer and Motion to Strike, the Demurrer and Motion to Strike filed herewith, the Memorandum

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Notice of Demurrer and Motion to Strike                                                    CIV 464144

11031063.tif - 7/30/2007 2:68:45 PM

1 | of Points and Authorities in Support of Defendant's Demurrer and Motion to Strike filed herewith,

2 | and the pleadings and papers on file in this action.

3 | Dated: July 30, 2007

4

5

6 | RONALD A. PETERS
    LITTLER MENDELSON

7 | A Professional Corporation
    Attorneys for Defendant

8 | AC SQUARE, INC.

9 | Firmwide:82858305.1 047098.1008

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LER MENDELSON
ʀᴏꜰᴇssɪᴏɴᴀʟ ᴄᴏʀᴘᴏʀᴀᴛɪᴏɴ
ᴀ¹ San Fernando Street
14th Floor
Jose, CA  95113.2303
408 998.4150

Def's Notice of Demurrer and Motion to Strike                    CIV 464144

EXHIBIT B

1  Daniel Berko - SBN 94912
   **LAW OFFICE OF DANIEL BERKO**
2  819 Eddy Street
   San Francisco, CA 94109
3  Telephone: 415-771-6174
   Facsimile: 415-474-3748
4  E-mail: BerkoLaw@SBCglobal.net

5

6  Attorneys for Plaintiffs,
   **DANIEL KEATING-TRAYNOR on behalf of himself**
7  **and all others similarly situated**

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SAN MATEO

11                      UNLIMITED JURISDICTION

12

13  DANIEL KEATING-TRAYNOR on          )
    behalf of himself and all others similarly  )   Case No.: CIV 464144
14  situated,                          )
                                       )   **FIRST AMENDED COMPLAINT FOR**
15              Plaintiffs,            )   **RESTITUTION, DAMAGES AND**
           vs.                         )   **INJUNCTIVE RELIEF**
16                                     )   ──────────────────────────
    AC SQUARE, DOES 1 THROUGH 600,     )
17  inclusive.                         )   CLASS ACTION
                                       )
18              Defendants.            )
    ───────────────────────────────────)
19

20       Plaintiff DANIEL KEATING- TRAYNOR complains of Defendants and each of them as

21  follows:

22       1.      Plaintiff is informed and believes and thereupon alleges that Defendant AC

23  SQUARE, INC. and Does 1 through 600 install, disconnect, and upgrade cable television and

24  computer services to consumers who use the services and equipment of Comcast, a provider of

25  cable television and computer services to consumers throughout California.

26       2. Plaintiff does not know the true names of Defendants DOES 1 through 600 inclusive,

27  and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on

28  the basis of that information and belief alleges, that each of those defendants was in some

    **FIRST AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF**

1    manner legally responsible for the events, happenings, injuries and damages alleged in this

2    complaint.

3        3.  In this complaint, when reference is made to any act of AC SQUARE, INC.

4    (hereafter "AC")  such allegations shall mean that the owners, officers, directors, agents,

5    employees or representatives, of AC authorized, ratified, approved such acts, or negligently

6    failed and omitted to supervise its employees and agents while engaged in the management,

7    direction, operation or control of the affairs of the business organization and did so while

8    acting within the course and scope of its employment or agency.

9        4.  Plaintiff brings this action on his own behalf, and on behalf of all persons similarly

10   situated.  The class plaintiff represents consists of all persons who were employed by AC as

11   cable television and computer technicians and who install, upgrade, disconnect and provide

12   similar services to consumers who use the services and equipment of Comcast.  Plaintiff

13   KEATING worked as a technician and his job included the responsibilities to install, upgrade,

14   disconnect and provide similar services to consumers who use the services and equipment of

15   Comcast. Plaintiff was formerly employed by AC as a cable television and computer technician

16   for the purpose of installing, upgrading, disconnecting and providing similar services to

17   consumers who use the services and equipment of Comcast

18       5.  There are well-defined common of questions of law and fact affecting the class

