1  RONALD A. PETERS, Bar No. 169895
   BENJAMIN EMMERT, Bar No. 212157
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   15th Floor
4  San Jose, CA  95113.2303
   Telephone:   408.998.4150
5  Facsimile:    408.288.5686
   E-Mail: rpeters@littler.com
6             bemmert@littler.com

7  Attorneys for Defendants
   AC SQUARE, INC. AFSHIN GHANEH,
8  ANDREW BAHMANYAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL KEATING-TRAYNOR on behalf of himself and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE;<br><br>Defendants. | Case No.  CV-08-3035-MHP<br><br>**[CALIFORNIA ACTION NO. CIV 464144 (CONSOLIDATED BY ORDER OF COURT WITH CIV 473571]**<br><br>**DEFENDANTS AC SQUARE, INC., AFSHIN GHANEH AND ANDREW BAHMANYAR'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST, SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION FROM COMPLAINT, CASE NUMBER CV-08-3035-MHP**<br><br>**FRCP Rule 12(b)(6)**<br><br>**Date:       September 15, 2008**<br>**Time:       2:00 p.m.**<br>**Courtroom: 15**<br>**Judge: Honorable Marilyn H. Patel** |

## I.   INTRODUCTION

Defendants AC Square, Inc., Afshin Ghaneh and Andrew Bahmanyar (hereinafter collectively referred to as "Defendants") hereby submit the following Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action

from Complaint, Case Number CV-08-3035-MHP. For the reasons more completely stated within, this motion must be granted as Plaintiff has failed to present any authority and failed to plead any facts showing that these causes of action are not barred by the applicable statutes of limitations. Rather, what Plaintiff has done is improperly file a new Complaint entitled Amended Consolidated Complaint for Restitution, Damages and Injunctive Relief. This new Amended Consolidated Complaint does nothing to change the fact that Plaintiff's causes of action for: (1) Conspiracy to Violate California Business and Professions Code section 17200; (2) Violation of the Fair Labor Standards Act; (3) Conspiracy to Violate the Fair Labor Standards Act; (4) Failure to Pay Monies Due at Termination of Employment; and (5) Conspiracy to Violate California Labor Code section 558 all fail to allege facts sufficient to state a cause of action against these Defendants. Moreover, to the extent the Amended Consolidated Complaint alleges new causes of action against the Defendants, these causes of action are also barred by the statute of limitations.

## II.   LEGAL ARGUMENT

### A. PLAINTIFF'S "AMENDED CONSOLIDATED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF" MUST BE STRUCK AS IT IS PROCEDURALLY DEFECTIVE AND NOT FILED IN CONFORMITY WITH FEDERAL RULES OF CIVIL PROCEDURE, RULE 15

Federal Rules of Civil Procedure, Rule 15 allows a plaintiff to amend a complaint once "as a matter of course" without leave of court. *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2nd 604, 613 (9th Cir. 1993); Fed. Rule Civ. Proc., Rule 15(a)(1); *See also* Cal. Code Civ. Proc. § 472 (West 2008). However, Federal Rule 15 does not apply to naming new defendants in a complaint. *Moore v. State of Indiana*, 999 F.2nd 1125, 1128 (7th Cir. 1993). While Plaintiff may have the right to file an amended Third Complaint, he does not have the right to file another amended Second Complaint as it has already been amended once. Therefore, his filing of the Amended Consolidated Complaint violates these rules.

Plaintiff filed the Second Complaint on June 29, 2007. *See* Request for Judicial Notice, Ex. E. On July 30, 2007, AC Square, Inc. filed a demurrer to the Second Complaint. *See* Defendant's Supplemental Request for Judicial Notice filed in Support of Defendants' Notice of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

2.
Reply to Opp. to Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-303

1  Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action
2  from Complaint, Case Number CV-08-3035-MHP (hereinafter referred to as "Supplemental Request
3  for Judicial Notice"), Ex. A.  On August 31, 2007 Plaintiff filed a First Amended Complaint in
4  response to AC Square, Inc.'s demurrer. *See* Supplemental Request for Judicial Notice, Ex. B.  On
5  December 5, 2007 SC Square, Inc. filed an Answer to this first amended Complaint.  *See*
6  Supplemental Request for Judicial Notice, Ex. C.

