UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEATING-TRAYNOR, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE,<br><br>Defendants. | No. C 08-02907 MHP<br>No. C 08-03035 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion to Dismiss** |

BACKGROUND

The following background facts are derived from the various requests for judicial notice filed by defendants. The courts takes judicial notice of plaintiff's prior filings in state court pursuant to Federal Rule of Evidence 201.

Plaintiff was employed by some or all of the defendants in the past. He was last employed as a technician that installed, disconnected and upgraded television, computer and other electronic services to cable provider Comcast's customers. He now claims that defendants failed to adequately compensate him the hours he worked.

Plaintiff filed a complaint, case number 456118, in the San Mateo County Superior Court on July 7, 2006 alleging various state law causes of action. Plaintiff voluntarily dismissed many of his causes of action and his cause of action for wrongful termination was dismissed by the court.

Judgment was entered on June 28, 2007. The next day, plaintiff filed another action in the same forum, case number 464144, alleging violations of various state law causes of action (hereinafter "second action"). Approximately one year later, on June 10, 208, plaintiff filed a new complaint in the same forum, case number 473571, adding defendants and federal causes of action (hereinafter "third action"). Specifically, plaintiff claimed defendants had violated the Fair Labor Standards Act ("FLSA") and had conspired to do the same. The state court consolidated the second action and the third action, which was thereafter removed to this court (hereinafter "removed action" or "case number 08-3035"). Meanwhile, plaintiff filed an action in this court claiming violations of the FLSA and a conspiracy to violate the FLSA (hereinafter "original federal action" or "case number 08-2907"). The original federal action and the removed action were related by this court.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal

conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

DISCUSSION

I.   Original Federal Action, Case No. 08-2907

Plaintiff claims that all defendants: 1) violated the FLSA; and 2) conspired to violate the FLSA. Both claims are barred by the applicable statute of limitations.

### A.   FLSA Violation

Under the FLSA, an action to recover unpaid overtime compensation is barred unless commenced within two years after the cause of action accrues, except where the violation was "willful," in which case the action may be commenced within three years. 29 U.S.C. § 255. A cause of action for unpaid wages accrues each payday on which the wages due to an employee were not paid. Biggs v. Wilson, 1 F.3d 1537, 1540 (9th Cir. 1993). The Biggs court, when interpreting 29 U.S.C. section 255, declined to distinguish between non-payment and late payment. Specifically, the court stated:

> Statutes of limitation have to start running from some point, and the most logical point a cause of action for unpaid minimum wages or liquidated damages (which are merely double the amount unpaid) accrues is the day the employee's paycheck is normally issued, but isn't.

Id. Thus, the section 255 statute of limitations began running when plaintiff's last paycheck would have normally issued.

In his amended complaint for case number 08-3035, plaintiff claims that he last worked for pay on May 3, 2005 and considered himself employed by defendants until June 15, 2005. Further, plaintiff claims to have received his last paycheck on October 26, 2006. Plaintiff did not file the instant lawsuit until June 11, 2008, over three years after his termination. The consent form for the opt-in FLSA class was not filed until August 12, 2008, after certain defendants pointed out this deficiency. See 29 U.S.C. § 256.

3

1  Plaintiff's self-characterization about when he considered himself employed is irrelevant. He
2  admits that he last worked for pay on May 3, 2005. Further, plaintiff's receipt of a paycheck in
3  October 2006, which he claims underpaid him, is also irrelevant. The cause of action here accrued
4  at some point in May 2005. Partial payment of wages at any point after that date does not reset the
5  statute of limitations clock. Indeed, the Biggs court found it impossible to determine "when or how
6  'late payment' metamorphoses into 'nonpayment' such that the Act is violated" and consequently,
7  neglected to adopt the "late payment" standard, opting instead, for the bright line rule set forth
8  above. Id. at 1541. Consequently, the statute of limitations here began running in May 2005.

