**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

www.cand.uscourts.gov

| | | |
|---|---|---|
| Richard W. Wieking<br>Clerk | | General Court Number<br>415.522.2000 |

August 29, 2008

San Mateo County Superior Court
400 County Center
Redwood City, CA 94063

RE:  CV 08-03035 MHP    DANIEL KEATING-TRAYNOR-v-AC SQUARE INC.
       **Your Case Number: (CIV 473571)**

Dear Clerk,

   Pursuant to an order remanding the above captioned case to your court, transmitted herewith are:

   (✔)   Certified copies of docket entries

   (✔)   Certified copies of Remand Order

   ( )    Other

   Please acknowledge receipt of the above documents on the attached copy of this letter.

                           Sincerely,

                           RICHARD W. WIEKING, Clerk

                           by:  *Gina Agustine-Rivas*
                           Case Systems Administrator

Enclosures
Copies to counsel of record

NDC TR-5  Rev. 7/92
o:\mrg\civil\remand.mrg

ADRMOP, CLOSED, E-Filing, RELATE

# U.S. District Court
## California Northern District (San Francisco)
### CIVIL DOCKET FOR CASE #: 3:08-cv-03035-MHP
### Internal Use Only

Keating-Traynor v. AC Square, Inc. et al  
Assigned to: Hon. Marilyn H. Patel  
Demand: $0  
Lead case: 3:08-cv-02907-MHP  
Member case:  
   3:08-cv-03035-MHP  
Cause: 28:1441 Petition for Removal  

Date Filed: 06/20/2008  
Date Terminated: 08/22/2008  
Jury Demand: Plaintiff  
Nature of Suit: 710 Labor: Fair Standards  
Jurisdiction: Federal Question  

**Plaintiff**

**Daniel Keating-Traynor**  
*on behalf of himself & all others similarly situated*

represented by **Daniel Berko**  
Law Offices of Daniel Berko  
819 Eddy Street  
San Francisco , CA 94109  
415-771-6174 x212  
Fax: 415-474-3748  
Email: berkolaw@sbcglobal.net  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**AC Square, Inc.**

represented by **Ronald A. Peters**  
Littler Mendelson  
A Professional Corporation  
50 West On Fernando Street, 15th Floor  
San Jose , CA 95113-2303  
(408) 998-4150  
Fax: (408) 288-5686  
Email: rpeters@littler.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Benjamin A. Emmert**  
Littler Mendelson  
A Professional Corporation  
50 West On Fernando Street, 15th

Floor
San Jose , CA 95113-2303
(408) 998-4150
Fax: (408) 288-5686
Email: bemmert@littler.com
*ATTORNEY TO BE NOTICED*

**Lilanthi P. Ravishankar**
Littler Mendelson
A Professional Corporation
50 West San Fernando Street, 15th Floor
San Jose , CA 95113-2303
(408) 998-4150
Fax: (408) 288-5686
Email: lravishankar@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Comcast Inc.**            represented by    **Daryl Steven Landy**
Morgan Lewis & Bockius LLP
Two Palo Alto Square
3000 El Camino Real
Suite 700
Palo Alto , CA 94306
(650) 843-4000
Fax: (650) 843-4001
Email: dlandy@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann Marie Reding**
Morgan Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco , CA 94105
(415) 442-1207
Fax: (415) 442-1001
Email: areding@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Afshin Ghaneh**           represented by    **Ronald A. Peters**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin A. Emmert**
(See above for address)
*ATTORNEY TO BE NOTICED*