19   Plaintiffs represent.  The class members' claims against Defendants involve questions of common

20   and general interest in that each and every class member worked as an installer of cable

21   television and computer services to consumers who use the services and equipment of Comcast,

22   were not paid for overtime, were paid on a piecemeal basis, did not receive rest breaks and meal

23   breaks as required by California law, had the cost of tolls and other items deducted from their

24   wages, were not reimbursed for gas, cellphone bills, parking tickets or vehicle maintenance or

25   damage all of which involved or occurred while working for AC. In addition, AC failed to pay

26   each class member wages during all hours that they worked. Accordingly, the facts supporting

27   the claim for each class member is identical or substantially similar for Plaintiff and each

28   member of the class and the alleged breach and claim of liability is identical or substantially

**FIRST AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF**

- 2 -

identical for each member of the class. These questions are such that proof of a state of facts common to the class representatives and to members of the class will entitle each member of the class to the relief requested in this complaint.

6.      Plaintiff will fairly and adequately represent the interests of the class, because plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

## FIRST CAUSE OF ACTION
### (VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200)

7.    Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and matters contained in paragraphs 1 through 6 above.

8.     Business and Professions Code §17200 et seq. prohibits any business from engaging in unfair competition which it defines as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising including any act prohibited by Business and Professions Code §17500.

9.  AC'S refusal to pay class members the wages due to them, improper deductions from class members' paychecks, and its refusal to pay overtime due are each separately and collectively unfair and unlawful business practices.

10. Each class member is entitled to restitution of all money in which they have an ownership interest which constitutes either (1) the failure to pay wages due or (2) the failure to pay overtime due or (3) the failure to pay for time spent while employed by AC.

11. Plaintiff and the class are entitled to an Order or Injunction, prohibiting Defendant from continuing to engage in the conduct alleged here.

## SECOND CAUSE OF ACTION
### (VIOLATION OF LABOR CODE 2802)

12. Plaintiff incorporates by reference all of the allegations, averments and matters

contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba.*

13.  While employed in the customary business of AC and in the direct consequence of their duties, class members were required to expend his or her own monies in direct consequence of the discharge of his or her duties, and in addition suffered losses to his or her own property for which Defendants must indemnify class members, including, but not limited to the purchase of a vehicle, vehicle maintenance, gas, tools, and equipment, including safety belts and other equipment.

**THIRD CAUSE OF ACTION**

**(FAILURE TO PAY OVERTIME WAGES)**

14.  Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein *in haec verba.*

15.  AC fails ands refuses to pay class members overtime for time worked in excess of eight hours per day or forty hours per week.

16. Labor Code 1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

17. At all times relevant herein, the Industrial Welfare Commission Wage Order No. 9-2001 (8 Cal. Code Reg. 11090) and Labor Code 510(a) applied to the employment of class members by Defendant.  Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate on 1.5 times the normal hourly rate for hours in excess of 8 per day or 40 per week, and or double time under certain conditions.

18.  Pursuant to Labor Code 1194(a), Plaintiffs are entitled to reasonable attorney's fees and costs.

19. Pursuant to Labor Code 558(a)(1), each class member is entitled to a civil penalty of $50 for the initial work period that each class member was underpaid and $100 for each successive period   pay period that he or she was not paid overtime wages as required by law.

### FOURTH CAUSE OF ACTION
### (FAILURE TO FURNISH INFORMATION REQUIRED BY LABOR CODE 226)
### (ON BEHALF OF THE CLASS)

20. Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 inclusive as if set forth at length herein in *haec verba*.

21.   This cause of action is brought by Plaintiff solely in his capacity as a representative of the class. Many of the class members have worked for Defendant within one year of the filing of this complaint.