Plaintiff's Amended Consolidated Complaint is a confusing mishmash of the Second and Third Complaints from which Defendants are unable to determine whether Plaintiff is seeking to amend his Third Complaint or further amend his Second Complaint.  If Plaintiff is amending only his Third Complaint, he should file an Amended Third Complaint.  If Plaintiff is seeking to further amend his Second Complaint, he should be required to file a motion to amend the Second Complaint.  However, it is clear that Plaintiff's Amended Consolidated Complaint is improper and must be struck.

### B. PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS OR CITE ANY AUTHORITY SHOWING THAT HIS FIRST, THIRD AND FIFTH CAUSES OF ACTION FOR CONSPIRACY STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION

As stated in the moving papers, to state a claim for conspiracy, "the complaint must allege (1) the formation and operation of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts." *General American Life Ins. Co. v. Rana*, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991).  "To establish the 'wrongful act' element of a civil conspiracy, defendant must satisfy all of the elements of a cause of action for some other tort or wrong." *Id.*  A cause of action for unpaid wages is a contractual claim and not a tort. *Hays v. Bank of America, 71 Cal. App. 2d 301, 305*.  Moreover, "a simple failure to comply with statutory overtime requirements...does not qualify" to support a claim for conspiracy. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1090 (2005).  Thus, because Plaintiff's claims against Defendants all arise in the context of an alleged breach of contract, he cannot sustain his conspiracy causes of action as a matter of law.

Plaintiff's reliance on *Wyatt v. Union Mortgage Co.*, 24 Cal. 3rd 773 (1979) is

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

Reply to Opp. to Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-303

misplaced. The defendants in *Wyatt* were sued for tort claims, not contract claims. Thus, *Wyatt* has no application to the facts of this action which is a purely contract claim. See also *United States Liability Ins. Co. v. Haidinger-Hayes* 1 Cal. 3rd 586 (1970) (action by plaintiff for negligence). Moreover, Plaintiff's citation to *Doctors' Company v. Superior Court*, 49 Cal. 3rd 39, 48 (1989), which states, "we anticipate that the impact of our holding, baring liability of employees or agents for conspiracy to cause their principal to violate a duty that is binding on the principal alone, will be relatively narrow where the violated duty **is other than contractual**" shows that a conspiracy claim cannot be based on a contract cause of action.

Finally, Plaintiff's argument that "every named defendant is capable of personally violating the FLSA and Labor Code sections" does not show that a violation of these sections support a conspiracy claim. Whether or not a defendant may be able to breach a contract does not lead to the conclusion that the breach of contract is a justiciable conspiracy. The fact is that a conspiracy cause of action must be based on a tort or some other wrong. See *Applied Equipment Corp. v. Litton Saudi Arabia, Ltd.*, 7 Cal. 4th 503 (holding a party to a contract, who owes no duty in tort to a co-party not to interfere with the contract, cannot be held liable for conspiring with a third party to interfere with the contract.). A conspiracy cause of action cannot be based on an alleged breach of contract.[1]

### C. PLAINTIFF'S NEWLY ALLEGED CONSPIRACY CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO SUSTAIN THESE CLAIMS

Plaintiff has included three new conspiracy causes of action in his Amended Consolidated Complaint for: (1) conspiracy to fail to pay monies due at termination of employment (the fourth cause of action in the Amended Consolidated Complaint); (2) conspiracy to violate California Labor Code section 1194 (the eighth cause of action in the Amended Consolidated Complaint); and (3) conspiracy to violate San Francisco Administrative Code 12R (the tenth cause of action in the Amended Consolidated Complaint). However, as each of these new causes of action

---

[1] In addition to the fact that a conspiracy cause of action cannot be based on an alleged breach of contract, even if it could, the facts as alleged by Plaintiff still would not be sufficient to sustain his conspiracy claims. In effect, Plaintiff is arguing that the Defendants conspired to breach their own contract to pay wages. A party cannot conspire to breach its own contract and therefore Plaintiff's allegations in his complaint cannot support a conspiracy cause of action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

are based on the same set of operative facts, Plaintiff cannot sustain these causes of action for the reasons stated above.