9  Plaintiff's arguments regarding relation back and equitable tolling are also to no avail.
10  Relation back of amendments only apples to pleadings already filed and does not apply across
11  actions. Fed. R. Civ. P. 15(c). Here, the federal claims were all pled on or after June 10, 2008.
12  These causes of action were pled in newly filed complaints, not amended complaints. Consequently,
13  relation back does not apply here. Even if the federal claims were made in an amended complaint,
14  they would not necessarily relate back because plaintiff could have initially alleged only state law
15  causes of action as a strategic move to preclude removability of the action.

16  Second, equitable tolling does not apply here either. Defendants' knowledge of plaintiff's
17  overtime claims does not toll the statute of limitations. Plaintiff has shown no reason why he could
18  not have filed this action within the applicable statute of limitations.

19  Accordingly, plaintiff has not and can not plead facts sufficient to state a claim for an FLSA
20  violation because his claim is barred by the both the two-year and three-year statutes of limitations.
21  Therefore, plaintiff's claim for violation of the FLSA is DISMISSED.

23  B.  Conspiracy to Violate the FLSA

24  To state a claim for conspiracy, "the complaint must allege (1) the formation and operation
25  of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting
26  from such act or acts." Gen. Am. Life Ins. Co. v. Rana, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991)
27  (Weigel, J.). "To establish the 'wrongful act' element of a civil conspiracy, defendant must satisfy
28  all of the elements of a cause of action for some other tort or wrong." Id. Here, the underlying

4

wrong is a violation of the FLSA. However, as discussed above, plaintiff cannot make out a cause of action for a violation of the FLSA. Thus, a claim for civil conspiracy cannot be made. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 208 (9th Cir. 1991) ("Under California law, it is well settled that there is no separate tort of civil conspiracy, and there is no civil action for conspiracy to commit a recognized tort unless the wrongful act itself is committed and damage results therefrom." (quotations omitted)). Thus, plaintiff's conspiracy claim must be DISMISSED.

Although the above discussion is determinative, the court nevertheless discusses plaintiff's overt act argument. The applicable statute of limitations for a civil conspiracy claim is the statute of limitations for the underlying claim. Risk v. Kingdom of Norway, 707 F. Supp. 1159, 1170, n.13 (N.D. Cal. 1989) (Schwarzer, J.) ("Under California law, a civil conspiracy is not itself a tort. Liability is based on the underlying tort committed in furtherance of the conspiracy. The applicable statute of limitations is the statute of limitations for the underlying tort." (citations omitted)). Accordingly, the statute of limitations for plaintiff's claims for conspiracy is the same as the maximum three-year statute of limitations for his claim of an FLSA violation. The relevant question then, is when the statute began running.

Even though plaintiff provides no legal authority to this effect, he is correct in asserting that the statute of limitations for a conspiracy claim does not start to run until the last overt act of the conspiracy has occurred. Id. at 1169–70. This, of course, presumes that the underlying wrong is actionable. In any event, "[f]or an act to be an overt act delaying the commencement of the limitations period, it must be performed in furtherance of the conspiracy." Id. at 1170. Here, the only possible overt act within the last three years is the October 2006 payment. This payment, however, was not in furtherance of the conspiracy—it *reduced* the amount plaintiff was underpaid and therefore could not have furthered an alleged conspiracy based on underpayment.

Therefore, plaintiff's conspiracy claim is DISMISSED. In sum, this action, case number 08-2907, is DISMISSED in its entirety.

5

II.  Removed Action, Case No. 08-3505

The removed action stems from the same facts as the action originally filed in this court. Consequently, any causes of action for violations of the FLSA or conspiracy to violate the FLSA are also DISMISSED. The removed action, which was removed solely on federal question grounds, the notice of removal not having alleged diversity jurisdiction, now consists only of state law claims. The action being in its incipiency, the court exercises its discretion to remand the action to the Superior Court for the State of California.

CONCLUSION

For the foregoing reasons, case number 08-2907 MHP is DISMISSED in its entirety and case number 08-3505 is REMANDED to the Superior Court for the State of California, County of San Mateo.  The Clerk of Court is ordered to transmit a certified copy of this order to the Clerk of the San Mateo County Superior Court..

IT IS SO ORDERED.

Dated: August 22, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California