|  | **Lilanthi P. Ravishankar**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|
| **Defendant** | |
| **Andrew Bahmanyar** represented by | **Ronald A. Peters**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|  | **Benjamin A. Emmert**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|  | **Lilanthi P. Ravishankar**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/20/2008 | 1 | NOTICE OF REMOVAL - [No Process] from San Mateo County Superior Court. Their Case Number is CIV464144. [Filing Fee: $350.00 Receipt Number 34611020417] Filed by Defendants Andrew Bahmanyar, AC Square, Inc. & Afshin Ghaneh. (tn, COURT STAFF) (Filed on 6/20/2008) (Entered: 06/23/2008) |
| 06/20/2008 | 2 | ADR SCHEDULING ORDER: Joint Case Management Statement due 9/16/2008 & InitialCase Management Conference set for 9/23/2008 at 3:00 PM.. (tn, COURT STAFF) (Filed on 6/20/2008) (Entered: 06/23/2008) |
| 06/20/2008 |  | CASE DESIGNATED for Electronic Filing. (tn, COURT STAFF) (Entered: 06/23/2008) |
| 06/24/2008 | 4 | [MANUAL FILING] NOTICE of Filings of All Pleadings of State Court Actions in Support of 1 Notice of Removal Filed by Defendants Andrew Bahmanyar, AC Square, Inc. & Afshin Ghaneh. (tn, COURT STAFF) (Filed on 6/24/2008) (Entered: 06/25/2008) |
| 06/25/2008 | 3 | MOTION to Relate Case filed by Daniel Keating-Traynor. (Berko, Daniel) (Filed on 6/25/2008) (Entered: 06/25/2008) |
| 07/02/2008 | 5 | CERTIFICATE OF SERVICE by AC Square, Inc. (Peters, Ronald) (Filed on 7/2/2008) (Entered: 07/02/2008) |
| 07/09/2008 | 6 | MOTION to Dismiss *Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action from Complaint, Case Number CV-08-3035-EDL; Memorandum of Points and Authorities* filed by Andrew Bahmanyar. Motion Hearing set for 8/19/2008 09:30 AM in Courtroom E, 15th Floor, San Francisco. (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 7 | Request for Judicial Notice *Filed in Support of re 6 Motion to Dismiss Plaintiff's First, and Second Causes of Action from Complaint, Case Number* |

|  |  |  |
|---|---|---|
|  |  | *CV-08-3035-EDL* Filed by Andrew Bahmanyar. (Attachments: #(1) Exhibit A, #(2) Exhibit B, #(3) Exhibit C, #(4) Exhibit D, #(5) Exhibit E, #(6) Exhibit F, #(7) Exhibit G, #(8) Exhibit H, #(9) Exhibit I, #(10) Exhibit J). (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 8 | Proposed Order *Granting re 6 Defendant Andrew Bahmanyar's Motion to Dismiss* by Andrew Bahmanyar. (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 9 | MOTION to Dismiss *Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action from Complaint, Case Number CV-08-3035-EDL; Memorandum of Points and Authorities* filed by Afshin Ghaneh. Motion Hearing set for 8/19/2008 09:30 AM in Courtroom E, 15th Floor, San Francisco. (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 10 | Request for Judicial Notice *Filed in Support of re 9 Afshin Ghaneh's Notice of Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Acdtion from Complaint, Case number CV-08-3035-EDL* filed byAfshin Ghaneh. (Attachments: #(1) Exhibit A, #(2) Exhibit B, #(3) Exhibit C, #(4) Exhibit D, #(5) Exhibit E, #(6) Exhibit F, #(7) Exhibit G, #(8) Exhibit H, #(9) Exhibit I, #(10) Exhibit J). (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 11 | Proposed Order *Granting re 9 Afshin Ghaneh's Motion to Dismiss* by Afshin Ghaneh. (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 12 | MOTION to Dismiss *Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action from Complaint, Case Number CV-08-3035-EDL; Memorandum of Points and Authorities* filed by AC Square, Inc.. Motion Hearing set for 8/19/2008 09:30 AM in Courtroom E, 15th Floor, San Francisco. (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 13 | Request for Judicial Notice *Filed in Support of re 12 AC Square, Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action From Complaint, Case Number CV-08-3035-EDL* filed byAC Square, Inc.. (Attachments: #(1) Exhibit A, #(2) Exhibit B, #(3) Exhibit C, #(4) Exhibit D, #(5) Exhibit E, #(6) Exhibit F, #(7) Exhibit G, #(8) Exhibit H, #(9) Exhibit I, #(10) Exhibit J). (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 14 | Proposed Order *Granting re 12 AC Square, Inc.'s Motion to Dismiss* by AC Square, Inc.. (Emmert, Benjamin) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/09/2008 | 15 | CONSENT to Proceed Before a United States Magistrate Judge Filed by Defendants Andrew Bahmanyar, AC Square, Inc. & Afshin Ghaneh.. (Peters, Ronald) (Filed on 7/9/2008) (Entered: 07/09/2008) |
| 07/16/2008 | 16 | ORDER RELATING this action to C 08-2907 MHP; Signed by Judge Marilyn Hall Patel on 7/15/2008. (awb, COURT-STAFF) (Filed on 7/16/2008) (Entered: 07/16/2008) |
| 07/17/2008 |  | Case Reassigned to Judge Hon. Marilyn H. Patel. Judge Magistrate Judge Elizabeth D. Laporte no longer assigned to the case. Signed by Executive |