22.  Defendant has willfully refused to semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, and (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one

23.  Each class member is entitled to a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

24. Defendant has, and if not enjoined may continue to (or resume) refuse and fail to comply with Labor Code 226(a). Further, Defendant does not provide former or current employees with

FIRST AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 5 -

the right to inspect or copy records pertaining to the former or current employee upon reasonable notice to the employer. Plaintiff, on behalf of himself and separately as a representative on behalf of the class, seeks an injunction preventing Defendant from violating Labor Code 226 in the future.

### FIFTH CAUSE OF ACTION
#### (ON BEHALF OF DANNY-KEATING TRAYNOR INDIVIDUALLY)

25. Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 6 and 22-24 inclusive as if set forth at length herein *in haec verba.*

### SIXTH CAUSE OF ACTION
#### (ON BEHALF OF DANNY KEATING-TRAYNOR INDIVIDUALLY)
#### (FAILURE TO PAY WAGES DUE)

26. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1- 3 above as if set forth at length *in have verba.*

27. Plaintiff worked as a trainee for approximately 80 hours for which he was not paid. He is entitled to at least minimum wage plus any overtime for those hours.

**WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**

**ON ALL CAUSES OF ACTION:**

1. General damages according to proof

2. Special damages according to proof;

3. Interest on all sums awarded;

4. Costs of suit;

5. Such other, and/or further relief as is just and proper.

/////

/////

FIRST AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF

- 6 -

**ON THE FOURTH AND FIFTH CAUSE OF ACTION:**

6.. An Injunction preventing Defendant from engaging in the practices complained of in these causes of action.

Dated: August 30, 2007

_____

DANIEL BERKO
Attorney for Plaintiff DANNY TRAYNOR-
KEATING on behalf of himself
and all those similarly situated

KEATING v AC SQUARE        **PROOF OF SERVICE**
SM SUP CT: 464144

I, the undersigned, hereby declare that I am over the age of 18 years, and not a party to the within entitled action. My business address is 819 Eddy Street, San Francisco, CA. 94109. On the date indicated below, I served a true copy of the following document:

**PLAINTIFF DANIEL KEATING-TRAYNOR'S FIRST AMENDED COMPLAINT**

upon the following at the address(es) stated below:

> **RONALD ALLEN PETERS**
> **LITTLER MENDELSON**
> **50 W SAN FERNANDO ST 14FL**
> **SAN JOSE, CA 95113-2431**

**[X]    BY MAIL, by depositing true and correct copies in sealed envelopes in the United States Mail in accordance with the usual mailing practice of this firm.**

❑      **BY FAX,** by transmitting via facsimile the document(s) listed above to the fax number set forth below on this date before 5:00 p.m.

❑      **BY PERSONAL SERVICE,** By causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 31, 2007 at _SAN FRANCISCO_ , California.

JAN J. BRANGER

EXHIBIT C

1    RONALD A. PETERS, Bar No. 169895
     LILANTHI P. RAVISHANKAR, Bar No. 243487
2    LITTLER MENDELSON
     A Professional Corporation
3    50 West San Fernando Street
     14th Floor
4    San Jose, CA 95113.2303
     Telephone:    408.998.4150
5    Facsimile:    408.288.5686
     E-Mail:    rpeters@littler.com
6
     Attorneys for Defendant
7    AC SQUARE, INC.

**ENDORSED FILED**
SAN MATEO COUNTY

DEC 0 5 2007

Clerk of the Superior Court
By    **J. Obaob**
      DEPUTY CLERK

8
9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SAN MATEO

11   DANIEL KEATING-TRAYNOR, on            Case No.  CIV 464144
     behalf of himself and all others similarly
12   situated,                             **ANSWER OF DEFENDANT AC SQUARE
                                           TO PLAINTIFF'S UNVERIFIED FIRST
13              Plaintiff,                  AMENDED COMPLAINT**

14        v.                               # BY FAX

15   AC SQUARE, DOES 1 THROUGH 600,
     inclusive,
16
                Defendant.
17

18        Defendant AC SQUARE INC. ("Defendants") by their undersigned attorneys, hereby answer

19   the unverified First Amended Class Action Complaint of Plaintiffs as follows:

20                            **GENERAL DENIAL**

21

22        Pursuant to California Code of Civil Procedure Section 431.30, Defendants generally and

23   specifically deny each and every allegation contained in each paragraph of the First Amended Class

24   Action Complaint and that they, or any of them, caused any damage or loss allegedly suffered by

25   Plaintiffs or any member of the putative class or members of the general public.  Defendants further

26   generally and specifically deny (1) that Plaintiffs are entitled to the relief requested, (2) that Plaintiffs

27   have been or will be injured or damaged in any sum, or at all, by reason of any act or omission on the

28   part of Defendants, or any of its past or present agents, representatives, or employees, acting in the

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1    course and scope of their employment, or (3) that they are otherwise entitled to the relief requested in

2    the First Amended Complaint in the amount stated, or in any greater or lesser amount, or at all.

3    **AFFIRMATIVE DEFENSES**

4      Pursuant to California Code of Civil Procedure Section 431.30, Defendants also assert each

5    of the following affirmative defenses as to each purported cause of action of the First Amended Class

6    Action Complaint.

7    **FIRST AFFIRMATIVE DEFENSE**

8    **(Failure to State a Claim)**

9      The First Amended Class Action Complaint, and each and every purported cause of action

10   contained therein, fails to state a claim upon which relief may be granted.

11   **SECOND AFFIRMATIVE DEFENSE**

12   **(Statute of Limitations – California Labor Code)**

13     Each and every Cause of Action is barred to the extent they exceed the applicable statute of

14   limitations for asserted violations of the California Labor Code, including, but not limited to, Labor

15   Code sections 203 and 1771.2; Code of Civil Procedures sections 338(a) and 340(a); Business and

16   Professions Code section 7071.11(b)(3); and section 10(b) of the National Labor Relations Act, 29

17   U.S.C. §160(b).

18   **THIRD AFFIRMATIVE DEFENSE**

19   **(Statute of Limitations – Business and Professions Code)**

20

21     The First Cause of Action is barred to the extent it exceeds the applicable statute of

22   limitations for asserted violation of the Business and Professions Code, including, but not limited to,

23   Business and Professions Code sections 17203, 17208 and 7071.11(b)(3); Code of Civil Procedure

24   sections 338(a), 339(1) and 340(a); Labor Code sections 203 and 1771.2.

25   **FOURTH AFFIRMATIVE DEFENSE**

26   **(Failure to Mitigate Damages)**

27     Plaintiffs and those similarly situated, if any, have failed to mitigate their damages and, to the

28   extent of such failure, any damages awarded should be reduced accordingly.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

Firmwide:83766306.1 047098.1008                    2.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1 | **FIFTH AFFIRMATIVE DEFENSE**

2 | **(Unclean Hands)**

3 | The First Amended Class Action Complaint, and each purported cause of action contained

4 | therein, is barred in whole or in part by the doctrine of unclean hands.

5 | **SIXTH AFFIRMATIVE DEFENSE**

6 | **(Waiver)**

7 | The First Amended Class Action Complaint, and each purported cause of action contained

8 | therein, is barred in whole or in part by the doctrine of waiver.

9 | **SEVENTH AFFIRMATIVE DEFENSE**

10 | **(Estoppel)**

11 | The First Amended Class Action Complaint, and each purported cause of action contained

12 | therein, is barred in whole or in part by the doctrine of estoppel.

13 | **EIGHTH AFFIRMATIVE DEFENSE**

14 | **(Consent and Acquiescence)**

15 | The First Amended Class Action Complaint, and each purported cause of action contained

16 | therein, is barred in whole or in part to the extent Plaintiffs consented to and acquiesced in any alleged

17 | activity or conduct.

18 | **NINTH AFFIRMATIVE DEFENSE**

19 | **(Laches)**

20 | The First Amended Class Action Complaint, and each purported cause of action contained

21 | therein, is barred in whole or in part by the doctrine of laches.