### D. PLAINTIFF HAS FAILED TO ALLEGE FACTS SHOWING THAT HIS SECOND AND THIRD CAUSES OF ACTION FOR VIOLATION OF THE FLSA IS NOT BARRED BY THE STATUTE OF LIMITATION

As stated in the moving papers, Plaintiff previously admitted that he worked for AC Square, Inc. from "around January 30, 2005" to "May 2, 2005." (Request for Judicial Notice, Exh. A. ¶ 5, p. 2:9; ¶ 13, p. 3:11). In fact, Plaintiff specifically stated that "On or about May 2, 2005, [AC Square, Inc.] retaliated against Plaintiff DANIEL KEATING-TRAYNOR by terminating him." (Request for Judicial Notice, Exh. A, p. 13, p. 3:11-12). Plaintiff's First Complaint goes on to allege "Pursuant to [California] Labor Code § 201, at the time Defendant terminated Plaintiff's employment Defendant was obligated to pay Plaintiff wages earned and unpaid." (*Id.* at ¶ 15, p. 3:17-19).

In the Amended Consolidated Complaint, Plaintiff admits that he "last worked for pay on May 3, 2005." *See* Amended Consolidated Complaint, ¶ 7, p. 3:6-8. Plaintiff seeks to plead around his admission that he was terminated on May 2 or 3, 2005 by alleging that even though he had clearly been terminated by AC Square, Inc., he "continued to seek work by placing and receiving telephone calls to AC [Square, Inc.] and its employees, and considered himself still employed by [AC Square, Inc.]." (*Id.* at ¶ 7, p. 3:6-10). Such allegations are clearly not sufficient to plead around the statute of limitations.

Whether or not Plaintiff now claims that he subjectively "considered himself still employed by [AC Square, Inc.] until at least on or about June 15, 2005" does not change the fact that AC Square, Inc. terminated his employment on May 2, 2005. It also does nothing to change the date the statute of limitations began to run on his causes of action. A cause of action for an alleged violation of the FLSA begins to run on the date the employer breaches is duties under the act. *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000). In this action, and as admitted by the Plaintiff, the date any defendant would have breached its duties under the FLSA as to the Plaintiff would have been May 2 or 3, 2005. This is the date any defendant would have

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

1  become obligated to pay Plaintiff his wages earned and unpaid.[2]  Whether or not Plaintiff
2  subjectively considered himself still employed past May 2, 2005 does nothing to change this fact.

3          Plaintiff's contention that the statute of limitations begins anew during each pay
4  period that passes subsequent to the termination and for which the earned and unpaid wages are not
5  paid is without merit and Plaintiff has cited no authority supporting this claim.  In fact, the authority
6  cited by Plaintiff stands for the opposite proposition.  The plaintiffs in *Mitchell v. Lancaster Milk*
7  *Co.*, 185 F. Supp. 66 (M.D. Penn. 1960) were two current employees who filed actions on December
8  16, 1959 and February 12, 1960 for respectively unpaid waged under the FLSA.  They alleged they
9  were not paid all wages due and owing for the period August 15, 1957 (for the December 16, 1959
10 complaint) and August 21, 1957 (for the February 12, 1960 complaint) and continuing forward.  The
11 defendant moved to dismiss on the grounds of the statute of limitations.  Specifically, the defendant
12 alleged, as to the December 16, 1959 complaint, it was filed more than two years after August, 15,
13 1957, the beginning date of the alleged violation" and the February 12, 1960 complaint "was filed
14 more than two years after August 21, 1957, the beginning date of the alleged violation. *Id*. at 68.

15         In ruling on the motion, the Court held:

> Section 7 of the Portal-to-Portal Act (29 U.S.C.A. § 256) provides that an action under the Fair Labor Standards Act of 1938 shall be considered to be commenced on the date when the complaint is filed.  Section 6 of the Portal-to-Portal Act (29 U.S.C.A. § 255) establishes a two year statute of limitations for actions to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act.
> ...
> It is well settled that "A separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which services are rendered and for which the overtime compensation is claimed."