| | | |
|---|---|---|
| | | Committee on 7/17/08. (mab, COURT STAFF) (Filed on 7/17/2008) (Entered: 07/17/2008) |
| 07/18/2008 | 17 | Ex Parte Application *For Order Allowing Defendant to File and Have Heard a Motion to Dismiss Pursuant to FRCP, Rule 12(b)(6) Prior to Initial Case Management Conference; Memorandum of Points and Authorities; Declaration of Benjamin A. Emmert in Support of Ex Parte Application; [Proposed] Order* filed by AC Square, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B1, # 3 Exhibit B2 (w/attachments), # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J)(Emmert, Benjamin) (Filed on 7/18/2008) (Entered: 07/18/2008) |
| 07/18/2008 | 18 | Ex Parte Application *For Order Allowing Defendant to File and Have Heard a Motion to Dismiss Pursuant to FRCP, Rule 12(b)(6) Prior to Initial Case Management Conference; Memorandum of Points and Authorities; Declaration of Benjamin A. Emmert in Support of Ex Parte Application; [Proposed] Order* filed by Andrew Bahmanyar. (Attachments: # 1 Exhibit A, # 2 Exhibit B1, # 3 Exhibit B2 (w/attachments), # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J)(Emmert, Benjamin) (Filed on 7/18/2008) (Entered: 07/18/2008) |
| 07/18/2008 | 19 | Ex Parte Application *For Order Allowing Defendant To File and Have Heard a Motion to Dismiss Pursuant to FRCP, Rule 12(b)(6) Prior to Initial Case Management Conference; Memorandum of Points and Authorities; Declaration of Benjamin A. Emmert in Support of Ex Parte Application; [Proposed] Order* filed by Afshin Ghaneh. (Attachments: # 1 Exhibit A, # 2 Exhibit B1, # 3 Exhibit B2 (with attachments), # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J)(Emmert, Benjamin) (Filed on 7/18/2008) (Entered: 07/18/2008) |
| 07/22/2008 | | Cases associated: Create association to 3:08-cv-02907-MHP. (gba, COURT STAFF) (Filed on 7/22/2008) (Entered: 07/22/2008) |
| 07/24/2008 | 20 | ORDER by Judge Marilyn Hall Patel granting 17 18 19 Ex Parte Applications for leave for defendants AC Square, Afshin Ghaneh, and Andrew Bahmanyar to file motions to dismiss; Motions to be filed not later than 7/28/2008; Oppositions to be filed not later than 8/11/2008; Replies by 8/18/2008; Motions to dismiss to be heard 2:00 pm on 9/18/2008 (awb, COURT-STAFF) (Filed on 7/24/2008) (Entered: 07/24/2008) |
| 07/24/2008 | | Set/Reset Deadlines as to 12 MOTION to Dismiss *Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action from Complaint, Case Number CV-08-3035-EDL; Memorandum of Points and Authorities*, 6 MOTION to Dismiss *Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action from Complaint, Case Number CV-08-3035-EDL; Memorandum of Points and Authorities*, 9 MOTION to Dismiss *Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action from Complaint, Case Number CV-08-3035-EDL; Memorandum of Points and Authorities*. Responses due by 8/11/2008. Replies due by 8/18/2008. Motion Hearing set for 9/8/2008 02:00 |