22 | **TENTH AFFIRMATIVE DEFENSE**

23 | **(Ratification)**

24 | The First Amended Class Action Complaint, and each purported cause of action contained

25 | therein, is barred by the conduct, actions, and inactions of Plaintiffs, and each of them, under the

26 | doctrine of ratification.

27 | ///

28 | ///

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008

3.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1
## ELEVENTH AFFIRMATIVE DEFENSE

2
### (Avoidable Consequences)

3    The First Amended Class Action Complaint, and each purported cause of action contained

4  therein, is barred in whole or in part by the doctrine of avoidable consequences.

5
## TWELFTH AFFIRMATIVE DEFENSE

6
### (Class Action Not Superior)

7    The First Amended Class Action Complaint, and each purported cause of action contained

8  therein, is not proper for treatment as a class action because, among other reasons, it is not superior to

9  other methods of resolving the alleged claims raised by the First Amended Class Action Complaint.

10
## THIRTEENTH AFFIRMATIVE DEFENSE

11
### (Inadequate Representation)

12    The First Amended Class Action Complaint, and each purported cause of action contained

13  therein, is not proper for treatment as a class action because, among other reasons, Plaintiffs are an

14  inadequate representative of the purported class.

15
## FOURTEENTH AFFIRMATIVE DEFENSE

16
### (No Ascertainable Class)

17    The First Amended Class Action Complaint, and each purported cause of action contained

18  therein, is not proper for treatment as a class action because, among other reasons, the class they

19  purport to represent is not sufficiently ascertainable.

20
## FIFTEENTH AFFIRMATIVE DEFENSE

21
### (No Commonality of Claims)

22    The First Amended Class Action Complaint, and each purported cause of action contained

23  therein, is not proper for treatment as a class action because, among other reasons, Plaintiffs cannot

24  establish commonality of claims.

25
## SIXTEENTH AFFIRMATIVE DEFENSE

26
### (No Typicality of Claims)

27    The First Amended Class Action Complaint, and each purported cause of action contained

28  therein, is not proper for treatment as a class action because, among other reasons, the claims Plaintiffs

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408 998 4150

Firmwide:83766306.1 047098.1008                    4.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1  purport to pursue are not typical of the potential claims of the other members of the purported class.

2  ## SEVENTEENTH AFFIRMATIVE DEFENSE

3  ### (Common Issues Do Not Predominate)

4  The First Amended Class Action Complaint, and each purported cause of action contained

5  therein, is not proper for treatment as a class action because, among other reasons, the individualized

6  nature of Plaintiffs' claims makes class treatment inappropriate.

7  ## EIGHTEENTH AFFIRMATIVE DEFENSE

8  ### (Insufficient Community of Interest)

9  The First Amended Class Action Complaint, and each purported cause of action contained

10  therein, is not proper for treatment as a class action because, among other reasons, there is an

11  insufficient well-defined community of interest in questions of law and fact.

12  ## NINETEENTH AFFIRMATIVE DEFENSE

13  ### (Individual Interests Conflict)

14  The First Amended Class Action Complaint, and each purported cause of action contained

15  therein, is not proper for treatment as a class action because, among other reasons, their individual

16  interests conflict with those of the other class members.

17  ## TWENTIETH AFFIRMATIVE DEFENSE

18  ### (Lack of Numerosity)

19  The First Amended Class Action Complaint, and each purported cause of action contained

20  therein, is not proper for treatment as a class action because, among other reasons, Plaintiffs cannot

21  establish the numerosity required to maintain this action as a class action.

22  ## TWENTY-FIRST AFFIRMATIVE DEFENSE

23  ### (Lack of Standing)

24  Plaintiffs cannot maintain this action, nor any of the claims contained in the First Amended

25  Class Action Complaint on the grounds that they lack standing to do so.

26  ///

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose  CA  95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008                    5.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1    ## TWENTY-SECOND AFFIRMATIVE DEFENSE

2    ### (Lack of Justiciable Controversy)

3    The First Amended Class Action Complaint, and each purported cause of action contained

4    therein, fails as there exists no justiciable controversy to be determined.