---

[2] California Labor Code section 201 states, in pertinent part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Cal. Lab. Code § 201(a) (West 2008).  Plaintiff's FLSA claim is seemingly based on his allegations that he worked in excess of 40 hours a week for Defendant but was not paid all overtime compensation to which he was entitled.  Because Plaintiff claims he was terminated by AC Square, Inc. on "about May 2, 2005", Defendants, even if obligated to pay Plaintiff anything, would be obligated to pay Plaintiff all "wages [allegedly] earned and unpaid" on the date he was terminated, May 2, 2005 under California Labor Code section 201.  Because Plaintiff claims that he was not paid all wages allegedly earned at the time he was terminated, Defendant's breach of the FLSA's overtime provisions (i.e. its "breaches of [its] duties under the act") accrued at that time. *Huss v. City of Huntington Beach*, 317 F. Supp. 2d 1151, 1161 (C.D. Cal. 2000). Thus, Plaintiff's claim for violation of the FLSA accrued as of May 2, 2005 and Plaintiff was required to file his FLSA complaint within two or three years of this date.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

6.

Reply to Opp. to Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-303

> ...
> Inasmuch as a portion of both claims alleged are not barred by the Statute of Limitations, defendants' motion to dismiss on the ground that the cause is barred by the said statute must be denied. *Id*. at 70.

Thus the court held that that portion of the plaintiffs' claims that fell within the statute of limitations were not barred, but that portion of the claim accruing more than two years prior to the filing of the complaints were barred. Thus, Plaintiff's reliance on this case is misplaced as it does not support his claim, but in fact stands for the opposite proposition.

Moreover, such an argument defies common sense as it would render FLSA's statute of limitation meaningless as no FLSA cause of action would ever be barred by the statute of limitations as long as a defendant does not pay the past due wages.

### E. PLAINTIFF HAS NOT ALLEGED FACTS SHOWING HIS FOURTH CAUSE OF ACTION FOR DEFENDANTS' ALLEGED FAILURE TO PAY MONIES AT TERMINATION OF EMPLOYMENT IS NOT BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's Amended Consolidated Complaint states that his cause of action for Defendants' alleged failure to pay monies at Plaintiff's termination of employment is based on California Labor Code section 201 and 203. A cause of action for an alleged violation of California Labor Code section 201 and 203 is three years. Cal. Code Civ. Proc. § 338(a) (West 2008). As stated above, a cause of action for an alleged violation of these sections accrues at the date the employer discharges the employee. Cal. Labor Code § 201 (West 2008) (stating, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."); Cal. Lab. Code § 203 (West 2008) (stating, "Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.").

As Plaintiff has admitted that he last worked for AC Square, Inc. on May 2 or 3, 2005 and, in fact has admitted he was terminated at this time, his causes of action under these statutes accrued at this time. Because Plaintiff did not file this Third Complaint until more than three years later, these claims are barred by the statute of limitations and Plaintiff has failed to allege any facts or cited any authority to the contrary.

7.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

**F.  PLAINTIFF HAS NOT ALLEGED FACTS SHOWING HIS FIFTH CAUSE OF ACTION FOR DEFENDANTS' ALLEGED VIOLATION OF CALIFORNIA LABOR CODE SECTION 558 IS NOT BARRED BY THE STATUTE OF LIMITATIONS**

Actions under California Labor Code section 558 are governed by the one-year statute of limitations in California Code of Civil Procedure section 340. *See* Cal. Code Civ. Proc. § 340 (a)(West 2008). Plaintiff has not cited any authority or alleged any facts showing that this cause of action is not barred by the statute of limitations and therefore this cause of action must be dismissed.

**G.  PLAINTIFF'S NEWLY ADDED CAUSES OF ACTION FOR ALLEGED VIOLATION OF CALIFORNIA LABOR CODE SECTION 558 AND 1194 AND SAN FRANCISCO ADMINISTRATIVE CODE ARE BARRED BY THE STATUTE OF LIMITATIONS**

Plaintiff's new causes of action for alleged violation of California Labor Code section 558 (the fifth cause of action in the Amended Consolidated Complaint), violation of California Labor Code section 1194 (the seventh cause of action in the Amended Consolidated Complaint), and violation of San Francisco Administrative Code section 12R (the ninth cause of action in the Amended Consolidated Complaint) have either or a two or three year statute of limitations. Cal. Code of Civ. Proc. §§ 338, 340 (West 2008). As these causes of action also accrued on May 2 or 3, 2005, they are also barred by the statute of limitations as this Third Complaint was not filed until June 10, 2008.