| | | |
|---|---|---|
| | | PM in Courtroom 15, 18th Floor, San Francisco. (awb, COURT-STAFF) (Filed on 7/24/2008) (Entered: 07/24/2008) |
| 07/25/2008 | 21 | MOTION to Dismiss *Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action From Complaint, Case Number CV-08-3035-MHP; Memorandum of Points and Authorities* filed by Andrew Bahmanyar, AC Square, Inc., Afshin Ghaneh. Motion Hearing set for 9/8/2008 02:00 PM in Courtroom 15, 18th Floor, San Francisco. (Emmert, Benjamin) (Filed on 7/25/2008) (Entered: 07/25/2008) |
| 07/25/2008 | 22 | Request for Judicial Notice *Filed in Support of 21 Notice of Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action From Complaint, Case Number CV-08-3035-MHP* filed byAndrew Bahmanyar, AC Square, Inc., Afshin Ghaneh. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Emmert, Benjamin) (Filed on 7/25/2008) Modified on 8/5/2008 (aaa, Court Staff). (Entered: 07/25/2008) |
| 07/25/2008 | 23 | Proposed Order *Granting Defendants AC Square, Inc., Afshin Ghaneh and Andrew Bahmanyar's 21 Motion to Dismiss* by Andrew Bahmanyar, AC Square, Inc., Afshin Ghaneh. (Emmert, Benjamin) (Filed on 7/25/2008) Modified on 8/5/2008 (aaa, Court Staff). (Entered: 07/25/2008) |
| 07/30/2008 | 24 | STIPULATION *and [Proposed] Order to Allow Comcast, Inc. to File Its Motion to Dismiss Plaintiff's Complaint Prior to the Initial Case Management Conference* by Comcast Inc.. (Attachments: # 1 Exhibit A - Notice of Motion and Motion to Dismiss Plaintiff's Complaint, # 2 Exhibit B - Request for Judicial Notice ISO MTD, # 3 Exhibit C - Memorandum of Points and Authorities ISO MTD, # 4 Exhibit D - Proposed Order Granting Motion to Dismiss)(Landy, Daryl) (Filed on 7/30/2008) (Entered: 07/30/2008) |
| 08/05/2008 | 25 | STIPULATION AND ORDER allowing Comcast Inc to file motion to dismiss; Motions to be filed by 8/11/2008; Oppositions to be filed by 8/25/2008; Replies to be filed by 9/2/2008; Motions to be heard 2:00 pm on 9/15/2008; Signed by Judge Marilyn Hall Patel on 8/1/2008. (awb, COURT-STAFF) (Filed on 8/5/2008) (Entered: 08/05/2008) |
| 08/06/2008 | 26 | NOTICE OF MOTION AND MOTION to Dismiss Plaintiff's Complaint by Comcast Inc. Motion Hearing set for 9/15/08 2:00 PM (Reding, Ann Marie) (Filed on 8/6/2008) Modified on 8/7/2008 (slh, COURT STAFF). (Entered: 08/06/2008) |
| 08/06/2008 | 27 | MEMORANDUM OF POINTS AND AUTHORITES in Support re 26 MOTION to Dismiss filed by Comcast Inc (Attachments: # 1 Exhibit A-D) (Reding, Ann Marie) (Filed on 8/6/2008) Modified on 8/7/2008 (slh, COURT STAFF). (Entered: 08/06/2008) |
| 08/06/2008 | 28 | **\*\*\* FILED IN ERROR. PLEASE SEE DOCKET # 30 . \*\*\***<br>Request for Judicial Notice re 26 MOTION to Dismiss filed by Comcast Inc.. (Related document(s) 27 ) (Reding, Ann Marie) (Filed on 8/6/2008) Modified on 8/7/2008 (slh, COURT STAFF). Modified on 8/7/2008 (ewn, |