5    ## TWENTY-THIRD AFFIRMATIVE DEFENSE

6    ### (Lack of Jurisdiction)

7    The Court has no jurisdiction over the subject matter of the First Amended Class Action

8    Complaint, or parts thereof, because Plaintiffs have failed to exhaust their administrative remedies.

9    ## TWENTY-FOURTH AFFIRMATIVE DEFENSE

10    ### (*De Minimis* Damages)

11    The First Amended Class Action Complaint, and each purported cause of action contained

12    therein, is barred in whole or in part by the *de minimis* doctrine.

13    ## TWENTY-FIFTH AFFIRMATIVE DEFENSE

14    ### (Due Process Violation)

15    Plaintiffs' purported cause of action for violation of California Business and Professions

16    Code Section 17200 *et seq.* is barred because provisions of Section 17200 *et seq.* violate the Due

17    Process clause of the United States Constitution.

18    ## TWENTY-SIXTH AFFIRMATIVE DEFENSE

19    ### (Conduct Not Unlawful)

20    Defendants' practice is and was not "unlawful" within the meaning of Business and

21    Professions Code section 17200.  Defendants 'business practices have been at all times in compliance

22    with applicable State and Federal law.

23    ## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

24    ### (Conduct Not Unfair)

25    Defendants' practice is and was not "unfair" within the meaning of Business and Professions

26    Code section 17200.  Defendants' business practices have been at all times in compliance with

27    applicable State and Federal law.

28    ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008    6.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2

#### (Conduct Not Fraudulent)

3    Defendants' practice is and was not "fraudulent" within the meaning of Business and

4  Professions Code section 17200. Defendants' business practices have been at all times in compliance

5  with applicable State and Federal law.

6

### TWENTY-NINTH AFFIRMATIVE DEFENSE

7

#### (Conduct Not Likely to Mislead Public)

8    Defendants' practice is and was not likely to mislead the public within the meaning of

9  Business and Professions Code section 17200. Defendants' business practices have been at all times

10  in compliance with applicable State and Federal law.

11

### THIRTIETH AFFIRMATIVE DEFENSE

12

#### (Absence of Intent)

13    Plaintiffs' claims are barred by the absence of intent on the part of the Defendants to engage

14  in the conduct alleged to be in violation of State laws.

15

### THIRTY-FIRST AFFIRMATIVE DEFENSE

16

#### (Lack of Causation)

17    No act or omission on the part of the Defendants caused in fact, or proximately caused, the

18  harm alleged to have been suffered by Plaintiffs or members of the general public.

19

### THIRTY-SECOND AFFIRMATIVE DEFENSE

20

#### (Due Process Violation)

21    Plaintiffs' Class Action Complaint is barred in whole or in part by the due process clause of

22  the United States and California Constitutions in that it seeks monetary relief on behalf of absent

23  parties.

24

### THIRTY-THIRD AFFIRMATIVE DEFENSE

25

#### (Due Process Violation)

26    Plaintiffs' application of the California Unfair Competition Law here violates constitutional

27  due process because it cannot reasonably be determined what conduct is required or proscribed by the

28  Unfair Competition Law.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008                    7.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Due Process Violation)

3    Plaintiffs' claims on behalf of the general public violate Defendants' due process rights to the

4  extent the general public will not be bound by the outcome of this proceeding.

5

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

6

### (No Threat of Immediate Harm)

7    No threat of immediate harm exists sufficient to support Plaintiffs' request for injunctive

8  relief.

9

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

10

### (Adequate Legal Remedy Available)

11    Plaintiffs' causes of action, and each of them, and their injunctive remedies, are barred in

12  light of the fact that Plaintiffs and the members of the general public have an adequate remedy for the

13  wrongs alleged.