**H.  PLAINTIFF'S CONTENTION THAT THE SECOND, THIRD, FOURTH AND FIFTH CAUSES OF ACTION ARE NOT BARRED BY THE STATUTE OF LIMITATIONS PURSUANT TO THE EQUITABLE TOLLING DOCTRINE IS WITHOUT MERIT**

Plaintiff's unsupported claim that "equitable tolling applies to toll the statute of limitations for Plaintiffs' [*sic*] claims" is without merit. Plaintiff has presented no authority supporting this contention and authority discussing the equitable tolling shows this doctrine has no application in this lawsuit. "[T]he emphasis in considering equitable tolling doctrine is on the Plaintiff. 'Equitable tolling focuses on the plaintiff's excusable ignorance of the employer's discriminatory act.'" *Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 312 (S.D.W.Va. 1986)

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

1  (citing *Felty v. Graves-Humphreys, Co.*, 785 F.2d 516 (4th Cir. 1986). Equitable tolling applies
2  when the plaintiff is prevented from asserting a claim by the defendant's wrongful conduct or when
3  extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time.
4  *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Equitable tolling is to be granted sparingly,
5  limited to those situations where "the claimant has actively pursued his judicial remedies by filing a
6  defective pleading during the statutory period, or where the complainant has been induced or tricked
7  by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veteran*
8  *Affairs*, 498 U.S. 89, 96 (1990). However, the statute of limitations is not tolled during the time an
9  action which is voluntarily dismissed was pending. *Dupree v. Jefferson*, 666 F.2d 606, 610-11
10 (C.A.D.C. 1981). Plaintiffs' Opposition and his Amended Fourth Complaint do not contain any
11 facts, arguments or allegations showing he is entitled to claim the benefit of the equitable tolling
12 doctrine and he has not presented any authority supporting his position.

13       Plaintiff's Amended Consolidated Complaint does not contain any facts showing he
14 was prevented from asserting any claims against Defendants as a result of Defendants' wrongful
15 conduct or for any other reason. In addition, Plaintiff has not alleged any facts showing there are
16 any extraordinary circumstances justifying the application of this doctrine. Finally, Plaintiff's
17 argument that the statute of limitations should be equitably tolled during the time his Original
18 Complaint was filed, is completely contrary to the authority directly on point.[3] *Id*. Therefore, this
19 Court should disregard Plaintiff's unsupported argument that the equitable tolling doctrine applies
20 and find that these claims are barred by the statute of limitations.

21 ///

---

[3] Plaintiff's statement that he "was forced to dismiss [his Original Complaint] without prejudice on June 19, 2008 – 6 days before the trial date then set – all causes of action for compensation or penalties due without prejudice" is without merit. See Plaintiff's Opposition to Defendants' Motion to Dismiss, p. 2:1-5. Plaintiff voluntarily dismissed his first, second, third and fifth causes of action in his Original Complaint. *See* Request for Judicial Notice, Exh. B. He was under no obligation to do so and could have proceeded to trial if that was his intention.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

**I.    PLAINTIFF'S CLASS ACTION CLAIMS MUST BE DISMISSED FOR THOSE CAUSES OF ACTION THAT ARE BARRED BY THE STATUTE OF LIMITATIONS**

As stated above, each of Plaintiff's causes of action, with the exception of his cause of action for an alleged violation of California Business and Professions Code section 17200, are either barred by the statute of limitations or he has otherwise failed to allege facts sufficient to sustain these claims. Because Plaintiff cannot sustain these claims on his own behalf, his class action claims must also be dismissed. See *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (stating, "We have repeatedly held that 'a class representative must be part of the class and 'possess the same interest and suffer the same injury" as the class members.'").

**III.    CONCLUSION**

For the above stated reasons, Defendants respectfully request this Court grant this Motion and dismiss Plaintiff's second, third, fourth and fifth causes of action from the Third Complaint. If for any reason this Court allows the Amended Consolidated Complaint to stand, Defendants respectfully request this Court issue an Order dismissing the first, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh and twelfth causes of action from the Amended Consolidated Complaint.

Dated: August 18, 2008

RONALD A. PETERS
BENJAMIN EMMERT
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
AC SQUARE INC., AFSHIN GHANEH,
AND ANDREW BAHMANYAR

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

10.

Reply to Opp. to Motion to Dismiss, FRCP Rule 12(b)(6)
Case No. CV-08-303