| | | |
|---|---|---|
| | | COURT STAFF). (Entered: 08/06/2008) |
| 08/06/2008 | 29 | Proposed Order re 26 MOTION to Dismiss by Comcast Inc.. (Reding, Ann Marie) (Filed on 8/6/2008) Modified on 8/7/2008 (slh, COURT STAFF). (Entered: 08/06/2008) |
| 08/06/2008 | | (Court only) ***Motions terminated: 27 (slh, COURT STAFF) (Filed on 8/6/2008) (Entered: 08/07/2008) |
| 08/07/2008 | 30 | Request for Judicial Notice re 26 MOTION to Dismiss *CORRECTION OF DOCKET # 28* filed byComcast Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Related document(s) 26 ) (Reding, Ann Marie) (Filed on 8/7/2008) (Entered: 08/07/2008) |
| 08/11/2008 | 31 | AMENDED COMPLAINT *CONSOLIDATED FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF* against all defendants. Filed byDaniel Keating-Traynor. (Berko, Daniel) (Filed on 8/11/2008) (Entered: 08/11/2008) |
| 08/11/2008 | 32 | Memorandum in Opposition *To Defendant AC SQUARE's 12 Motion to Dismiss* filed by Daniel Keating-Traynor. (Berko, Daniel) (Filed on 8/11/2008) Modified on 8/12/2008 (slh, COURT STAFF). (Entered: 08/11/2008) |
| 08/11/2008 | 33 | Memorandum in Opposition *To Defendant ANDREW A. BAHMANIAR's 6 Motion to Dismiss* filed by Daniel Keating-Traynor. (Berko, Daniel) (Filed on 8/11/2008) Modified on 8/12/2008 (slh, COURT STAFF). (Entered: 08/11/2008) |
| 08/11/2008 | 34 | Memorandum in Opposition *To Defendant AFSHIN GHANEH's 9 Motion to Dismiss* filed by Daniel Keating-Traynor. (Berko, Daniel) (Filed on 8/11/2008) Modified on 8/12/2008 (slh, COURT STAFF). (Entered: 08/11/2008) |
| 08/12/2008 | 35 | CONSENT filed by Daniel Keating-Traynor. (Berko, Daniel) (Filed on 8/12/2008) Modified on 8/13/2008 (slh, COURT STAFF). (Entered: 08/12/2008) |
| 08/15/2008 | 36 | CLERK'S NOTICE; All motions to dismiss reset for 9/15/2008 at 2:00 PM in Courtroom 15, 18th Floor, San Francisco; Briefing schedules to remain unchanged. (awb, COURT-STAFF) (Filed on 8/15/2008) (Entered: 08/15/2008) |
| 08/18/2008 | 37 | Request for Judicial Notice *Joint Supplemental Request for Judicial Notice Filed in Support of Notice of Motion and Motion to Dismiss Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action From Complaint, Case Number CV-08-3035-MHP* filed byAndrew Bahmanyar, AC Square, Inc., Afshin Ghaneh. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Emmert, Benjamin) (Filed on 8/18/2008) (Entered: 08/18/2008) |
| 08/18/2008 | 38 | Reply to Opposition *to Defendants' Motion to Dismiss* filed byAndrew Bahmanyar, AC Square, Inc., Afshin Ghaneh. (Emmert, Benjamin) (Filed on 8/18/2008) (Entered: 08/18/2008) |
| | | |

| 08/21/2008 | 39 | STIPULATION *to Extend Time to Respond to Amended Consolidated Complaint* by Andrew Bahmanyar, AC Square, Inc., Afshin Ghaneh. (Emmert, Benjamin) (Filed on 8/21/2008) (Entered: 08/21/2008) |
|---|---|---|
| 08/22/2008 | 40 | MEMORANDUM AND ORDER by Judge Marilyn Hall Patel: Case number 08-2907 MHP is DISMISSED in its entirety and case number 08-3035 is REMANDED to the Superior Court for the State of California, County of San Mateo. (awb, COURT-STAFF) (Filed on 8/22/2008) Modified on 8/29/2008 (gba, COURT STAFF). (Entered: 08/22/2008) |
| 08/22/2008 |  | (Court only) ***Civil Case Terminated. (awb, COURT-STAFF) (Filed on 8/22/2008) (Entered: 08/22/2008) |
| 08/29/2008 | 41 | CLERK'S NOTICE: Certified copies of Remand Order and Docket Sheet sent to San Mateo County Superior Court. (gba, COURT STAFF) (Filed on 8/29/2008) (Entered: 08/29/2008) |

United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEATING-TRAYNOR, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>AC SQUARE INC.; COMCAST INC.; AFSHIN GHANEH; ANDREW BAHMANYAR; AND DOES 1-60 INCLUSIVE,<br><br>      Defendants.<br>_____/ | No. C 08-02907 MHP<br>No. C 08-03035 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendants' Motion to Dismiss** |

BACKGROUND

      The following background facts are derived from the various requests for judicial notice filed by defendants. The courts takes judicial notice of plaintiff's prior filings in state court pursuant to Federal Rule of Evidence 201.