14

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

15

### (Release of Claims)

16    To the extent alleged members of the putative class and/or representative action have signed

17  a release encompassing claims alleged in the First Amended Class Action Complaint, their claims are

18  barred by that release.

19

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

20

### (Recovery of Civil Penalties Unconstitutional)

21    Although Defendants deny that they have committed or have responsibility for any act that

22  could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or

23  responsibility is found, recovery of civil penalties against Defendants is unconstitutional under

24  numerous provisions of the United States Constitution and the California Constitution, including the

25  excessive fines clause of the Eighth Amendment, the due process clause of the Fifth Amendment and

26  Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008                    8.

1  other provisions of the United States Constitution, and the excessive fines clause of Section 17 of

2  Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of

3  Article I, and other provisions of the California Constitution.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Due Process Violation)

6  Imposition of exemplary or punitive damages under the facts and circumstances of this action

7  violates Defendants' rights to procedural due process under the Fourteenth Amendment to the United

8  States Constitution, and the Constitution of the State of California.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Due Process Violation)

11  The claim of Plaintiffs for exemplary or punitive damages against Defendants cannot be

12  sustained, because an award of exemplary or punitive damages under California law without proof of

13  every element beyond a reasonable doubt would violate Defendants' due process rights under the

14  Fourteenth Amendment to the United States Constitution, and by analogous provisions of the

15  California Constitution.  Alternatively, unless Defendants' liability for exemplary or punitive damages

16  and the appropriate amount of exemplary or punitive damages are required to be established by clear,

17  and convincing evidence, any award of exemplary or punitive damages would violate Defendants' due

18  process rights guaranteed by the Fourteenth Amendment of the United States Constitution, and by

19  analogous provisions of the California Constitution.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Due Process Violation)

22  The claim of Plaintiffs for exemplary or punitive damages against Defendants cannot be

23  sustained because an award of exemplary or punitive damages under California law that is not subject

24  to a definite and reasonable predetermined maximum limit that a jury may impose would violate

25  Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States

26  Constitution, and by analogous provisions of the California Constitution.

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008    9.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1    **FORTY-SECOND AFFIRMATIVE DEFENSE**

2    **(Due Process and Equal Protection Violations)**

3    The claim of Plaintiffs for exemplary or punitive damages against Defendants cannot be

4    sustained, because an award of exemplary or punitive damages under California law by a jury that (1)

5    is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate

6    size, of a exemplary or punitive damages award, (2) is not adequately instructed on the limits on

7    exemplary or punitive damages imposed by the applicable principles of deterrence and punishment,

8    (3) is not expressly prohibited from awarding exemplary or punitive damages, in whole or in part, on

9    the basis of invidiously discriminatory characteristics, including the corporate status of Defendants, (4)

10    is permitted to award exemplary or punitive damages under a standard for determining liability for

11    exemplary or punitive damages that is vague and arbitrary and does not define with sufficient clarity

12    the conduct or mental state that makes exemplary or punitive damages permissible, and (5) is not

13    subject to adequate judicial review for reasonableness and furtherance of legitimate purposes on the

14    basis of objective standards, would violate Defendants' due process and equal protection rights

15    guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy

16    clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by analogous

17    provisions of the California Constitution.

18    **FORTY-THIRD AFFIRMATIVE DEFENSE**

19    **(Due Process Violation)**

20    The claim of Plaintiffs for exemplary or punitive damages against Defendants cannot be

21    sustained, because an award of exemplary or punitive damages under California law for the purpose of

22    compensating Plaintiffs for elements of damage not otherwise recognized by California law would

23    violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States

24    Constitution, and by analogous provisions of the California Constitution.

25    **FORTY-FOURTH AFFIRMATIVE DEFENSE**

26    **(Constitutional Violations)**

27    The claim of Plaintiffs for exemplary or punitive damages cannot be sustained because an

28    award of exemplary or punitive damages under California law without the same protections that are