      Plaintiff was employed by some or all of the defendants in the past. He was last employed as a technician that installed, disconnected and upgraded television, computer and other electronic services to cable provider Comcast's customers. He now claims that defendants failed to adequately compensate him the hours he worked.

      Plaintiff filed a complaint, case number 456118, in the San Mateo County Superior Court on July 7, 2006 alleging various state law causes of action. Plaintiff voluntarily dismissed many of his causes of action and his cause of action for wrongful termination was dismissed by the court.

Judgment was entered on June 28, 2007. The next day, plaintiff filed another action in the same forum, case number 464144, alleging violations of various state law causes of action (hereinafter "second action"). Approximately one year later, on June 10, 208, plaintiff filed a new complaint in the same forum, case number 473571, adding defendants and federal causes of action (hereinafter "third action"). Specifically, plaintiff claimed defendants had violated the Fair Labor Standards Act ("FLSA") and had conspired to do the same. The state court consolidated the second action and the third action, which was thereafter removed to this court (hereinafter "removed action" or "case number 08-3035"). Meanwhile, plaintiff filed an action in this court claiming violations of the FLSA and a conspiracy to violate the FLSA (hereinafter "original federal action" or "case number 08-2907"). The original federal action and the removed action were related by this court.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal

2

conclusions, unwarranted deductions of fact or unreasonable inferences. See <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001); <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754–55 (9th Cir. 1994).

<u>DISCUSSION</u>

I.    <u>Original Federal Action, Case No. 08-2907</u>

Plaintiff claims that all defendants: 1) violated the FLSA; and 2) conspired to violate the FLSA. Both claims are barred by the applicable statute of limitations.

    A.    <u>FLSA Violation</u>

Under the FLSA, an action to recover unpaid overtime compensation is barred unless commenced within two years after the cause of action accrues, except where the violation was "willful," in which case the action may be commenced within three years. 29 U.S.C. § 255. A cause of action for unpaid wages accrues each payday on which the wages due to an employee were not paid. <u>Biggs v. Wilson</u>, 1 F.3d 1537, 1540 (9th Cir. 1993). The <u>Biggs</u> court, when interpreting 29 U.S.C. section 255, declined to distinguish between non-payment and late payment. Specifically, the court stated:

> Statutes of limitation have to start running from some point, and the most logical point a cause of action for unpaid minimum wages or liquidated damages (which are merely double the amount unpaid) accrues is the day the employee's paycheck is normally issued, but isn't.

<u>Id.</u> Thus, the section 255 statute of limitations began running when plaintiff's last paycheck would have normally issued.

In his amended complaint for case number 08-3035, plaintiff claims that he last worked for pay on May 3, 2005 and considered himself employed by defendants until June 15, 2005. Further, plaintiff claims to have received his last paycheck on October 26, 2006. Plaintiff did not file the instant lawsuit until June 11, 2008, over three years after his termination. The consent form for the opt-in FLSA class was not filed until August 12, 2008, after certain defendants pointed out this deficiency. See 29 U.S.C. § 256.

3

1    Plaintiff's self-characterization about when he considered himself employed is irrelevant. He
2 admits that he last worked for pay on May 3, 2005. Further, plaintiff's receipt of a paycheck in
3 October 2006, which he claims underpaid him, is also irrelevant. The cause of action here accrued
4 at some point in May 2005. Partial payment of wages at any point after that date does not reset the
5 statute of limitations clock. Indeed, the Biggs court found it impossible to determine "when or how
6 'late payment' metamorphoses into 'nonpayment' such that the Act is violated" and consequently,
7 neglected to adopt the "late payment" standard, opting instead, for the bright line rule set forth
8 above. Id. at 1541. Consequently, the statute of limitations here began running in May 2005.
9    Plaintiff's arguments regarding relation back and equitable tolling are also to no avail.
10 Relation back of amendments only apples to pleadings already filed and does not apply across
11 actions. Fed. R. Civ. P. 15(c). Here, the federal claims were all pled on or after June 10, 2008.
12 These causes of action were pled in newly filed complaints, not amended complaints. Consequently,
13 relation back does not apply here. Even if the federal claims were made in an amended complaint,
14 they would not necessarily relate back because plaintiff could have initially alleged only state law
15 causes of action as a strategic move to preclude removability of the action.
16    Second, equitable tolling does not apply here either. Defendants' knowledge of plaintiff's
17 overtime claims does not toll the statute of limitations. Plaintiff has shown no reason why he could
18 not have filed this action within the applicable statute of limitations.
19    Accordingly, plaintiff has not and can not plead facts sufficient to state a claim for an FLSA
20 violation because his claim is barred by the both the two-year and three-year statutes of limitations.
21 Therefore, plaintiff's claim for violation of the FLSA is DISMISSED.
22
23    B.    Conspiracy to Violate the FLSA
24    To state a claim for conspiracy, "the complaint must allege (1) the formation and operation
25 of a conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting
26 from such act or acts." Gen. Am. Life Ins. Co. v. Rana, 769 F. Supp. 1121, 1125 (N.D. Cal. 1991)
27 (Weigel, J.). "To establish the 'wrongful act' element of a civil conspiracy, defendant must satisfy
28 all of the elements of a cause of action for some other tort or wrong." Id. Here, the underlying