ITTLER MENDELSON
A Professional Corporation
O West San Fernando Street
14th Floor
San Jose CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008                    10.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1   accorded to all penal defendants, including protection against unreasonable searches and seizures,

2   double jeopardy and self incrimination and the rights to confront adverse witnesses, a speedy trial and

3   the effective assistance of counsel would violate Defendants' rights under the Fourteenth Amendment

4   to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the

5   Fourteenth Amendment, and Defendants' rights under analogous provisions of the California

6   Constitution.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Due Process Violation)

9   Any award of exemplary or punitive damages against Defendants under the circumstances of

10  this case would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to

11  the United States Constitution and the Fourth, Fifth, Sixth and Eighth Amendments as incorporated

12  into the Fourteenth Amendment, and by analogous provisions of the California Constitution, because

13  the award would be an arbitrary and unreasonable deprivation of Defendants' property.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Due Process Violation)

16  Any award of exemplary or punitive damages against Defendants under the circumstances of

17  this case would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to

18  the United States Constitution and the Fourth, Fifth, Sixth and Eighth Amendments as incorporated

19  into the Fourteenth Amendment, and by analogous provisions of the California Constitution, because

20  Defendants were not given fair notice as to what conduct may subject them to punishment due to the

21  impermissibly vague, imprecise and inconsistent California state law regarding the award of

22  exemplary or punitive damages and due to the vagueness of the Unruh Act and statutes sued upon.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unconstitutional Excessive Fine)

25  Any award of exemplary or punitive damages would violate Defendants' constitutional rights

26  under the excessive fines clause in the Eighth Amendment to the United States Constitution as

27  ///

28  ///

ITTLER MENDELSON
A Professional Corporation
0 West San Fernando Street
16th Floor
San Jose, CA 95113-2303
408 998 4150

Firmwide:83766306.1 047098.1008                                        11.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT

1  incorporated into the Fourteenth Amendment, and analogous provisions of the California Constitution.

2  ### FORTY-EIGHTH AFFIRMATIVE DEFENSE

3  ### (Constitutional Violations)

4  The First Amended Class Action Complaint, and each purported cause of action contained

5  therein, is barred in whole or in part because any damages, including but not limited to punitive

6  damages, would be contrary to the Constitution, common law and public policies in California, and/or

7  applicable statutes and court rules.

8  ### FORTY-NINTH AFFIRMATIVE DEFENSE

9  ### (Unavailability of Retroactive Relief)

10  The First Amended Class Action Complaint, and each purported cause of action contained

11  therein, is barred in whole or in part because any retroactive relief would violate the California

12  Constitution and principles of equity, and would be contrary to considerations of fairness and public

13  policy.

14  ### FIFTIETH AFFIRMATIVE DEFENSE

15  ### (Additional Affirmative Defenses)

16  Defendants presently have insufficient knowledge or information upon which they can form

17  a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses.

18  Defendants reserve the right to amend their answer to assert such additional affirmative defenses in the

19  event that discovery indicates that additional affirmative defenses are appropriate.

20  WHEREFORE, Defendants pray for judgment against Plaintiffs on the Class Action

21  Complaint as follows:

22  1.  That Plaintiffs take nothing by reason of their First Amended Class Action

23  Complaint;

24  2.  That the First Amended Class Action Complaint be dismissed in its entirety with

25  prejudice, and that judgment be entered for Defendants and against Plaintiffs;

26  ///

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408 998 4150

1       3.      That Defendants be awarded its reasonable costs and attorneys' fees; and For such

2   other and further relief as the Court deems just and proper.

3   Dated: December 5, 2007

4

5

6

7       RONALD A. PETERS
        LILANTHI P. RAVISHANKAR

8       LITTLER MENDELSON
        A Professional Corporation

9       Attorneys for Defendant
        AC SQUARE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
0 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83766306.1 047098.1008                    13.

ANSWER OF DEFENDANT TO FIRST AMENDED COMPLAINT