4

1  wrong is a violation of the FLSA.  However, as discussed above, plaintiff cannot make out a cause
2  of action for a violation of the FLSA.  Thus, a claim for civil conspiracy cannot be made.  See
3  Harrell v. 20th Century Ins. Co., 934 F.2d 203, 208 (9th Cir. 1991) ("Under California law, it is well
4  settled that there is no separate tort of civil conspiracy, and there is no civil action for conspiracy to
5  commit a recognized tort unless the wrongful act itself is committed and damage results therefrom."
6  (quotations omitted)).  Thus, plaintiff's conspiracy claim must be DISMISSED.

7  Although the above discussion is determinative, the court nevertheless discusses plaintiff's
8  overt act argument.  The applicable statute of limitations for a civil conspiracy claim is the statute of
9  limitations for the underlying claim.  Risk v. Kingdom of Norway, 707 F. Supp. 1159, 1170, n.13
10 (N.D. Cal. 1989) (Schwarzer, J.) ("Under California law, a civil conspiracy is not itself a tort.
11 Liability is based on the underlying tort committed in furtherance of the conspiracy. The applicable
12 statute of limitations is the statute of limitations for the underlying tort." (citations omitted)).
13 Accordingly, the statute of limitations for plaintiff's claims for conspiracy is the same as the
14 maximum three-year statute of limitations for his claim of an FLSA violation.  The relevant question
15 then, is when the statute began running.

16 Even though plaintiff provides no legal authority to this effect, he is correct in asserting that
17 the statute of limitations for a conspiracy claim does not start to run until the last overt act of the
18 conspiracy has occurred.  Id. at 1169–70.  This, of course, presumes that the underlying wrong is
19 actionable.  In any event, "[f]or an act to be an overt act delaying the commencement of the
20 limitations period, it must be performed in furtherance of the conspiracy." Id. at 1170.  Here, the
21 only possible overt act within the last three years is the October 2006 payment.  This payment,
22 however, was not in furtherance of the conspiracy—it *reduced* the amount plaintiff was underpaid
23 and therefore could not have furthered an alleged conspiracy based on underpayment.

24 Therefore, plaintiff's conspiracy claim is DISMISSED.  In sum, this action, case number 08-
25 2907, is DISMISSED in its entirety.

5

II. <u>Removed Action, Case No. 08-3505</u>

    The removed action stems from the same facts as the action originally filed in this court. Consequently, any causes of action for violations of the FLSA or conspiracy to violate the FLSA are also DISMISSED. The removed action, which was removed solely on federal question grounds, the notice of removal not having alleged diversity jurisdiction, now consists only of state law claims. The action being in its incipiency, the court exercises its discretion to remand the action to the Superior Court for the State of California.

<u>CONCLUSION</u>

    For the foregoing reasons, case number 08-2907 MHP is DISMISSED in its entirety and case number 08-3505 is REMANDED to the Superior Court for the State of California, County of San Mateo. The Clerk of Court is ordered to transmit a certified copy of this order to the Clerk of the San Mateo County Superior Court..

    IT IS SO ORDERED.

Dated: August 22, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

6